UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Bank of New York Mellon, solely in its
capacity as Trustee for the TV Azteca, S.A.B.
de C.V. 8.25% Senior Notes Due 2024,

                         Plaintiff,

              - against -

TV Azteca, S.A.B. de C.V.; Administradora
Grupo TVA, S.A. de C.V.; Alta Empresa,
S.A. de C.V.; Asesoría Especializada En
Aviación, S.A. de C.V.; Atlético Morelia,
S.A. de C.V.; Azteca Conecta Producciones,
S.A. de C.V.; Azteca Novelas, S.A.P.I. de
C.V.; Azteca Records, S.A. de C.V.; Azteca
Telecasting, S. de R.L. de C.V.; Azteca Web,
S.A. de C.V.; Club De Futbol Rojinegros,
S.A. de C.V.; Comerciacom, S.A. de C.V.;
Estudios Azteca, S.A. de C.V.; Finbor
México, S.A. de C.V.; Ganador Azteca,
S.A.P.I. de C.V.; Grupo TV Azteca, S.A. de
C.V.; Inversora Mexicana De Producción,
S.A. de C.V.; Operadora Mexicana De
Televisión, S.A. de C.V.; Organización De
Torneos y Eventos Deportivos, S.A. de C.V.;
Producciones Azteca Digital, S.A. de C.V.;
Producciones Especializadas, S.A. de C.V.;
Productora De Televisión Regional De Tv
Azteca, S.A. de C.V.; Profesionales y
Administrativos en Servicios Inmobiliarios,
S.A. de C.V.; Promotora de Futbol
Rojinegros, S.A. de C.V.; Promotora de
Futbol Morelia, S.A. de C.V.; Publicidad
Especializada en Medios de Comunicación de
TV Azteca, S.A. de C.V.; S.C.I. de México,
S.A. de C.V.; Servicios Aéreos Noticiosos,
S.A. de C.V.; Servicios Especializados Taz,
S.A. de C.V.; Servicios y Mantenimiento del
Futuro en Televisión, S.A. de C.V.;
Televisión Azteca, S.A. de C.V.; TV Azteca
Comercializadora,

Index No. 1:22-cv-08164

S.A. de C.V.; Corporación de Asesoría
Técnica y de Producción, S.A. de C.V.;
Comercializadora De Publicidad Azteca, S.A.
de C.V.; Comercializadora en Medios de
Comunicación de TV Azteca, S.A. de C.V.;
Editorial Mandarina, S.A. de C.V.;
Multimedia, Espectáculos y Atracciones, S.A.
de C.V.; Red Azteca Internacional, S.A. de
C.V.; Servicios Foráneos de Administración,
S.A. de C.V.; Servicios Locales De
Producción, S.A. de
C.V.; Agencia Azteca, Inc.; Azteca America
TV Spot Sales; Azteca International
Corporation; Azteca Stations, LLC; Stations
Group, LLC; SCTV, Inc.; Kaza Azteca
America Inc.; Southern California TV LLC;
Fundacion Azteca America, LLC; TV Azteca
Honduras, S.A. de C.V.; Comercializadora de
Televisión de Honduras, S.A. de C.V.; Incotel
S.A.; TVA Guatemala S.A.; Lasimex, S.A. de
C.V.; TV Azteca Global, S.L.U.; Azteca
Comunicaciones Perú, S.A.C.; Redes Opticas,
S.A.C.; and Televisora del Valle de México,
S.A. de C.V.

                                          Defendants.

## **Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment in Lieu of Complaint and in Support of Defendants' Motion to Compel Plaintiff to File a Complaint**

# **TABLE OF CONTENTS**

Preliminary Statement ................................................................................................ 1

Background ................................................................................................................ 4

Argument ................................................................................................................... 6

I.      Plaintiff's Motion Should Be Denied as Procedurally Improper, and the Court
        Should Order Plaintiff to File a Complaint ...................................................... 6

        A.      After Removal of an Action Begun Without a Complaint, the Federal
                Rules Require Plaintiff to File a Complaint ......................................... 6

        B.      Plaintiff's Motion Is Improper Under CPLR § 3213. ........................ 11

II.     Plaintiff's Motion Should Be Denied Because Defendants Are Entitled to File a
        Motion to Dismiss under Rule 12. .................................................................. 13

        A.      Plaintiff Has No Claim Against the Released Guarantors. ................. 13

        B.      Plaintiff Is Not Entitled to the Redemption Premium ....................... 14

Conclusion .............................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3C Assocs.* v. *IC & LP Realty Co.*,
   524 N.Y.S.2d 701 (Sup. Ct. 1988)............................................................................................15

*AQR Opportunistic Premium Offshore Fund, L.P.* v. *Assured Pharmacy, Inc.*,
   No. 13 Civ. 06663 (PGG) (FM), ECF No. 17 (S.D.N.Y. Sept. 17, 2014)
   (Gardephe, J.)......................................................................................................................9

*Arculeo* v. *On-Site Sales & Mktg., LLC*,
   321 F. Supp. 2d 604 (S.D.N.Y. 2004).......................................................................................9

*BC Media Funding Co. II* v. *Lazauskas*,
   No. 08 Civ. 6228 (RPP), 2008 WL 4735236 (S.D.N.Y. Oct. 24, 2008)...................................9

*Boland* v. *Indah Kiat Fin. (IV) Mauritius*,
   291 A.D.2d 342 (1st Dep't 2002) ...........................................................................................12

*Bonds Fin., Inc.* v. *Kestrel Tech., LLC*,
   48 A.D.3d 230 (1st Dep't 2008) ......................................................................................12, 13

