EXHIBIT 1

[*Illegible Logo*]

[*Notarial Seal*]

NUMBER 160,443                                           21/09/1884
BOOK 3,387.                                                  REGCOM
FOLIO 673,671                                        KCC/kac/ngc*

     In Mexico City, on December 23, 2021, I, Mr. EDUARDO GARDUÑO GARCÍA VILLALOBOS, Notary Public number 135 of Mexico City, acting within the notarial protocol of the Notary Public number 211 of this same City, by association agreement with its holder Mr. José Eugenio Castañeda Escobedo, do hereby certify:

     A.- The NOTARIZATION of the Minutes of the GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING of "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, held on December 15, 2021, which contains:

     I.- The APPROVAL of the GENERAL BALANCE SHEET of the company, as of October 31, 2021;

     II. The APPROVAL OF THE MERGER AGREEMENT of "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, as the MERGING AND SURVIVING COMPANY, with "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, as MERGED AND DISAPPEARING COMPANIES, as well as the APPROVAL of the MERGER AGREEMENTS; and

     B.- The NOTARIZATION of the MINUTES of the GENERAL EXTRAORDINARY MEETINGS of "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, all dated December 15, 2021, which contain:

     I.- The APPROVAL of the GENERAL BALANCE SHEETS of the companies, as of October 31, 2021; and

     II. The APPROVAL of the MERGER AGREEMENT of the companies named "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN

1



DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, as merged and disappearing companies with "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, as merging and surviving company, as well as the approval of the merger agreement.

C.- The NOTARIZATION OF THE MERGER AGREEMENT, entered into between "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, as MERGING AND SURVIVING COMPANY and the companies named "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, as MERGED AND DISAPPEARING COMPANIES.

Which I am carrying out at the request of DENISSE ANDREA RIVAS RODRÍGUEZ, in her capacity as Special Delegate of said meetings, pursuant to the following background and clauses:

BACKGROUND

OF THE MERGING COMPANY
"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE

First.- INCORPORATION. The public deed number 62,110, dated June 2, 1993, granted before Joaquín Talavera Sánchez, then Notary Public number 50 in Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the incorporation of "CONTROLADORA MEXICANA DE COMUNICACIONES", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, with domicile in Mexico City, duration of 99 years, foreigners exclusion clause, fixed capital stock of FIFTY THOUSAND NEW PESOS, MEXICAN CURRENCY (currently FIFTY THOUSAND PESOS, MEXICAN CURRENCY), unlimited maximum and the corporate purpose indicated in said deed.

Second.- FULL AMENDMENT OF THE BYLAWS.- The public deed number 42,447, dated August 2, 1995, granted before Mr. Armando Gálvez Pérez Aragón, then Notary Public number 103 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of the company, dated June 23, 1995, in which it was agreed, among others, the full amendment of its Bylaws in the terms established in said minutes.

Third.- CHANGE OF CORPORATE NAME. The public deed number 49,317, dated September 3, 1996, granted before the same notary public as the previous one, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of the company, dated July 18, 1996, in which it was agreed, among others, to

2



change the corporate name to "TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, amending the first clause of its Bylaws for such purpose.

Fourth.- <u>AMENDMENT OF THE BYLAWS</u>. The public policy number 863, dated January 31, 1997, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker (*Corredor Público*) number 14 of Mexico City, which first certified copy was registered in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of the company, dated January 20, 1997, in which it was agreed, among others, to amend the twelfth and fourteenth clauses of its bylaws.

Fifth.- <u>INCREASE OF THE FIXED PART OF THE CAPITAL STOCK AND FULL AMENDMENT OF THE BYLAWS</u>. The public deed number 10,475, dated August 5, 1997, granted before Mr. Joel Chirino Castillo, notary public number 99 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of the company, dated July 17, 1997, in which it was agreed, among others, to increase the capital stock in its fixed part, to the total amount of MXN$1,694'612,147 MEXICAN PESOS; as well as the full amendment of the corporate bylaws.

Sixth.- <u>AMENDMENT OF BYLAWS</u>. The public deed number 11,006, dated May 7, 1998, granted before Mr. Joel Chirino Castillo, notary public number 99 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the notarization of the Minutes of the General Ordinary and Extraordinary Shareholders' Meeting of the company, dated March 27, 1998, in which it was agreed, among others, to amend paragraphs four, fourteen and twenty-three of clause six of its bylaws.

Seventh.- <u>AMENDMENT OF THE BYLAWS</u>. The public deed number 9,893, dated April 3, 2000, granted before Mr. José Luis Villavicencio Castañeda, notary public number 218 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the notarization of the Minutes of the General Ordinary and Extraordinary Shareholders' Meeting of the company, dated January 27, 2000, in which it was agreed, among others, to amend the twenty seventh, twenty eighth and twenty ninth clauses of its bylaws.

Eighth.- <u>AMENDMENT OF THE BYLAWS</u>.- The public deed number 12,958, dated September 28, 2001, granted before Mr. José Luis Villavicencio Castañeda, notary public number 218 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the partial notarization of the minutes of the General Extraordinary Shareholders' Meeting of the company, dated September 4, 2001, in which it was agreed, among others, to amend the sixth, ninth, twelfth, sixteenth, nineteenth, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first and thirty-fourth clauses of its bylaws.

Ninth.- <u>SPIN-OFF</u>. The public policy number 6,033, dated December 22, 2003, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was registered in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the formalization of the minutes of the General Extraordinary Shareholders' Meeting of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held in Mexico City, on December 19, 2003, which among other resolutions, approved the following: (i) the spin-off of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, resulting and subsisting this same company as the original company and creating *"UNEFON HOLDINGS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, as the spun-off company, under the terms, conditions and terms established by the same meeting; (ii) the reduction of the capital stock of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, in its fixed portion, in the amount of MXN$68'000,000.00, MEXICAN PESOS, remaining MXN1´626,612,147.00, MEXICAN PESOS; and (iii) the amendment to the sixth and thirty-first clauses of the bylaws.

Tenth.- <u>REDUCTION OF THE CAPITAL STOCK IN THE FIXED PART AND AMENDMENT OF THE BYLAWS</u>. The public policy number 6,864, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the formalization of the minutes of the General Extraordinary and Ordinary Shareholders' Meeting of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held in Mexico City, on November 24, 2004, in which the following resolutions, among others, were approved: (i) the reduction of the fixed part of the capital stock of the company in the amount of MXN$382'249,837.00 MEXICAN PESOS, therefore, the remaining capital stock in its fixed part will be the amount of MXN$1,244'362,210.00 MEXICAN PESOS, and as a consequence,



the amendment to the first paragraph of the sixth clause, as well as the amendment of the twenty-seventh to thirty-third clauses of the bylaws.

Eleventh.- <u>REDUCTION OF THE CAPITAL STOCK IN THE FIXED PART AND AMENDMENT OF THE BYLAWS</u>. The public policy number 6,865, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the minutes of the General Extraordinary and Ordinary Shareholders' Meeting of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held in Mexico City, on November 24, 2004, in which the following resolutions, among others, were approved: (i) the reduction of the fixed part of the capital stock of the company in the amount of MXN$99'242,220.00 MEXICAN PESOS, therefore, the remaining capital stock in its fixed part will be the amount of MXN$1,145'119,993.00 MEXICAN PESOS, and as a consequence, the amendment to the first paragraph of the sixth clause of the bylaws.

Twelfth.- <u>AMENDMENT OF THE BYLAWS</u>. The public policy number 6,866, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the Minutes of the Special Shareholders' Meeting of holders of series "D-A" shares of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on May 30, 2005, in which the amendment to the sixth and twenty-sixth clauses of the bylaws was approved.

Thirteenth.- <u>AMENDMENT OF THE BYLAWS</u>. <u>AMENDMENT OF THE BYLAWS</u>. The public policy number 6,867, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the Minutes of the Special Shareholders' Meeting of holders of series "D-L" shares of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on May 30, 2005, in which the amendment to the sixth and twenty-sixth clauses of the bylaws was approved.

Fourteenth.- <u>AMENDMENT OF THE BYLAWS</u>. <u>AMENDMENT OF THE BYLAWS</u>. The public policy number 6,868, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the Minutes of the Special Shareholders' Meeting of holders of series "A" shares of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on May 30, 2005, in which the amendment to the sixth, ninth, eleventh, fourteenth, sixteenth, twenty-first and twenty-sixth clauses of the bylaws was approved.

Fifteenth.- <u>AMENDMENT OF THE BYLAWS</u>. <u>AMENDMENT OF THE BYLAWS</u>. The public policy number 6,869, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the Minutes of the General Extraordinary Shareholders' Meeting of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on May 30, 2005, in which the amendment to sixth and twenty-sixth clauses of the bylaws was approved.

Sixteenth.- <u>AMENDMENT OF THE BYLAWS</u>. <u>AMENDMENT OF THE BYLAWS</u>. The public policy number 6,870, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the Minutes of the General Extraordinary Shareholders' Meeting of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on the first day of 2005[*Sic.*], in which the amendment to twenty-sixth clauses of the bylaws was approved.

Seventeenth.- <u>MERGER</u>. The public policy number 6,871, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the Minutes of the General Extraordinary Shareholders' Meetings of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, and *"SERVICIOS DEPORTIVOS TV", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, both held on June 27, 2005, in which it was agreed, among other things, to merge the aforementioned companies, with *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, as the merging and subsisting company and *"SERVICIOS DEPORTIVOS TV", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, as the merged and disappearing company, and in which the following resolutions were approved: (i) as a result of the merger, *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, will receive 270,000,000 (two hundred seventy million) shares of its own stock or its

4



equivalent in Ordinary Participation Certificates, which must be cancelled; (ii) as a result of the merger and due to the cancellation of own shares that *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE* will carry out, the capital stock of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, will be reduced in the amount of MXN30'000,000.00 MEXICAN PESOS; (iii) the approval of the adjustments to the fully subscribed and paid-in capital stock of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, derived from variations to the capital stock consisting basically of: (a) the shares that from time to time have been exercised from the Company's Plans of Operations and that have not been reflected in the minutes of the meeting; (b) the capital increases that have been decreed in the past and that in some cases only part of such increases have been paid; and (c) the exchange rate differences in the reimbursements paid in recent years; (iv) the validation of each and every one of the movements in the capital stock of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, including the reduction of capital stock approved as a result of the merger that was also formalized by means of the same instrument, to be established in the amount of MXN$933'236,998.00 MEXICAN PESOS, therefore (v) it was also stated for the record that the minimum fixed capital stock fully subscribed and paid of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, is the amount of MXN$933'236,998.00 MEXICAN PESOS, amending the first paragraph of the sixth clause of the company's bylaws for such purpose.

Eighteenth.- <u>REDUCTION OF CAPITAL STOCK IN THE FIXED PART AND AMENDMENT OF THE BYLAWS</u>. The public policy number 7,373, dated July 6, 2006, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the minutes of the General Ordinary and Extraordinary Shareholders' Meeting of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on February 20, 2006, in which it was approved the reduction of the capital stock in its fixed part of the referred company in the amount of MXN95,'435,623.00 MEXICAN PESOS remaining the amount of MXN$837'801,375.00 MEXICAN PESOS and as a consequence, the amendment to sixth clause of the Company's Bylaws.

Nineteenth.- <u>REDUCTION OF CAPITAL STOCK IN THE FIXED PART AND AMENDMENT OF THE BYLAWS</u>. The public policy number 7,646, dated January 29, 2007, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the minutes of the General Ordinary and Extraordinary Shareholders' Meeting of "*TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on December 7, 2006, in which it was approved the reduction of the capital stock in its fixed part of the referred company in the amount of MXN$102'102,000.00 MEXICAN PESOS remaining the amount of MXN$735'699,375.00 MEXICAN PESOS and as a consequence, the amendment to sixth clause of the Company's Bylaws.

Twentieth.- <u>AMENDMENT OF THE BYLAWS</u>. The public deed number 34,700 dated May 10, 2007, granted before Mr. Carlos Antonio Morales Montes de Oca, Notary Public number 227 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the notarization of the minutes of the General Ordinary and Extraordinary Shareholders' Meeting of *"TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on April 30, 2007, in which the amendment to the sixth clause of the bylaws was approved.

Twenty-First.- <u>REDUCTION OF CAPITAL STOCK IN THE FIXED PART AND AMENDMENT OF THE BYLAWS</u>. The public policy number 8,070, dated December 20, 2007, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "167,346", sets forth the formalization of the minutes of the General Ordinary and Extraordinary Shareholders' Meeting of "*TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on September 27, 2007, in which it was approved the reduction of the capital stock in its fixed part of the referred company in the amount of MXN$60'825,000.00 MEXICAN PESOS remaining the amount of MXN$674'874,375.00 MEXICAN PESOS and as a consequence, the amendment to sixth clause of the Company's Bylaws.

Twenty-Second.- <u>REDUCTION OF CAPITAL STOCK IN THE FIXED PART AND AMENDMENT OF THE BYLAWS</u>. The public policy number 8,954, dated August 3, 2010, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was registered in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the formalization of the minutes of the General Ordinary and Extraordinary Shareholders' Meeting of "*TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on April 30, 2010, in which it was approved the reduction of the capital stock in its fixed part of the referred company in the amount of MXN$9'944,000.00 MEXICAN PESOS



remaining the amount of MXN$664'930,375.00 MEXICAN PESOS and as a consequence, the amendment to sixth clause of the Company's Bylaws.

Twenty-Third.- <u>TRANSFORMATION AND AMENDMENT OF THE BYLAWS</u>. The public policy number 8,970, dated August 26, 2010, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was registered in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the formalization of the minutes of the General Extraordinary Shareholders' Meeting of "*TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on August 19, 2010, in which it was agreed, among others, its transformation into a *SOCIEDAD ANÓNIMA BURSATIL DE CAPITAL VARIABLE*, and consequently amended the first clause of its bylaws to be known as "*TV AZTECA", SOCIEDAD ANÓNIMA BURSATIL DE CAPITAL VARIABLE*, and also amended the fourth, sixth, seventh, eighth, ninth, twelfth, thirteenth, twelfth, thirteenth, fourteenth, sixteenth, sixteenth, eighteenth, nineteenth, twenty-first, twenty-second, twenty-fourth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth and thirty-sixth of its bylaws.

Twenty-Fourth.- <u>COMPILATION (*COMPULSA*) OF THE BYLAWS</u>. The public policy number 8,986, dated September 7, 2010, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was registered in the Public Registry of Commerce of this City in mercantile  folio number "167,346", sets forth the compilation of the bylaws of "*TV AZTECA", SOCIEDAD ANÓNIMA BURSATIL DE CAPITAL VARIABLE*, and from said document it is evidenced that the company has the corporate name of <u>*"TV AZTECA", SOCIEDAD ANÓNIMA BURSATIL DE CAPITAL VARIABLE*</u>, domiciled in Mexico City, with a term of 99 years, foreigners exclusion clause, variable capital stock, with a fixed minimum of MXN$664'930,375.00 MEXICAN PESOS, represented by common, ordinary shares of series "A" and by limited voting shares "D-A", "D-L" and "L", all with no par value, and having as corporate purpose the one specified in said deed.

<u>From said document, I insert the following text:</u>
"...*BYLAWS... The General Shareholders' Meeting is the supreme body of the Company. Shareholders' Meetings may be general or special. General Meetings are ordinary and extraordinary. Extraordinary Meetings will be those called to deal with any of the matters indicated in Article 182 of the General Law on Commercial Companies, to resolve the amortization of shares with distributable profits or to resolve the cancellation of the registration of the shares representing the capital stock (or of the securities representing them) of the Company in the National Securities Registry (Registro Nacional de Valores). The Ordinary Meetings, in addition to the provisions of the General Law on Commercial Companies, will meet to approve the operations that the Company or the legal entities it controls intend to carry out during the term of a fiscal year, when they represent twenty percent or more of the consolidated assets of the Company based on figures corresponding to the close of the immediately preceding quarter. In this event, shareholders holding shares with voting rights, including limited or restricted voting rights, may vote at the shareholders' meeting. Shareholders representing at least ten percent of the capital stock may request in writing, at any time, that the Board of Directors call a shareholders' meeting to discuss the matters specified in their request, provided that the matters in question are matters for which these bylaws or the law confer voting rights on the shareholders making such request. If the call is not made within 1 5days following the date of request, a Civil or District Judge of the domicile of the company, will do so at the request of any of the interested parties, who must exhibit their shares for this purpose.- The calls for the general ordinary and extraordinary meetings must be published in the official newspaper of the corporate domicile or in one of the more popular newspapers in said domicile, at least 15 days prior to the date set for the meeting. The notices will contain the Agenda and must be signed by the person or persons making them, provided that, if they are made by the Board of Directors, the signature of the Secretary of the Board will be sufficient. Meetings may be held without prior notice if the total number of shares representing the capital stock is represented at the time of voting.- From the time the notice for the shareholders' meetings is published, the information and documents related to each of the points established in the agenda must be immediately available to the shareholders free of charge. If in a general, ordinary or extraordinary meeting, all the shareholders are gathered, such meeting may resolve on matters of any nature and even on those not contained in the respective Agenda, provided that the necessary information is available to deal with such matters...".*

Twenty-Fifth.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>. The public deed number 157,985, dated September 15, 2021, granted before the undersigned notary, Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same City, which first notarial certified copy is in the process of being registered in the Public Registry of Commerce of this city, sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of "*TV AZTECA", SOCIEDAD ANÓNIMA BURSATIL DE CAPITAL VARIABLE*, held on June 30, 2021, in which it was agreed,

6



among others, to amend the corporate purpose of the company, and the consequent amendment of clause four of the bylaws, to be read in the following terms:

*"FOURTH.- The corporate purpose of the company is: 1.- To use and operate frequency bands of the radio electric spectrum and public or private telecommunications networks, as well as to provide public broadcasting and telecommunications services, through its own or third party concessions, to lease concessions, authorizations and permits granted by the competent authorities or through any other figure permitted by law, as well as the sale and/or marketing of audiovisual content and advertising space in any media. 2.- The acquisition, distribution, assignment, representation, import, export, use, exchange, application or any other form of contracting of all types of events or audiovisual works, including their broadcasting rights by any means, in its own name or in the name or on behalf of third parties, in Mexico and abroad. 3. To promote, incorporate, organize, exploit and participate in the capital and equity of all types of commercial and civil companies, associations or industrial, commercial, service or any other type of entities; dispose of or negotiate such shares or participations and all types of securities permitted by law, both domestic and foreign, as well as participate in their administration or liquidation. 4. To receive from other companies and persons, all those services that are necessary for the achievement of its activities, such as legal, fiscal, administrative, financial, treasury, auditing, marketing, preparation of balance sheets and budgets, preparation of programs and manuals; analysis of operating results, evaluation of information on productivity and possible financing, as well as the preparation of studies on the availability of capital, among others. 5. To issue, subscribe, accept, endorse and guarantee negotiable instruments, marketable securities and other documents permitted by law. 6. To acquire, alienate, lease, sublease, and grant the use, enjoyment, disposition or in general the exploitation of all kinds of real or personal property, including their parts or accessories, as well as real or personal rights thereon, which are necessary or convenient for its corporate purpose or for the operations of the commercial or civil companies, associations and institutions in which the company has an interest or participation 7. To obtain and grant all types of loans, as well as receive, if applicable, guarantees, issue obligations and promissory notes, accept, issue, endorse or guarantee all types of negotiable instruments and other documents that cover credit rights; grant bonds or guarantees of any type contracted by the company and with respect to the obligations contracted or the securities issued or accepted by third parties. 8. To register, purchase, lease, assign, renew, license, prove the use and dispose of trademarks, patents, certificates of invention, trade names, trade names, industrial designs, commercial notices, model registrations, copyrights, inventions and processes and all other industrial and intellectual property rights. 9. In general, to carry out all kinds of commercial acts and enter into all kinds of contracts and agreements, as well as operations of any nature that may be necessary or convenient for the performance of the foregoing purposes, under the terms of the Law...".*

Twenty-Sixth.- <u>PUBLICATION OF THE CALL</u>.- The attendant exhibits to me the call for the General Extraordinary Shareholders' Meeting of *"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE*, related to minutes that are the object of this notarization, published on November 29, 2021 through the Electronic System of the Ministry of Economy, a copy of which I attach to the appendix hereof, marked with the letter "A".

Twenty-Seventh.- <u>NOTARIZED MINUTES</u>. The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting dated December 15, 2021 of *"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE*, for its notarization, consisting of 21 pages (including its attendance list) which I attach to the appendix hereof, marked with the letter "B" and which text is inserted in its entirety below:

*GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF TV AZTECA, S.A.B. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 1:00 p.m. on December 15, 2021, the shareholders of TV Azteca, S.A.B. de C.V. (the "Company"), whose names and signatures appear on the attached attendance list, met at the address located at Periférico Sur number 4121, Colonia Fuentes del Pedregal, Alcaldía Tlalpan, ZipCode. 14140, for the purpose of holding a General Extraordinary Shareholders' Meeting, to which they were previously and duly called by means of the publication of the respective call, made on November 29, 2021 through the electronic publication system established by the Ministry of Economy, in strict compliance with the provisions of the General Law on Commercial Companies (Ley General de Sociedades Mercantiles) and the current Company's bylaws, which is attached to these minutes as Exhibit "A" to form an integral part of the same.*

*Mr. Fernando José Cabrera García, General Counsel of the Company, and Norma Elvira Urzúa Villaseñor, non-Member Secretary of the Board of Directors, attended the meeting as guests.*

7



In the absence of Mr. Ricardo Benjamín Salinas Pliego, Chairman of the Board of Directors, Norma Elvira Urzúa Villaseñor chaired over the Meeting and Fernando José Cabrera García acted as secretary, by unanimous appointment of those present.

The Chairman of the Meeting proposed José Manuel Meillón del Pando and Denisse Andrea Rivas Rodríguez as scrutineers, who once the shareholders unanimously approved their appointment, accepted the position and in the performance thereof prepared the attendance list which is attached to these minutes as Exhibit "B" to form an integral part thereof, and from which it can be seen that 100% (one hundred percent) of the Series "A", "D-A" and "D-L" shares were represented, which comprise the total capital stock of TV Azteca, S. A.B. de C. V.

Since the 100% (one hundred percent) of the shares in which the capital stock of TV Azteca, S.A.B. de C.V., is divided, were represented at the meeting, the Chairman declared the meeting legally installed and the resolutions adopted thereat valid, in accordance with the provisions of the Twenty-Sixth Clause of the Bylaws and of the General Law on Commercial Companies, and proceeded to address the items contained in the following:

*AGENDA*

I.- Proposal, discussion and, if applicable, approval of the Company's Balance Sheet as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the Agenda.

II.- Discussion and, if applicable, approval of the merger by absorption of the companies Administradora Grupo TV Azteca, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor de México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V.; with and in TV AZTECA, S.A.B. DE C.V., all of them subsidiaries of the Company, all the former disappearing as Merged Companies and the latter subsisting as Merging Company and, if applicable, approval of the corresponding merger agreement.

III.- Appointment of Special Delegates and Agents to formalize the resolutions adopted.

In accordance with the provisions of Article 49 of the Securities Market Law, the Secretary stated that TV Azteca, S.A.B. de C.V. kept the respective proxy forms at the disposal of the securities intermediaries that accredited to have the representation of the shareholders of the company itself, during the term set forth in such article, so that such intermediaries could timely deliver them to their represented parties and which were delivered to the intermediaries that so requested.

ITEM ONE.- Proposal, discussion and, if applicable, approval of the Company's Balance Sheet as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the Agenda.

In connection with the first item on the Agenda, the Chairman submitted for consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as the basis in the event that the merger referred to in the second item on the Agenda is approved.

Those present after hearing the above and reviewing the Company's Balance Sheet, deliberated on the above and, by unanimous vote of the shares represented at this Meeting with the right to vote, adopted the following:

*RESOLUTION*

SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021, which will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of Administradora Grupo TV Azteca, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor de México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios,



S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Such document is attached to this Meeting as Exhibit "C", forming an integral part thereof.

ITEM TWO.- Discussion and, if applicable, approval of the merger by absorption of the companies Administradora Grupo TV Azteca, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor de México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V.; with and in TV AZTECA, S.A.B. DE C.V., all of them subsidiaries of the Company, all the former disappearing as Merged Companies and the latter subsisting as Merging Company and, if applicable, approval of the corresponding merger agreement.

In connection with the second item on the agenda, the Chairman expressed to those present the convenience of merging by incorporation several subsidiaries of TV Azteca S.A.B. de C.V. named Administradora Grupo TV Azteca, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor de México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.

Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.