*Cimontubo-Tubagens E Soldadura, LDA* v. *Petroleos De Venezuela, S.A.*,
   No. 20 Civ. 5382 (GBD), 2021 WL 827133 (S.D.N.Y. Mar. 4, 2021) ....................................9

*Com/Tech Commc'n Techs.* v. *Wireless Data Sys.*,
   163 F.3d 149 (2d Cir. 1998) (per curiam).......................................................................2, 7, 10

*Cortlandt Street Recovery Corp.* v. *Hellas Telecommunications, S.à.r.l.*,
   47 Misc. 3d 544 (N.Y. Sup. Ct. 2014) ...................................................................................12

*D.H. Blair & Co., Inc.* v. *Gottdiener*,
   462 F.3d 95 (2d Cir. 2006)......................................................................................................7

*Diaz* v. *New York Paving Inc.*,
   553 F. Supp. 3d 11 (S.D.N.Y. 2021)......................................................................................11

*Elite Med. Supply of New York, LLC* v. *State Farm Mut. Ins. Co.*,
   No. 13 Civ. 918 (A), 2014 WL 823439 (W.D.N.Y. Mar. 3, 2014) ........................................10

*George H. Nutman, Inc.* v. *Aetna Bus. Credit, Inc.*,
   453 N.Y.S.2d 586 (Sup. Ct. 1982) .........................................................................................15

*Granny Goose Foods, Inc.* v. *Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*,
   415 U.S. 423 (1974) ...........................................................................................7

*Hack* v. *Stang*,
   No. 13 Civ. 5713 (AJN), 2015 WL 5139128 (S.D.N.Y. Sept. 1, 2015) ...................................9

*Hanna* v. *Plumer*,
   380 U.S. 460 (1965) ....................................................................................1, 7, 8

*Hispanic Indep. Television Sales, LLC* v. *Kaza Azteca Am. Inc.*,
   No. 10 Civ. 932 (SHS), 2012 WL 1079959 (S.D.N.Y. Mar. 30, 2012) .................................9

*Horti Ams., LLC* v. *Jacob's Village Farm Corp.*,
   No. 21 Civ. 915, 2022 WL 38719 (2d Cir. 2022) ..................................................11

*Inner City Telecomm's Network, Inc.* v. *Sheridan Broadcasting Corp.*,
   No. 10 Civ. 3567 (LAP), 2010 WL 2835559 (S.D.N.Y. July 13, 2010) ...............................9

*Istituto Per Lo Sviluppo Economico Dell' Italia Meridionale* v. *Sperti Prods., Inc.*, 47 F.R.D. 310 (S.D.N.Y. 1969) ...................................................................9

*Kansallis-Osake-Pankki* v. *Kouri*,
   150 F.R.D. 69 (S.D.N.Y. 1993) ..................................................................13

*Tiffany (NJ) LLC* v. *Qi Andrew*,
   276 F.R.D. 143 (S.D.N.Y. 2011) ................................................................9

*La Liberte* v. *Reid*,
   966 F.3d 79 (2d Cir. 2020) ....................................................................2, 8

*Mfrs. Hanover Tr. Co.* v. *Hixon*,
   124 A.D.2d 488 (1st Dep't 1986) .............................................................12

*Miller* v. *Steloff*,
   686 F. Supp. 91 (S.D.N.Y. 1988) ..............................................................9

*Matter of MPM Silicones, L.L.C.*,
   874 F.3d 787 (2d Cir. 2017) ...................................................................15

*Northwestern Mut. Life Ins. Co.* v. *Uniondale Realty Assocs.*,
   816 N.Y.S.2d 831 (Sup. Ct. Feb. 3, 2006) .....................................................15

*O'Sullivan* v. *AMN Servs., Inc.*,
   No. 12 Civ. 2125 (JCS), 2012 WL 2912061 (N.D. Cal. July 16, 2012) ..............................10

*PDL Biopharma, Inc.* v. *Wohlstadter*,
   147 A.D.3d 494 (1st Dep't 2017) ...........................................................11, 12, 13

*Richardson Greenshields Secs., Inc.* v. *Lau*,
   825 F.2d 647 (2d Cir. 1987)..................................................................................8

*Shady Grove Orthopedic Assocs., P.A.* v. *Allstate Ins. Co.*,
   559 U.S. 393 (2010).......................................................................................6, 8

*Sun Forest Corp.* v. *Shvili*,
   152 F. Supp. 2d 367 (S.D.N.Y. 2001).....................................................................9

*TPO Inc.* v. *Fed. Deposit Ins. Corp.*,
   487 F.2d 131 (3d Cir. 1973)..................................................................................7

*UBS AG, London Branch* v. *Greka Integrated, Inc.*,
   No. 21 Civ. 1385, 2022 WL 2297904 (2d Cir. June 27, 2022) (summary order).....................9

**Rules and Statutes**

9 U.S.C. § 6.............................................................................................................7

NY CPLR § 3213 ............................................................................... *passim*

Fed. R. Civ. P. 7 ...................................................................................................1, 8

Fed. R. Civ. P. 8 .......................................................................................................6

Fed. R. Civ. P. 12 .....................................................................................................6

Fed. R. Civ. P. 13 .....................................................................................................6

Fed. R. Civ. P. 56 .....................................................................................................7

Fed. R. Civ. P. 81 .....................................................................................................7

L. Civ. R. 56.1........................................................................................................13

**Other Authorities**

Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3738 (4th ed. 2022)..........................10

Geraldine E. Ponto, Ferve Ozturk, *The Emerging Law on the Allowability of Make Whole Premiums in Bankruptcy*, 2016 Ann. Surv. of Bankr. Law 3 .......................15

iv

**PRELIMINARY STATEMENT**

Plaintiff commenced this action in New York state court by filing a "motion for summary judgment in lieu of complaint," an expedited procedure under Section 3213 of the New York Civil Practice Law & Rules ("CPLR") reserved for a narrow class of cases in which the plaintiff seeks relief "based upon an instrument for the payment of money only," or a judgment.  The relief Plaintiff sought in state court is beyond the scope of CPLR § 3213, but that point is now moot.  Defendants removed the case based on diversity of citizenship, and now that the action is in federal court, the CPLR no longer applies, and the motion must be denied so that the action can proceed in accordance with the Federal Rules of Civil Procedure.