The main terms and conditions of the aforementioned merger, together with all related legal acts, are described in general terms in the corporate restructuring information statement (hereinafter "the prospectus"), which the company made available to the investing public on November 30, 2021, that is to say, in due time and form and with due anticipation in compliance with Article 104 section IV of the Securities Market Law, in accordance with Article 35 section I and Annex P of the general provisions applicable to securities issuers and other participants in the Securities Market issued by the National Banking and Securities Commission (disposiciones de carácter general aplicables a las emisoras de valores y a otros participantes del Mercado de Valores expedidas por la Comisión Nacional Bancada y de Valores) and other applicable provisions.

Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the equity of the merged companies that disappear will be incorporated into the Company with all their stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the merged companies.

On the other hand, the Chairman stated that the data and figures of the balance sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.

The Meeting after hearing the foregoing and by unanimous vote of the shares represented at this Meeting with voting rights, adopted the following:

RESOLUTIONS

FIRST.  Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge by incorporation Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C. V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C. V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C. V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C. V. and TV Azteca Comercializadora, S.A. de C.V., as dissapearing and merged companies, with and in TV Azteca, S.A.B. de C.V., as surviving



*and merging company, with data and figures from the Balance Sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1.- The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging*

10



*Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

*16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

*FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

*SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

*ITEM THREE.- Appointment of Special Delegates and Representatives to formalize the resolutions adopted.*



*Finally, in connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the convenience to appoint an special delegate or delegates to formalize the resolutions adopted hereat.*

*Those present deliberated on the above and, by majority vote, they adopted the following:*

RESOLUTION

*SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as special delegates and representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile, make the publications required to comply with the resolutions agreed upon at this Meeting and with the applicable legal provisions in force and give the necessary notices in accordance therewith to the pertinent authorities or institutions and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect.*

*There being no other business to discuss, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all present, were signed by the Chairman and the Secretary of the Meeting.*

*At 1:30 p.m. on the date hereof, this Meeting was adjourned.*
*The following is attached to these minutes:*
*a) Call for this Meeting.*
*b) Attendance list.*
*c) Proxies' Letter.*
*d) Evidence of shareholding issued by S.D. Indeval S.A. de C.V., Institución para el depósito de valores.*
*e) Balance Sheet of the Company as of October 31, 2021.*
*Chairman.- Signature.- Norma Elvira Urzúa Villaseñor.- Secretary.- Signature.- Fernando José Cabrera García.-...".*

OF THE MERGED COMPANIES
"ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE

Twenty-Eighth.- INCORPORATION. The public deed number 42,566, dated May 31, 2010, granted before Mr. Gonzalo M. Ortiz Blanco, Notary Public number 98 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the electronic mercantile folio number "421,133-1" sets forth the incorporation of *"ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, duration of 99 years, variable capital stock, with a fixed minimum of MXN\$50,000.00 Mexican pesos, represented by 50,000 ordinary, common and nominative shares, with a value of \$1.00 MEXICAN PESOS each one of them, foreigners admission clause and the corporate purpose specified in said deed.

From said document that I reviewed, I insert the following text:
*"...BYLAWS.... ARTICLE NINTH.- The General Shareholders' Meeting is the supreme body of the company and its regime is as follows: - I.- They will be Extraordinary or Ordinary.- The extraordinary meetings will be those that meet to deal with the matters referred to in article one hundred eighty-two of the General Law on Commercial Companies and the others will be ordinary.- I.- The extraordinary meetings will be those that meet to deal with the matters referred to in article 182 of the General Law on Commercial Companies and the others will be ordinary.- II. They will be held at the corporate domicile.- III.- They will be called by the Board of Directors, the Sole Director or the statutory auditors.- IV.- The call will be published in one of the newspapers with the largest circulation in the domicile of the company, unless the Shareholders' Meeting determines otherwise; said call will always be made at least 15 days prior to the date on which it is to be held.- The call must contain the agenda with the date, time and place at which the Meeting is to be held.- V.- The Chairman of the Board, the Sole Director, or the person designated by the shareholders, will act as Chairman, and the person designated by the Chairman will act as Secretary.- VI.- In order to be considered legally convened and for its resolutions to be valid, the provisions of articles one hundred eighty-nine, one hundred ninety and one hundred ninety-one of the General Law on Commercial Companies will be complied with.- VII- In the voting each share represents one vote and will be nominative unless the majority agrees to another form of voting.- VIII.- The minutes of the meetings must be signed at least by the Chairman, the Secretary and by the Statutory Auditor, as the case may be.- IX. The resolutions adopted outside a meeting, by unanimous vote of the shareholders representing all the shares in question, if any, will have the same validity for all legal purposes as if*



12

*they had been adopted at a general or special meeting, respectively, provided they are confirmed in writing and ratified within the following eight days.... ".*

Twenty-Ninth.- <u>CURRENT VARIABLE CAPITAL STOCK</u>.- The variable capital stock of *"ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, in its variable part has been subject to variations, the result of which at the time of the meeting whose minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

Thirtieth.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B ONE" and which text I insert in its entirety as follows:
*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*ADMINISTRADORA GRUPO TVA, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 7:20 a.m. on December 15, 2021, the shareholders of ADMINISTRADORA GRUPO TVA, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| | SHARES | | |
|---|---|---|---|
| *SHAREHOLDER* | *FIXED SERIES "A"* | *VARIABLE SERIES "B"* | *TOTAL* |
| *TV Azteca, S.A.B. de C.V.*<br>*RFC: TAZ960904V78* | *48,284* | *--* | *48,284* |
| *Televisión Azteca, S.A. de C. V.*<br>*RFC: TAZ920907P21* | *966* | *--* | *966* |
| *Azteca Novelas, S.A. de C. V.*<br>*RFC: ANX960122PR4* | *200* | *3'475,311* | *3'475,511* |
| *Red Azteca Internacional, S.A. de C.V.*<br>*RFC: RAI001208MC6* | *550* | *840,578* | *841,308* |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*



*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

<em>RESOLUTION</em>

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

<em>RESOLUTIONS</em>

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies named Alta Empresa II, S.A. de*



*C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM091202203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*1.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*2.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*3.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

15



4.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.

5.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.

6.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.

7.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.

8.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.

9.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.

10.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.

11.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.

12.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.

13.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.

14.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.

15.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.

FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.

SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the



*interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

*ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*

*Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*

*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

*At 7:40 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

"ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE

Thirty-First.- <u>INCORPORATION AS A CONSEQUENCE OF A SPIN-OFF</u>. The public deed number 159,363, dated November 18, 2021, granted before the undersigned notary, Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same City, which first notarial certified copy is pending registration in the Public Registry of Commerce of this city, sets forth the incorporation of *"ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, indefinite duration, variable capital stock, with a fixed minimum of MXN$331,100.00 MEXICAN PESOS, represented by 331,100 common, ordinary, nominative shares, with no par value, foreigners admission clause, and with the corporate purpose indicated in said public deed.

From said document, I insert the following text:
*"...BYLAWS OF THE COMPANY... CHAPTER FIFTH - SHAREHOLDERS' MEETINGS - ARTICLE SEVENTEENTH - The Shareholders' Meeting is the supreme body of the Company and its meetings will be held at the Company's corporate domicile. The Shareholders' Meetings will be General Extraordinary and General Ordinary.- General Extraordinary Meetings will be those called to deal with any of the matters listed in article 182 of the General Law on Commercial Companies, as well as other matters reserved to the General Extraordinary Shareholders' Meeting in accordance with the provisions of these bylaws.- General Ordinary Meetings will be held at least once a year, within the four months following the close of each fiscal year. In addition to the matters on the Agenda, the following must be discussed: (i) the matters referred to in Article one hundred eighty-one of the General Law on Commercial Companies; (ii) the appointment of the Sole Director or the members of the Board of Directors and Statutory Auditors; and (iii) the determination of their remuneration. For purposes of Article one hundred eighty-one of the General Law on Commercial Companies, it will be sufficient for any of the Statutory Auditors to have submitted their report for the General Ordinary Shareholders' Meeting to be held and for the resolutions adopted thereat to be valid in accordance with the provisions of these bylaws and the applicable law.- CALLS - ARTICLE EIGHTEENTH.- The calls for Shareholders' Meetings must be made by the Sole Director or the Board of Directors or any of the Statutory Auditors. Likewise, shareholders representing at least ten percent of the capital stock may request in writing at any time that the Sole Director or the Board of*

17



*Directors or any of the Statutory Auditors call a Shareholders' Meeting to discuss the matters specified in their request. Any shareholder owning a share will have the same right in any of the cases referred to in article one hundred eighty-five of the General Law on Commercial Companies and in accordance with the procedure established therein. ARTICLE NINETEENTH.- The notices for the Meetings must be published in the electronic system of publications of commercial companies of the Ministry of Economy, at least 15 days prior to the date set for the Meeting. The notices of meeting shall contain the agenda and must be signed by the person or persons making them, provided that if they are made by the Sole Director, his signature will be sufficient; and in the case of the Board of Directors, the signature of the Chairman, the Secretary or an Alternate Secretary will be sufficient. The documents related to each of the items set forth in the agenda must be made available to the shareholders at least 15 days in advance.- Meetings may be held without prior notice, if the capital stock is fully represented at the time of voting.- ATTENDANCE - ARTICLE TWENTIETH.- In order to attend the Meetings, the shareholders must show the corresponding admission card, which will be issued only at the request of the persons who appear registered as holders of shares in the Company's Share Registry, which request must be submitted at least 48 hours before the time set for the Meeting to be held, accompanied by the titles or certificates of their shares, or proof of deposit of such titles or certificates, issued by an institution authorized for such purpose. For the purpose of attending the Meetings, the Share Register will be closed 48 hours prior to the date set for the relevant Meeting.- The shares deposited in order to have the right to attend the Meeting will not be returned until after the Meeting has been held, upon delivery of the receipt issued to the shareholder.- REPRESENTATION OF THE SHAREHOLDERS - ARTICLE TWENTY-FIRST.- The shareholders may be represented at the Meetings by the person or persons they designate by means of a power of attorney signed before two witnesses or a power of attorney granted on the form prepared by the Company. The Sole Director or the members of the Board of Directors and the Statutory Auditors may not represent the shareholders of the Company in any Meeting.- Pursuant to article 178 of the General Law on Commercial Companies, the resolutions of the Shareholders' Meetings will be validly adopted without the need to hold a physical Meeting provided that: (i) the affirmative vote of all the shareholders is obtained; and (ii) the resolutions are confirmed in writing. The resolution shall be valid as soon as the Secretary is able to certify the written evidence of the resolution adopted in accordance with the text circulated for that purpose. - ARTICLE TWENTY SECOND.- The Meetings will be chaired over by the Sole Director or the Chairman of the Board of Directors or, in his absence, by his alternate and in the absence of both, by the person designated by majority vote of the shareholders present. The Secretary of the Board of Directors or, in his absence, any Alternate Secretary shall act as Secretary, and in the absence of both, the office shall be held by the person designated by majority vote of the shareholders present. - The minutes of the Meeting will be recorded in the respective book and will be signed by the Chairman and the Secretary of the Meeting. The Statutory Auditors who have attended the Meeting may also sign the corresponding minutes, without their signature being required.- Resolutions may be deemed to have been made when they are sent by facsimile or any other electronic means and the authenticity of the representation and signature is verified by means of a registration system or any other mechanism that guarantees the certainty of the writing containing the shareholders' resolution.- Resolutions made under the terms hereof may be deemed to have been made when they are sent by facsimile or any other electronic means and the authenticity of the representation and signature is verified by means of a registration system or any other mechanism that guarantees the certainty of the writing containing the shareholders' resolution. The resolutions adopted in the terms indicated herein, will take effect on the day fixed in the resolutions themselves, if all are coincident in the indication of the date and if not fixed, on the date on which the corresponding minutes are drafted in the terms indicated above. QUORUM OF ATTENDANCE AND RESOLUTIONS IN ORDINARY MEETINGS - ARTICLE TWENTY THIRD - In order for a General Ordinary Shareholders' Meeting to be considered legally convened by virtue of first call, at least 50% plus one of the outstanding shares with voting rights must be represented thereat - In the case of second or subsequent calls, Ordinary Shareholders' Meetings may be validly held regardless of the number of shares with voting rights that are represented - In the case of second or subsequent calls, Ordinary Shareholders' Meetings may be validly held regardless of the number of shares with voting rights that are represented.- In order for the resolutions of the General Ordinary Meeting to be validly adopted, as a result of the first or subsequent call,  the favorable vote of the majority of the shareholders present shall be required.- QUORUM OF ATTENDANCE AND RESOLUTIONS AT EXTRAORDINARY MEETINGS - ARTICLE TWENTY-FOURTH.- In order for a General EXTRAORDINARY Shareholders' Meeting to be considered legally convened on first call, at least seventy-five percent of the outstanding shares with voting rights must be represented thereat. In case of second or subsequent call, General Extraordinary Shareholders' Meetings may be validly held if at least fifty percent plus one of the outstanding shares with voting rights are represented thereat.- In order for the resolutions of the General Extraordinary Shareholders' Meeting to be validly adopted, as a result of first or subsequent call, the favorable vote of the majority of the shares of capital stock will be required...".*

　　Thirty-Second.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL*



*VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B TWO" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*ALTA EMPRESA II, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 7:40 a.m. on December 15, 2021, the shareholders of ALTA EMPRESA II, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | TOTAL |
| | FIXED | VARIABLE | |
| --- | --- | --- | --- |
| TV Azteca, S.A.B. de C.V.<br>RFC: TAZ960904V78 | 191,014 | 1,383'897,775 | 1,384'088,789 |
| Azteca Novelas, S.A. de C. V.<br>RFC: ANX960122PR4 | 86,000 | 187'519,107 | 187'605,107 |
| Televisión Azteca, S.A. de C.V.<br>RFC: TAZ920907P21 | 54,086 | 288'685,336 | 288'739,422 |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*



*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

### RESOLUTION

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

### RESOLUTIONS

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies named Administradora Grupo TVA, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*



THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.

FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:

1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").

2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.

3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.

4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.

5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.

6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.



*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

*16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

*FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

*SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

*ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*

*Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*



*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

### RESOLUTION

*SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*

*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

> *At 8:00 a.m. on the date hereof, this Meeting was adjourned.*
> *It is attached to these minutes:*
> *a) Attendance list.*
> *b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

## "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE

**Thirty-Third.- <u>INCORPORATION</u>.** The public deed number 45,346, dated January 18, 1996, granted before Mr. Armando Gálvez Pérez Aragón, then Notary Public number 103 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "218,450" sets forth the incorporation of *"PRODUCCIONES EXCLUSIVAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, duration of 99 years, variable capital stock, with a fixed minimum of MXN$50,000.00, MEXICAN PESOS, represented by 50 common, ordinary and nominative shares, with a par value of MXN$1,000.00 MEXICAN PESOS each, foreigners exclusion clause and the corporate purpose indicated in said deed.

**Thirty-Fourth.- <u>MERGER AND AMENDMENT OF THE BYLAWS</u>.** The public deed number 30,340, dated December 16, 2004, granted before Mr. Miguel Soberón Mainero, Notary Public number 181 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City, among others, in the mercantile folio number "218,450" sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"PRODUCCIONES EXCLUSIVAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, by means of which the following resolutions, among others, were adopted: (i) to extend its corporate purpose and to that effect to amend the second article of the corporate bylaws to be read as indicated in said deed; (ii) to amend the par value of the shares representing its capital stock to be represented by 500,000 common, ordinary and nominative shares, with a par value of ten cents, local currency each, and to that effect, amend the fifth article of the bylaws to be read as indicated in said deed; (iii) to change the foreigners exclusion clause to a foreigners admission clause and to that effect, amend the forty-first article of the bylaws to be read as indicated in said deed; (iv) to merge –as the surviving and merging company– with *"AZTECA DIGITAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, – as disappearing and merged company–, and as a consequence of such merger, to be left with a capital stock of MXN$1,342'767,543.00 MEXICAN PESOS, of which MXN$116,000.00 MEXICAN PESOS correspond to the fixed part and MXN$1,342'651,534.00 MEXICAN PESOS correspond to the variable part, and to that effect, amend the fifth article of the bylaws to be read as indicated in said deed.

**Thirty-Fifth.- <u>AMENDMENT OF THE COMPANY'S CORPORATE PURPOSE</u>.** The public deed number 74,232, dated August 17, 2005, granted before Mr. Jorge Alfredo Domínguez Martínez, Notary Public number 140 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "218,450" sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"PRODUCCIONES EXCLUSIVAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on June 10, 2005, in which, among others, it was agreed to amend its corporate purpose and to amend the text of the second article of the bylaws, to be read in the terms described therein.



Thirty-Sixth.- <u>CHANGE OF CORPORATE NAME</u>.- The public deed number 74,233, dated August 17, 2005, granted before Mr. Jorge Alfredo Domínguez Martínez, Notary Public number 140 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "218,450" sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"PRODUCCIONES EXCLUSIVAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on August 8, 2005, in which, among others, it was approved to change its corporate name to *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, and to amend the text of the first article of its bylaws.

Thirty-Seventh.- <u>MERGER</u>. The public policy number 8,211, dated May 15, 2008, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, which first certified copy was recorded in the Public Registry of Commerce of this City, among others, in mercantile folio "218,450", sets forth the formalization of the minutes of the general extraordinary shareholders' meeting of *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on March 28, 2008, by means of which it was agreed, among others, to merge with *"GRUPO PROMOTORA EMPRESARIAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, subsisting the first as the merging company and extinguishing the second as the merged company. As a result of the merger, the capital stock of the surviving company, *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, amounts to MXN$1,744´117,799.70 MEXICAN PESOS, of which MXN$164,256.70 MEXICAN PESOS, correspond to the fixed portion and MNX$1,743´953,543.00, MEXICAN PESOS, correspond to the variable portion of the capital stock.

Thirty-Eighth.- <u>CAPITAL INCREASE IN THE VARIABLE PART</u>. The public deed number 53,954, dated December 12, 2012, granted before Mr. Luis Ricardo Duarte Guerra, Notary Public number 24 of Mexico City, acting as associate in the notarial protocol of Mr. Gonzalo Ortiz Blanco, Notary Public number 98 of this same City, sets forth the notarization of the minutes of the General Ordinary Shareholders' Meeting of *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE* by means of which, among others, it was resolved to increase the variable part of the capital stock in the amount of MXN$1,774'240,699.00, to be in the total amount of MXN$3,518'358,498.70 MEXICAN PESOS, of which MXN$164,256.70 MEXICAN PESOS, correspond to the fixed capital; and the amount of MXN$3,518'194,242.00 MEXICAN PESOS, correspond to the variable capital.

Thirty-Ninth.- <u>ADOPTION OF THE MODALITY TO A *SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE* AND FULL AMENDMENT OF THE BYLAWS</u>. The public deed number 74,205, dated October 23, 2013, granted before Mr. Carlos Antonio Morales Montes de Oca, Notary Public number 227 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "218,450", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on October 23, 2013, by means of which, among others, it was approved the resolution to adopt the form of *SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, consequently changing its corporate name to *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, with domicile in Mexico City, indefinite duration, fixed minimum capital stock of MXN$164,256.70 MEXICAN PESOS, represented by one 1'642,567 common, ordinary, nominative, Series "A", Class "I" shares with a par value of ten cents, MEXICAN CURRENCY each one of them, foreigners admission clause and the corporate purpose specified in said deed.

From said document, I insert the following text:

*"......BYLAWS...... CHAPTER V - - SHAREHOLDERS' MEETINGS - - ARTICLE TWELFTH - Shareholders' Meetings, the Shareholders attending to a Shareholders' Meeting (or by unanimous written consent adopted in accordance with the provisions set forth below), are the supreme authority of the Company and their resolutions shall be binding on all Shareholders, including absent or dissenting Shareholders. - The Shareholders shall meet at least once a year within the first 4 (four) months following the close of each fiscal year of the Company - At any Shareholders' Meeting, each Shareholder entitled to vote shall have the right to vote personally or through a proxy appointed by means of a power of attorney in accordance with Article 192 of the General Law on Commercial Companies. - - Notwithstanding any provision to the contrary set forth in this Chapter, the Shareholders may adopt any resolution without a Shareholders' Meeting - Such resolutions shall have, for all legal purposes, the same validity as if they had been adopted at an ordinary or extraordinary Shareholders' Meeting, respectively, provided that they have been adopted unanimously by all the Shareholders entitled to vote (according to the resolution in question) in writing. Such written consents shall remain in the custody of the Secretary of the Board of Directors and shall be transcribed in the Shareholders' Meetings' Book to be kept by the Company for that purpose. The Secretary of the Board of Directors may issue certifications with respect to the resolutions thus adopted. - - ARTICLE THIRTEENTH: Quorum to hold Shareholders' Meetings: The*



*Ordinary Shareholders' Meetings will be ordinary, extraordinary and special.- Ordinary Shareholders' Meetings will be those that meet to discuss and resolve on any of the matters referred to in Article 181 the General Law on Commercial Companies, as well as on any other matters included in the respective Agenda that, in accordance with the law or these bylaws, are not expressly reserved to the competence of Extraordinary Shareholders' Meetings. In order for General Ordinary Shareholders' Meetings held on first call to be valid, at least 75% of the voting shares of the capital stock of the Company must be represented. In order for General Extraordinary Shareholders' Meetings held on first call to be valid, at least 75% of the voting shares of the Company's capital stock must be represented. - - In order to hold Ordinary or Extraordinary Shareholders' Meetings, the attendance and vote of the SERIES "A" Shareholders and, if applicable, any other series of shares issued by the Company and that the Shareholders' Meeting that approves it determines that they have the right to vote in such meetings, will be required unanimously. The shareholders of other series of shares will have the right to attend, without voice or vote, the Ordinary and Extraordinary Shareholders' Meetings, but it is not the obligation of the other shareholders or the members of the Board of Directors or the person calling the meeting to invite them or inform them of any call. - - The Shareholders of each SERIES may meet in Special Meetings to discuss any matter that may affect the rights of such SERIES of Shares. They will be considered validly installed when a majority of the shares of the SERIES in question are present or represented and their resolutions will be valid if approved by a majority of the votes present. ARTICLE FIFTEENTH.- .... (d) Meetings may be held without prior call, and without the need for the Secretary to send such notice, if the Shareholders owning all the shares entitled to vote are present or represented at any Meeting. - - (e) All Shareholders' Meetings shall be held at the Company's registered office, except in the case of acts of God or force majeure; - (f) Except for the members of the Board of Directors and the Statutory Auditors of the Company, the Shareholders may be represented at the Meetings by any person appointed by means of a power of attorney signed before two witnesses or by any other form of mandate conferred in accordance with the law; - (g) Only persons who appear registered in the Company's share registry book as Shareholders shall be recognized as holders of shares for the purpose of being admitted to the Company's Shareholders' Meetings. - - (h) The Meetings shall be chaired over by the Chairman of the Board of Directors. The Secretary of the Board of Directors shall act as Secretary of the Shareholders' Meetings; however, in the absence of the Chairman and/or the Secretary, the person or persons designated by majority vote of the shares represented at the Meeting may act as such - (i) The Chairman of the Meeting shall appoint one or more scrutineers who shall count the Shareholders present, the number of shares represented and the number of votes that may be cast based on the total number of shares represented - - (j) Except in the case of shares with limited voting or non-voting rights issued by the Company, each of the SERIES "B" shares will cast one vote.- (k) Once it is established that there is a quorum, the Chairman of the Meeting will declare the Meeting legally installed and will submit to the Shareholders present, the matters contained in the Agenda. - - (l) The Secretary of the Board of Directors or the secretary appointed for such purpose at the meeting in question shall prepare the minutes of each Shareholders' Meeting, which shall be transcribed in the minutes book of the Company and must be signed by the persons who have acted as Chairman and Secretary of the Meeting, and by the Shareholder or Shareholders or their representatives who wish to do so. The custody of the book of minutes of Shareholders' Meetings will be in charge of the Secretary of the Board of Directors, who will prepare for each Meeting a file containing at least: a copy of the attendance list; if applicable, a copy of the publication of the notice of the meeting and the acknowledgments of the notification thereof to the Shareholders made by the Secretary; if applicable, a copy of the notarial certificates evidencing the proxies presented by the representatives of the Shareholders; reports, opinions and other documents submitted to the consideration of the Meeting; and a copy of the minutes of the Meeting..... ".*

Fortieth.- <u>MERGER, CAPITAL INCREASE AND AMENDMENT OF THE BYLAWS</u>. The public deed number 93,880, dated May 30, 2014, granted before Mr. José Eugenio Castañeda Escobedo, notary public number 211 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City, among others, in the mercantile folio number "218,450" sets forth the merger of the companies *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, as the surviving and merging company and *"COMERCIALIZACIÓN Y DESARROLLO AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*; *"SERVICIOS DE PRODUCCIÓN TV", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*; and *"SOLIDCARGO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, as merged companies, as well as the increase in capital stock of *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, to be a total amount of MXN$6,059'918,699.70, MEXICAN CURRENCY, of which MXN$219,984.10 MEXICAN CURRENCY, corresponds to fixed capital, represented by 2'199,841common, ordinary, nominative, Series "A", Class "I" shares, with a par value of ten cents, MEXICAN CURRENCY each; and the amount of MXN$6,059'698,715.60, MEXICAN CURRENCY, corresponds to the variable capital.