As the Supreme Court has concluded, "[t]he broad command of *Erie* [is] identical to that of the Enabling Act: federal courts are to apply state substantive law and federal procedural law." *Hanna* v. *Plumer*, 380 U.S. 460, 465 (1965).  The Federal Rules of Civil Procedure, which indisputably govern the proceedings in this Court, do not allow a litigant to skip the pleading stage and move directly to summary judgment.  The Rules are clear: a complaint is the only form of initial pleading that is "allowed" under Rule 7; a complaint must satisfy the requirements of Rules 8 through 11; and all of those rules apply to this removed action pursuant to Rule 81(c)(1).  No federal rule or other statute authorizes Plaintiff to prosecute this action to judgment by importing an expedited procedural rule from the New York State Court that has no federal analog.

Before a Plaintiff can seek summary judgment in accordance with Rule 56, it must first file a complaint and permit Defendants to file an answer or motion to dismiss, which is their procedural right under Rule 12.  The Second Circuit has held that after removal of an action originally commenced under CPLR § 3213, future "proceedings are to conform to the Federal

Rules," and that holding controls in this case.  *Com/Tech Commc'n Techs.* v. *Wireless Data Sys.*, 163 F.3d 149, 151 (2d Cir. 1998) (per curiam).  *Com/Tech* left to the "sound discretion" of the trial court whether to require the plaintiff to file a complaint or "deem the moving and answering papers already submitted to be the complaint and answer."  *Id.*  But the court did not allow for a third option in which a motion under CPLR § 3213 would be permitted to proceed as a dispositive motion in federal court, without permitting the defendant to file a pleading or motion that is permitted under the Federal Rules.  More recently, in *La Liberte* v. *Reid*, 966 F.3d 79 (2d Cir. 2020), the Second Circuit held that a state procedural motion is "inapplicable in federal court" if it "conflict[s] with Federal Rules of Civil Procedure 12 and 56."  *Id.* at 86, 88 (holding that an anti-SLAPP special motion under state procedural law does not apply to federal proceedings because it would alter the application of Rules 12 and 56).  In this case, Defendants intend to file a Rule 12(b)(6) motion, which requires a complaint.  The Court's discretion should therefore be exercised to require Plaintiff to file a complaint so that Defendants can file a motion to dismiss as provided for by the Federal Rules.

A new complaint should be compelled for the additional reason that Plaintiff's motion exceeded the scope of relief that can be obtained under CPLR § 3213.  CPLR § 3213 permits a motion for summary judgment in lieu of complaint only where, as relevant, a prima facie claim is established solely by reference to the face of an instrument for payment of money only—in this case, the Global Note—with no extrinsic evidence necessary other than the fact of nonpayment.  Here, Plaintiff brings claims that seek payment of accelerated principal under an Indenture based on a series of notices sent first by beneficial holders of the Global Note and later by the Trustee, involve claims against certain former guarantors that no longer exist and in any event are not signatories to the Global Note, and demand payment of a Redemption Premium

that is not owed and is governed by a series of provisions set forth in the Indenture.  Entitlement

to payment cannot be established within the four-corners of the Global Note for any of these

claims.  Each of these claims requires consideration of extrinsic evidence—including more than

200 pages of exhibits submitted by Plaintiff.  The CPLR § 3213 motion was a defective filing in

state court and should not serve as a substitute for a complaint that conforms to the applicable

rules in federal court.

   Plaintiff has also sought payment of amounts which are clearly not due based on

the plain language of the Indenture upon which Plaintiff purports to seek summary judgment.

Plaintiff has demanded $16.5 million in "Redemption Premium," but section 5.1 of the Indenture

provides for a Redemption Premium only if TV Azteca, S.A.B. de C.V ("TVA") voluntarily

decides to redeem and prepay the Global Note.  TVA is not alleged to have done

that.  Defendants are entitled to, and will, move to dismiss Plaintiff's claim for Redemption

Premium for failure to state a claim under Rule 12(b)(6).

   Finally, there are 58 Defendants in this case, and all but one of them are alleged to

be Guarantors under the Indenture.  Yet not all of these entities are actually current Guarantors of

the Global Note.  Plaintiff sued all the parties identified as Guarantors on the Indenture's

signature pages from 2017, but the Indenture also provides mechanisms for Guarantors to be

released.  Nearly half of the Guarantors Plaintiff has sued were released under the terms of the

Indenture when they ceased to be subsidiaries of TVA following various mergers and other

transactions involving those entities.

   Plaintiff's rush to judgment under CPLR § 3213 is improper, and now that the

action is pending in this Court, Plaintiff's motion should be denied.  For the reasons that follow,

this action should proceed like any other and start with a complaint, which the Court should

order in connection with its denial of Plaintiff's motion, followed by a briefing schedule for Defendants' motion to dismiss under Rule 12(b)(6).