Forty-First.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>. The public deed number 103,496, dated February 19, 2015, granted before Mr. José Eugenio Castañeda Escobedo, notary public number 211 of Mexico City, which first notarial certified copy was recorded in the Public



Registry of Commerce of this City in mercantile folio number "218,450", sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of *"AZTECA NOVELAS"*, *SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, held on January 2, 2015, by means of which, among others, it was approved to amend the corporate purpose and to amend the text of the second article of the bylaws to be read in the terms described in said instrument.

Forty-Second.- <u>CURRENT CAPITAL STOCK AS OF 2020</u>. That the capital stock of *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, was subject to several variations in its variable capital, the result of which as of the year 2020 was MXN\$6,267'395,321.20 MEXICAN CURRENCY, of which the amount of MXN\$219,984.10 MEXICAN CURRENCY, corresponded to the fixed capital; and the amount of MXN\$6,267'175,337.10 MEXICAN CURRENCY, corresponded to the variable capital.

Forty-Third.- REDUCTION OF THE CAPITAL STOCK IN THE VARIABLE PART. The public deed number 151,683, dated December 17, 2020, granted before the undersigned notary, Mr. Eduardo Garduño García Villalobos, acting in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same entity, sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, held on October 15, 2020, in which, among others, it was agreed to reduce the capital stock in its variable part, in the amount of MXN\$435,202.00, MEXICAN CURRENCY, to amount MXN\$6,266'960,119.20 MEXICAN CURRENCY, of which: (i) the amount of MXN\$219,984.10 MEXICAN CURRENCY, corresponds to the fixed capital stock; and (ii) the amount of MXN\$6,266'740,000.10 MEXICAN CURRENCY, corresponds to the variable capital stock.

Forty-Fourth.- <u>SPIN-OFF</u>. The public deed number 159,360, dated November 18, 2021, granted before Mr. José Eugenio Castañeda Escobedo, notary public number 211 of Mexico City, which first notarial certified copy is pending registration in the Public Registry of Commerce of this City, the minutes of the General Extraordinary Shareholders' Meeting of *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, held on October 29, 2021, in which, among others, the following were approved: (i) the APPROVAL of the SPIN-OFF of *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, as a SPUN-OFF company and subsisting; (ii) the reduction of the capital stock, to be in the total amount of MXN\$55,306'865,507.00 MEXICAN CURRENCY, of which the amount of MXN\$5,533'348,909 MEXICAN CURRENCY, corresponds to the fixed capital stock; and the amount of MXN\$49,773'516,598.00 MEXICAN CURRENCY, correspond to the variable capital stock; and the consequent amendment to the sixth article of the bylaws; (iii) the approval for the incorporation of a company with variable capital, as a spun-off company, as a result of the spin-off of the company.

Forty-Fifth.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B THREE" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*AZTECA NOVELAS, S.A.P.I. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 7:00 a.m. on December 15, 2021, the shareholders of AZTECA NOVELAS, S.A.P.I. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | TOTAL |
| --- | --- | --- | --- |
| | FIXED SERIES "A" | VARIABLE SERIES "B" | |



| | | | |
|---|---|---|---|
| TV Azteca, S.A.B. de C.V.<br>RFC: TAZ960904V78 | 5,533'318,071 | - | 5,533'318,071 |
| Televisión Azteca, S.A. de C.V.<br>RFC: TAZ920907P21 | 9,372 | - | 9,372 |
| Azteca Telecasting, S. de R.L. de C.V.<br>RFC: ATE160316110 | - | 28,272'368,635 | 28,272'368,635 |
| Red Azteca Internacional, S.A. de C.V.<br>RFC: RAI001208MC6 | - | 21,501'147,963 | 21,501'147,963 |
| TV Azteca Comercializadora, S.A. de C.V.<br>RFC: TAC03100375A | 5,026 | - | 5,026 |
| Profesionales y Administrativos en Servicios<br>Inmobiliarios, S.A. de C.V.<br>RFC: PAS960808731 | 16,440 | - | 16,440 |
| Total | 5,533'348,909 | 49,773'516,598 | 55,306'865,507 |

In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.

The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:

*AGENDA:*

I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.

II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.

III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.

ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.

In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

*RESOLUTION*

SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.



*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

*RESOLUTIONS*

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company*



*(hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*



10.- *As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

11.- *In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

12.-*The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

13.- *The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

14.- *All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

15.- *All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

16.- *For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

FIFTH.- *In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

SIXTH.- *The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

ITEM THREE.- *Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*

Finally, *In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*

Those present *deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

### RESOLUTION

SOLE.- *It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*



*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

*At 7:20 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

<u>"AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE</u>

Forty-Sixth.- <u>NATIONALIZATION</u>. The public deed number 89,640, dated October 27, 2016, granted before Mr. Carlos Antonio Morales Montes de Oca, notary public number 227 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the Electronic Mercantile Folio number "N-2017045403", sets forth the notarization of several documents of a foreign company from which it resulted the accreditation of its legal existence, change of nationality and change of corporate name, as well as the amendment of its bylaws to be established as *"AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE*, with domicile in Mexico City, indefinite duration, variable capital stock, with a fixed minimum of MXN$5,175.00 MEXICAN PESOS, foreigners admission clause and the corporate purpose specified in such instrument.

<u>From said document, I insert the following text:</u>

*"...CHAPTER V - MEMBERS' MEETINGS - ARTICLE SEVENTEEN - The Members' Meeting is the supreme body of the Company and its meetings shall be held at the Company's registered office. The General Members' Meetings will be General Extraordinary and General Ordinary Meetings - GENERAL EXTRAORDINARY Meetings will be those called to deal with any of the matters listed in Article 182 of the General Law on Commercial Companies, as well as other matters reserved to the General Extraordinary Members' Meeting in accordance with the provisions of these bylaws - General Ordinary Meetings will be held at least once a year, within the four months following the close of each fiscal year. In addition to the matters on the Agenda, the following must be discussed: (i) the matters referred to in Article 181 of the General Law on Commercial Companies; (ii) the appointment of the members of the Board of Managers and Statutory Auditors; and (iii) the determination of their remuneration. For purposes of Article 181 of the General Law on Commercial Companies, it will be sufficient for any of the Statutory Auditors to have presented their report for the General Ordinary Shareholders' Meeting to be held and for the resolutions adopted thereto to be valid in accordance with the provisions of these bylaws and the applicable legislation.- CALLS - ARTICLE EIGHTEEN.- The calls for Members' Meetings must be issued by the Board of Managers or any of the Statutory Auditors. Likewise, the members representing at least ten percent of the capital stock may request in writing at any time that the Board of Managers or any of the Statutory Auditors call a Manager's Meeting to discuss the matters specified in their request. Any partner owner of a corporate interest will have the same right in any of the cases referred to in Article 185 of the General Law on Commercial Companies and in accordance with the procedure established therein. ARTICLE NINETEENTH.- The calls for the Meetings must be made by means of the publication of a notice in the electronic system established by the Ministry of Economy, at least 15 days prior to the date set for the Meeting. The notices will contain the Agenda and must be signed by the person or persons making them, provided that if they are made by the Board of Managers, the signature of the Chairman, the Secretary or an Alternate Secretary will be sufficient. The documents related to each of the points established in the Agenda must be made available to the members at least 15 days in advance.- Meetings may be held without prior notice if the corporate capital is fully represented at the time of voting. - ATTENDANCE - ARTICLE TWENTY. In order to attend the Meetings, the members must be registered as holders of equity interests in the Company's Registry of Equity Interests. - REPRESENTATION OF MEMBERS - ARTICLE TWENTY-FIRST - Members may be represented at the Meetings by the person or persons they designate by means of a power of attorney signed before two witnesses. The members of the Board of Managers and the Statutory Auditor or Statutory Auditors may not represent the members of the company at any Meeting. - Pursuant to Article 178 of the General Law on Commercial Companies, the resolutions of the Members' Meetings will be validly adopted without the need to hold a physical meeting provided that: (i) the affirmative vote of all the members is obtained; and (ii) the resolutions are confirmed in writing. The resolution shall be valid as soon as the Secretary is able to certify the written evidence of the resolution adopted in accordance with the remainder (so) circulated for that purpose. - ARTICLE TWENTY SECOND - The Meetings shall be chaired over by the Chairman of the Board of Managers or, in his absence, by his alternate, and in the absence of both, by the person designated by a majority vote of the members present. The Secretary of the Board of Managers, or in his absence, any Alternate Secretary, shall*



*act as Secretary, and in the absence of both, the office shall be held by the person designated by a majority vote of the members present. - The minutes of the Meeting shall be recorded in the respective book and shall be signed by the Chairman and the Secretary of the Meeting. The Statutory Auditors who have attended the Meeting may also sign the corresponding minutes, without their signature being required.- QUORUM OF ATTENDANCE AND RESOLUTION IN ORDINARY MEETINGS - ARTICLE TWENTY THIRD.- In order for a General Ordinary Meeting of Members to be considered legally convened by virtue of the first call, at least sixty five percent plus one of the outstanding shares must be represented thereat. In the case of second or subsequent call, the General Ordinary Shareholders' Meetings may be validly held regardless of the number of shares represented.- In order for the resolutions of the General Ordinary Members Meeting to be validly adopted, as a result of first or subsequent call, the favorable vote of the majority of the equity interests present shall be required. QUORUM OF ATTENDANCE AND RESOLUTIONS AT EXTRAORDINARY MEETINGS - ARTICLE TWENTY FOURTH - In order for a General Extraordinary Members Meeting to be considered legally convened by virtue of the first call, at least seventy five percent of the outstanding corporate shares must be represented thereat. In case of second or subsequent call, the General Extraordinary Members' Meetings may be validly held if at least fifty percent plus one of the outstanding corporate shares are represented thereat.- In order for the resolutions of the General Extraordinary Members' Meeting to be validly adopted, as a result of first or subsequent call, the favorable vote of the majority of the equity interests present will be required...".*

Forty-Seventh.- <u>CURRENT VARIABLE CORPORATE CAPITAL</u>.- The variable corporate capital of *"AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,* has been subject to variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the corporate chart listed in said minutes.

Forty-Eighth.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Members' Meeting of December 15, 2021 of the company named *"AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,* for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B FOUR" and which text I insert in its entirety as follows:

*"GENERAL MEMBERS' MEETING OF
AZTECA TELECASTING, S. DE R.L. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 8:00 a.m. on December 15, 2021, the members of AZTECA TELECASTING, S. DE R.L. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Members' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the equity interests present or represented by those attending the meeting. Once the counting of the equity interests had been verified, the Scrutinizer recorded that the members present represented all of the equity interests representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| PARTNERS | EQUITY INTERESTS | | | TOTAL |
| --- | --- | --- | --- | --- |
| | NUMBER | FIXED PART | VARIABLE PART | |
| *TV Azteca S.A.B. de C.V. RFC: TAZ960904V78* | *2* | *$5,175.00* | *$3,448,264,442.00* | *$3,448,269,617.00* |
| *Alta Empresa II, S.A. de C.V. RFC: AEI2111185J3* | *1* | *---* | *$1,447,829,410.00* | *$1,447,829, 410.00* |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*



*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the members the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*



*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, equity interests and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

*RESOLUTIONS*

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of*

34



*the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Members' Meetings of the Merged Companies, the investments in equity interests in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in equity interests in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in equity interests in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.- The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*



16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.

FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.

SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.

ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.

Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

### RESOLUTION

SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.

The Chairman asked the members present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.

At 8:20 a.m. on the date hereof, this Meeting was adjourned.
It is attached to these minutes:
a) Attendance list.
b) Balance Sheet of the Company as of October 31, 2021.

Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."

### "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE

Forty-Ninth.- INCORPORATION. The public deed number 18,440, dated October 20, 2005, granted before Mr. Eduardo Adolfo Manautou Ayala, notary public number 183 of Monterrey, State of Nuevo León, which first notarial certified copy was registered in the Public Registry of Commerce of Mexico City in mercantile  Folio number "346,139", sets forth the incorporation of "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, with domicile in Mexico City, indefinite duration, variable capital stock, with a fixed minimum of MXN$4'449,000.00 MEXICAN CURRENCY, represented by 4'449,000 shares, common, ordinary, nominative, with a par value of one peso MEXICAN CURRENCY each one of them, foreigners admission clause, and the corporate purpose specified in said deed.

From said document, I insert the following text:
"...TITLE SIXTH - AGREEMENTS AND GENERAL MEETING OF SHAREHOLDERS - EIGHTEENTH.- The General Meeting of Shareholders constitutes the supreme body of the Company



*and its decisions validly taken bind all the other bodies of the same, as well as the shareholders, even those absent or dissenting. Dissenting shareholders will enjoy the rights granted to them by Articles 201 and 206 of the General Law on Commercial Companies, and absent shareholders the right referred to in Article 201 of the same Law. In the event of withdrawal of a shareholder, the provisions of Article 220 of the General Law on Commercial Companies will apply, and the reimbursement value will be the book value per share according to the financial statements of the company, approved by the shareholders, of the fiscal year immediately preceding the one in which the company receives the notice of withdrawal of a shareholder.- NINETEENTH.- The General Meetings shall be Ordinary and Extraordinary: - a). - Ordinary meetings will be those that meet to discuss any of the following matters: 1) those referred to in Articles 180 and 181 of the General Law on Commercial Companies; 2) all other matters contained in the Agenda and which, in accordance with the Law or these Bylaws, are not expressly reserved for an extraordinary shareholders' meeting; and 3) the report to the shareholders on the balance sheet and the corresponding statement of income for the fiscal year of each company in which this company holds the majority of the shares or partnership interests. b) Extraordinary meetings shall be those that meet to deal with any of the following matters: - 1.- Early dissolution of the company; - 2.- Increase or reduction of the minimum capital of the company; - 3.- Merger of the company; - 4.- Issue of privileged shares or shares with special or limited rights; - 5.- Redemption by the company of its own shares of the minimum or variable capital and issue of shares of enjoyment; - 6. - Any other amendment to the bylaws; - 9. Any other matter for which a special majority is specified for attendance or voting quorum. Special meetings and (thus) shares shall be those that are called for any matter that may prejudice the rights of said category of shareholders.- TWENTIETH. Shareholders' meetings are subject to the following provisions; - a). - Except as otherwise provided herein, shareholders' meetings may be held whenever the Sole Director or the Board of Directors, as the case may be, or the Chairman of the Board or the Secretary of the Company, or at the request of the Statutory Auditor, or of shareholders owning, in the aggregate, a number of shares representing at least 33% of the subscribed and paid-in capital of the Company or of the category of shareholders wishing to hold a special meeting or by any shareholder in the cases provided for in Article 185 of the General Law on Commercial Companies, deems it advisable; - b).- The call for any meeting will be made by the Sole Director or the Board of Directors, or by the Chairman of the Board or the Secretary of the Company, or by any Statutory Auditor, or in accordance with the provisions of Articles 168, 184 and 185 of the General Law on Commercial Companies.- c).- The call will be published in a newspaper of major circulation or in the Official Gazette of the domicile of the company at least fifteen calendar days prior to the date of any meeting.- d).- The call will contain a notice of the meeting, which will be published in a newspaper of major circulation or in the Official Gazette of the domicile of the company at least fifteen calendar days prior to the date of any meeting.- e).- The call will be published in the Official Gazette of the domicile of the company at least fifteen calendar days prior to the date of any meeting. d).- The notice of meeting shall contain at least the date, time and place of the meeting, as well as the agenda for the meeting.- e).- Any meeting of shareholders may be held without prior notice, and any meeting that has been called without publication of the notice of meeting and adjourned for any reason may be reconvened without prior notice if the shareholders owning or representing all the shares entitled to vote at such meeting are present or represented at the time of voting.- f) Shareholders may be represented by proxy at any meeting of shareholders.- f).- The shareholders may be represented at any meeting by the person they appoint as proxy in writing by means of a simple proxy letter.- g).- The Sole Director or the Chairman of the Board of Directors, as the case may be, assisted by the Secretary of the Company, shall preside at all shareholders' meetings - In the absence of any of the above, those elected by the shareholders present by simple majority vote shall act as chairman and/or secretary of the meeting.- h).- Before the meeting is called to order, the person presiding over the meeting will appoint one or more scrutineers to count the persons present at the meeting, the number of shares owned or represented by them, and the number of votes that each of them is entitled to cast.- i).- Except for limited voting shares issued by the company, each share entitles the holder to cast one vote at any ordinary or general extraordinary shareholders' meeting or at any special shareholders' meeting held by the holders of shares of the same category.- j).- Once the existence of a quorum for the meeting has been verified, the person presiding shall declare the meeting legally installed and shall submit the items on the Agenda for consideration.- k).- All votes will be economic unless the attendees who own or represent a majority of the shares present agree that the vote be in writing.- l).- The secretary will prepare minutes of each shareholders' meeting, which will be recorded in the corresponding minutes book and will be signed, at least, by the Chairman and acting Secretary. Likewise, the Secretary will prepare a file containing: - i. A copy of the newspapers in which the notice of the meeting was published, if any, and of all personal notices given; - ii. The proxies that may have been presented or an extract thereof certified by the scrutineer or scrutineers; - iii. The reports, opinions and other documents presented at the meeting, a copy of the minutes of the meeting; - iv. A copy of the minutes of the meeting.- m).- If for any reason a legally called meeting is not convened, this fact and its causes will be recorded in the minutes book, and a record will be made in accordance with paragraph l) above. TWENTY-FIRST.- The shareholders may adopt resolutions of any kind outside the meeting, provided they are adopted by unanimous vote of all the shareholders entitled to vote and provided that all the shareholders, directly or through their proxy, confirm them in writing. In any case, a file will be prepared containing the proxies that may have accompanied the*



*written confirmation or an extract thereof certified by the Secretary; the reports, opinions and other documents that may have been delivered to the shareholders and a copy, duly signed, of the written confirmation of the resolutions adopted. The text of said resolutions may be transcribed in the corresponding Minutes Book...".*

Fiftieth.- <u>CURRENT VARIABLE CAPITAL STOCK</u>.- That the variable capital stock of *"AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

Fifty-First.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B FIVE" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*AZTECA WEB, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 8:20 a.m. on December 15, 2021, the shareholders of AZTECA WEB, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | TOTAL |
|---|---|---|---|
| | FIXED SERIES "A" | VARIABLE SERIES "B" | |
| TV Azteca, S.A.B. de C.V. RFC: TAZ960904V78 | --- | 10 | 10 |
| Grupo TV Azteca, S.A. de C.V. RFC: GTA940905FV9 | 4'449,000 | 1'983,990 | 6'432,990 |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*



*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V.,  as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

*RESOLUTIONS*



39

FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.

SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.

THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.

FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:

1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").

2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.

3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.

4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus



*constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

*16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

*FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

*SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited*



*to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

*ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*

*Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*

*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

*At 8:40 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

<u>"COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE</u>

Fifty-Second.- <u>INCORPORATION BY SPIN-OFF</u>.- The public deed 31,926, dated December 3, 2009, granted before Mr. Francisco I. Hugues Vélez, notary public number 212 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the electronic mercantile folio number "407,916-1", sets forth the incorporation by spin-off of *"BONACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, indefinite duration, fixed minimum capital of MXN$50,000.00 MEXICAN PESOS, represented by 50,000 ordinary, common, nominative shares, with a par value of MXN$1.00 MEXICAN PESOS each, an unlimited maximum, foreigners admission clause and with the purpose indicated in said deed.

<u>From said document, I insert the following text:</u>
*"... CHAPTER V - SHAREHOLDERS' MEETINGS - ARTICLE SEVENTEENTH - The Shareholders' Meeting is the supreme body of the Company and its meetings will be held at the Company's corporate domicile. The Shareholders' Meetings will be General Extraordinary and General Ordinary.- General Extraordinary Meetings will be those called to deal with any of the matters listed in article 182 of the General Law on Commercial Companies, as well as other matters reserved to the General Extraordinary Shareholders' Meeting in accordance with the provisions of these bylaws.- General Ordinary Meetings will be held at least once a year, within the four months following the close of each fiscal year. In addition to the matters on the Agenda, the following must be discussed: (i) the matters referred to in Article one hundred eighty-one of the General Law on Commercial Companies; (ii) the appointment of the Sole Director or the members of the Board of Directors and Statutory Auditors; and (iii) the determination of their remuneration. For purposes of Article one hundred eighty-one of the General Law on Commercial Companies, it will be sufficient for any of the Statutory Auditors to have submitted their report for the General Ordinary Shareholders' Meeting to be held and for the resolutions adopted thereat to be valid in accordance with the provisions of these bylaws and the applicable law.- CALLS - ARTICLE EIGHTEENTH.- The calls for Shareholders' Meetings must be made by the Sole Director or the Board of Directors or any*



*of the Statutory Auditors. Likewise, shareholders representing at least ten percent of the capital stock may request in writing at any time that the Sole Director or the Board of Directors or any of the Statutory Auditors call a Shareholders' Meeting to discuss the matters specified in their request. Any shareholder owning a share will have the same right in any of the cases referred to in article one hundred eighty-five of the General Law on Commercial Companies and in accordance with the procedure established therein. ARTICLE NINETEENTH.- The notices for the Meetings must be published in the electronic system of publications of commercial companies of the Ministry of Economy, at least 15 days prior to the date set for the Meeting. The notices of meeting shall contain the agenda and must be signed by the person or persons making them, provided that if they are made by the Sole Director, his signature will be sufficient; and in the case of the Board of Directors, the signature of the Chairman, the Secretary or an Alternate Secretary will be sufficient. The documents related to each of the items set forth in the agenda must be made available to the shareholders at least 15 days in advance.- Meetings may be held without prior notice, if the capital stock is fully represented at the time of voting.- ATTENDANCE - ARTICLE TWENTIETH.- In order to attend the Meetings, the shareholders must show the corresponding admission card, which will be issued only at the request of the persons who appear registered as holders of shares in the Company's Share Registry, which request must be submitted at least 48 hours before the time set for the Meeting to be held, accompanied by the titles or certificates of their shares, or proof of deposit of such titles or certificates, issued by an institution authorized for such purpose. For the purpose of attending the Meetings, the Share Register will be closed 48 hours prior to the date set for the relevant Meeting.- The shares deposited in order to have the right to attend the Meeting will not be returned until after the Meeting has been held, upon delivery of the receipt issued to the shareholder.- REPRESENTATION OF THE SHAREHOLDERS - ARTICLE TWENTY-FIRST.- The shareholders may be represented at the Meetings by the person or persons they designate by means of a power of attorney signed before two witnesses or a power of attorney granted on the form prepared by the Company. The Sole Director or the members of the Board of Directors and the Statutory Auditors may not represent the shareholders of the Company in any Meeting.- Pursuant to article 178 of the General Law on Commercial Companies, the resolutions of the Shareholders' Meetings will be validly adopted without the need to hold a physical Meeting provided that: (i) the affirmative vote of all the shareholders is obtained; and (ii) the resolutions are confirmed in writing. The resolution shall be valid as soon as the Secretary is able to certify the written evidence of the resolution adopted in accordance with the text circulated for that purpose. - ARTICLE TWENTY SECOND.- The Meetings will be chaired over by the Sole Director or the Chairman of the Board of Directors or, in his absence, by his alternate and in the absence of both, by the person designated by majority vote of the shareholders present. The Secretary of the Board of Directors or, in his absence, any Alternate Secretary shall act as Secretary, and in the absence of both, the office shall be held by the person designated by majority vote of the shareholders present. - The minutes of the Meeting will be recorded in the respective book and will be signed by the Chairman and the Secretary of the Meeting. The Statutory Auditors who have attended the Meeting may also sign the corresponding minutes, without their signature being required.- Resolutions may be deemed to have been made when they are sent by facsimile or any other electronic means and the authenticity of the representation and signature is verified by means of a registration system or any other mechanism that guarantees the certainty of the writing containing the shareholders' resolution.- Resolutions made under the terms hereof may be deemed to have been made when they are sent by facsimile or any other electronic means and the authenticity of the representation and signature is verified by means of a registration system or any other mechanism that guarantees the certainty of the writing containing the shareholders' resolution. The resolutions adopted in the terms indicated herein, will take effect on the day fixed in the resolutions themselves, if all are coincident in the indication of the date and if not fixed, on the date on which the corresponding minutes are drafted in the terms indicated above. QUORUM OF ATTENDANCE AND RESOLUTIONS IN ORDINARY MEETINGS - ARTICLE TWENTY THIRD - In order for a General Ordinary Shareholders' Meeting to be considered legally convened by virtue of first call, at least 50% plus one of the outstanding shares with voting rights must be represented thereat - In the case of second or subsequent calls, Ordinary Shareholders' Meetings may be validly held regardless of the number of shares with voting rights that are represented - In the case of second or subsequent calls, Ordinary Shareholders' Meetings may be validly held regardless of the number of shares with voting rights that are represented.- In order for the resolutions of the General Ordinary Meeting to be validly adopted, as a result of the first or subsequent call,  the favorable vote of the majority of the shareholders present shall be required.- QUORUM OF ATTENDANCE AND RESOLUTIONS AT EXTRAORDINARY MEETINGS - ARTICLE TWENTY-FOURTH.- In order for a General EXTRAORDINARY Shareholders' Meeting to be considered legally convened on first call, at least seventy-five percent of the outstanding shares with voting rights must be represented thereat. In case of second or subsequent call, General Extraordinary Shareholders' Meetings may be validly held if at least fifty percent plus one of the outstanding shares with voting rights are represented thereat.- In order for the resolutions of the General Extraordinary Shareholders' Meeting to be validly adopted, as a result of first or subsequent call, the favorable vote of the majority of the shares of capital stock will be required...".*



Fifty-Third.- <u>CHANGE OF CORPORATE NAME</u>. The public deed number 44,475, dated December 17, 2010, granted before Mr. Luis Ricardo Duarte Guerra, notary public number 24 of this City, acting as associate in the notarial protocol of Mr. Gonzalo M. Ortiz Blanco, notary public number 98 of this same City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the electronic mercantile folio number "407,916-1", sets forth the notarization of the Minutes of the General Ordinary and Extraordinary Shareholders' Meeting of the company called *"BONACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, dated December 17, 2010, in which, among other resolutions, it was resolved to change its corporate name to *"COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, amending the first article of its bylaws.