## BACKGROUND

Plaintiff, The Bank of New York Mellon ("BNYM"), is the indenture trustee ("Trustee") for the 8.250% Senior Notes Due 2024, issued by TVA, a Mexican television and media company, under an Indenture dated August 9, 2017. *See* Dkt. No. 1-1, at 65. Pursuant to the terms of the Indenture, TVA issued the 8.25% Senior Notes Due 2024 in the form of a Global Note to BNYM in an aggregate principal amount of $400 million. *Id.* Pursuant to the terms of the Global Note, executed in connection with the Indenture, TVA promised to repay BNYM the principal amount of $400 million on August 9, 2024, and to make interest payments on February 9 and August 9 each year until then. *Id.* at 47. Several of TVA's affiliates were also parties to the Indenture as Guarantors. At the time the Indenture was executed there were 56 Guarantors, *id.* at 166–79, although the number of Guarantors has been reduced since then, pursuant to provisions in the Indenture for releasing guarantors, *see id.* at 158. None of the Guarantors are signatories to the Global Note. *Id.* at 48–50.

Plaintiff alleges that TVA missed interest-only payments under the Global Note totaling $49,500,000 on three occasions, on February 9, 2021, August 9, 2021, and February 9, 2022. *Id.* at 13. Following those missed interest payments, Plaintiff served two purported Notices of Default—first on March 22, 2021, *id.* at 204–05, and again on March 29, 2022, *id.* at 209-10—the process for which is set forth in the Indenture. In early 2021, TVA initiated a dialogue with a group of beneficial holders of the Global Note in the hopes of reaching an appropriate agreement in light of the Company's current financial situation. Despite the parties' efforts, no agreement has been reached.

4

On May 3, 2022, self-described "beneficial holders" of the Global Note served an acceleration notice pursuant to the Indenture (the "May 3 Acceleration Notice"). *Id.* at 221–47.  Acceleration is a remedy for certain defaults under the Indenture which, when properly exercised, makes the principal and accrued but unpaid interest outstanding under the Indenture due immediately. *Id.* at 136–37.  That notice, however, was defective, because it was served by beneficial holders of Global Note.  Beneficial holders lack standing to serve an acceleration notice, as those rights are reserved only to the Trustee or Registered Holders under § 6.2(a) of the Indenture. *Id.* at 136.  On August 5, 2022, the Trustee, allegedly at the direction of beneficial holders, served a second Notice of Acceleration (the "August 5 Acceleration Notice"), *id.* at 252–53, seeking the payment of principal and interest.  Three days later, on August 8, 2022, the Trustee served a Supplement to Notice of Acceleration (the "August 8 Acceleration Notice"), that repeated the statements in the August 5 Acceleration Notice, and included an additional demand for payment of a Redemption Premium equal to $16.5 million. *Id.* at 255-57.  Under the terms of the Indenture, a Redemption Premium is due only in specific circumstances in which TVA exercises its option to voluntarily redeem the Global Note early, prior to maturity, which did not occur. *Id.* at 131–32.  The demand for payment of the Redemption Premium in the August 8 Acceleration Notice was therefore baseless.

Plaintiff commenced this action on August 26, 2022, in New York state court. *Id.* at 29–31.  It did not file a complaint, but rather has sought to prosecute this action by invoking a procedural device under the CPLR called a "motion for summary judgment in lieu of complaint." *Id.*  Plaintiff's memorandum of law in support of its motion alleged that the principal amount, unpaid accrued and outstanding interest, the Redemption Premium, and statutory prejudgment interest was owed, seeking a total proposed judgment of $488,623,510,

plus attorneys' fees.  *Id.* at 27.  Plaintiff sought entry of judgment not only against TVA but also

against 56 alleged Guarantors of the Global Note.  *Id.*

      Defendants removed the action to this Court, based on diversity of citizenship, on

September 23, 2022.  Dkt. No. 1.

## ARGUMENT

**I.**    **Plaintiff's Motion Should Be Denied as Procedurally Improper, and the Court Should Order Plaintiff to File a Complaint.**

    *A.*    *After Removal of an Action Begun Without a Complaint, the Federal Rules Require Plaintiff to File a Complaint.*

      The Federal Rules are clear that a pleading is mandatory.  Rule 7(a) provides:

> <u>Pleadings</u>.  ***Only these pleadings are allowed***:
> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a) (emphasis added).  Options (2) through (7) apply only to subsequent

pleadings, leaving a complaint as the "only" initial pleading "allowed" in which a plaintiff may

assert a claim.  Plaintiff's complaint serves several important purposes, such as:  providing "a

short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ.

P. 8(a)(2); allowing defendant to move to dismiss or for judgment on the pleadings, Fed. R. Civ.

P. 12(b)–(c), and allowing defendant to assert a counterclaim, Fed. R. Civ. P. 13.

      There is no doubt that Rule 7 applies here.  The Rules "apply to a civil action after

it is removed from a state court."  Fed. R. Civ. P. 81(c)(1).  Where, as here, the Rules "answer[ ]

the question in dispute," they "automatically appl[y]" and "govern[ ]," without any need to

"wade into *Erie*'s murky waters."  *Shady Grove Orthopedic Assocs., P.A.* v. *Allstate Ins. Co.*,

559 U.S. 393, 398, 400 (2010).  "One of the shaping purposes of the Federal Rules is to bring

about uniformity in the federal courts by getting away from local rules."  *Hanna*, 380 U.S. at

472.  Thus, a removing party "ha[s] a right to the protections of the [Rules] once the case [is]

removed to the District Court."  *Granny Goose Foods, Inc.* v. *Bhd. of Teamsters & Auto Truck*

*Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438 (1974).