Fifty-Fourth.- <u>INCREASE OF THE CAPITAL STOCK IN THE VARIABLE PART</u>. The public deed number 579, dated January 11, 2019, granted before Mr. Francisco Xavier Borrego Hinojosa Linage, notary public number 192 of the State of Mexico, sets forth the notarization of the Minutes of the General Ordinary Shareholders' Meeting of *"COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on September 28, 2018, in which, among others, it was agreed to increase the capital stock in its variable part, in the amount of MXN$1,365'556,232.00 MEXICAN PESOS, to be in the total amount of MXN$2,544'032,806.00 MEXICAN PESOS, of which the amount of MXN$50,000.00 MEXICAN PESOS, belong to the fixed capital, and the amount of MXN$2,543'982,806 MEXICAN PESOS, belong to the variable part of the capital stock.

Fifty-Fifth.- <u>INCREASE TO THE VARIABLE PART OF THE CAPITAL STOCK</u>. The public deed number 154,161, dated March 30, 2021, granted before Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this City, sets forth the notarization of the minutes of the General Ordinary shareholders' meeting of *"COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on December 31, 2019, in which, among others, it was approved the increase of capital stock in the variable part, in the amount of MXN$3,248'000,000.00 MEXICAN PESOS, to be in the total amount of MXN$7,348'739,797.00 MEXICAN PESOS, of which: (i) the amount of MXN$50,000.00 MEXICAN PESOS corresponds to the minimum fixed capital stock, represented by 50,000 (Fifty thousand) common, nominative, Series "B" shares with no par value; (ii) the amount of MXN$100'195,298.00 MEXICAN PESOS represented by 100'195,298 common, nominative, Series "A" shares with no par value, (iii) the amount of MXN$7,248'494,499.00 MEXICAN PESOS represented by 7,248'494,499 nominative common shares Series "B" with no par value corresponding to the variable capital stock.

Fifty-Sixth.- <u>AMENDMENT TO THE CORPORATE PURPOSE</u>. The public deed number 157,983, dated September 15, 2021, granted before the undersigned notary Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo notary public number 211 of this same City, which first notarial certified copy is pending registration in the Public Registry of Commerce of this city, sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on September 1, 2021, in which, among others, it was approved the amendment of its corporate purpose, and the consequent amendment of the second article of the bylaws, to be read in the terms specified in said instrument.

Fifty-Seventh.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B SIX" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V.,*
*DATED DECEMBER 15, 2021.*

*In Mexico City, at 9:00 a.m. on December 15, 2021, the shareholders of COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented*



*by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | | | TOTAL |
| | FIXED | | VARIABLE | | |
| | SERIES A | SERIES B | SERIES A | SERIES B | |
| --- | --- | --- | --- | --- | --- |
| *TV Azteca, S.A.B. de C.V.*<br>*RFC: TAZ960904V78* | — | *50,000* | *100'195,298* | *1,178'231,276* | *1,278'476,574* |
| *Finbor México, S.A. de C.V.*<br>*RFC: FME120215GF5* | — | — | — | *2,822'263,223* | *2,822'263,223* |
| *Red Azteca Internacional, S.A.*<br>*de C.V.*<br>*RFC: RAI001208MC6* | — | — | — | *3,248'000,000* | *3,248'000,000* |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A.*

45



*de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

### RESOLUTIONS

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal*



Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").

2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.

3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.

4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.

5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.

6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.

7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.

8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.

9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.

10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each



and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.

11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.

12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.

13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.

14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.

15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.

16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.

FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.

SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.

ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.

Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

### RESOLUTION

SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.

The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.



*At 9:20 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

## "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE

Fifty-Eighth.- <u>INCORPORATION BY SPIN-OFF</u>.- The public deed 31,927, dated December 3, 2009, granted before Mr. Francisco I. Hugues Vélez, notary public number 212 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the electronic mercantile folio number "407,917-1", sets forth the incorporation by spin-off of *"COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, indefinite duration, variable capital, a fixed minimum capital of MXN$50,000.00 MEXICAN PESOS represented by 50,000 ordinary, common, nominative shares, with no par value, foreigners admission clause and with the corporate purpose indicated in said deed.

<u>From said document, I insert the following text:</u>
*"... BYLAWS... CHAPTER V - SHAREHOLDERS' MEETINGS - ARTICLE SEVENTEENTH - The Shareholders' Meeting is the supreme body of the Company and its meetings will be held at the Company's corporate domicile. The Shareholders' Meetings will be General Extraordinary and General Ordinary.- General Extraordinary Meetings will be those called to deal with any of the matters listed in article 182 of the General Law on Commercial Companies, as well as other matters reserved to the General Extraordinary Shareholders' Meeting in accordance with the provisions of these bylaws.- General Ordinary Meetings will be held at least once a year, within the four months following the close of each fiscal year. In addition to the matters on the Agenda, the following must be discussed: (i) the matters referred to in Article one hundred eighty-one of the General Law on Commercial Companies; (ii) the appointment of the Sole Director or the members of the Board of Directors and Statutory Auditors; and (iii) the determination of their remuneration. For purposes of Article one hundred eighty-one of the General Law on Commercial Companies, it will be sufficient for any of the Statutory Auditors to have submitted their report for the General Ordinary Shareholders' Meeting to be held and for the resolutions adopted thereat to be valid in accordance with the provisions of these bylaws and the applicable law.- CALLS - ARTICLE EIGHTEENTH.- The calls for Shareholders' Meetings must be made by the Sole Director or the Board of Directors or any of the Statutory Auditors. Likewise, shareholders representing at least ten percent of the capital stock may request in writing at any time that the Sole Director or the Board of Directors or any of the Statutory Auditors call a Shareholders' Meeting to discuss the matters specified in their request. Any shareholder owning a share will have the same right in any of the cases referred to in article one hundred eighty-five of the General Law on Commercial Companies and in accordance with the procedure established therein. ARTICLE NINETEENTH.- The notices for the Meetings must be published in the electronic system of publications of commercial companies of the Ministry of Economy, at least 15 days prior to the date set for the Meeting. The notices of meeting shall contain the agenda and must be signed by the person or persons making them, provided that if they are made by the Sole Director, his signature will be sufficient; and in the case of the Board of Directors, the signature of the Chairman, the Secretary or an Alternate Secretary will be sufficient. The documents related to each of the items set forth in the agenda must be made available to the shareholders at least 15 days in advance.- Meetings may be held without prior notice, if the capital stock is fully represented at the time of voting.- ATTENDANCE - ARTICLE TWENTIETH.- In order to attend the Meetings, the shareholders must show the corresponding admission card, which will be issued only at the request of the persons who appear registered as holders of shares in the Company's Share Registry, which request must be submitted at least 48 hours before the time set for the Meeting to be held, accompanied by the titles or certificates of their shares, or proof of deposit of such titles or certificates, issued by an institution authorized for such purpose. For the purpose of attending the Meetings, the Share Register will be closed 48 hours prior to the date set for the relevant Meeting.- The shares deposited in order to have the right to attend the Meeting will not be returned until after the Meeting has been held, upon delivery of the receipt issued to the shareholder.- REPRESENTATION OF THE SHAREHOLDERS - ARTICLE TWENTY-FIRST.- The shareholders may be represented at the Meetings by the person or persons they designate by means of a power of attorney signed before two witnesses or a power of attorney granted on the form prepared by the Company. The Sole Director or the members of the Board of Directors and the Statutory Auditors may not represent the shareholders of the Company in any Meeting.- Pursuant to article 178 of the General Law on Commercial Companies, the resolutions of the Shareholders' Meetings will be validly adopted without the need to hold a physical Meeting provided that: (i) the affirmative vote of all the shareholders is obtained; and (ii) the resolutions are confirmed in writing. The resolution shall be valid as soon as the Secretary is able to certify the written evidence of the resolution adopted*



*in accordance with the text circulated for that purpose. - ARTICLE TWENTY SECOND.- The Meetings will be chaired over by the Sole Director or the Chairman of the Board of Directors or, in his absence, by his alternate and in the absence of both, by the person designated by majority vote of the shareholders present. The Secretary of the Board of Directors or, in his absence, any Alternate Secretary shall act as Secretary, and in the absence of both, the office shall be held by the person designated by majority vote of the shareholders present. - The minutes of the Meeting will be recorded in the respective book and will be signed by the Chairman and the Secretary of the Meeting. The Statutory Auditors who have attended the Meeting may also sign the corresponding minutes, without their signature being required.- QUORUM OF ATTENDANCE AND RESOLUTIONS IN ORDINARY MEETINGS - ARTICLE TWENTY THIRD - In order for a General Ordinary Shareholders' Meeting to be considered legally convened by virtue of first call, at least 50% plus one of the outstanding shares with voting rights must be represented thereat - In the case of second or subsequent calls, Ordinary Shareholders' Meetings may be validly held regardless of the number of shares with voting rights that are represented - In the case of second or subsequent calls, Ordinary Shareholders' Meetings may be validly held regardless of the number of shares with voting rights that are represented.- In order for the resolutions of the General Ordinary Meeting to be validly adopted, as a result of the first or subsequent call, the favorable vote of the majority of the shareholders present shall be required...".*

Fifty-Ninth.- <u>AMENDMENT TO THE CORPORATE PURPOSE</u>. The public deed number 157,984, dated September 15, 2021, granted before the undersigned notary Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo notary public number 211 of this same City, which first notarial certified copy is pending registration in the Public Registry of Commerce of this city, sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on September 3, 2021, in which, among others, it was approved the amendment of its corporate purpose, and the consequent amendment of the second article of the bylaws, to be read in the terms specified in said instrument.

Sixtieth.- <u>CURRENT VARIABLE CAPITAL STOCK</u>.- That the variable capital stock of *"COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

Sixty-First.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B SEVEN" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF COMERCIACOM, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 8:40 a.m. on December 15, 2021, the shareholders of COMERCIACOM, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | | | TOTAL |
| | FIXED | | VARIABLE | | |
| | SERIES A | SERIES B | SERIES A | SERIES B | |
|---|---|---|---|---|---|
| TV Azteca, S.A.B. de C.V. RFC: TAZ960904V78 | — | 50,000 | 156'287,826 | 197'132,279 | 353'470,105 |
| Inversora Mexicana de Producción, S.A. de C.V. RFC: IMP970228JA7 | — | — | — | 10 | 10 |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice*



*having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca*



*Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

### RESOLUTIONS

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*



*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*



13.- *The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

14.- *All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

15.- *All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

16.- *For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

FIFTH.- *In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

SIXTH.- *The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

ITEM THREE.- *Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*

*Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

### RESOLUTION

SOLE.- *It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*

*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

*At 9:00 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

### "COMERCIALIZADORA DE PUBLICIDAD AZTECA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE

Sixty-Second.- <u>INCORPORATION</u>. The public deed number 35,592, dated June 18, 2007, granted before Mr. Carlos Antonio Morales Montes de Oca, notary public number 227 of this City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in

54



mercantile folio number "392,045", sets forth the incorporation of *"COMERCIALIZADORA DE PUBLICIDAD AZTECA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, indefinite duration, variable capital stock, with a fixed minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50 shares, common, ordinary, nominative, with a par value of MXN$1,000.00 MEXICAN PESOS each one of them, foreigners admission clause, and the corporate purpose indicated in said deed.

   From said document, I insert the following text:

   *"... TENTH.- Increases and reductions of the capital stock are subject to the following provisions: a) Increases and reductions of the capital stock of the company will be made by resolution of the shareholders.- b) New shares will not be issued until all previously issued shares have been fully paid up.- c) Shares authorized but not yet subscribed and those that have been redeemed or withdrawn shall be kept in the treasury of the company.- d) Only fully paid shares may be redeemed or withdrawn.- e) Redemptions and withdrawals of shares shall be made proportionally among the shareholders, unless otherwise agreed by the shareholders and respecting, if applicable, the right of withdrawal of the shareholders indicated in clause sixteen..... SIXTEENTH.- The General Shareholders' Meeting constitutes the Supreme Body of the Company and its validly adopted decisions bind all the other bodies thereof, as well as the shareholders, even those absent or dissenting. Dissenting shareholders will enjoy the rights granted to them by Articles 201 and 206 of the General Law on Commercial Companies, and absent shareholders the right referred to in Article 201 of the same Law. In the event of withdrawal of a shareholder, the provisions of Article 220 of the General Law on Commercial Companies will apply, and the redemption value will be the book value per share according to the financial statements of the company, approved by the shareholders, of the fiscal year immediately preceding the one in which the company receives the notice of withdrawal of a shareholder.- SEVENTEENTH.- The General Meetings shall be Ordinary and Extraordinary: - - a). Ordinary meetings will be those that meet to discuss any of the following matters: 1) those referred to in Articles 180 and 181 of the General Law on Commercial Companies; 2) all other matters contained in the Agenda and which, in accordance with the Law or these Bylaws, are not expressly reserved for an extraordinary shareholders' meeting; and 3) the report to the shareholders on the balance sheet and the corresponding statement of income for the fiscal year of each company in which this company owns the majority of the shares or partnership interests. - - b). Extraordinary meetings will be those that meet to discuss any of the following matters: - 1. Early dissolution of the company; - 2. Redemption by the company of its own shares of the minimum or variable capital and issuance of bonus shares; - - - 6. Issuance of debentures and bonds; - - 7. - Special shareholders' meetings will be those called for any matter that may prejudice the rights of said category of shareholders. - EIGHTEENTH - Shareholders' meetings are subject to the following provisions: - - a). Except as otherwise provided herein, shareholders' meetings may be held whenever deemed convenient by the Sole Director or the Board of Directors, as the case may be, or by the Chairman of the Board or the Secretary of the company, or at the request of the Statutory Auditor, or by shareholders who hold, (so) a number of shares representing at least 33% of the subscribed and paid-in capital of the company or of the category of shareholders who wish to hold a special meeting by any shareholder in the cases contemplated in Article 185 of the General Law on Commercial Companies. - - b). The call for any meeting will be made by the Sole Director or the Board of Directors, or by the Chairman of the Board or the Secretary of the company, or by any Statutory Auditor, or in accordance with the provisions of Articles 168, 184 and 185 of the General Law on Commercial Companies. - - c). The notice will be published in a newspaper of major circulation or in the Official Gazette of the domicile of the company at least fifteen calendar days prior to the date of any meeting. - - d). The notice shall contain at least the date, time and place of the meeting, as well as the agenda for the same. - - e). Any meeting of shareholders may be held without prior notice, and any meeting which has been called without publication of notice and which is adjourned for any reason may be reconvened without prior notice if the shareholders owning or representing all the shares entitled to vote at such meeting are present or represented at the time of voting. - - f). The shareholders may be represented at any meeting by the person they appoint as proxy in writing by simple proxy. - - g). The Sole Director or the Chairman of the Board of Directors, as the case may be, assisted by the Secretary of the company, will preside at all shareholders' meetings. In the absence of any of the foregoing, those elected by the shareholders present by simple majority vote shall act as chairman and/or secretary of the meeting. - - h). Before the meeting is installed, the person presiding shall appoint one or more scrutineers to count the persons present at the meeting, the number of shares they own or represent, and the number of votes each of them is entitled to cast. - - i). With the exception of limited voting shares issued by the company, each share entitles the holder to cast one vote at any ordinary or general extraordinary meeting of shareholders or at any special meeting of shareholders held by the holders of shares of the same category. - - j). Once the existence of a quorum for the meeting has been verified, the person presiding will declare the meeting legally installed and will submit the items on the Agenda for consideration. - - k). All votes will be economic unless the attendees who own or represent a majority of the shares present agree that the vote be in writing. - - l). The Secretary will prepare minutes of each shareholders' meeting, which will be recorded in the corresponding minutes book and will be signed, at least, by the Chairman and acting Secretary. Likewise, the Secretary will form a file which will contain: - - i A copy of the newspapers in which the call was published, if any, and of all personal*

55



*notices given; - - ii The proxies that may have been presented or an extract thereof certified by the scrutineer or scrutineers; - - iii The reports, opinions and other documents that may have been presented at the meeting; - - iv A copy of the minutes of the meeting; - - - m). If for any reason a legally called meeting is not convened, this fact and the causes thereof will be recorded in the minutes book, and a file will be prepared in accordance with paragraph l) above. - NINETEENTH - The shareholders may adopt resolutions of any kind outside of a meeting, provided that they are adopted by unanimous vote of all the shareholders entitled to vote and provided that all the shareholders, directly or by proxy, confirm them in writing. In any case, a file will be prepared containing the proxies that may have accompanied the written confirmation or an extract thereof certified by the Secretary; the reports, opinions and other documents that may have been delivered to the shareholders and a copy, duly signed, of the written confirmation of the resolutions adopted. The text of such resolutions may be transcribed in the corresponding Minutes Book...".*

Sixty-Third.- <u>AMENDMENT TO THE CORPORATE PURPOSE</u>.- The public deed number 46,584, dated October 28, 2008, granted before Mr. Carlos Antonio Morales Montes de Oca, notary public number 227 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "392,045", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE,* by means of which, among others, it was approved to amend its corporate purpose, and to amend the text of the fifth clause of its bylaws, to be read in the terms specified in said instrument.

Sixty-Fourth.- <u>CURRENT VARIABLE CAPITAL STOCK</u>.- That the variable capital stock of *"COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE,* has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

Sixty-Fifth.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE,* for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B EIGHT" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF COMERCIALIZADORA DE PUBLICIDAD AZTECA, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 9:20 a.m. on December 15, 2021, the shareholders of COMERCIALIZADORA DE PUBLICIDAD AZTECA, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | |
|---|---|---|---|
| | FIXED CLASS I | VARIABLE CLASS II | TOTAL |
| *Red Azteca Internacional, S.A. de C.V.* *RFC: RAI001208MC6* | *50* | *7'135,430* | *7'135,480* |
| *TV Azteca Comercializadora, S.A. de C.V.* *RFC: TAC03100375A* | *--* | *187,026* | *187,026* |
| *Finbor México, S.A. de C.V.* *RFC: FME120215GF5* | *--* | *540,859* | *540,859* |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*



*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*



Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.

Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.

Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.

Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:

### RESOLUTIONS

FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.

SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.

THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.

FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:

1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers' Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").

2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of



*the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*



14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.

15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.

16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.

FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.

SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.

ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.

Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

## RESOLUTION

SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.

The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.

At 9:40 a.m. on the date hereof, this Meeting was adjourned.
It is attached to these minutes:
a) Attendance list.
b) Balance Sheet of the Company as of October 31, 2021.

Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."

## "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE

Sixty-Sixth.- INCORPORATION.- The public deed number 96,101, dated November 3, 2003, granted before Mr. Gerardo Correa Etchegaray, notary public number 89 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "316,090" sets forth the incorporation of "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, with domicile in Mexico City, indefinite duration, variable capital stock, with a fixed minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50



ordinary, common and nominative shares, with a par value of MXN$1,000.00 MEXICAN PESOS each, foreigners admission clause, with the corporate purpose indicated in said deed.

From said document, I insert the following text:

"...TITLE SEVENTH.- RESOLUTIONS AND GENERAL SHAREHOLDERS' MEETING.- SIXTEENTH.- The General Shareholders' Meeting constitutes the Supreme Body of the Company and its validly adopted decisions bind all the other bodies thereof, as well as the shareholders, even those absent or dissenting. Dissenting shareholders will enjoy the rights granted to them by Articles 201 and 206 of the General Law on Commercial Companies, and absent shareholders the right referred to in Article 201 of the same Law. In the event of withdrawal of any shareholder, the provisions of Article 220 of the General Law on Commercial Companies will apply, and the redemption value will be the book value per share according to the financial statements of the company, approved by the shareholders, of the fiscal year immediately prior to that in which the company receives the notice of withdrawal of any shareholder. SEVENTEEN. General Meetings will be Ordinary and Extraordinary: a). - Ordinary meetings will be those that meet to deal with any of the following matters: 1) those referred to in Articles 180 and 181 of the General Law on Commercial Companies; 2) all other matters contained in the Agenda and which, in accordance with the Law or these Bylaws, are not expressly reserved for an extraordinary shareholders' meeting; 3) the report to the shareholders on the balance sheet and the corresponding statement of income for the fiscal year of each company in which this company holds the majority of the shares or partnership interests; and 4) the matters referred to in Clause Ten of these bylaws. - b) Extraordinary meetings will be those that meet to deal with any of the following matters: 1) Early dissolution of the company; 2) Increase or reduction of the minimum capital of the company; 3) Merger of the company; 4) Issuance of privileged shares or shares with special or limited rights; 5) Redemption by the company of its own shares or parts of the company; 6) Issuance of debentures and bonds; 7) Spin-off of the company; 8) Any other amendment to the bylaws; 9) Any other matter for which a special majority is established for attendance or voting quorum. - Special shareholders' meetings will be those called for any matter that may prejudice the rights of said category of shareholders. EIGHTEENTH. Shareholders' meetings are subject to the following provisions: a). - Except as otherwise provided herein, shareholders' meetings may be held whenever deemed convenient by the Sole Director or the Board of Directors, as the case may be, or by the Chairman of the Board or the Secretary of the company, or at the request of the Statutory Auditor, or of shareholders who own, in the aggregate, a number of shares representing at least 33% (thirty-three percent) of the subscribed and paid-in capital of the company or of the category of shareholders who wish to hold a special meeting or by any shareholder in the cases provided for in Article 185 of the General Law on Commercial Companies. - b) The call for any meeting will be made by the Sole Director or the Board of Directors, or by the Chairman of the Board or the Secretary of the company, or by any Statutory Auditor, or in accordance with the provisions of Articles 168, 184 and 185 of the General Law on Commercial Companies.- c) The notice of meeting shall be published in a newspaper of major circulation or in the Official Gazette of the domicile of the company at least fifteen calendar days prior to the date of any meeting. d) The notice of meeting shall contain at least the date, time and place of the meeting as well as the agenda for the meeting. e) Any meeting of the shareholders may be held without prior notice, and any meeting that has been called without publication of the notice and adjourned for any reason may be reconvened without prior notice if the shareholders owning or representing all the shares entitled to vote at such meeting are present or represented at the time of voting.- f) Shareholders may be represented by proxy at any meeting of the shareholders.- g) - The sole director or the Chairman of the Board of Directors, as the case may be, assisted by the Secretary of the company, will preside at all shareholders' meetings. In the absence of any of the foregoing, those elected by the shareholders present by simple majority vote shall act as chairman and/or secretary of the meeting.- h).- Before the meeting is installed, the person presiding over the meeting shall appoint one or more scrutineers to count the persons present at the meeting, the number of shares owned or represented by them, and the number of votes each of them is entitled to cast.- i) Except for limited voting shares issued by the company, each share gives the right to cast one vote at any ordinary or general extraordinary shareholders' meeting or at any special shareholders' meeting held by the holders of shares of the same category. j) Once the existence of a quorum for the meeting has been verified, the person presiding will declare the meeting legally installed and will submit for consideration the items on the Agenda.- k) All votes will be economic unless the attendees who own or represent a majority of the shares present agree that the vote be in writing.- l) The Secretary will prepare minutes of each shareholders' meeting, which will be recorded in the corresponding book of minutes and will be signed, at least, by the Chairman and the acting Secretary. i.- A copy of the newspapers in which the call was published, if any, and of all the personal notices given; ii.- The proxies presented or an extract thereof certified by the scrutineer or scrutineers; iii. The reports, opinions and other documents presented at the meeting; iv.- A copy of the minutes of the meeting; m) If for any reason a legally called meeting is not convened, this fact and its causes shall be recorded in the book of minutes, forming a file in accordance with subsection I) above...".