       Of course, the vast majority of actions removed from state court do not involve

CPLR § 3213.  In the typical removed action, plaintiff has already filed a complaint, and "[a]fter

removal, repleading is unnecessary unless the court orders it."  Fed. R. Civ. P. 81(c)(2).  Here,

Plaintiff has only filed a motion.  Thus, filing a complaint would just be "pleading," not

"*re*pleading," and is required under both Rule 81(c)(1) and Rule 7.  Although repleading is

discretionary, pleading is mandatory.  As the Second Circuit has explained, Rule 81(c)(2)

"appears to speak only to actions begun by service of a complaint," and is thus inapplicable to

actions commenced by motion without complaint.  *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462

F.3d 95, 108 (2d Cir. 2006).[1]  In such actions, a pleading in the form of a complaint is required.

       CPLR § 3213 "is a procedural rule," and thus, upon removal, "the regime of the

Federal Rules replace[s] that of § 3213."  *Com/Tech*, 163 F.3d at 151; *see also TPO Inc.* v. *Fed.*

*Deposit Ins. Corp.*, 487 F.2d 131, 133 (3d Cir. 1973) ("[CPLR § 3213] became inoperative when

the litigation was removed to the district court.  The Federal Rules of Civil Procedure then

---

[1]    There are a few statutory exceptions to Rule 7's requirement of a complaint, but none is applicable here.  For example, *D.H. Blair* involved a removed petition to vacate an arbitration award.  462 F.3d at 102–03, 107.  The Federal Arbitration Act (FAA) allows such petitions to be prosecuted by motion without complaint.  *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions . . . ."); *D.H. Blair*, 462 F.3d at 108 ("[T]he provisions of [the FAA] dictate the treating of the removed New York Petition as a motion.").  The FAA is a federal statute that "provide[s] other procedures," and thus in actions to confirm or vacate an arbitration award, the Rules apply only "to the extent applicable."  Fed. R. Civ. P. 81(a)(6).  Here, unlike in *D.H. Blair*, no federal statute authorizes this action to be prosecuted to judgment with a motion but no complaint.

became applicable. . . .").  Rule 56 provides the exclusive mechanism for summary judgment in federal court, and there is no room for a state-law "'supplement' to the Federal Rules" with an additional path to summary judgment.  *La Liberte* v. *Reid*, 966 F.3d at 87.  And the Federal Rules do not provide for summary judgment to be sought in advance of the service and filing of a complaint.

Moreover, the Federal Rules expressly permit a defendant to make a motion to dismiss all or part of a complaint by filing a motion under Rule 12(b)(6)—a federal procedural right that CPLR § 3213 vitiates.  *See Richardson Greenshields Secs., Inc.* v. *Lau*, 825 F.2d 647, 652 (2d Cir. 1987) ("Absent extraordinary circumstances . . . a court has no power to prevent a party from filing pleadings [or] motions . . . authorized by the Federal Rules of Civil Procedure.").  In *La Liberte*, the Second Circuit held that a federal court could not entertain a motion under California's anti-SLAPP statute because that statute "answers the same question as Federal Rules 12 and 56."  *Id.*  Like California's anti-SLAPP statute there, CPLR § 3213 provides for a dispositive motion that the Federal Rules do not, and conflicts with the protections afforded to Defendants under Rule 12.  As a result, a complaint must be filed before this action can proceed.[2]

It is true that this Court has issued a prior, unpublished decision construing a CPLR § 3213 motion as a Rule 56 motion and deciding it without requiring pleading that

---

[2]    That Plaintiff loses the ability to pursue summary judgment under CPLR § 3213 upon removal is no reason not to compel Plaintiff to file a complaint.  *See Shady Grove*, 559 U.S. at 416 ("[D]ivergence from state law, with the attendant consequence of forum shopping, is the inevitable (indeed, one might say the intended) result of a uniform system of federal procedure.  Congress itself has created the possibility that the same case may follow a different course if filed in federal instead of state court."); *La Liberte*, 966 F.3d at 88 ("[O]ur answer to a legal question does not turn on our workload . . . ."); *see also Hanna*, 380 U.S. at 473–74 ("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act.").

conforms to the Federal Rules.  *See, e.g.*, *AQR Opportunistic Premium Offshore Fund, L.P.* v. *Assured Pharmacy, Inc.*, No. 13 Civ. 06663 (PGG) (FM), ECF No. 17 (S.D.N.Y. Sept. 17, 2014) (Gardephe, J.).  That opinion is distinguishable for several reasons.  First, unlike here, the defendant in *AQR Opportunistic* did not raise an objection based on the Federal Rules, did not argue that the filing of a complaint was mandatory, and did not seek to file a motion to dismiss.  Second, *AQR Opportunistic* predated the Second Circuit's decision in *La Liberte*, which clarified the law of this Circuit.  The Second Circuit's view of the applicability of the Federal Rules— which follows from the plain language of the Rules—must control.  Third, in *AQR Opportunistic*, the Court found that plaintiff's motion was proper under the CPLR § 3213 standard.  As discussed below, that is not the case here.[3]