Sixty-Seventh.- INCREASE IN THE CAPITAL STOCK IN THE FIXED AND VARIABLE PARTS. The public deed number 14,078, dated March 10, 2005, granted before Mr. José Luis Rueda



Trujillo, notary public number 12 of *Santiago de Querétaro*, State of Querétaro, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "316,090", sets forth the notarization of the Minutes of the General Ordinary and Extraordinary Shareholders' Meeting of *"ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on March 5, 2005, in which, among others, it was resolved: (i) to increase its CAPITAL STOCK in the FIXED STOCK in the amount of MXN$50,000.00 MEXICAN PESOS, to be a total amount of MXN$100,000.00 MEXICAN PESOS, represented by 100 common, ordinary, nominative shares, with a value of MXN$1,000.00 MEXICAN PESOS each, amending consequently the sixth clause of its bylaws; and (ii) to increase its CAPITAL STOCK in the VARIABLE PART, in the amount of MXN$54'250,000.00 MEXICAN PESOS, to be a total amount of MXN$54'350,000.00 MEXICAN PESOS.

Sixty-Eighth.- <u>AMENDMENT OF THE SEVENTH CLAUSE OF THE BYLAWS OF THE COMPANY</u>. The public deed 64,721, dated November 26, 2013, granted before Mr. Carlos Antonio Morales Montes de Oca, notary public number 227 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "316, 090", sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of *"ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on October 14, 2013, whereby, among others, it was resolved to amend the Seventh Clause of the Company's Bylaws.

Sixty-Ninth.- <u>REDUCTION OF THE VARIABLE PART OF THE CAPITAL STOCK</u>. The public deed number 83,805, dated December 31, 2013, granted before Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this City, sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of *"ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on November 4, 2013, whereby, among others, it was resolved to REDUCE the CAPITAL STOCK in the VARIABLE PART, in the amount of MXN$50'000,000.00 MEXICAN PESOS, to be a total of MXN$4'350,000.00 MEXICAN PESOS, of which MXN$100,000.00 MEXICAN PESOS, correspond to fixed capital and MXN$4'250,000.00 MEXICAN PESOS, correspond to the variable capital.

Seventieth.- <u>EXTENSION OF THE CORPORATE PURPOSE</u>. The public deed number 157,981, dated September 15, 2021, granted before the undersigned notary, Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same City, which first notarial certified copy is in the process of registration before the Public Registry of Commerce of this City, sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of *"ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on August 31, 2021, which, among others, it was resolved to extend its corporate purpose, and consequently amend the fifth clause of the bylaws, to be read in the terms specified in said instrument.

Seventy-First.- <u>CURRENT VARIABLE CAPITAL STOCK</u>.- That the variable capital stock of *"ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

Seventy-Second.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B NINE" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*ESTUDIOS AZTECA, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 9:40 a.m. on December 15, 2021, the shareholders of ESTUDIOS AZTECA, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*



| SHAREHOLDER | SHARES | | |
| --- | --- | --- | --- |
| | FIXED SERIES "A" | VARIABLE SERIES "B" | TOTAL |
| TV Azteca Comercializadora, S.A. de C.V. RFC: TAC03100375A | 49 | 54,250 | 54,299 |
| TV Azteca, S.A.B. de C.V. RFC: TAZ960904V78 | 50 | — | 50 |
| Comerciacom, S.A. de C.V. RFC: COM091203S26 | — | 131,070 | 131,070 |
| Azteca Novelas, S.A.P.I. de C.V. RFC: ANX960122PR4 | 1 | — | 1 |
| Red Azteca Internacional, S.A. de C.V. RFC: RAI001208MC6 | — | 92,308 | 92,308 |

In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.

The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:

AGENDA:

I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.

II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.

III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.

ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.

In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

RESOLUTION

SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.

ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de



*Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

RESOLUTIONS

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal*



*Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged*



Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.

11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.

12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.

13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.

14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.

15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.

16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.

FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.

SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.

ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.

Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

RESOLUTION

SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.

The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.



*At 10:00 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

## "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARABLE

Seventy-Third.- <u>NATIONALIZATION</u>.- The public deed number 39,847, dated January 26, 2021, granted before Mr. Guillermo Oliver Bucio, notary public number 246 of Mexico City, acting as associate in the notarial protocol of Mr. Francisco I. Hugues Vélez, notary public number 212, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the electronic mercantile folio number "470,492-1", sets forth the notarization of several documents of the foreign company named *"BORALI FINANCIAL INVESTMENTS SARL"*, which are evidence of the legal existence, change of nationality and change of corporate name to *"FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA* and full amendment of its bylaws, to become a Mexican company, domiciled in Mexico City, with indefinite duration, variable capital stock, with a fixed minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50,000 shares, ordinary and nominative, with a par value of MXN$1.00 MEXICAN PESOS each, foreigners admission clause, and having the purpose specified in said instrument.

From said document, I insert the following text:
*"..... ARTICLE EIGHTH. Without being necessary to amend these Bylaws, the variable portion of the capital stock may be increased by means of contributions from the shareholders or reduced in accordance with the provisions of these Bylaws. Any resolution corresponding to the increase or decrease of the variable portion of the capital stock must be agreed upon by a General Ordinary Shareholders' Meeting. ARTICLE NINTH: In the event of an increase in the variable capital of the Company, it is agreed that the shares issued and not subscribed or paid shall remain in the Company's Treasury to be delivered as their subscription and payment are made. No new shares may be issued, whether of the fixed or variable portion of the capital stock, until those previously issued have been fully paid. The Company's shareholders will have a preferential right to subscribe and pay for the shares corresponding to increases in capital stock, in proportion to the number of shares they own, in accordance with the provisions of Article 132 of the General Law on Commercial Companies and these Bylaws. In the event of a reduction of the capital stock by means of reimbursement to the shareholders, the designation of the shares to be cancelled will be made before a notary public or a licensed broker. For the redemption of shares with distributable profits, the following rules provided in Article 136 of the General Law on Commercial Companies will be followed. The capital stock may also be reduced to cover losses, in accordance with Clause Thirty Eighth of these Bylaws. ARTICLE TENTH. Increases and reductions of the minimum fixed capital must be agreed upon by resolution of the General Extraordinary Shareholders' Meeting. ARTICLE ELEVENTEENTH. Increases and decreases to the minimum fixed and variable capital shall be recorded in the Capital Variations Record Book kept by the Company for such purpose. The respective entries must be signed by the Secretary of the Board of Directors of the Company, as the case may be..... ARTICLE TWENTY SIXTH. The General Shareholders' Meeting is the supreme body of the Company. Its resolutions or agreements must be complied with by the Sole Director or, if applicable, by the Chairman of the Board of Directors, or by the person or persons expressly designated by the Shareholders' Meeting in question; its resolutions or agreements will be binding even on those absent or dissenting, except for the rights of opposition established in the General Law on Commercial Companies. ARTICLE TWENTY SEVENTH. General Shareholders' Meetings will be Ordinary and Extraordinary. The General Ordinary Shareholders' Meeting will meet to deal with the matters referred to in Article 181 of the General Law on Commercial Companies. All other meetings will be General Extraordinary Shareholders' Meetings in accordance with the provisions of Article 182 of the General Law on Commercial Companies. The shareholders' meeting may only deal with those matters which are provided for in the corresponding agenda. ARTICLE TWENTY-EIGHTH. The Ordinary and General Extraordinary Shareholders' Meetings, including Special Meetings, if applicable, except in the case of acts of God or force majeure, will meet at the corporate domicile on the date and time indicated in the respective call. The General Ordinary Shareholders' Meeting will meet at least once a year within the first four months following the close of the fiscal year, to deal with the matters referred to in the aforementioned Article 181 of the General Law on Commercial Companies. ARTICLE TWENTY-NINTH. The calls for the General Ordinary and Extraordinary Shareholders' Meetings may be made by the Sole Director, if applicable, the Board of Directors, by two directors or by a Statutory Auditor of the Company. The notices must contain the date, time, place and Agenda of the Meeting in question and must be signed by the person issuing them. The notices for the Meetings must be published in the Federal Official Gazette or in one of the newspapers with the largest circulation in the corporate domicile, at least fifteen calendar days prior to the date set for the relevant Meeting.*



*The aforementioned call will not be necessary when all the shares into which the corporate capital is divided are represented at the Meeting in question, nor when it is a continuation of a legally installed Meeting, provided that when the meeting has been interrupted the place, date and time at which it is to continue has been indicated. ARTICLE THIRTY. In order for a General Ordinary Shareholders' Meeting to be considered legally installed by virtue of first call, shares representing at least 50% (fifty percent) of the corporate capital must be represented. The resolutions adopted at a General Ordinary Shareholders' Meeting held on first call will be valid if adopted by the majority of the shares present at such General Ordinary Shareholders' Meeting. General Ordinary Shareholders' Meetings shall be considered legally installed by virtue of second or subsequent call, regardless of the number of shares represented, and the resolutions shall be valid with the affirmative vote of the shares present. ARTICLE THIRTY ONE. In order for a General Extraordinary Shareholders' Meeting to be considered legally installed by virtue of first call, shares representing at least 75% (seventy-five percent) of the capital stock must be represented. The resolutions adopted at a General Extraordinary Shareholders' Meeting held on first call will be legally valid when adopted by the affirmative vote of shares representing at least 50% (fifty percent) of the capital stock. In order for a General Extraordinary Shareholders' Meetings to be considered legally installed by virtue of second or subsequent call, shares representing at least 50% (fifty percent) of the capital stock must be represented. The resolutions adopted at a General Extraordinary Shareholders' Meeting held on second or subsequent call will be legally valid when adopted by the affirmative vote of shares representing at least half of the capital stock. ARTICLE THIRTY SECOND: In order to attend the Meetings, the shareholders must be registered in the Company's Share Registry Book. The shareholders may be represented at the General Shareholders' Meetings by another person or persons, with the exception of the Sole Director, if any, the directors of the Board of Directors or the Statutory Auditors of the Company, by means of a simple power of attorney signed before two witnesses. ARTICLE THIRTY THIRD. The Shareholders' Meetings will be chaired over by the Sole Director or, if applicable, by the Chairman of the Board of Directors and the Secretary of the Board itself will act as Secretary or, in the absence of the latter, the persons designated by those present will act as Chairman and Secretary. The Chairman in office shall appoint one or more scrutineers to verify the number of shares represented at the meeting in question in order to count the votes. If the quorum required in accordance with these Bylaws is present, the Acting Chairman will declare the meeting legally installed and will proceed with the corresponding Agenda. Minutes of all General Shareholders' Meetings, even those not held due to lack of quorum, will be recorded in the Minutes Book of Shareholders' Meetings and must be signed by the Chairman and the Secretary of the Meeting, as well as by the Statutory Auditors who are present; it may also be signed by the scrutineers, as well as by the shareholders who wish to do so. The document or documents which, if applicable, justify that the calls were made in accordance with the terms set forth in these Bylaws, as well as the attendance list, the proxies, the reports and other documents submitted for consideration of the General Shareholders' Meeting in question and a copy of the respective minutes, shall be added to the appendix of each minute. ARTICLE THIRTY-FOURTH. Resolutions adopted outside the General Ordinary or Extraordinary Shareholders' Meeting by unanimous vote of all the shareholders will have, for all legal purposes, the same validity as if they had been adopted at a General Ordinary And Extraordinary Shareholders' Meeting, provided that such resolutions are confirmed in writing signed by all the shareholders of the Company. Said writing must be transcribed in the Book of Minutes of Shareholders' Meetings and at the end of the transcription the Secretary of the Board, or the person designated in the corresponding resolution, must state that it is a true copy of the original. ARTICLE THIRTY FIFTH. When for any reason the Minutes of the Shareholders' Meetings cannot be transcribed in the Minutes Book of the Meetings of the Company, said Minutes must be notarized before a Notary Public. The Minutes of the General Extraordinary Shareholders' Meetings must, in addition to being transcribed in the Minutes Book of the Company's Meetings, be notarized before a Notary Public and registered in the Public Registry of Property and Commerce of the Company's corporate domicile...".*

Seventy-Fourth.- <u>AMENDMENT OF THE CORPORATE PURPOSE AND ELIMINATION OF THE "*SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE*" MODALITY</u>. The public deed number 43,230, dated January 9, 2013, granted before Mr. Francisco I. Hugues Vélez, notary public number 212 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the electronic mercantile folio number "470,492-1", sets forth the notarization of the document containing the Unanimous Resolutions adopted outside of a meeting of *"FINBOR MEXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA*, in which, among others, it was resolved to amend the corporate purpose and consequent amendment of the second article of the bylaws, so that from now on it will be read in the terms of said instrument; likewise, the elimination of the *"SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA"* *modality*, and the consequent amendment to the first article of the bylaws to be known as *"FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, (*FINBOR MÉXICO, S.A.*).

Seventy-Fifth.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>. The public deed number 75, dated January 22, 2018, granted before Mr. Francisco Xavier Borrego Hinojosa Linage,



notary public number 182 of the State of Mexico, which first notarial certified copy was recorded in the Public Registry of Commerce of this City, in electronic mercantile folio number "470, 492-1", sets forth the notarization of the document containing the Unanimous Resolutions adopted outside of a meeting, of *"FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, in which among others, it was approved to amend its corporate purpose to be read in the terms of said instrument.

Seventy-Sixth.- <u>INCREASE TO THE VARIABLE PART OF THE CAPITAL STOCK</u>. The public deed number 153,986, dated March 25, 2121, granted before the undersigned notary public, Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same City, sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of *"FINBOR MÉXICO, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on January 1, 2020, in which, among others, it was resolved the INCREASE THE VARIABLE PART OF THE CAPITAL STOCK in the amount of MXN$466'146,882.00 MEXICAN PESOS, to be a total amount of MXN$12,023'474,931.00 MEXICAN PESOS, of which: (i) the amount of MXN$50,000.00 MEXICAN PESOS corresponds to the minimum fixed capital stock, and (ii) the amount of MXN$12,023'424,931.00 MEXICAN PESOS corresponds to the variable part of the capital stock.

Seventy-Seventh.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B TEN" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*FINBOR MÉXICO, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 10:00 a.m. on December 15, 2021, the shareholders of FINBOR MÉXICO, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | |
| --- | --- | --- | --- |
| | *FIXED SERIES "A"* | *VARIABLE SERIES "AA"* | *TOTAL* |
| *TV Azteca, S.A.B. de C.V.*<br>*RFC: TAZ960904V78* | *49,999* | *158'151,501* | *158'201,500* |
| *Alta Empresa II, S.A. de C.V.*<br>*RFC: AEI2111185J3* | *1* | *999* | *1,000* |
| *Inversora Mexicana de Producción, S.A. de C.V.*<br>*RFC: IMP970228JA7* | *--* | *3,610'031,725* | *3,610'031,725* |
| *Estudios Azteca, S.A. de C.V.*<br>*RFC: EAZ0311047B6* | *--* | *8,255'240,706* | *8,255'240,706* |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*



69

II.- *Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

III.- *Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

ITEM ONE.- *Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

### RESOLUTION

SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.

ITEM TWO.- *Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.

Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.

Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.



*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

### RESOLUTIONS

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*



*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

*16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*



FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.

SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.

ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.

Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

### RESOLUTION

SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.

The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.

At 10:20 a.m. on the date hereof, this Meeting was adjourned.
It is attached to these minutes:
a) Attendance list.
b) Balance Sheet of the Company as of October 31, 2021.

Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."

### "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE

Seventy-Eighth.- <u>INCORPORATION</u>. The public deed number 9,199, dated November 5, 1993, granted before Mr. Joel Chirino Castillo, notary public number 99 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "182,718", sets forth the incorporation of *"COMERCIALIZADORA DE MEDIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, duration of 99 years, variable capital stock, with a minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50 shares, common, ordinary, nominative, with a par value of MXN$1,000.00 MEXICAN PESOS each, foreigners exclusion clause and having as its corporate purpose the one specified in said deed.

Seventy Ninth.- <u>CHANGE OF CORPORATE NAME</u>. The public deed 9,405, dated September 5, 1994, granted before the same notary as the foregoing, which first notarial certified copy is recorded in the Public Registry of Commerce of this City in mercantile  folio number "182,718", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"COMERCIALIZADORA DE MEDIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on August 29, 1994, in which it was agreed to change its corporate name to *"GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*.



Eightieth.- <u>MERGER</u>.- The public deed 49,129, dated August 31, 1996, granted before Mr. Armando Gálvez Pérez Aragón, then notary public number 103 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City, among others, in mercantile folio number "182,718", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"GRUPO TV AZTECA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on December 31, 1995, in which it agreed to merge, as merging company, with *"TELEGANA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, and as a consequence to increase its minimum fixed capital stock to the amount of MXN$50,000.00 MEXICAN PESOS, represented by 50,000 ordinary, common and nominative shares, with a par value of MXN$1.00 MEXICAN PESOS each, and consequently amending the sixth and seventh articles of its bylaws.

Eighty-First.- <u>FULL AMENDMENT OF THE BYLAWS</u>. The public deed number 148,333, dated June 29, 2020, granted before the undersigned notary public, Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile  folio number "182, 718", sets forth the notarization of the minutes of the General Extraordinary and Ordinary Shareholders' Meeting of *"GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on January 6, 2020, in which, among others, it was resolved the full amendment of its bylaws, to have the corporate name indicated above, with domicile in Mexico City, duration of 99 years, minimum fixed capital stock of MXN$50,000.00 MEXICAN PESOS, represented by 50,000 nominative, common and ordinary shares with a par value of MXN$1.00 MEXICAN PESOS, each, foreigners' exclusion clause and the corporate purpose indicated in said deed.

<u>From said document, I insert the following text:</u>

*"...BYLAWS... SHAREHOLDERS' MEETING - ARTICLE FIFTEENTH. The General Shareholders' Meeting is the supreme body of the Company and, consequently, shall have the broadest powers to approve and ratify all acts and operations of said Company. Notwithstanding the provisions of the immediately preceding paragraph, the resolutions adopted by unanimous vote of the Shareholders of the Company outside the Meeting, representing all the shares with voting rights or of the special category of shares in question, as the case may be, will have for all legal purposes, the same validity as if they had been adopted at a General Meeting, whether Ordinary, Extraordinary or special respectively, provided they are confirmed in writing. The General Shareholders' Meetings are Ordinary and Extraordinary; all of them will be held at the Company's registered office, except in the case of acts of God or force majeure. Those that meet to deal with any of the matters referred to in Article ONE HUNDRED EIGHTY TWO of the General Law on Commercial Companies will be Extraordinary Meetings. Those that meet to deal with matters relating to a series or subseries of shares or that may affect only one category of shareholders will be special. - ARTICLE SIXTEENTH. The Ordinary Shareholders' Meeting will meet at least once a year within four months following the close of the fiscal year. In addition to the matters included in the agenda and the matters mentioned in Article ONE HUNDRED EIGHTY ONE of the General Law on Commercial Companies, the purpose of the Annual Ordinary Meeting will be to inform the shareholders of the financial statements and the corresponding Statement of Income for the Company's immediately preceding fiscal year. Ordinary and Extraordinary Meetings will be called by the Sole Director, or by the Chairman of the Board of Directors pursuant to the terms of Articles ONE HUNDRED EIGHTY FOUR and ONE HUNDRED EIGHTY FIVE of the General Law on Commercial Companies, or by the statutory auditors, pursuant to section six of Article ONE HUNDRED SIXTY SIX of said Law- ARTICLE SEVENTEENTH. The notices for Shareholders' Meetings will be published in the Portal of Publications of Commercial Companies of the Ministry of Economy, at least 15 days prior to the date set for the Meeting. The notices will indicate the place, day and hour in which the Meeting is to be held, will contain the agenda, and will be signed by the person issuing them.- The notice will not be necessary, nor the publication of such notice in the Portal of Publications of Commercial Companies of the Ministry of Economy when at the time of voting all the shares are represented.- If at a Meeting, regardless of whether or not the Meeting is to be held on the date of the Meeting, all the shares will be represented. If at a Meeting, regardless of whether it is Ordinary or Extraordinary, all the shareholders are gathered, said Meeting may resolve by unanimous vote on matters of any nature and even on those not contained in the respective agenda.- ARTICLE EIGHTEENTH. In order to be admitted to the Meetings, the shareholders must be duly registered in the Stock Registry Book that the Company must keep in accordance with the provisions of ARTICLE ELEVENTH of these bylaws.- The shareholders may not be represented by the administrators or by the Statutory Auditors of the Company. ARTICLE NINETEENTH. Ordinary and Extraordinary Shareholders' Meetings shall be chaired over by the Sole Director, or by the Chairman of the Board of Directors; or by any person designated by the Meeting by majority vote of the shares represented.- The Chairman shall appoint a secretary; and a scrutineer from among those present, to determine whether or not a legal quorum is present and to count the votes cast, if the latter is requested by the Chairman of the Meeting.- The Chairman shall appoint a secretary; and a scrutineer from among those present, to determine whether or not a legal quorum is present and to count the votes cast, if the latter is requested by the Chairman of the Meeting. ARTICLE TWENTIETH. The Ordinary Shareholders' Meetings will be*

74



*considered legally installed, by virtue of the first call, pursuant to the terms of Article ONE HUNDRED EIGHTY-NINETH of the General Law on Commercial Companies. Special Meetings will be called in the same manner as General Meetings and with respect to attendance and voting quorum they will be governed by the provisions established for GENERAL EXTRAORDINARY Meetings. ARTICLE TWENTY-FIRST. The resolutions of the Ordinary Shareholders' Meetings will be valid if approved by the vote of shares in terms of Article ONE HUNDRED EIGHTY NINE of the General Law on Commercial Companies.- The resolutions of the Extraordinary Shareholders' Meetings will be valid, on first call, if approved by the vote of shares representing at least fifty one percent of the capital stock.- Except in the case of Totalitarian Meetings referred to in Article ONE HUNDRED EIGHTY EIGHT of the General Law on Commercial Companies, in order for the resolutions adopted at the Shareholders' Meetings to be valid, they must refer only to the matters contained in the agenda appearing in the corresponding call. ARTICLE TWENTY-SECOND. Minutes will be taken of each Shareholders' Meeting or of the Unanimous Shareholders' Resolutions taken outside the Meeting, in which the resolutions adopted will be recorded, and said minutes or unanimous shareholders' resolutions must be transcribed in the Company's Minutes Book. Likewise, a file will be kept of each Meeting, in which copies of the minutes and of the attendance list of the Meeting signed by the scrutineer, the proxies, copies of the publications in the Portal of Publications of Commercial Companies of the Ministry of Economy in which the call for the Meeting has appeared and copies of the reports of the Sole Director and of the Statutory Auditor, and any other documents that may have been submitted to the consideration of the Meeting, will be kept. In the event that any Minutes of a Shareholders' Meeting or Unanimous Shareholders' Resolution cannot be recorded in the Minutes Book, they will be notarized before a notary public, the minutes of Extraordinary Meetings will be notarized before a notary public, without it being necessary in the case of increases and decreases of the variable part of the capital stock. All minutes of Shareholders' Meetings, as well as the records regarding those that could not be held due to lack of quorum, will be signed by the Chairman and the Secretary of the Meeting...".*

Eighty-Second.- <u>CURRENT VARIABLE CAPITAL STOCK.</u>- That the variable capital stock of *"GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

Eighty-Third.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B ELEVEN" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*GRUPO TV AZTECA, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 10:20 a.m. on December 15, 2021, the shareholders of GRUPO TV AZTECA, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | TOTAL |
| --- | --- | --- | --- |
| | FIXED SERIES "A" | VARIABLE SERIES "B" | |
| TV Azteca, S.A.B. de C.V. RFC: TAZ960904V78 | 735 | — | 735 |
| Televisión Azteca, S.A. de C.V. RFC: TAZ920907P21 | 15 | — | 15 |
| Azteca Novelas, S.A.P.I. de C.V. RFC: ANX960122PR4 | 49,000 | 3,926 | 52,926 |
| Red Azteca Internacional, S.A. de C.V. RFC: RAI001208MC6 | 250 | 125,622 | 125,872 |



*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios,*



*S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

## RESOLUTIONS

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers' Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry*



*number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*



13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.