---

[3]    Other courts in this District have converted CPLR § 3213 motions to summary judgment motions, but those decisions are distinguishable for some or all of the same reasons why this Court should not follow its prior decision in *AQR Opportunistic*.  *See, e.g.*, *Hispanic Indep. Television Sales, LLC* v. *Kaza Azteca Am. Inc.*, No. 10 Civ. 932 (SHS), 2012 WL 1079959, at *2 (S.D.N.Y. Mar. 30, 2012) (predating *La Liberte*, and court ordered complaint to be filed after denying summary judgment); *Inner City Telecomm's Network, Inc.* v. *Sheridan Broadcasting Corp.*, No. 10 Civ. 3567 (LAP), 2010 WL 2835559 (S.D.N.Y. July 13, 2010) (predating *La Liberte*); *Sun Forest Corp.* v. *Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) (predating *La Liberte* and *Shady Grove*, court permitted defendant to cross-move to dismiss); *BC Media Funding Co. II* v. *Lazauskas*, No. 08 Civ. 6228 (RPP), 2008 WL 4735236, at *2–3 (S.D.N.Y. Oct. 24, 2008) (predating *La Liberte* and *Shady Grove*); *Miller* v. *Steloff*, 686 F. Supp. 91 (S.D.N.Y. 1988) (predating *La Liberte* and *Shady Grove*); *Istituto Per Lo Sviluppo Economico Dell' Italia Meridionale* v. *Sperti Prods., Inc.*, 47 F.R.D. 310 (S.D.N.Y. 1969) (predating *La Liberte* and *Shady Grove*); *accord UBS AG, London Branch* v. *Greka Integrated, Inc.*, No. 21 Civ. 1385, 2022 WL 2297904 (2d Cir. June 27, 2022) (unpublished summary order affirming grant of CPLR § 3213 motion converted to Rule 56 motion).  As a summary order, *UBS* has no precedential effect.  2d Cir. Local Rule 32.1.1(a).  Other Courts—while failing to order plaintiffs to file complaints—followed additional procedures before converting CPLR § 3213 motions to summary judgment motions.  *See, e.g.*, *Cimontubo-Tubagens E Soldadura, LDA* v. *Petroleos De Venezuela, S.A.*, No. 20 Civ. 5382 (GBD), 2021 WL 827133 (S.D.N.Y. Mar. 4, 2021) (after discovery, defendants consented to converting CPLR § 3213 motion to summary judgment motion); *Hack* v. *Stang*, No. 13 Civ. 5713 (AJN), 2015 WL 5139128 (S.D.N.Y. Sept. 1, 2015) (after court decided defendants' motion to dismiss, defendants raised no objection to converting CPLR § 3213 motion to summary judgment).  In any event, none of these District Court decisions are binding on this Court and provide no basis for failing to apply the Second Circuit's decision in *La Liberte*.  *Tiffany (NJ) LLC* v. *Qi Andrew*, 276 F.R.D. 143, 154 (S.D.N.Y. 2011) ("An opinion of a District Judge does not bind the court in which the District Judge sits." (collecting cases)); *Arculeo* v. *On-Site Sales & Mktg., LLC*, 321 F. Supp. 2d 604, 609 (S.D.N.Y. 2004) ("[T]he decisions of district courts, even those located within the same district, are not binding on other district courts.").

Even if the Court were to conclude that it is not mandatory to file a complaint for a removed action, it should do so in the exercise of its discretion.

In *Com/Tech*, 163 F.3d at 151—decided before the more recent precedents of *Shady Grove* and *La Liberte*—the Second Circuit vacated an entry of summary judgment against a defendant, holding that it must be allowed to assert a counterclaim, and remanded for the district court to decide whether plaintiff should be required to file a complaint as well.  *Id.*  The appellate court committed the question of whether to also require plaintiff to file a complaint— rather than treat the CPLR § 3213 motion as the complaint—to the "sound discretion" of the trial court.

Even in a case where (unlike here) plaintiff has already filed one complaint, discretionary repleading is appropriate "where the state pleading requirements var[y] markedly from federal practice."  Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3738 (4th ed. 2022); *see, e.g.*, *Elite Med. Supply of New York, LLC* v. *State Farm Mut. Ins. Co.*, No. 13 Civ. 918 (A), 2014 WL 823439, at *6 (W.D.N.Y. Mar. 3, 2014) (ordering repleading where case commenced with Article 78 petition rather than complaint); *O'Sullivan* v. *AMN Servs., Inc.*, No. 12 Civ. 2125 (JCS), 2012 WL 2912061 (N.D. Cal. July 16, 2012) (ordering repleading because defendant's answer filed in state court had insufficient factual details).

Here, Plaintiff's memorandum of law differs substantially in form and content from a complaint that complies with the Rules.  For example, the memorandum does not allege the facts relevant to the Parties' corporate existence or citizenship.  Nor, as discussed in more detail below, does the memorandum allege any of the facts necessary to the claim for a Redemption Premium or the claim against the Guarantors.  *See infra*, Part II.  Before Defendants should be put to their proofs on defenses, Plaintiff should first plead a sufficient claim by filing a

complaint.[4]  Defendants should then be permitted to file a motion to dismiss under Rule 12, and the case should proceed once that threshold motion is decided.

B.      *Plaintiff's Motion Is Improper Under CPLR § 3213.*

Plaintiff's motion should be denied, and it should be compelled to file a Federal Rules-compliant complaint, for the additional reason that the motion as filed in state court did not even comply with CPLR § 3213.  This defective motion should not be permitted to serve as a stand-in for a complaint in federal court.

Under New York law, CPLR § 3213 is an expedited procedure reserved for a limited subset of cases "[w]hen an action is based upon an *instrument for the payment of money only* or upon a judgment."  CPLR § 3213 (emphasis added).  "Only" is the key word.  To prove such a claim, plaintiff must produce an instrument that contains "an unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite time" and cannot ask the Court to consider any "other materials besides the bare document and proof of nonpayment." *PDL Biopharma, Inc.* v. *Wohlstadter*, 147 A.D.3d 494, 494 (1st Dep't 2017) (quoting *Weissman* v. *Sinorm Deli*, 88 N.Y.2d 437, 444 (1996)).