14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.

15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.

16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.

FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.

SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.

ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.

Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

### RESOLUTION

SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.

The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.

At 10:40 a.m. on the date hereof, this Meeting was adjourned.
It is attached to these minutes:
a) Attendance list.
b) Balance Sheet of the Company as of October 31, 2021.

Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."

## "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE

Eighty-Fourth. INCORPORATION.- The public policy number 885, dated February 25, 1997, granted before Mr. Mauricio Oropeza Estrada, public broker number 14 of Mexico City, which



first certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "219,244", sets forth the incorporation of *"INVERSORA MEXICANA DE PRODUCCION", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, duration of 99 years, variable capital stock, with a fixed minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50 ordinary, common, nominative shares, with a par value of MXN$1,000.00, MEXICAN PESOS, each, foreigners admission clause and the corporate purpose indicated in said policy.

From said document, I insert the following text:

*"...ARTICLE SIXTEENTH.- The General Shareholders' Meeting is the supreme body of the company and consequently will have the broadest powers to approve and ratify all acts and operations of the company. - Its resolutions will be carried out by the persons it designates and when no special executor is appointed, by the Chairman of the Board of Directors or, as the case may be, by the Sole Director of the Company. - The Meeting will meet in ordinary session at least once a year, within the first four months following the closing of the fiscal year, and in extraordinary session whenever it is necessary to deal with any of the matters listed in Article 182 of the General Law on Commercial Companies. - All the meetings of the Meeting must be held at the domicile of the Company, except in the case of acts of God or force majeure. - ARTICLE SEVENTEENTH. - General Shareholders' Meetings, both Ordinary and Extraordinary, will be held when called by the Board of Directors, or if applicable, by the Sole Director, by any of the Proprietary Statutory Auditors, and the provisions of articles one hundred sixty-eight, one hundred eighty-four and one hundred eighty-five of the General Law on Commercial Companies must be observed. - - - The call will be signed by the person issuing it, will indicate the place, day and hour for the Meeting, will contain the Agenda, will clarify whether it is a first or second call and must be notified to the Company's shareholders by publication in the official newspaper or in one of the newspapers with the largest circulation, both of the Company's domicile, 15 days prior to the date set for the meeting. Meetings may be validly held without the need for prior notice, when all the shares are represented. - In order for a General Ordinary Meeting to be considered legally convened on first call, shareholders owning half of the shares into which the capital stock is divided must be present or represented, and resolutions will only be valid when adopted by a majority of the votes present. In the case of second or subsequent call, the General Ordinary Shareholders' Meeting will be validly convened regardless of the number of shareholders present (thus) or represented and the matters indicated in the Agenda will be resolved by a majority of the votes present. - In order for a General Extraordinary Meeting to be considered legally convened on first call, shareholders owning at least three-fourths of the shares into which the capital stock is divided must be present or represented, and resolutions will only be valid when adopted by the favorable vote of the majority thereof. In the case of second or subsequent call, the General Extraordinary Meeting will be validly convened regardless of the number of Shareholders present or represented, but the resolutions will only be valid when adopted by the affirmative vote of shareholders owning at least fifty percent of the shares into which the capital stock is divided. - Once a Meeting has been legally convened, if it is unable, for lack of time, to resolve all the matters for which it was called, it may suspend the session to continue it on another day or days, without the need for a new call. - ARTICLE EIGHTEENTH - In the Meetings, each share shall give the right to one vote. In the event of a tie, the vote shall be repeated and if it is again tied, the matter shall be reserved for the next meeting. If there is no tie, the matter shall be reserved for the next meeting, and so on, until the tie is broken. Voting shall be by proxy unless two or more shareholders request that it be by roll call or by ballot. - In order to have the right to attend the Meetings, shareholders must deposit their shares in the Company's Treasury or in any Credit Institution of Mexico or abroad, at least forty-eight hours before the Meeting is held. The deposits of shares shall be evidenced by the corresponding certificates or by means of written, telegraphic or cable communication made directly to the Company by the depositary Institution, as the case may be. - Shareholders may be represented at the Meetings by proxies, who may be members or persons not belonging to the Company, but must not be directors or officers of the Company. The representation will be verified by means of a general or special mandate or simple power of attorney, or by means of a communication in the aforementioned form, which the depository Institution makes to the Company, when at the time the deposit is constituted the shareholder has designated the representative in writing. - Shareholders who prove that they have deposited their shares pursuant to the terms set forth in this clause shall receive from the Company an admission card for the Meeting, which shall state the name of the depositor and that of his proxy, if any, as well as the number of shares deposited, and shall serve at the Meeting to prove the character of shareholder of the attendees and the number of votes to which he is entitled. - ARTICLE NINETEENTH - The Meetings will be chaired over by the Chairman of the Board or by the Sole Director, as the case may be, and in the absence of either, by their respective alternates. The Secretary of the Board shall act as Secretary. If the aforementioned officers do not attend, the shareholders assembled will designate by a majority of the votes present the persons who are to act as Chairman and Secretary of the Meeting. - - Minutes of all Meetings, even of those that could not be held due to lack of quorum, shall be recorded in a special book to be signed by those who have acted as Chairman and Secretary, as well as by the Commissary or Commissaries in attendance, and a copy of the newspaper in which the call was published, as well as the documents presented at the Meeting, if any, shall be added to the appendix. - When for any reason the minutes*



*of a Meeting cannot be recorded in the respective book, they shall be notarized before a notary public. The minutes of the General Extraordinary Meetings will be notarized before a notary public and if necessary will be registered in the Public Registry of Commerce. - The same formalities will be followed in the case of minutes of General Ordinary Meetings containing the appointments of Board Members, Sole Director, Statutory Auditor, General Director, Managers and attorneys-in-fact of the Company.- Resolutions adopted outside a Meeting, by unanimous vote of the shareholders representing all the shares with voting rights of the special category of shares in question, if any, will have the same validity for legal purposes as if they had been adopted at a General or Special Meeting, respectively, provided that they are confirmed in writing...".*

Eighty-Fifth.- AMENDMENT TO THE CORPORATE PURPOSE. The public deed number 31,274, dated May 23, 2005, granted before Mr. Miguel Soberón Mainero, notary public number 181 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile  folio number "219,244", sets forth the notarization of the minutes of the general extraordinary shareholders' meeting of *"INVERSORA MEXICANA DE PRODUCCION", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, in which it was agreed to amend its corporate purpose and consequently amend the text of the fourth article of the bylaws of the company, to be read in the terms indicated therein.

Eighty-Sixth.- AMENDMENT TO THE CORPORATE PURPOSE. The public deed number 159,071, dated November 3, 2021, granted before the undersigned notary, Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this City, which first notarial certified copy is in the process of registration before the Public Registry of Commerce of this city, sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of *"INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on October 7, 2021, in which it was agreed to amend its corporate purpose and consequently amend the text of the fourth article of the bylaws of the company, to be read in the terms indicated therein.

Eighty-Seventh.- CURRENT VARIABLE CAPITAL STOCK.- That the variable capital stock of *"INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

Eighty-Eighth.-  MINUTES THAT ARE HEREBY NOTARIZED.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B TWELVE" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*INVERSORA MEXICANA DE PRODUCCIÓN, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 10:40 a.m. on December 15, 2021, the shareholders of INVERSORA MEXICANA DE PRODUCCIÓN, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | TOTAL |
| | FIXED SERIES "A" | VARIABLE SERIES "B" | |
|---|---|---|---|
| TV Azteca, S.A.B. de C.V.<br>RFC: TAZ960904V78 | 49 | 15'000,000 | 15'000,049 |
| Televisión Azteca, S.A. de C.V.<br>RFC: TAZ920907P21 | 1 | — | 1 |
| Azteca Novelas, S.A.P.I. de C.V.<br>RFC: ANX960122PR4 | — | 6,280 | 6,280 |



| Alta Empresa II, S.A. de C.V.<br>RFC: AEI2111185J3 | — | 15'723,5055<br>*[Sic.]* | 15'723,505 |

In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.

The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:

### AGENDA:

I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.

II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.

III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.

ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.

In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

### RESOLUTION

SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.

ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.

In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V.,



*Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

### RESOLUTIONS

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number*



*RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*



*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

*16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

*FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

*SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

*ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*

*Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

### RESOLUTION

*SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*

*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

*At 11:00 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

"PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS IN INMOBILIARIOS"
SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE



Eighty-Ninth.- <u>INCORPORATION</u>. The public deed number 56111, dated August 8, 1996, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public number 140 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "214,564" sets forth the incorporation of *"CICASA-SAM" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, duration of 99 years, variable capital stock, with a fixed minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50,000 nominative, common and ordinary shares, with no par value, foreigners admission clause and the corporate purpose indicated in said deed.

Ninetieth.- <u>FULL AMENDMENT OF THE BYLAWS</u>.- The public deed number 73,069, dated January 12, 2005, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public number 140 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this city in mercantile folio number "214, 564" sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"CICASA-SAM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on September 22, 2004, in which, among others, it was approved the full amendment of its bylaws, to have the corporate name indicated above, with domicile at Mexico City, duration of 99 years, variable capital stock, with a fixed minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50,000 nominative, common and ordinary shares with a par value of MXN$1.00 MEXICAN PESOS, each, foreigners exclusion clause and the corporate purpose indicated in said deed.

From said document, I insert the following text:
*"...BYLAWS... TITLE SIXTH - - SHAREHOLDERS' MEETING - - - TWENTY-NINTH - The general shareholders' meeting is the supreme body of the company. The general shareholders' meetings are ordinary and extraordinary; all of them will be held at the corporate domicile, except in the case of acts of God or force majeure. Those that meet to deal with any of the matters referred to in Article 182 of the General Law on Commercial Companies, with the exception of those matters provided for in these bylaws, will be extraordinary meetings; all others will be ordinary shareholders' meetings. - They will be held in accordance with the provisions of the General Law on Commercial Companies, and the respective notices must be published in one of the newspapers with the largest circulation in the corporate domicile, at least ten calendar days in advance, except for ordinary meetings held to approve the annual balance sheet, in which case the publication will be made at least fifteen calendar days prior to the date set for the meeting. The meetings may be held without publication of the prior Notice when all the shares representing the capital stock are represented.- The meetings will have the powers granted to them by these Bylaws and the General Law on Commercial Companies and will determine the emoluments and bonuses to the members of the Board of Directors and the Statutory Auditors.- For the validity of their deliberations and voting it will be necessary that they satisfy the requirements provided in the General Law on Commercial Companies and these Bylaws....... THIRTEENTH ONE - The meetings will be chaired over by the Chairman of the Board of Directors and in his absence, by whoever is designated by the meeting. The Secretary or Alternate Secretary will act as Secretary or Alternate Secretary of the Board of Directors and in the absence of either of them, the person designated by the meeting. - Minutes will be taken of each meeting and will be signed by the person presiding the meeting and by the person acting as Secretary or Alternate Secretary, by the Scrutineer and the Commissary, when present...".*

Ninety-First.- <u>CHANGE OF CORPORATE NAME</u>. The public deed number 73,857, dated June 9, 2005, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public number 140 of this City, which first notarial certified copy was recorded in the Public Registry of Commerce of this city in mercantile folio number "214,564", sets forth the notarization of the Minutes of the General Ordinary and Extraordinary Shareholders' Meeting of *"CICASA-SAM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on May 23, 2005, in which, among others, it was approved to change its corporate name to *"PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, amending consequently the first clause of its bylaws.

Ninety-Second.- <u>AMENDMENT TO THE CORPORATE PURPOSE</u>.- The public deed number 78,008, dated December 18, 2006, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public number 140 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "214,564", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on December 15, 2006, in which, among others, it was approved to amend its corporate purpose, consequently amending the second clause of the bylaws to be read as indicated in said deed.

Ninety-Third.- <u>AMENDMENT TO THE CORPORATE PURPOSE</u>.- The public deed number 80,910, dated December 13, 2007, granted before Mr. Jorge Alfredo Domínguez Martínez,



notary public number 140 of this City, which first notarial certified copy was recorded in the Public Registry of Commerce of this city in mercantile folio number "214,564", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on January 3, 2007, in which, among others, it was approved to amend its corporate purpose, consequently amending the second clause of the bylaws to be read as indicated in said deed.

Ninety-Fourth.- <u>MERGER, CAPITAL INCREASE AND AMENDMENT OF BYLAWS</u>.- The public deed number 91,706, dated April 13, 2014, granted before Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this City, which first notarial certified copy is registered in the Public Registry of Commerce of this City, among others, in the folio in the mercantile folio number "214,564", sets forth the minutes of the General Extraordinary Shareholders' Meetings of the companies named *"PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "SERVICIOS DE PUBLICIDAD REGIONAL DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROMOTORA ESPECIALIZADA DE PUBLICIDAD REGIONAL DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "SISTEMAS PROFESIONALES AVANZADOS", SERVICIOS Y DESARROLLO EN SISTEMAS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE* and *"SERVICIOS ADMINISTRATIVOS PARA TV", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with the former surviving as the merging company, and the latter being extinguished as merged companies, as well as the increase of its capital stock in the variable part of the merging company to the total amount of MXN$349'306,663.00 MEXICAN PESOS of which the amount of MXN$35'535,913.00 MEXICAN PESOS corresponds to the fixed capital and the amount of MXN$313'770,750.00 MEXICAN PESOS, corresponds to the variable capital, consequently amending the sixth clause of the corporate bylaws.

Ninety-Fifth.- <u>CURRENT VARIABLE CAPITAL STOCK</u>.- That the variable capital stock of *"PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

Ninety-Sixth.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B THIRTEEN" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 11:00 a.m. on December 15, 2021, the shareholders of PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | TOTAL |
|---|---|---|---|
| | FIXED SERIES "A" | VARIABLE SERIES "B" | |
| TV Azteca, S.A.B. de C.V. RFC: TAZ960904V78 | 35'379,537 | 133'525,759 | 168'905,296 |
| Azteca Novelas, S.A.P.I. de C.V. RFC: ANX960122PR4 | 709 | --- | 709 |
| Televisión Azteca, S.A. de C.V. RFC: TAZ920907P21 | 155,667 | 91'899,152 | 92'054,819 |
| Azteca Web, S.A. de C.V. RFC: AWE0510202D6 | --- | 608'770,750 | 608'345,839 |



*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo*



TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.

Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.

Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.

Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.

Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:

RESOLUTIONS

FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.

SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.

THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.

FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:

1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry



*number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

    *2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

    *3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

    *4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

    *5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

    *6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

    *7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

    *8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

    *9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

    *10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

    *11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

    *12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*



*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

*16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

*FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

*SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

*ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*

*Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*

*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

*At 11:20 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

<u>"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE</u>

Ninety-Seventh.- <u>INCORPORATION BY SPIN-OFF.</u> The public deed number 66,647, dated December 8, 2000, granted before Mr. Luis Felipe Morales Viesca, notary public number 22 of Mexico City, acting as associate in the notarial protocol of Mr. Francisco de P. Morales Díaz, then



notary public number 60, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "263,788", sets forth the incorporation by spin-off of the company *"CONTROLADORA DE MEDIOS DE COMUNICACIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, duration of 99 years, variable capital stock, with a fixed minimum of MXN$669,000.00 MEXICAN PESOS, represented by 66,900 shares, common, ordinary, nominative, without par value, foreigners admission clause, and the purpose specified in said deed.

From said document, I insert the following text:

*"...BYLAWS... CHAPTER V - MEETINGS - TWENTY THIRD - SUPREME BODY - The General Shareholders' Meeting is the Supreme Body of the Company; it may make all kinds of resolutions and appoint and revoke any officer. Its resolutions must be carried out by the Board of Directors or by the Sole Director or by the person or persons expressly designated by the Meeting. The resolutions of the Meeting are binding for all shareholders, even for those absent or dissenting, except for the right of opposition established in the General Law on Commercial Companies. Likewise, resolutions or agreements adopted outside the Meeting by unanimous vote of the shareholders representing all the shares with voting rights or of the special category of shares in question, if any, will have, for all legal purposes, the same validity as if they had been adopted at a General or Special Meeting, respectively, provided they are confirmed in writing.- TWENTY FOURTH - TYPES OF MEETINGS. - The Meetings may be General or Special. General Meetings may be Ordinary or Special. Ordinary Meetings are those that meet to discuss any matter not reserved by the General Law on Commercial Companies or by these bylaws to Extraordinary Meetings. Extraordinary Meetings are those which meet to deal with any of the matters mentioned in article one hundred eighty-two of the aforementioned law or for any of the matters for which these bylaws establish a qualified majority vote. - TWENTY-FIFTH - MEETINGS. The Ordinary and Extraordinary Meetings, except in the case of acts of God or force majeure, will meet at the corporate domicile, at any time they are called; the Ordinary Meetings will meet at least once a year within the four months following the close of the fiscal year, in order to discuss, approve or modify the report of the Directors, taking into account the report of the Statutory Auditors and to take the measures it deems appropriate; appoint the members of the Board of Directors or the Sole Director and Statutory Auditors and determine their emoluments, as well as, if applicable, the distribution of profits. - TWENTY SIXTH. CALLING OF MEETINGS - The calls for Ordinary and Extraordinary Meetings will be made by the Chairman or at his request by the Secretary of the Board, by two Board Members, by the Sole Director, by the Statutory Auditor or by the competent Judge, as the case may be. The call must be made by means of the publication of a notice in the Official Gazette of the entity of the domicile of the Company, or in one of the newspapers with the largest circulation in the domicile of the Company, five calendar days prior to the date set for the Meeting. The call will contain the date, time and place where the Meeting will be held, the Agenda, and will be signed by the person issuing it. The call will not be necessary when at the time of the voting of the Meeting all the shares into which the capital stock is divided are represented and when it is the continuation of a legally installed Meeting, provided that the Meeting has been interrupted and the date and time at which it is to continue has been indicated. TWENTY SEVENTH.- QUORUM FOR ORDINARY MEETINGS.- General Ordinary Meetings will be considered legally installed, on first call, when at least 50% of the outstanding shares of the capital stock are represented and resolutions will be adopted by the affirmative vote of the majority of the votes present. In the case of second or subsequent call, the meeting will be held with whatever the number of shares represented, and the resolutions adopted will be the one whit the majority of the votes. Resolutions adopted outside the Meeting by the unanimous vote of the shareholders representing all the shares with voting rights will be legally valid, having this resolution for all legal purposes the same validity as if they had been adopted at a General Meeting, provided that the resolution is confirmed in writing by each of the Shareholders, especially if each of the items is on the Agenda. TWENTY EIGHTH. QUORUM FOR EXTRAORDINARY MEETINGS.- The Extraordinary Meeting will be considered legally installed, by virtue of the first Call, when at least three quarters of the shares with voting rights are represented. The Extraordinary Meeting will be considered legally installed, on first Call, when at least three quarters of the outstanding shares are represented.- In order for the resolutions of an Extraordinary Meeting held on first Call to be considered valid, the affirmative vote of one half plus one of the outstanding shares of Capital Stock will always be required.- On second or subsequent call, the resolutions adopted will be valid as long as they are adopted by the affirmative vote of the shares representing at least one half plus one of the outstanding shares of Common Stock. TWENTY-NINTH. REQUIREMENTS FOR ATTENDING THE MEETINGS. In order to attend the Meetings, the shareholders must be registered in the Company's Shareholders' Registry Book. Deposits of shares may be evidenced by means of a letter or telegram addressed to the company by the depositary institution. Representation to attend the Meetings may be conferred by means of a general or special power of attorney or by simple power of attorney. - THIRTEENTH. PROCEDURE AT THE MEETINGS. - a) They will be chaired, if applicable, by the Chairman of the Board of Directors and the Secretary of the Board will act as Secretary. In the absence of either of them, the meeting will designate the person or persons to perform such duties. b) The Chairman will designate one or more scrutineers to verify the number of shares represented at the Meeting and to count the votes. c) If the respective quorum is met, the*



*Chairman will declare the Meeting legally installed and will proceed with the Agenda.- d) Minutes will be taken of every Shareholders' Meeting, which will be recorded in the respective book and must be signed by the Chairman and the Secretary of the Meeting, as well as by the Statutory Auditors who have attended. The documents which, if applicable, justify that the Calls were made in the terms established by the Bylaws, as well as the attendance list, the proxies to a summary of the proxy, formulated by the scrutineers, the reports, opinions and other documents submitted for the consideration of the Meeting and a copy of the respective minutes, shall be added to the appendix of each minute...".*

Ninety-Eighth.- <u>CHANGE OF CORPORATE NAME AND AMENDMENT OF THE CORPORATE PURPOSE</u>. The public deed number 65,361, dated August 1, 2001, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public number 140 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "263, 788", sets forth the change of corporate name of *"CONTROLADORA DE MEDIOS DE COMUNICACIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, to *"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, and the amendment of its corporate purpose, and consequently amending the first and second articles of the bylaws.

Ninety-Ninth.- <u>EXTENSION OF THE CORPORATE PURPOSE</u>.- The public deed number 70,846, dated December 11, 2003, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public number 140 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this city in mercantile folio number "263,788", sets forth the extension of the corporate purpose of the company called *"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, and consequently amending the second article of the bylaws to be read as indicated in the aforementioned deed.

One Hundredth.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>.- The public deed number 30,383, dated December 23, 2004, granted before Mr. Miguel Soberón Mainero, notary public number 81 [*Sic.*] of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "263,788", sets forth the amendment of the corporate purpose of the company called *"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, and consequently amending the second article of the bylaws to be read as indicated in the aforementioned deed.

One Hundred and First.- <u>SPIN-OFF</u>. The public deed number 30,384, dated December 23, 2004, granted before Mr. Miguel Soberón Mainero, notary public number 81 [*Sic.*] of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "263,788", sets forth the spin-off of *"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, subsisting said company and through which *"VALORES MEXICANOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE* was created as a spun-off company, and the consequent reduction of its capital stock in the variable part, to be in the amount of MXN\$682'689,696.00 MEXICAN PESOS.

One Hundred and Second.- <u>AMENDMENT OF THE BYLAWS</u>. The public deed number 143,327, dated June 30, 2020, granted before the undersigned notary, Mr. Eduardo Garduño García Villalobos, acting in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same entity, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "263,788", sets forth the notarization of the document containing the resolutions adopted unanimously by the shareholders of the company called *"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, adopted on January 28, 2020, in which, among others, it was agreed to amend the eleventh, twelfth, thirteenth and fifteenth clauses of the bylaws.

One Hundred and Third.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>.- The public deed number 157,980, dated September 15, 2021, granted before the undersigned notary, Mr. Eduardo Garduño García Villalobos, acting in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same entity, which first notarial certified copy is in the process of registration before the Public Registry of Commerce of this city, sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of the company called *"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on September 7, 2021, in which, among others, it is approved to amend its corporate purpose and consequently amending the second clause of the bylaws, to be read in the terms specified in said instrument.

One Hundred and Fourth.- <u>CURRENT VARIABLE CAPITAL STOCK</u>.- That the variable capital stock of *"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.



One Hundred and Fifth.-  <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B FOURTEEN" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF*
*RED AZTECA INTERNACIONAL, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 11:20 a.m. on December 15, 2021, the shareholders of RED AZTECA INTERNACIONAL, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| | SHARES | | |
| --- | --- | --- | --- |
| *SHAREHOLDER* | *FIXED*<br>*Class I* | *VARIABLE*<br>*Class II* | *TOTAL* |
| *Azteca Novelas, S.AP.I. de C.V.*<br>*RFC: ANX960122PR4* | *66,950* | *71,915* | *138,865* |
| *TV Azteca Comercializadora, S.A. de C.V.*<br>*RFC: TAC03100375A* | *10* | *1'053,530,957* | *1'053,530,967* |
| *Finbor México, S.A. de C.V.*<br>*RFC: FME120215GF5* | *---* | *11'322,697,252* | *11'322,697,252* |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*



*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V.,  as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

*RESOLUTIONS*

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V.,  as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and*



*merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company shall be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging*

96



*Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*

*13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

*16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

*FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

*SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

*ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*



*Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*

*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

*At 11:40 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

<u>"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE</u>

One Hundred and Sixth.- <u>INCORPORATION</u>.- The public deed number 74,060, dated September 7, 1992, granted before Mr. José Ángel Villalobos Magaña, notary public number 9 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "165,577" sets forth the incorporation of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with domicile in Mexico City, duration of 99 years, variable capital stock, with a fixed minimum of MXN$50'000,000.00 MEXICAN PESOS (currently MXN$50,000.00 MEXICAN PESOS), represented by 5,000 shares, common, ordinary, nominative, with a par value of MXN$10,000.00 MEXICAN PESOS (currently MXN$10.00 MEXICAN PESOS) each, foreigners exclusion clause and the corporate purpose indicated in said deed.