Here, Plaintiff's claims impermissibly rely upon several facts (other than nonpayment) that Plaintiff has not established and cannot establish by reference to the four-corners of the instrument (the Global Note) upon which it relies:

---

[4]   A complaint will also play an important role in, among other things, defining the appropriate scope of discovery, *see, e.g.*, *Diaz* v. *New York Paving Inc.*, 553 F. Supp. 3d 11, 22 (S.D.N.Y. 2021) (determining scope of discovery requires looking to "the entirety of plaintiffs' specific factual allegations in the Complaint"), and the res judicata effect of the judgment.  *See, e.g.*, *Horti Ams., LLC* v. *Jacob's Village Farm Corp.*, No. 21 Civ. 915, 2022 WL 38719, at *2 (2d Cir. 2022) ("For purposes of res judicata, the scope of litigation is framed by the complaint at the time it is filed.") (cleaned up).

*First*, Plaintiff's claim for $400 million accelerated principal depends upon the extrinsic facts that: (1) Plaintiff delivered Notices of Acceleration, (2) the Notices of Acceleration were valid under the Indenture, and (3) acceleration was not subsequently waived. *See* Dkt. No. 1-1, at 221, 252 (Notices of Acceleration), 136–37 (Indenture § 6.2).  When a court must resort to such extrinsic facts, a CPLR § 3213 motion is improper.  *See Bonds Fin., Inc.* v. *Kestrel Tech., LLC*, 48 A.D.3d 230, 231 (1st Dep't 2008) (use of CPLR § 3213 improper where "claim [wa]s based on an acceleration clause in a revolving credit agreement, thus requiring resort to an external document to define an event of default under the note"); *Mfrs. Hanover Tr. Co.* v. *Hixon*, 124 A.D.2d 488, 488–89 (1st Dep't 1986) (CPLR 3213 improper where "plaintiff's prima facie right to accelerate the note" required reference to second document in addition to note).[5]

*Second*, Plaintiff's claims against the 57 of the 58 Defendants (the alleged Guarantors) cannot be established from the face of the Global Note.  The Guarantors did not sign the Global Note, and it does not identify the Guarantors at all.  *See* Dkt. No. 1-1, at 51.  The signature pages of the Indenture identify the *initial* guarantors in 2017, *see id.* at 166–79, but again, that extrinsic document cannot be considered.  *See Bonds Fin.*, 48 A.D.3d at 231; *Mfrs. Hanover Tr.*, 124 A.D.2d at 488–89.  In addition, the Indenture contemplates that Guarantors can be released for several reasons, Dkt. No. 1-1, at 158 (Indenture § 3.13), as indeed occurred here. *See infra*, II.A.  For that additional reason, this procedure is improper.  *See PDL Biopharma*,

---

[5]   *Boland* v. *Indah Kiat Fin. (IV) Mauritius*, 291 A.D.2d 342 (1st Dep't 2002), and *Cortlandt Street Recovery Corp.* v. *Hellas Telecommunications, S.à.r.l.*, 47 Misc. 3d 544 (N.Y. Sup. Ct. 2014), cited by Plaintiff (Dkt. No. 1-1, at 22–23), both predate the First Department's subsequent decision in *PDL Biopharma*, which made clear that the use of any evidence beyond the instrument at issue is improper under CPLR § 3213.  In *Cortlandt Street*, the note itself "define[d] the events of default" and no notice of acceleration was required.  *Id.* at 563-64. Specifically, the note said that: "[U]pon an event of default specified in subsection 9, 'all outstanding Notes will become due and payable immediately without further action or notice.'"  *Id.* at 561.

*Inc.*, 147 A.D.3d at 495–96 (claim against guarantor improper under CPLR § 3213 because extrinsic evidence was necessary to determine whether guarantees remained in effect).

*Third*, Plaintiff's claim for the Redemption Premium likewise is improper because it depends upon a provision of the Indenture (Dkt. No. 1-1, at 131–35 (Indenture § 6.2(a)) and its applicability.  Indeed, as explained below, no Redemption Premium is owed here because there has been no Redemption.  *Infra*, Part II.B.

As a result, Plaintiff's motion should be denied.  *See PDL Biopharma, Inc.*, 147 A.D.3d at 496; *Bonds Fin.*, 48 A.D.3d, at 231.[6]

## II.    Plaintiff's Motion Should Be Denied Because Defendants Are Entitled to File a Motion to Dismiss under Rule 12.

For all the above reasons, the Court should not decide—and Defendants should not yet be required to address—the merits of Plaintiff's motion.  In addition, for the reasons set forth below, Defendants have viable arguments in favor of partial dismissal of the claims that are best presented in a Rule 12 motion after a complaint is filed in this case.

### A.    *Plaintiff Has No Claim Against the Released Guarantors.*

Plaintiff's motion establishes at most that Defendants signed the Indenture in 2017.  But the Indenture contemplates that Guarantees can be released in a variety of circumstances.  Dkt. No. 1-1, at 158 (Indenture § 10.2(b)).  For example, Guarantees can be released if:

> there is a sale or other disposition of . . . Capital Stock of such Subsidiary Guarantor following which such Subsidiary Guarantor is no longer a direct or indirect Subsidiary of the Company . . . .

---

[6]    If the Court does not order Plaintiff to file a complaint, and instead construes the existing motion as the Complaint, in the alternative and at a minimum, Defendants' time to respond to the motion should be extended until 30 days after Plaintiff has re-noticed the motion in compliance with Local Rule 56.1 and the Court's Individual Rule V.A.  *See* L. Civ. R. 56.1; *Kansallis-Osake-Pankki* v. *Kouri*, 150 F.R.D. 69, 72 (S.D.N.Y. 1993) (unless re-noticed, CPLR § 3213 motion is not returnable in federal court).

*Id*. (Indenture § 10.2(b)(ii)(y)).  That has occurred.