One Hundred and Seventh.- <u>MERGER</u>. The public deed number 50,499, dated October 29, 1996, granted before Mr. Armando Gálvez Pérez Aragón, then notary public number 183 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "165,577" sets forth the merger of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, as the merging company, with *"IMPULSORA DE TELEVISIÓN DEL CENTRO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, as the merged company, and to that effect the merging company increased its capital stock to a total of MXN$69'638,111.00 NEW MEXICAN PESOS, (currently MXN$69'638,111.00, MEXICAN PESOS), of which the amount of MXN$1'550,149.00 NEW MEXICAN PESOS (currently MXN$1'550,149.00, MEXICAN PESOS), correspond to the fixed capital stock; and the amount of MXN$68'087,971.00 NEW MEXICAN PESOS (currently MXN$68'087,971.00 MEXICAN PESOS), correspond to the variable capital.

One Hundred and Eighth.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>. The public deed number 52,059, dated January 30, 1997, granted before Mr. Armando Gálvez Pérez Aragón, the notary public number 183 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "165,577", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on January 30, 1997, in which, among others, it is approved to amend its corporate purpose and consequently amending of the fifth clause of the bylaws, to be read in the terms specified in said instrument.

One Hundredth and Ninth.- <u>COMPILATION OF THE BYLAWS</u>.- The public deed number 63,743, dated October 6, 2000, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public



number 140 of Mexico City, sets forth the compilation (*compulsa*) of the bylaws of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, and from which it is clear that the company has its domicile in Mexico City, duration of 99 years, fixed capital stock of MXN$1'550,140.00 MEXICAN PESOS, represented by 1'550,140 shares, common, ordinary, nominative, with a par value of MXN$1.00 MEXICAN PESOS each, unlimited maximum, foreigners exclusion clause, and having as its corporate purpose the one specified in said deed.

One Hundred and Tenth.- <u>EXPANSION OF THE COMPANY'S PURPOSE</u>. The public policy number 6,007, dated December 10, 2006, granted before Mr. Mauricio Oropeza Estrada, Public Broker number 14 of this City, which first certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "165,577", sets forth the formalization of the minutes of the General Extraordinary Shareholders' Meeting of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on December 4, 2003, in which, among others, it was resolved to extend its corporate purpose and consequently to amend the fifth article of its bylaws, to be read in the terms described in said instrument.

One Hundredth and Eleventh.- <u>AMENDMENT OF THE BYLAWS</u>.- The public deed number 30,862, dated March 18, 2006, granted before Mr. Miguel Soberón Mainero, notary public number 181 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in mercantile folio number "165,577", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on March 10, 2005, in which, among others, it was resolved to amend the tenth article of its bylaws.

One Hundred and Twelfth.- <u>COMPILATION OF THE BYLAWS</u>.- The public deed number 94,971, dated April 25, 2013, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public number 140 of Mexico City, sets forth the compilation (*compulsa*) of the bylaws of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, and from which it is clear that the company has its domicile in Mexico City, duration of 99 years, fixed capital stock of MXN$1'550,140.00 MEXICAN PESOS, represented by 1'550,140 shares, common, ordinary, nominative, with a par value of MXN$1.00 MEXICAN PESOS each, unlimited maximum, foreigners exclusion clause, and having as its corporate purpose the one specified in said deed.

One Hundredth and Thirteenth.- <u>FULL AMENDMENT OF THE BYLAWS</u>. The public deed number 73,185, dated May 24, 2018, granted before Mr. Guillermo Oliver Bucio, notary public number 240 of this City, acting as associate in the notarial protocol of Mr. Francisco I. Hugues Vélez, notary public number 212 of this City, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "165,577" sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of the company *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on May 9, 2018, in which, among others, it was agreed to fully amend its bylaws, to have the aforementioned corporate name, i.e., *"TELEVISION AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, with its corporate domicile in Mexico City, with a term of 99 years, with variable capital stock, with a fixed minimum of MXN$1'550,140.00 MEXICAN PESOS, represented by 1'550,140 shares, common, ordinary, nominative, with a par value of MXN$1.00 MEXICAN PESOS each, unlimited maximum, foreigners exclusion clause, and having as its corporate purpose the one specified in said deed.

From said document, I insert the following text:

*".... FIFTH CHAPTER - SHAREHOLDERS' MEETINGS. - ARTICLE NINETEENTH - The Shareholders' Meeting is the supreme body of the Company and its meetings will be held at the Company's registered office. The Shareholders' Meetings shall be General Extraordinary and General Ordinary. ARTICLE TWENTIETH. - Ordinary meetings shall be those that meet to resolve on any matter that is not reserved for extraordinary meetings, in accordance with the following article. ARTICLE TWENTY-FIRST - Extraordinary meetings shall be those that meet to resolve on any or several of the following matters: a) Extension of the duration of the company. b) Early dissolution of the company. c) Appointment of the liquidator or liquidators. d) Increase or reduction of the corporate capital. e) Change in the corporate purpose of the company. f) Change in the corporate purpose of the company. g) Change in the corporate purpose of the company. h) Change in the corporate purpose of the company. i) Change in the corporate purpose of the company. j) Change of the corporate purpose of the company. e) Change of purpose of the company. f) Change of nationality of the company. g) Transformation of the company. h) Merger with another corporation. i) Issue of bonds or debentures. j) Redemption by the company of its own shares and issue of shares of enjoyment. k) Issue of bonds or debentures, whether or not convertible. I) Any other amendment to the articles of incorporation. ARTICLE TWENTY SECOND - At least one ordinary meeting must be held during the four months following the close of the fiscal year in which, in addition to the matters listed on the agenda, the following must be discussed: a) Report of the Board of Directors or, as the case may be, of the Sole Director. b) Discussion, approval or modification of the Report of the administrators referred to in the general wording of Article 172 of the General Law on*

99



Commercial Companies, taking into account the report of the statutory auditors and taking the measures it deems appropriate. c) Distribution, if applicable, of the profits shown in the financial statements. d) Appointment of the Board of Directors or, if applicable, the Sole Director. e) Appointment of statutory auditors. f) Compensation to the directors and statutory auditors. ARTICLE TWENTY THIRD.- Notices of Shareholders' Meetings shall be issued by the Sole Director or the Board of Directors or any of the following of the Statutory Auditors. Likewise, shareholders representing at least ten percent of the capital stock may request in writing at any time that the Sole Director or Board of Directors or any of the Statutory Auditors call a Shareholders' Meeting to discuss the matters specified in their request. Any shareholder owning a share will have the same right in any of the cases referred to in Article one hundred eighty-five of the General Law on Commercial Companies and in accordance with the procedure established therein. - ARTICLE TWENTY FOURTH.- The calls for the Meetings must be made in writing by means of the publication of a notice in the electronic system established by the Ministry of Economy, at least 15 days prior to the date set for the Meeting. The notices will contain the Agenda and must be signed by the person or persons making them, in the understanding that if they are made by the Sole Director, his signature will suffice; and in the case of the Board of Directors, the signature of the Chairman, the secretary or an alternate secretary will suffice. The documents related to each of the items established in the Agenda must be made available to the shareholders at least 15 days in advance. Meetings may be held without prior notice if the capital stock is fully represented at the time of voting. In order to attend the Meetings, the shareholders must show the corresponding admission card, which will be issued only at the request of the persons who appear as owners of shares in the Company's Share Register, which request must be presented at least forty-eight hours prior to the time set for the Meeting to be held, accompanied by the certificates or certificates of their shares, or proof of deposit of said certificates or certificates, issued by an institution authorized for such purpose. For purposes of attendance at the Meetings, the Share Register will be closed forty-eight hours prior to the date set for the Meeting in question. The shares deposited in order to have the right to attend the Meeting will not be returned until after the Meeting has been held, upon delivery of the receipt issued to the shareholder for such shares. - REPRESENTATION OF THE SHAREHOLDERS. - ARTICLE TWENTY SIXTH - The shareholders may be represented at the Meetings by the person or persons they designate by means of a power of attorney signed before two witnesses or a power of attorney granted on the form prepared by the Company. The Sole Director or the members of the Board of Directors and the Statutory Auditors may not represent the shareholders of the Company at any Meeting. Pursuant to article one hundred seventy-eight of the General Law on Commercial Companies, the resolutions of the Shareholders' Meetings will be validly adopted without the need to hold a physical Meeting provided that: (I) the affirmative vote of all the shareholders is obtained; and (II) the resolutions are confirmed in writing. The resolution shall be valid as of the time the Secretary is able to certify the written evidence of the resolution adopted in accordance with the text circulated for that purpose. ARTICLE TWENTY SEVENTH - The Meetings will be chaired over by the Sole Director or the Chairman of the Board of Directors or, in his absence, by his alternate and in the absence of both, by the person designated by majority vote of the shareholders present. The Secretary of the Board of Directors or, in his absence, any Alternate Secretary shall act as Secretary, and in the absence of both, the office shall be held by the person designated by majority vote of the shareholders present. The minutes of the Meeting will be recorded in the respective book and will be signed by the Chairman and the Secretary of the Meeting. The Statutory Auditors who have attended the Meeting may also sign the corresponding minutes, without their signature being required. QUORUM FOR ATTENDANCE AND RESOLUTIONS IN ORDINARY MEETINGS. - ARTICLE TWENTY-EIGHTH - In order for a General Ordinary Shareholders' Meeting to be considered legally convened by virtue of first call, at least fifty percent plus one of the outstanding shares must be represented thereat. In the case of second or subsequent call, Ordinary Shareholders' Meetings may be validly held regardless of the number of shares represented. In order for the resolutions of the General Ordinary Shareholders' Meeting to be validly adopted, as a result of the first or subsequent call, the attendance and favorable vote of the majority of the shareholders present shall be required. QUORUM FOR ATTENDANCE AND RESOLUTIONS IN EXTRAORDINARY MEETINGS. - ARTICLE TWENTY-NINTH - In order for a General Extraordinary Shareholders' Meeting to be considered legally convened on first call, at least seventy-five percent of the outstanding shares must be represented thereat. In case of second or subsequent call, General Extraordinary Shareholders' Meetings may be validly held if at least fifty percent plus one of the outstanding shares are represented. In order for the resolutions of the General Extraordinary Shareholders' Meeting to be validly adopted, as a result of the first or subsequent call, the favorable vote of the majority of the shares of capital stock will be required...".

One Hundred and Fourteenth.- <u>CURRENT CAPITAL STOCK AS OF 2018</u>. That the capital stock of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, was subject to several variations in its variable capital, the result of which as of the year 2018, was the amount of MXN$844'971,648.00 MEXICAN PESOS, of which, the amount of MXN$1'550,140.00 MEXICAN PESOS, corresponds to fixed capital; and the amount of MXN843'421,508.00 MEXICAN PESOS, correspond to the variable capital.



One Hundred and Fifteenth.- <u>INCREASE TO THE VARIABLE PART OF THE CAPITAL STOCK</u>. The public deed number 575, dated January 11, 2019, granted before Mr. Francisco Xavier Borrego Hinojosa Linage, notary public number 192 of the State of Mexico, sets forth the notarization of the minutes of the General Ordinary Shareholders' Meeting of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on December 2, 2018, in which, among others, it was approved to increase its capital stock in the variable part, in the amount of MXN$1,861'222,044.00 MEXICAN PESOS, to be a total amount of MXN$2,706'193,692.00 MEXICAN PESOS, of which MXN$1'550,140.00 MEXICAN PESOS, corresponds to fixed capital; and the amount of MXN$2,704'643,552.00 MEXICAN PESOS, correspond to the variable capital.

One Hundred and Sixteenth.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>.- The public deed number 3,300, dated July 19, 2021, granted before Mr. Francisco Xavier Borrego Hinojosa Linage, notary public number 192 of the State of Mexico, which first notarial certified copy was registered in the Public Registry of Commerce of this City in the mercantile folio number "165,577", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"TELEVISIÓN AZTECA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on July 8, 2021, in which, among others, it was agreed to amend its corporate purpose and to amend the text of the second article of the bylaws, to be read in the terms described therein.

One Hundred and Seventeenth.- <u>SPIN-OFF</u>.- The public deed number 159,365, dated November 18, 2021, granted before the undersigned notary, Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this same City, which first notarial certified copy is pending registration in the Public Registry of Commerce of this city, sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on October 29, 2021, in which, among other resolutions, the following were approved: (i) The APPROVAL of the SPIN-OFF OF *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, as spun-off and subsisting company; (ii) The AMENDMENT of the corporate purpose of the company, and the consequent AMENDMENT of the SECOND ARTICLE of the bylaws of the SPUN-OFF company; (iii) The REDUCTION of the CORPORATE CAPITAL and the consequent AMENDMENT of the SIXTH ARTICLE of the bylaws of the SPUN-OFF company; to be in the amount of MXN$465,402.00 MEXICAN PESOS in its fixed part; (iv) The APPROVAL of the INCORPORATION of two companies as a result of the SPIN-OFF of *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*; and (v) The APPROVAL of the BYLAWS of the companies resulting from THE SPIN-OFF.

One Hundred and Eighteenth.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages (including its attendance list) which I attach to the appendix hereof under letter "B FIFTEEN" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF TELEVISIÓN AZTECA, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 11:40 a.m. on December 15, 2021, the shareholders of TELEVISIÓN AZTECA, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | TOTAL |
| --- | --- | --- | --- |
| | FIXED Series 1 | VARIABLE Series 2 | |
| *TV Azteca, S.A.B. de C.V.* RFC: TAZ960904V78 | 465,039 | 811'393,066 | 811'858,105 |
| *Inversora Mexicana de Producción, S.A. de C.V.* RFC: IMP970228JA7 | 3 | --- | 3 |



*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.*

*ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y*



*Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.*

*Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.*

*Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.*

*Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.*

*Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:*

*RESOLUTIONS*

*FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.*

*SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.*

*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry*



103

*number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*7.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*8.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*9.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*10.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*11.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*



12.- *The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

13.- *All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

14.- *All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

15.- *For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

*FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.*

*SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.*

*ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.*

*Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*

*RESOLUTION*

*SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.*

*The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.*

*At 12:00 a.m. on the date hereof, this Meeting was adjourned.*
*It is attached to these minutes:*
*a) Attendance list.*
*b) Balance Sheet of the Company as of October 31, 2021.*

*Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."*

<u>"TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE</u>

One Hundred and Nineteenth.- <u>INCORPORATION BY SPIN-OFF</u>. The public deed number 577, dated October 3, 2003, granted before Mr. Gustavo Escamilla Flores, notary public number 26 of Monterrey, State of Nuevo León, which first notarial certified copy was registered in the Public



Registry of Commerce of this City in the electronic mercantile folio number "310,612" sets forth the incorporation of *"TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, as a consequence of a spin-off, with domicile in Mexico City, indefinite duration, variable capital stock, with a fixed minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50,000 common, ordinary, nominative shares, with a par value of MXN$1.00 MEXICAN PESOS each, foreigners admission clause and having as its corporate purpose the one specified in said deed.

One Hundred and Twentieth.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>.- The public deed number 72,150, dated July 27, 2004, granted before Mr. Jorge Alfredo Domínguez Martínez, notary public number 140 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of Mexico City in mercantile folio number "310,612" sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"TV AZTECA COMERCIALIZADORA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, in which, among others, it was agreed to amend its corporate purpose and to amend the text of the fifth clause of the bylaws, to be read in the terms described therein.

One Hundred and Twenty-First.- <u>AMENDMENT OF THE CORPORATE PURPOSE</u>.- The public deed number 14,679, dated September 2, 2004, granted before Mr. Joel Chirino Castillo, notary public number 90 of Mexico City, which first notarial certified copy was recorded in the Public Registry of Commerce of this City in mercantile folio number "310,612", sets forth the notarization of the Minutes of the General Extraordinary Shareholders' Meeting of *"TV AZTECA COMERCIALIZADORA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, in which, among others, it was agreed to amend its corporate purpose and to amend the text of the fifth clause of the bylaws, to be read in the terms described therein.

One Hundred and Twenty-Second.- <u>FULL AMENDMENT OF THE BYLAWS</u>. The public deed number 53,947, dated February 2, 2010, granted before Mr. Carlos Antonio Morales Montes de Oca, notary public number 227 of Mexico City, which first notarial certified copy was registered in the Public Registry of Commerce of Mexico City in mercantile folio number "310,612", sets forth the notarization of the minutes of the General Extraordinary Shareholders' Meeting of *"TV AZTECA COMERCIALIZADORA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, from which the full amendment of its bylaws resulted, to have the same name, i.e., *"TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, indefinite duration, foreigners admission clause, variable capital stock, with a fixed minimum of MXN$50,000.00 MEXICAN PESOS, represented by 50,000 common, ordinary, nominative shares, with a par value of MXN$1.00 MEXICAN PESOS each, and the purpose specified in such deed.

<u>From said document, I insert the following text:</u>
*".... ARTICLE TENTH.- Increases and reductions of the capital stock are subject to the following provisions: a) Increases and reductions of the capital stock of the company will be made by resolution of the shareholders. b) New shares will not be issued until all previously issued shares have been fully paid. c) Shares authorized but not yet subscribed and those that have been redeemed or withdrawn, must be kept in the treasury of the company. d) Only fully paid shares may be redeemed or withdrawn. e) Redemptions and withdrawals of shares shall be made proportionally among the shareholders, unless otherwise agreed by the shareholders and respecting, if applicable, the shareholders' right of withdrawal set forth in clause sixteen .... ARTICLE EIGHTEENTH.- The shareholders' meeting is the supreme body of the Company and its meetings shall be held at the corporate domicile. Shareholders' meetings shall be general extraordinary and general ordinary meetings. General extraordinary meetings will be those called to deal with any of the matters listed in Article 182 (one hundred and eighty-two) of the General Law on Commercial Companies, as well as other matters reserved to the general extraordinary shareholders' meeting in accordance with the provisions of these bylaws.- General Ordinary meetings are held at least once a year, within the four months following the close of each fiscal year. In addition to the matters on the agenda, the following must be discussed: (i) the matters referred to in Article 181 (one hundred and eighty-one) of the General Law on Commercial Companies, (ii) the appointment of the Sole Director or the members of the Board of Directors and Statutory Auditors; and (iii) the determination of their remuneration. For purposes of Article 181 (one hundred and eighty one) of the General Law on Commercial Companies, it will be sufficient that any of the Statutory Auditors have presented their report for the General Ordinary Shareholders' Meeting to be held and for the resolutions adopted thereat to be valid in accordance with the provisions of these bylaws and the applicable legislation. ARTICLE NINETEENTH.- The notices for shareholders' meetings must be issued by the Sole Director or Board of Directors or any of the Statutory Auditors. Likewise, shareholders representing at least ten percent of the capital stock may request in writing at any time that the Sole Director or Board of Directors or any of the Statutory Auditors call a shareholders' meeting to discuss the matters specified in their request. Any shareholder owning a share will have the same right in any of the cases referred to in Article 185 (one hundred and eighty-five) of the General Law on Commercial Companies and in accordance with the procedure established therein.- ARTICLE TWENTIETH.- The notices for the Meetings must be published in the Federal Official Gazette and/or in one of the newspapers with the*



*largest circulation in the corporate domicile, at least 15 days prior to the date set for the Meeting. The notices will contain the agenda and must be signed by the person or persons holding them, in the understanding that if they are made by the Sole Director, his signature will be sufficient; in the case of the Board of Directors, the signature of the Chairman, the secretary or an alternate secretary will be sufficient. The documents related to each of the items established in the agenda must be made available to the shareholders at least 15 days in advance. ARTICLE TWENTY-FIRST. In order to attend the meetings, the shareholders must show the corresponding admission card, which will be issued only at the request of the persons who appear registered as owners of shares in the Company's Stock Registry Book, which request must be presented at least forty-eight hours prior to the time set for the meeting to be held, accompanied by the titles or certificates of their shares, or proof of deposit of said titles or certificates, issued by any institution authorized for such purpose. For purposes of attendance at meetings, the share registry will close forty-eight hours before the date set for the meeting in question. The shares deposited in order to have the right to attend the meetings will not be returned until after the meeting has been held, upon delivery of the receipt issued to the shareholder for such shares. ARTICLE TWENTY SECOND.- The shareholders may be represented at the meetings by the person or persons they designate by means of a power of attorney signed before two witnesses or a power of attorney granted on the form prepared by the company. The Sole Director or the members of the Board of Directors and the Statutory Auditors may not represent the shareholders of the company at any meeting. Pursuant to Article 178 (one hundred and seventy-eight) of the General Law on Commercial Companies, resolutions of shareholders' meetings will be validly adopted without the need to hold a physical meeting provided that: (i) the affirmative vote of all shareholders is obtained; and (ii) the resolutions are confirmed in writing. The resolution shall be valid as soon as the secretary is able to certify the written evidence of the resolution adopted in accordance with the text circulated for that purpose. ARTICLE TWENTY THIRD.- The meetings will be chaired over by the Sole Director or the chairman of the Board of Directors or, in his absence, by his alternate and in the absence of both, by the person designated by majority vote of the shareholders present. The secretary of the Board of Directors or, in his absence, any alternate secretary shall act as secretary and in the absence of both, the office shall be held by the person designated by a majority vote of the shareholders present. The minutes of the meeting shall be recorded in the respective book and shall be signed by the chairman and the secretary of the meeting. The Commissary or Commissaries who attended the meeting may also sign the corresponding minutes, without their signature being required. - ARTICLE TWENTY FOURTH.- In order for a General Ordinary Shareholders' Meeting to be considered legally convened by virtue of first call, at least fifty percent plus one of the outstanding shares must be represented at the meeting. In the case of second or subsequent call, ordinary shareholders' meetings may be validly held regardless of the number of shares represented. In order for the resolutions of the General Ordinary meeting to be validly adopted as a result of the first or subsequent call, the attendance and favorable vote of the majority of the shareholders present shall be required. - ARTICLE TWENTY FIFTH - In order for a general extraordinary shareholders' meeting to be considered legally convened by virtue of first call, at least seventy five percent of the outstanding shares must be represented thereat. In case of second or subsequent call, general extraordinary shareholders' meetings may be validly held if at least fifty percent plus one of the outstanding shares are represented thereat. In order for the resolutions of the general extraordinary shareholders' meeting to be validly adopted, as a result of the first or subsequent call, the favorable vote of the majority of the shares of capital stock will be required...".*

One Hundred and Twenty-Third.- <u>INCREASE TO THE VARIABLE PART OF THE CAPITAL STOCK</u>. The public deed 153,988, dated March 25, 2021, granted before the undersigned notary public, Mr. Eduardo Garduño García Villalobos, acting as associate in the notarial protocol of Mr. José Eugenio Castañeda Escobedo, notary public number 211 of this City, sets forth the notarization of the minutes of the General Ordinary Shareholders' Meeting of *"TV AZTECA COMERCIALIZADORA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, held on December 31, 2019, in which, among others, it was resolved to INCREASE THE CAPITAL STOCK IN ITS VARIABLE PART, in the amount of MXN$3,314'590,778.00 MEXICAN PESOS, to be a total amount of MXN$3,535'479,134.00 MEXICAN PESOS, of which: (i) the amount of MXN$50,000.00 MEXICAN PESOS corresponds to the minimum fixed capital stock, represented by 50,000 common, nominative, Series "A I" shares with no par value; and (ii) the amount of MXN$3,535'429,134.00 MEXICAN PESOS, corresponding to the variable capital stock of the Company.

One Hundred and Twenty-Fourth.- <u>CURRENT VARIABLE CAPITAL STOCK</u>.- That the variable capital stock of *"TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, has been subject to several variations, the result of which at the time of the meeting which minutes are the object of this notarization, is reflected in the shareholder chart listed in said minutes.