Fifteen of the Defendants[7] have been merged into TVA.  *See* Avidan Ex. 1.
Another seven[8] were merged into Azteca International Corporation.  *See* Avidan Exs. 2–8.  And
Club de Futbol Rojinegros, S.A. de C.V. is now a subsidiary of a third party entity, in which
TVA retains only a minority interest.  *See* Avidan Ex. 9.  Those transactions were
"disposition[s]" of those entities' capital stock, and as a result, each is "no longer a direct or
indirect subsidiary" of TVA.  Thus, those twenty-three Defendants were released from their
guarantees under § 10.2(b)(ii) of the Indenture.

Because Plaintiff did not file a complaint, it did not plead any facts concerning the
existence or corporate relationship of the Guarantor-Defendants to TVA, or their status as
Guarantors.  A complaint under the Federal Rules would require these facts to be the subject of
pleading, which would then enable a motion to dismiss under Rule 12.

B.      *Plaintiff Is Not Entitled to the Redemption Premium*

The Indenture unambiguously provides that the Redemption Premium is due only
if TVA voluntary elects to prepay the Global Note.  Specifically, the Indenture provided that
TVA "may," "at its option," redeem the Global Note prior to their stated maturity by pre-paying
the principal and any accrued interest, plus an additional Redemption Premium.  Dkt. No. 1-1, at
131–32 (Indenture §§ 5.1–5.3).  An Optional Redemption would have followed a specific

---

7       Azteca Novelas, S.A.P.I. de C.V.; Red Azteca Internacional, S.A. de C.V.; Televisión Azteca, S.A. de C.V.; TV
        Azteca Comercializadora, S.A. de C.V.; Comercializadora de Publicidad Azteca, S.A. de C.V.; Administradora
        Grupo TVA, S.A. de C.V.; Grupo TV Azteca, S.A. de C.V.; Inversora Mexicana De Producción, S.A. de C.V.;
        Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V.; Comerciacom, S.A. de C.V.; Estudios
        Azteca, S.A. de C.V.; Finbor México, S.A. de C.V.; Azteca Telecasting, S. de R.L. de C.V.; Azteca Web, S.A.
        de C.V; and Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V.

8       Agencia Azteca, Inc.; Azteca America TV Spot Sales, LLC; Azteca Stations, LLC; SCTV, Inc.; Kaza Azteca
        America Inc.; Southern California TV LLC; and Fundacion Azteca America, LLC.

process, including, among other things: a resolution of TVA's Board of Directors; the delivery of a Notice of Redemption to Plaintiff; the deposit of funds with Plaintiff; and the prepayment of the Global Note. *Id.* at 132–35 (Indenture §§ 5.4–5.5, 5.7–5.8).

   None of that is alleged to have ever happened. TVA never voluntarily elected to exercise its option to redeem and never prepaid the Global Note. Thus, under the plain language of the Indenture, no Redemption occurred, and no Redemption Premium is owed.

   Plaintiff's motion simply asserts, without citation, that "[a]cceleration of the Global Notes constitutes redemption." Dkt. No. 1-1, at 15. That unexplained statement is false. Some indentures provide that a premium is due upon acceleration. Geraldine E. Ponto, Ferve Ozturk, *The Emerging Law on the Allowability of Make Whole Premiums in Bankruptcy*, 2016 Ann. Surv. of Bankr. Law 3 (noting example of an indenture containing "clear language entitling the noteholders to a prepayment premium notwithstanding acceleration of the notes due to an event of default."). But this one does not.

   Absent such a clause, no Redemption Premium can be owed after an Acceleration because payment after that point would be neither voluntary nor a prepayment. *See, e.g.*, *Matter of MPM Silicones, L.L.C.*, 874 F.3d 787, 802–03 (2d Cir. 2017) (holding that a "payment made mandatory by operation of an automatic acceleration clause is not one made at [debtor's] option" and thus no redemption premium was owed).[9]

---

[9]  *See also, e.g.*, *George H. Nutman, Inc.* v. *Aetna Bus. Credit, Inc.*, 453 N.Y.S.2d 586, 587 (Sup. Ct. 1982) ("The election by the [creditor] [] to accelerate the [debt] and to treat the . . . debt as due was not a voluntary act by the [debtor] sufficient to bring the prepayment penalty into operation."); *Northwestern Mut. Life Ins. Co.* v. *Uniondale Realty Assocs.*, 816 N.Y.S.2d 831, 836 (Sup. Ct. Feb. 3, 2006) ("A prepayment premium will not be enforced under default circumstances in the absence of a clause which so states."); *3C Assocs.* v. *IC & LP Realty Co.*, 524 N.Y.S.2d 701, 702 (Sup. Ct. 1988) (no redemption premium owed after acceleration because the "terms of [indenture] make clear that [premium] is an obligation which becomes due and payable only if there is a voluntary exercise of the right to prepay").

## CONCLUSION

Plaintiff's action cannot proceed in federal court in accordance with CPLR § 3213, and must now conform to the Federal Rules of Civil Procedure.  The motion for summary judgment in lieu of complaint should be denied; Plaintiff should be compelled to file a complaint; and Defendants should be permitted to file a motion to dismiss under Rule 12 in response to that complaint.[10]

Dated:   New York, New York
         September 30, 2022

                                        PAUL, WEISS, RIFKIND, WHARTON &
                                          GARRISON LLP

                                        By:  /s/ Jay Cohen
                                             Jay Cohen

                                        Jay Cohen
                                        William A. Clareman
                                        Shane D. Avidan
                                        1285 Avenue of the Americas
                                        New York, New York  10019
                                        (212) 373-3000
                                        wclareman@paulweiss.com
                                        jaycohen@paulweiss.com
                                        savidan@paulweiss.com

                                        *Attorneys for Defendants*

---

[10]  Defendants reserve all defenses and objections available under applicable law, and this filing is subject to, and without waiver of, any such defenses or objections.

16