One Hundred and Twenty-Fifth.- <u>MINUTES THAT ARE HEREBY NOTARIZED</u>.- The attendant exhibits to me in a separate sheet the Minutes of the General Extraordinary Shareholders' Meeting of December 15, 2021 of the company named *"TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE*, for its notarization, consisting of ten pages



(including its attendance list) which I attach to the appendix hereof under letter "B SIXTEEN" and which text I insert in its entirety as follows:

*"GENERAL EXTRAORDINARY SHAREHOLDERS' MEETING OF
TV AZTECA COMERCIALIZADORA, S.A. DE C.V., DATED DECEMBER 15, 2021.*

*In Mexico City, at 12:00 a.m. on December 15, 2021, the shareholders of TV AZTECA COMERCIALIZADORA, S.A. DE C.V. (the "Company") met at its corporate domicile in order to hold a General Extraordinary Shareholders' Meeting, in accordance with the provisions of the bylaws and applicable law.*

*Mr. Fernando José Cabrera García chaired over the Meeting by unanimous designation of those present, and Mr. Félix Vidal Mena Tamayo acted as Secretary, also by unanimous designation of those present. Likewise, the Chairman appointed Mr. José Manuel Meillón del Pando as Scrutinizer, who accepted his appointment and proceeded to count the shares present or represented by those attending the meeting. Once the counting of the shares had been verified, the Scrutinizer recorded that the shareholders present represented all of the shares representing the outstanding capital stock of the Company, as follows and in accordance with the attendance list attached to these minutes of the Meeting as Exhibit A, forming an integral part of the same:*

| SHAREHOLDER | SHARES | | TOTAL |
|---|---|---|---|
| | *FIXED Series "A I"* | *VARIABLE Series "A II"* | |
| *TV Azteca, S.A.B. de C.V.*<br>*RFC: TAZ960904V78* | *50,000* | *212'975,001* | *213'025,001* |
| *Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V.*<br>*RFC: CMC091203IJ8* | *—* | *183'004,858* | *183'004,858* |

*In accordance with the report rendered by the Scrutineer, the Chairman of the Meeting declared the Meeting legally installed and the resolutions adopted therein valid, without prior notice having been published, pursuant to the provisions of the General Law on Commercial Companies and the Company's bylaws.*

*The Chairman of the Meeting read the agenda transcribed below, which was approved by unanimous vote of those present as follows:*

*AGENDA:*

*I.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger referred to in the following item of the agenda.*

*II.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V. and Televisión Azteca, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.*

*III.- Appointment of special delegates to comply with and formalize the resolutions adopted by this Meeting.*

*ITEM ONE.- Proposal, discussion and, if applicable, approval of the pro-forma Balance Sheet of the Company as of October 31, 2021, which, if applicable, will serve as the basis for the merger and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, referred to in the second item of the agenda.*

*In connection with the first item on the agenda, the Chairman submitted for the consideration of the shareholders the pro-forma Balance Sheet of the Company as of October 31, 2021, which will serve as a basis in the event that the merger referred to in the second item on the agenda is approved.*

*Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:*



RESOLUTION

SOLE.- It is resolved to consider as submitted and approved the Balance Sheet of the Company as of October 31, 2021 and which will be adjusted with the operations carried out during the period from November 1, 2021 to December 31, 2021, which, if the transaction referred to in the second item of the agenda is approved, will be the basis to carry out the merger by incorporation of the Company, together with other companies, as the disappearing and merged company, with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company. Said document is attached to this Meeting as Exhibit "B", forming an integral part thereof.

ITEM TWO.- Proposal, discussion and, if applicable, approval to carry out the merger by incorporation of the Company together with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V. and Televisión Azteca, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company and, if applicable, approval of the corresponding merger agreement.

In connection with the second item on the agenda, the Chairman explained to those present the convenience of merging the Company by incorporation with the companies named Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V. and Televisión Azteca, S.A. de C.V.,  as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company.

Afterwards, the Chairman expressed that the mentioned merger by incorporation is convenient to reduce the number of Mexican legal entities with which TV Azteca, S.A.B. de C.V. operates, and thus to advance in a process of administrative and operative optimization that allows it to be more competitive, maintaining synergies with its clients, suppliers and all the stakeholders.

Likewise, the Chairman stated to the Meeting that the merger referred to in this item of the agenda must be carried out on the basis that the net worth of the Company, together with the rest of the merged companies that disappear, will be incorporated into the merging company with all its stockholders' equity, assets and liabilities, shares and rights, obligations and liabilities, as well as everything that in fact and by law corresponds to the Company.

Likewise, the Chairman stated that the data and figures of the Balance Sheets of the companies involved as of October 31, 2021 will serve as the basis for the aforementioned merger.

Those present deliberated on the above and, by unanimous vote, the following resolutions were adopted:

RESOLUTIONS

FIRST.- Pursuant to Article 222 of the General Law on Commercial Companies, it is resolved to merge the Company by incorporation together with the companies Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V. and Televisión Azteca, S.A. de C.V., as disappearing and merged companies with and into TV Azteca, S.A.B. de C.V., as the surviving and merging company, with data and figures from the balance sheets of such companies as of October 31, 2021.

SECOND.- The Merger Agreement submitted for the consideration of the Meeting is approved in each and every one of its provisions.



*THIRD.- This merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and before third parties, once the term established in article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the registration of the merger agreements in the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of such merger will be retroactive to the effective date between the parties and for tax purposes, that is, 00:01 a.m. on January 1, 2022.*

*FOURTH.- The merger will be carried out in accordance with the following terms and conditions, which constitute the merger agreement:*

*1. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*2.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*3.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*4.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*5.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*6.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*7.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*



110

8.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.

9.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.

10.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.

11.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.

12.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.

13.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.

14.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.

15.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.

16.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.

FIFTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions relating to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Company through the electronic system established by the Ministry of Economy and to register said resolutions, once formalized, in the Public Registry of Commerce of the Company's domicile.

SIXTH.- The Company's attorneys-in-fact are authorized, in terms of the powers granted, to sign the necessary documents to carry out the formalization of the merger, including but not limited to the publication referred to in Article 223 of the General Law on Commercial Companies, extend, amend or waive any term or condition of the merger, as may be necessary or convenient for the interests of the Company, and take all actions and give all notices and publish all balance sheets and notices that may be necessary or convenient for purposes of the merger.

ITEM THREE.- Appointment of special delegates to comply with and notarize the resolutions adopted by this Meeting.

Finally, In connection with the third item on the agenda, the Chairman of the Meeting expressed to those present the need to appoint a special delegate or delegates to formalize the resolutions adopted at this Meeting.

Those present deliberated on the foregoing and, by unanimous vote, the following resolution was adopted:

111



## RESOLUTION

SOLE.- It is resolved to appoint Fernando José Cabrera García, José Manuel Meillón del Pando, Alejandro Espinosa Ollivier, Norma Elvira Urzúa Villaseñor, Verónica Valentina Mon Ordoñez and Denisse Andrea Rivas Rodríguez as delegates and special representatives, so that any of them, jointly or separately, may attend before the Notary Public or Public Broker of their choice to notarize the contents of these Meeting minutes, to take the necessary steps for its registration in the Public Registry of Commerce of the Company's domicile and, in general, to carry out each and every one of the acts they deem necessary, so that all of the resolutions adopted at this Meeting take full effect and to give the necessary notices in accordance with the same to the corresponding authorities or institutions.

The Chairman asked the shareholders present if there was any other business to discuss and upon their refusal, the Meeting was adjourned for the preparation of these minutes, which, once read and approved by all those present, were signed by the Chairman and the Secretary of the Meeting.

At 12:20 a.m. on the date hereof, this Meeting was adjourned.
It is attached to these minutes:
a) Attendance list.
b) Balance Sheet of the Company as of October 31, 2021.

Chairman.- Signature.- Fernando José Cabrera García.- Secretary.- Signature.- Felix Vidal Mena Tamayo..."

One Hundred and Twenty-Sixth. MERGER AGREEMENT.- The attendant exhibits to me the merger agreement entered into between "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, as MERGING AND SURVIVING COMPANY and the companies named "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, as MERGED AND DISAPPEARING COMPANIES, which I attach to the appendix hereof under the letter "C" and which I notarize by transcribing it below:

"MERGER AGREEMENT BY INCORPORATION ENTERED INTO BY ADMINISTRADORA GRUPO TVA, S.A. DE C.V., ALTA EMPRESA II, S.A. DE C.V., AZTECA NOVELAS, S.A.P.I. DE C.V., AZTECA WEB, S.A. DE C.V., COMERCIACOM, S.A. DE C.V., COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V., S.A. DE C.V., COMERCIALIZADORA DE PUBLICIDAD AZTECA, S.A. DE C.V., ESTUDIOS AZTECA, S.A. DE C.V., FINBOR MÉXICO, S.A. DE C.V., GRUPO TV AZTECA, S.A. DE C.V., PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS, S.A. DE C.V., RED AZTECA INTERNACIONAL, S.A. DE C.V., TELEVISIÓN AZTECA, S.A. DE C.V. AND TV AZTECA COMERCIALIZADORA, S.A. DE C.V., ALL OF THEM REPRESENTED HEREIN BY MR. FÉLIX VIDAL MENA TAMAYO. AS WELL AS AZTECA TELECASTING, S. DE R.L. DE C.V. AND INVERSORA MEXICANA DE PRODUCCIÓN, S.A. DE C.V., REPRESENTED HEREIN BY MR. RAFAEL RODRÍGUEZ SÁNCHEZ, AS MERGED COMPANIES (HEREINAFTER REFERRED TO AS THE "MERGED COMPANIES"); AND ON THE OTHER HAND, TV AZTECA, S.A.B. DE C.V., AS THE MERGING COMPANY, REPRESENTED BY MR. FÉLIX VIDAL MENA TAMAYO, (HEREINAFTER REFERRED TO AS THE "MERGING COMPANY" AND JOINTLY WITH THE "MERGED COMPANIES" AS "THE PARTIES"), PURSUANT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES.

## REPRESENTATIONS

I. TV Azteca, S.A.B. de C.V. represents, through its representative, that:



*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge by incorporation TV Azteca, S.A. de C.V., as the surviving and merging company, with Administradora Grupo TVA, S.A. de C.V., Alta Empresa II, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., Comercializadora de Publicidad Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor México, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana de Producción, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Televisión Azteca, S.A. de C.V. and TV Azteca Comercializadora, S.A. de C.V., as disappearing and merged companies.*

*II. Administradora Grupo TVA, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge by incorporation Administradora Grupo TVA, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*III. Alta Empresa II, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Alta Empresa II, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*IV. Azteca Novelas, S.A.P.I. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Azteca Novelas, S.A.P.I. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*V. Azteca Telecasting, S. de R.L. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*



Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.

On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Azteca Telecasting, S. de R.L. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.

VI. Azteca Web, S.A. de C.V. represents, through its representative, that:

It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.

Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.

On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Azteca Web, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.

VII. Comerciacom, S.A. de C.V. represents, through its representative, that:

It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.

Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.

On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Comerciacom, S.A. de C.V., as merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as surviving company.

VIII. Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. represents, through its representative, that:

It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.

Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.

On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.

IX. Comercializadora de Publicidad Azteca, S.A. de C.V. represents, through its representative, that:

It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.

Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.

On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Comercializadora de Publicidad Azteca, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.

X. Estudios Azteca, S.A. de C.V. represents, through its representative, that:



*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Estudios Azteca, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*XI. Finbor México, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Finbor México, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*XII. Grupo TV Azteca, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Grupo TV Azteca, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*XIII. Inversora Mexicana de Producción, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Inversora Mexicana de Producción, S.A. de C.V., as merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as surviving and merging company.*

*XIV. Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., as the*



115

*merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*XV. Red Azteca Internacional, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge by incorporation Red Azteca Internacional, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*XVI. Televisión Azteca, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge Televisión Azteca, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*XVII. TV Azteca Comercializadora, S.A. de C.V. represents, through its representative, that:*

*It is a company legally incorporated and existing under the laws of the United Mexican States and duly registered in the Public Registry of Commerce of its corporate domicile.*

*Its legal representative has each and every one of the sufficient and necessary powers for the execution of this Agreement, which as of this date have not been limited, modified or revoked in any manner whatsoever that could affect the validity of this instrument.*

*On December 15, 2021, by means of a General Extraordinary Shareholders' Meeting, it was resolved to merge TV Azteca Comercializadora, S.A. de C.V., as the merged company, together with other disappearing companies, with and into TV Azteca, S.A.B. de C.V. as the surviving and merging company.*

*Having stated the foregoing, the Parties hereby agree on the following:*

*CLAUSES*

*FIRST. The parties agree to the merger by incorporation between TV Azteca, S.A.B. de C.V. (with Federal Taxpayers Registry number TAZ960904V78), as the surviving and merging company (hereinafter the "Merging Company") with its subsidiaries Administradora Grupo TVA, S.A. de C.V. (with Federal Taxpayers Registry number AGT100401LC9), Alta Empresa II, S.A. de C.V. (with Federal Taxpayers' Registry number AEI2111185J3), Azteca Novelas, S.A.P.I. de C.V. (with Federal Taxpayers' Registry number ANX960122PR4), Azteca Telecasting, S. de R.L. de C.V. (with Federal Taxpayers' Registry number ATE160316110), Azteca Web, S.A. de C.V. (with Federal Taxpayers' Registry number AWE051020202D6), Comerciacom, S.A. de C.V. (with Federal Taxpayers' Registry number COM09120203S26), Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CMC091202031J8), Comercializadora de Publicidad Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number CPA070302TG5), Estudios Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number EAZ0311047B6), Finbor México, S.A. de C.V. (with Federal Taxpayers' Registry number FME120215GF5), Grupo TV Azteca, S.A. de C.V. (with Federal Taxpayers' Registry number GTA940905FV9), Inversora Mexicana de Producción, S.A. de C.V. (with Federal Taxpayers' Registry number IMP970228JA7), Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V. (with Federal Taxpayers' Registry number PAS960808731), Red Azteca Internacional, S.A. de C.V. (with Federal Taxpayers' Registry number RAI001208MC6), Televisión Azteca, S.A. de C.V. (with Federal Taxpayer Registry number TAZ920907P21) and TV Azteca Comercializadora, S.A. de C.V. (with Federal Taxpayer Registry*



*number TAC03100375A), as disappearing and merged companies (hereinafter the "Merged Companies").*

*SECOND.- The parties agree that the merger will be carried out on the basis of the Merging Company's Balance Sheet as of October 31, 2021 and the Merged Companies' Balance Sheet as of the same date and that they will be adjusted with the transactions carried out during the period from November 1, 2021 to December 31, 2021.*

*THIRD.- The merger will become effective between the parties, as well as for tax purposes, at 00:01 a.m. on January 1, 2022 and with respect to third parties, once the term established in Article 224 of the General Law on Commercial Companies has elapsed, that is, three months after the merger agreements have been registered with the Public Registry of Commerce. Once the merger becomes effective with respect to third parties, the effects of the merger will be retroactive to the date on which the merger became effective between the parties and for tax purposes, i.e., 00:01 a.m. on January 1, 2022.*

*FOURTH.- By virtue of the provisions of the preceding resolutions, upon consummation of the merger, the Merging Company shall unconditionally assume all the assets, liabilities, obligations and rights of the Merged Companies without any reservation or limitation whatsoever and shall universally acquire all the assets and rights of the Merged Companies, which shall remain in its charge, as if they had been contracted by the Merging Company; the Merging Company will be subrogated to all the rights and obligations of the Merged Companies, whether of a mercantile, civil, tax, labor, commercial or any other nature, without exception, extinguishing by confusion any rights and obligations that may exist between the Merging Company and the Merged Companies and thus constituting the system of extinction of the existing liabilities payable by the Merging Company and in favor of the Merged Companies.*

*FIFTH.- Once the merger approved by this Meeting takes effect, the corresponding entries must be made in the corporate books kept by the Merging Company, and once the entries have been made, the books of the Merged Companies shall be cancelled.*

*SIXTH.- As a result of the merger and of the resolutions adopted at the Shareholders' Meetings of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion. At the time of signing the merger agreement, the currently outstanding stock certificates of the Merged Companies will be cancelled.*

*SEVENTH.- By virtue of the fact that the Merging Company is in turn a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, the investments in shares in the Merged Companies made by the Merging Company will be extinguished by confusion.*

*EIGHTH.- In accordance with the foregoing and since the Merged Companies are subsidiaries of the Merging Company, which in turn is a direct or indirect shareholder (through one of the Merged Companies) of the Merged Companies, and the investments in shares in the Merged Companies made by the Merging Company as a consequence of the merger are extinguished by confusion, the capital stock of the Merging Company will not be amended in any manner whatsoever.*

*NINTH.- The directors, managers, officers, statutory auditors and attorneys-in-fact of the Merged Companies shall cease in their positions, functions and powers upon the merger taking effect, and the managers, officers, statutory auditors and attorneys-in-fact of the Merging Company shall continue in their respective positions, functions and powers.*

*TENTH.- As a consequence of the merger and upon the extinction of the Merged Companies, the corresponding registrations of their articles of incorporation in the Public Registry of Commerce of the registered office of each of the Merged Companies will be cancelled and, at the same time, each and every one of the general or special powers of attorney granted at the time by the Merged Companies will be cancelled and will cease to have any legal effect, for which reason the corresponding registrations must also be cancelled.*

*ELEVENTH.- In compliance with the provisions of Article 223 of the General Law on Commercial Companies, it is hereby ordered to publish the resolutions related to the merger, the Balance Sheets as of October 31, 2021 and the system for extinguishing the liabilities of the Merged Companies through the electronic system established by the Ministry of Economy and to register such resolutions, once formalized, in the Public Registry of Commerce of the domicile of the Merged Companies and of the Merging Company.*

*TWELFTH.-The Federal Taxpayer Registry of the Merged Companies must be cancelled, as well as all books, records, registrations and documents, as well as the accounting in general of the Merged Companies, which will be kept by the Merging Company for all legal purposes.*



*THIRTEENTH.- The corporate and tax year of the Merged Companies will end on December 31, 2021, and the Merging Company must file the corresponding tax returns for the Merged Companies.*

*FOURTEENTH.- All the expenses, of any nature, that are generated due to the formalization and execution of the merger will be covered by the Merging Company.*

*FIFTEENTH.- All matters not expressly provided for in this agreement will be governed by the provisions of the General Law on Commercial Companies, and supplementarily by the provisions of the Code of Commerce and the Federal Civil Code.*

*SIXTEENTH.- For all matters related to the interpretation, compliance and execution of this agreement, the parties expressly submit to the jurisdiction of the competent courts of Mexico City, expressly waiving any other jurisdiction that may correspond to them by reason of their present or future domiciles or for any other reason.*

*The Parties have read and executed this Merger Agreement in Mexico City on December 15, 2021. –*

*Signatures follow....".*

PROTEST.- The attendant declares under oath that the minutes that in this act are notarized and the signatures that appear in the mentioned documents are authentic, and the undersigned notary certifies that he does not have any indication of the falsity of the minutes that have been exhibited to him.

PROVISIONS OF ARTICLE 27 OF THE FEDERAL TAX CODE.- The attendant provided me with the Tax Identification Cards of the shareholders of the referred companies, which I am attaching in photostatic copy that match their original as a single document to the appendix hereof under letter "D", in compliance with the provisions of article 27 of the Federal Tax Code.

FOREIGN INVESTMENT.- The undersigned Notary hereby certifies that the companies whose minutes have been notarized in this instrument ARE NOT REQUIRED to register in the National Registry of Foreign Investments.

PUBLICATIONS.- The attendant represents that on December 22 and 23, 2021, the publications of the merger notice, balance sheets and merger agreement required by article 223 of the General Law on Commercial Companies were made in the Electronic System of Publications of Commercial Companies of the Ministry of Economy, which I attach in a single file to the appendix hereof with the letter "E".

FEDERAL ANTITRUST LAW.- The attendant represents under oath, that the acts contained in this instrument imply a corporate restructuring, in which the economic agents belong to the same economic interest group and that no third party has participated in the merger, for which reason, in terms of the provisions of article 93 of the Federal Antitrust Law, it is not necessary to request any authorization to carry out the merger contained in this deed.

Having stated the foregoing, the attendant hereby grants the following:

CLAUSES

FIRST.- The MINUTES OF THE GENERAL EXTRAORDINARY SHAREHOLDERS' MEETINGS of the companies named "TV AZTECA", "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE



CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, executed on December 15, respectively, and which have been transcribed in the precedent number twenty-seventh, thirtieth, thirty-second, forty-fifth, forty-eighth, fifty-first, fifty-seventh, sixty-first, sixty-fifth, seventy-second, seventy-seventh, eighty-third, eighty-eighth, ninety-sixth, one hundred and fifth, one hundred and eighteenth and one hundred and twenty-fifth, hereof, as well as the MERGER AGREEMENT in the precedent one hundred twenty-sixth hereof, at the express request of DENISSE ANDREA RIVAS RODRÍGUEZ, in her capacity as Special Delegate of the Meetings.

SECOND.- Consequently, DENISSE ANDREA RIVAS RODRÍGUEZ, in her capacity as Special Delegate of the Meetings which Minutes have been notarized in accordance with the preceding clause, FORMALIZES the following resolutions:

I.- The APPROVAL of the GENERAL BALANCE SHEET of the companies named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE; "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, as of October 31, 2021, pursuant to the terms of the minutes that are hereby notarized;

II.- The APPROVAL OF THE MERGER AGREEMENT, of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE; as the merging and surviving company with the companies named "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, as merged and disappearing companies; as well as the APPROVAL of the MERGER AGREEMENT, in the terms of the minutes that are hereby notarized and that have been transcribed in the background of this deed and are deemed to be reproduced herein as if they were inserted.

III.- The MERGER of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE; as the merging and surviving company with the companies named "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL



VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, as merged and disappearing companies; on the terms and in accordance with the MERGER AGREEMENT, which has been transcribed in the one hundred and twenty-fifth precedent hereof and which is deemed as inserted herein.

THIRD.- Each and every one of the other resolutions adopted in the Minutes of the Meeting which are the object of this instrument are also formalized, which are deemed as inserted herein for all legal effects.

I, THE NOTARY, DO ATTEST: I.- That in this protocol of Notary Public number 211 of this Entity, pursuant to Article 198 of the Notary Law for Mexico City, we act indistinctly, JOSÉ EUGENIO CASTAÑEDA ESCOBEDO, as its holder, and EDUARDO GARDUÑO GARCÍA VILLALOBOS, as notary public number 135, as associate; II. That what is related and inserted matches with the originals of reference; III.- That I fully identified myself as Notary Public before the attendant; IV.- That the attendant is identified as specified in the Identity Statement that I attach to the appendix of this deed marked with the letter "F", whom I consider to have legal capacity for this act; V.- That I warned the attendant of the penalties incurred by those who declare falsely before a Notary Public; VI. That I informed the attendant the right she has to personally read this instrument and to have the contents of the same explained to her by the undersigned Notary; VII. That she declared that she is Mexican by birth, born in Mexico City, on October 17, 1989, single, a lawyer, residing at *Periférico Sur number 4,121, Colonia Fuentes del Pedregal, Delegación Tlalpan, Zip Code 14140*, in Mexico City, and that she identifies herself with voting credential number "19333654157 ", issued by the National Electoral Institute; and, VIII. - That having read this deed to the same grantor, to whom I explained the value and legal consequences of its contents, she ratified and signed it, on December 31, 2021, in which I definitely authorize. I attest.

SIGNATURE OF DENISSE ANDREA RIVAS RODRÍGUEZ.- SIGNATURE OF THE NOTARY.- The Authorizing Seal.

I HEREBY ISSUE THIS THIRD NOTARIAL CERTIFIED COPY, THIRD IN ORDER, WHICH IS TAKEN FROM ITS MATRIX IN 169 PAGES, FOR THE COMPANY NAMED *"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE*, BY WAY OF RECORD.- IT WAS DULY MATCHED AND CORRECTED.- I ATTEST.- MEXICO CITY, DECEMBER 31, 2021.

KCC/ngc*

[*Illegible signature*]          [*Notarial seal*]          [*Notarial kinegram*]

[*Pages corresponding to the registration of the public deed in the Public Registry of Property and Commerce of Mexico City follow.*]



THE UNDERSIGNED, CERTIFIED TRANSLATOR IN ENGLISH AND SPANISH AUTHORIZED BY THE SUPERIOR COURT OF JUSTICE OF MEXICO CITY, ACCORDING TO DECREE 16-44/2020, ISSUED BY THE JUDICIARY COUNCIL OF MEXICO CITY IN SESSION OF DECEMBER 1, 2020 AND PUBLISHED IN THE JUDICIAL GAZETTE OF MARCH 9, 2021, HEREBY CERTIFY THAT THIS IS A TRUTHFUL AND ACCURATE TRANSLATION TO ENGLISH FROM ITS ORIGINAL IN SPANISH, WHICH IS FORMED BY 120 PAGES ON THE OBVERSE.

MEXICO CITY, SEPTEMBER 21, 2022



BERNARDO LUNA LUCIO