# EXHIBIT 9

*EXECUTION VERSION*

**UNANIMOUS RESOLUTIONS ADOPTED OUTSIDE SHAREHOLDERS' MEETING APPROVED BY THE SHAREHOLDERS OF CLUB DE FUTBOL ROJINEGROS, S.A. DE C.V.**

On June 30, 2019, the undersigned, in terms of the provisions of Article 178 of the General Law of Commercial Companies and Article Nine of the bylaws of **CLUB DE FUTBOL ROJINEGROS, S.A. DE C.V.** (the "Company"), a corporation duly incorporated and existing under the laws of the United Mexican States ("Mexico"), in our capacity as shareholders of the Company, hereby adopt the following unanimous resolutions (the "Resolutions").

### RESOLUTION ONE

1. **Ratification and/or approval of the execution by the Company of (i) a certain Share Subscription Agreement, (ii) a certain Shareholders' Agreement, and (iii) other related documents.**

    1.1. "It is hereby resolved to ratify the execution by the Company of a certain Master Share Subscription Agreement dated June 30, 2019, entered into among Orlegi Deportes, S.A.P.I. de C.V. ("Orlegi1"), Orlegi, S.A.P.I. de C.V. ("Orlegi2"), TV Azteca, S.A.B. de C.V. ("TVA1"), Inversora Mexicana de Producción, S.A. de C.V. ("TVA2"), Orlegi Sports & Entertainment, S.A.P.I. de C. V. ("OSE"), and the Company (the "Subscription Agreement").

    1.2. "It is hereby resolved to ratify the execution and content of a certain Shareholders' Agreement dated June 30, 2019 entered into among OSE, Orlegi 1 and TVA (the "Shareholders' Agreement").

    1.3. "It is approved that the Company enter into, subscribe or issue, as well as the execution, subscription or issuance of (prior to the date of these Resolutions) any agreement, contract, instrument or document contemplated to be entered into, subscribed or issued by the Company in terms of the Subscription Agreement and the Shareholders' Agreement including, without limitation, those documents that are established as conditions for the Subscription Agreement enforceability."

    1.4. "It is hereby approved and the Company is instructed to comply with any obligation it may have under any of the agreements, contracts, documents or instruments described above."

### RESOLUTION TWO

2. **Increase in the variable portion of the Company's capital stock.**

    2.1. "It is hereby resolved to increase the capital stock of the Company, in its variable part, in the amount of $259,271,043.00 MXP (two hundred fifty-nine million two hundred seventy-one thousand forty-three pesos 00/100 Mexican pesos) (the "Capital Increase").



2.2. "It is hereby resolved the Capital Increase to be represented by 293,459,186,464 (two hundred ninety-three thousand four hundred fifty-nine million one hundred eighty-six thousand four hundred sixty-four) ordinary, registered shares, without par value, representing the variable part of the capital stock of the Company (the "OSE Shares")."

2.3. "It is hereby resolved, that the portion of the Capital Increase referred to in Resolution 2.1 above would be subscribed by OSE on the date of these Resolutions, and paid during the 15 (fifteen) business days following the date of these Resolutions, through a bank transfer for the respective amount to the Company's bank account, in immediately available funds."

2.4. "It is approved that, as a result of the foregoing resolutions and once the subscription of the OSE Shares is completed, the capital stock of the Company amounts to $259,321,043.00 M.N. (two hundred fifty-nine million, three hundred twenty-one thousand, forty-three pesos 00/100 Mexican pesos), of which the amount of $50,000.00 M.N. (fifty thousand pesos 00/100 Mexican pesos) will constitute the minimum fixed capital and $259,271,043.00 M.N. (two hundred fifty-nine million, two hundred seventy-one thousand, forty-three pesos 00/100 Mexican pesos) will comprise the variable part of the capital, represented by ordinary, registered shares, without par value, represented as follows:

| | Shares | | |
|---|---|---|---|
| Shareholder | Fixed Capital | Variable Capital | % |
| **TV Azteca, S.A.B. de C.V.** | 56,593,127 | - | 0.0192811191% |
| **Orlegi Sports & Entertainment, S.A.P.I. de C.V.** | - | 293,459,186,464 | 99.9807188806% |
| **Inversora Mexicana de Producción , S.A. de C.V.** | 1 | - | 0. 0000000003% |
| **Subtotal** | 56,593,128 | 293,459,186,464 | |
| **Total** | 293,515,779,592 | | 100% |

2.5. "It is hereby resolved to approve (i) the issuance of the shares certificates representing the OSE Shares, the issuance of which is approved by these Resolutions, and (ii) the making of the corresponding entries in the Share Register Corporate Book and the Capital Variation Corporate Book of the Company. By virtue of the foregoing, the Company and the shareholders hereby release the Secretary from any liability arising from any of the acts performed in the foregoing terms."

## RESOLUTION THREE

3. **Modification of the current structure of the Company's Board of Directors.**

    3.1. "It is hereby accepted, without any reservation, the resignation tendered by Rafael Rodriguez Sánchez from the position he had been holding as Sole Director of the Company, in terms of



the letter attached hereto as Exhibit A. Rafael Rodriguez Sánchez is hereby expressly and irrevocably released, both by the Company and by the shareholders, from any and all liability with respect to any and all acts performed in the lawful performance of his duties (except for those resulting from fraud) and any civil, commercial or any other claim or action of any nature, present or future, that the Company or such shareholders may have now or in the future against him with respect to such lawful discharge, granting him the amplest severance that may be applicable by law. The Company is obligated to indemnify him against any claim, complaint, accusation or lawsuit that may be made against him, derived from or related to the legal and correct performance of his duties, during all the fiscal years that he has been performing said duties and up to this date, assuming the Company all the fees, expenses and costs that may be originated in the legal defense of the unjustified claims or lawsuits that may be filed against him. Likewise, note is taken of the release that said person makes in favor of the Company in terms of the aforementioned letter."

3.2. "It is hereby approve, that as of this date and until new appointment, the Company would be managed by a new Sole Administrator."

3.3. "It is hereby approve, the appointment of José Alfredo Jimenez Tejeda as Sole Administrator of the Company, who will have the powers and faculties stipulated in Article Seventeen of the Company's Bylaws, which are hereby reproduced as if they were inserted.

## RESOLUTION FOUR

### 4. Appointment of the Company's Statutory Auditor.

4.1. "Carlos Frías Mendoza is appointed as Statutory Auditor of the Company".

## RESOLUTION FIVE

### 5. Revocation and granting of various powers of attorney.

5.1. "All and any powers of attorney granted prior to this date by the Company are hereby revoked, as well as all those powers granted or delegated to act on behalf of the Company, including but not limited to the powers granted in favor of: RAFAEL RODRIGUEZ SANCHEZ, RICARDO BENJAMIN SALINAS PLIEGO, FRANCISCO XAVIER BORREGO HINOJOSA LINAGE, CARLOS JOSE HESLES FLORES, HECTOR IVAN LARA LOPEZ, GABRIEL SAUCEDO TORRES, ALFONSO AGUILAR ZERMEÑO, JOSE CARLOS NARVAEZ MAZZINI, PEDRO ALBERTO CAMARGO LEDESMA, JORGE ALFONSO GARCIA DE LA VEGA, SERGIO VALENCIA MIRANDA, JOSE ANTONIO VILLEGAS HIGUERA, DAMIAN FLORES MORENO Y LUIS MAURICIO OLLOQUI DUGAY, granted indistinctly through public deed number 10,270 dated December 06, 2013, passed before the Faith of Mr. Eduardo Francisco García Villegas Sánchez Cordero, notary public 248 of Mexico City, which is registered in the Public Registry of Property and Commerce under the mercantile folio 507809- 1 dated January 23, 2014 and public deed number 117,992



dated November 24, 2016, passed before the Faith of Mr. Gerardo Correa Etchegaray notary public 89 of Mexico City.

5.2. "It is hereby approved to grant ALEJANDRO CARLOS IRARRAGORRI GUTIERREZ, ALFONSO VILLALVA PENICHE, MARTIN HOLLAENDER, PEDRO PORTILLA WHITE, JOSE JUAN RIESTRA LOPEZ, JOSE ALFREDO JIMENEZ TEJEDA, ADRIANA AGUILAR LEMUS, MANYRA HERNANDEZ SABAG, YNDIRA CARDENAS LEON, FRANCISCO JAVIER ROMAN NOGUEIRA, CARLOS EDUARDO BERNAL MORENO, RAFAEL RODRIGUEZ SANCHEZ and JORGE ARTURO TREJOJOJO TREJOCEDILLO the powers of attorney with the faculties mentioned below to be exercised as follows:

    5.3.1. To Mr. ALEJANDRO CARLOS IRARRAGORRI GUTIERREZ the following powers and faculties, which he may exercise individually:

        a) Power to grant and revoke all kinds of general and/or special powers of attorney with the limitations they deem convenient, as the case may be.

        b) GENERAL POWER OF ATTORNEY FOR LITIGATION AND COLLECTION, which is granted with all the general and special faculties that according to the law require a special clause, in accordance with the provisions of the first paragraph of Article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District, as well as Article 2587 (two thousand five hundred and eighty-seven) of the Civil Code for the Federal District, and the correlative Articles of the Civil Codes for all the States of the Mexican Republic. As a consequence of the foregoing, it will have, among others, the following faculties, which are listed but not limited to: to represent the Company before all kinds of individuals or legal entities, and before all kinds of administrative, jurisdictional, arbitration and, in general; any authorities, whether labor, civil, criminal, agrarian and/or administrative, both common and federal, and to exercise all the actions and rights that correspond to the Company, to file criminal complaints and accusations, to grant pardon; to become an offended party and coadjutant in criminal proceedings; to withdraw from the actions that it may attempt and from *Amparo* Proceedings (Constitutional Appeals); to compromise, to compromise in arbitration; to articulate and absolve positions; to challenge judges; to receive payments and execute all other acts expressly determined by law, without being understood as conferred the power to transfer assets, including the representation of the company before all kinds of authorities and labor, civil, criminal and administrative courts and before the Ministry of Foreign Affairs, to enter into agreements with the Federal Government in the terms of sections I and IV of Article 27 of the Constitution, its Organic Law and the corresponding Regulations.

        c) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION, in accordance with the second paragraph of article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District and its correlatives of each and every one of the Civil Codes of the federal entities of the United Mexican States and



the Federal District, with powers to carry out all the operations inherent to the purpose of the corporation.

d) GENERAL POWER OF ATTORNEY TO OPEN AND CANCEL BANK ACCOUNTS IN THE NAME OF THE COMPANY, both in Mexico and abroad, as well as to make deposits and draw on the bank accounts, as well as to carry out all types of electronic banking operations and to designate authorized persons to deposit and draw on the Company's accounts, establishing such requirements as they deem convenient.

e) GENERAL POWER OF ATTORNEY TO AUTHORIZE, SUBSCRIBE AND ENDORSE CREDIT INSTRUMENTS AND TO CREDITLY BIND THE COMPANY, pursuant to Article 9 (ninth) of the General Law of Credit Instruments and Transactions.

f) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION IN LABOR MATTERS, to represent the Company with the scope referred to in the second paragraph of Article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District, in common matters and for the entire Republic and in Federal Matters, as well as its relatives in each and every one of the States of the Mexican Republic, to appear before the Labor Authorities, in accordance with Article 523 (five hundred and twenty-three) of the Federal Labor Law, to represent the Company in the labor area before the aforementioned labor authorities and especially before the Local or Federal Conciliation or Conciliation and Arbitration Boards, with express authorization so that under the terms of the provisions of Articles 11 (eleven), 692 (six hundred ninety-two), Fraction two (Roman), 835 (eight hundred seventy-five) and 876 (eight hundred seventy-six) of the Federal Labor Law, intervene conciliatorily in the cases, conflicts or lawsuits filed against the Company, with decision-making powers that bind the Company and therefore enter into agreements, ratify and comply with them or authorize third parties to ratify and comply with them.

5.3.2. To Messrs. ALFONSO VILLALVA PENICHE and MARTIN HOLLAENDER, the following powers and faculties, which may be exercised individually, except for those indicated in paragraph a), which must be exercised jointly:

a) Power to grant and revoke all kinds of general and/or special powers of attorney with the limitations they deem convenient, as the case may be.

b) GENERAL POWER OF ATTORNEY FOR LITIGATION AND COLLECTION, which is granted with all the general and special faculties that according to the law require a special clause, in accordance with the provisions of the first paragraph of Article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District, as well as Article 2587 (two thousand five hundred and eighty-seven) of the Civil Code for the Federal District, and the correlative Articles of the Civil Codes for all the



States of the Mexican Republic. As a consequence of the foregoing, it will have, among others, the following faculties, which are listed but not limited to: to represent the Company before all kinds of individuals or legal entities, and before all kinds of administrative, jurisdictional, arbitration and, in general; any authorities, whether labor, civil, criminal, agrarian and/or administrative, both common and federal, and to exercise all the actions and rights that correspond to the Company, to file criminal complaints and accusations, to grant pardon; to become an offended party and coadjutant in criminal proceedings; to withdraw from the actions that it may attempt and from *Amparo* Proceedings (Constitutional Appeals); to compromise, to compromise in arbitration; to articulate and absolve positions; to challenge judges; to receive payments and execute all other acts expressly determined by law, without being understood as conferred the power to transfer assets, including the representation of the company before all kinds of authorities and labor, civil, criminal and administrative courts and before the Ministry of Foreign Affairs, to enter into agreements with the Federal Government in the terms of sections I and IV of Article 27 of the Constitution, its Organic Law and the corresponding Regulations.

c) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION, in accordance with the second paragraph of article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District and its correlatives of each and every one of the Civil Codes of the federal entities of the United Mexican States and the Federal District, with powers to carry out all the operations inherent to the purpose of the corporation.

d) GENERAL POWER OF ATTORNEY TO OPEN AND CANCEL BANK ACCOUNTS IN THE NAME OF THE COMPANY, both in Mexico and abroad, as well as to make deposits and draw on the bank accounts, as well as to carry out all types of electronic banking operations and to designate authorized persons to deposit and draw on the Company's accounts, establishing such requirements as they deem convenient.

e) GENERAL POWER OF ATTORNEY TO AUTHORIZE, SUBSCRIBE AND ENDORSE CREDIT INSTRUMENTS AND TO CREDITLY BIND THE COMPANY, pursuant to Article 9 (ninth) of the General Law of Credit Instruments and Transactions.

f) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION IN LABOR MATTERS, to represent the Company with the scope referred to in the second paragraph of Article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District, in common matters and for the entire Republic and in Federal Matters, as well as its relatives in each and every one of the States of the Mexican Republic, to appear before the Labor Authorities, in accordance with Article 523 (five hundred and twenty-three) of the Federal Labor Law, to represent the Company in the labor area before the aforementioned labor authorities and especially



before the Local or Federal Conciliation or Conciliation and Arbitration Boards, with express authorization so that under the terms of the provisions of Articles 11 (eleven), 692 (six hundred ninety-two), Fraction two (Roman), 835 (eight hundred seventy-five) and 876 (eight hundred seventy-six) of the Federal Labor Law, intervene conciliatorily in the cases, conflicts or lawsuits filed against the Company, with decision-making powers that bind the Company and therefore enter into agreements, ratify and comply with them or authorize third parties to ratify and comply with them.

g) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION, in accordance with the second paragraph of article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District and its correlatives of each and every one of the Civil Codes of the federal entities of the United Mexican States and the Federal District, with faculties to carry out all the operations inherent to the purpose of the corporation. The attorneys-in-fact will exercise this power of attorney <u>EXCLUSIVELY</u> in order to carry out all the necessary procedures and formalities related to the advanced electronic signature (FIEL) of the company before the competent authorities and to carry out before the Ministry of Finance and Public Credit, the Tax Administration Service, the Mexican Social Security Institute, the National Workers' Housing Fund Institute, the Retirement Savings System, the Ministry of Labor and Social Welfare, the Treasury of the Federal District Government, the Taxpayer's Defense Attorney's Office and, in general, before any tax authority or before any other tax authority, in general, before any tax or administrative authority, be it federal, state or municipal, all types of procedures and formalities related to the tax obligations of the principal company, including, but not limited to, filing notices, returns, payments, requests for tax refunds, as well as carrying out any act intended to protect the interests of the company before the aforementioned authorities, being authorized to receive, if applicable, tax refunds in favor of the principal company; that the attorneys-in-fact, attend and go to the summons, sign the initial and final visit reports, receive official notices, sign the federal tax returns, registration and cancellation notices, payments and tax refund requests, as well as carry out any act tending to protect the interests of the company before the referred authorities, as well as to comply with any other type of tax obligations and carry out the inherent procedures of the Ministry of Finance and Public Credit and before the Tax Authorities of the Federation, of the states, municipalities and of the Federal District, before the autonomous tax or administrative contentious bodies, whether they belong to the Federation, the States or the Municipalities, in terms of articles eighteen first paragraph, nineteen, thirty-one, one hundred twenty-two and other relative articles of the Federal Tax Code, and fourteen of the Regulations of this and their correlatives of the Treasury Laws and Tax Codes of the States, of the Tax Code of the Federal District and the eighth of the Constitutional Appeal *(Amparo)* Law.

h) SPECIAL POWER OF ATTORNEY, as broad as required by law, so that the attorneys-in-fact on behalf of the principal company, may carry out the following acts: (i) the registration of the Company in the Public Registry of Commerce and the Federal Registry of Taxpayers of the Ministry of Finance and Public Credit, to carry out the



procedure for the legalization and obtaining of the Advanced Electronic Signature Certificate before the Tax Administration Service, as well as in the Registry of Importers and Exporters; (ii) the registration of the Company before the National Registry of Foreign Investments; (iii) obtaining the necessary permits for the Company to be part of import and/or export programs or registries, as well as obtaining any other registration, permit or authorization required by applicable laws, with the authority to sign and file on behalf of the Company any customs permit and procedure, including but not limited to import requests, designations of customs agents, permits, quotas, import registrations before any authority, including but not limited to the Ministry of Finance and Public Credit, the Ministry of Economy, the Ministry of Health, the General Directorate of Standards, among others, as well as to sign any brief, pleading or document related to any customs procedure before any federal, state, local or municipal authority.

5.3.3. To Messrs. PEDRO PORTILLA WHITE and JOSE ALFREDO JIMENEZ TEJEDA, the following powers and faculties, which may be exercised individually, except for those indicated in paragraph d), which must be exercised jointly:

a) GENERAL POWER OF ATTORNEY FOR LITIGATION AND COLLECTION, which is granted with all the general and special faculties that according to the law require a special clause, in accordance with the provisions of the first paragraph of Article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District, as well as Article 2587 (two thousand five hundred and eighty-seven) of the Civil Code for the Federal District, and the correlative Articles of the Civil Codes for all the States of the Mexican Republic. As a consequence of the foregoing, it will have, among others, the following faculties, which are listed but not limited to: to represent the Company before all kinds of individuals or legal entities, and before all kinds of administrative, jurisdictional, arbitration and, in general; any authorities, whether labor, civil, criminal, agrarian and/or administrative, both common and federal, and to exercise all the actions and rights that correspond to the Company, to file criminal complaints and accusations, to grant pardon; to become an offended party and coadjutant in criminal proceedings; to withdraw from the actions that it may attempt and from *Amparo* Proceedings (Constitutional Appeals); to compromise, to compromise in arbitration; to articulate and absolve positions; to challenge judges; to receive payments and execute all other acts expressly determined by law, without being understood as conferred the power to transfer assets, including the representation of the company before all kinds of authorities and labor, civil, criminal and administrative courts and before the Ministry of Foreign Affairs, to enter into agreements with the Federal Government in the terms of sections I and IV of Article 27 of the Constitution, its Organic Law and the corresponding Regulations.

b) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION, in accordance with the second paragraph of article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District and its correlatives of each and every one of the Civil Codes of the federal entities of the United Mexican States and



the Federal District, with powers to carry out all the operations inherent to the purpose of the corporation.

c) GENERAL POWER OF ATTORNEY TO OPEN AND CANCEL BANK ACCOUNTS IN THE NAME OF THE COMPANY, both in Mexico and abroad, as well as to make deposits and draw on the bank accounts, as well as to carry out all types of electronic banking operations and to designate authorized persons to deposit and draw on the Company's accounts, establishing such requirements as they deem convenient.

d) GENERAL POWER OF ATTORNEY TO AUTHORIZE, SUBSCRIBE AND ENDORSE CREDIT INSTRUMENTS AND TO CREDITLY BIND THE COMPANY, pursuant to Article 9 (ninth) of the General Law of Credit Instruments and Transactions.

e) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION IN LABOR MATTERS, to represent the Company with the scope referred to in the second paragraph of Article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District, in common matters and for the entire Republic and in Federal Matters, as well as its relatives in each and every one of the States of the Mexican Republic, to appear before the Labor Authorities, in accordance with Article 523 (five hundred and twenty-three) of the Federal Labor Law, to represent the Company in the labor area before the aforementioned labor authorities and especially before the Local or Federal Conciliation or Conciliation and Arbitration Boards, with express authorization so that under the terms of the provisions of Articles 11 (eleven), 692 (six hundred ninety-two), Fraction two (Roman), 835 (eight hundred seventy-five) and 876 (eight hundred seventy-six) of the Federal Labor Law, intervene conciliatorily in the cases, conflicts or lawsuits filed against the Company, with decision-making powers that bind the Company and therefore enter into agreements, ratify and comply with them or authorize third parties to ratify and comply with them.

f) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION, in accordance with the second paragraph of article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District and its correlatives of each and every one of the Civil Codes of the federal entities of the United Mexican States and the Federal District, with faculties to carry out all the operations inherent to the purpose of the corporation. The attorneys-in-fact will exercise this power of attorney <u>EXCLUSIVELY</u> in order to carry out all the necessary procedures and formalities related to the advanced electronic signature (FIEL) of the company before the competent authorities and to carry out before the Ministry of Finance and Public Credit, the Tax Administration Service, the Mexican Social Security Institute, the National Workers' Housing Fund Institute, the Retirement Savings System, the Ministry of Labor and Social Welfare, the Treasury of the Federal District Government, the Taxpayer's Defense Attorney's Office and, in general, before any tax authority or before any other tax authority, in general, before any tax



or administrative authority, be it federal, state or municipal, all types of procedures and formalities related to the tax obligations of the principal company, including, but not limited to, filing notices, returns, payments, requests for tax refunds, as well as carrying out any act intended to protect the interests of the company before the aforementioned authorities, being authorized to receive, if applicable, tax refunds in favor of the principal company; that the attorneys-in-fact, attend and go to the summons, sign the initial and final visit reports, receive official notices, sign the federal tax returns, registration and cancellation notices, payments and tax refund requests, as well as carry out any act tending to protect the interests of the company before the referred authorities, as well as to comply with any other type of tax obligations and carry out the inherent procedures of the Ministry of Finance and Public Credit and before the Tax Authorities of the Federation, of the states, municipalities and of the Federal District, before the autonomous tax or administrative contentious bodies, whether they belong to the Federation, the States or the Municipalities, in terms of articles eighteen first paragraph, nineteen, thirty-one, one hundred twenty-two and other relative articles of the Federal Tax Code, and fourteen of the Regulations of this and their correlatives of the Treasury Laws and Tax Codes of the States, of the Tax Code of the Federal District and the eighth of the Constitutional Appeal *(Amparo)* Law.

g) SPECIAL POWER OF ATTORNEY, as broad as required by law, so that the attorneys-in-fact on behalf of the principal company, may carry out the following acts: (i) the registration of the Company in the Public Registry of Commerce and the Federal Registry of Taxpayers of the Ministry of Finance and Public Credit, to carry out the procedure for the legalization and obtaining of the Advanced Electronic Signature Certificate before the Tax Administration Service, as well as in the Registry of Importers and Exporters; (ii) the registration of the Company before the National Registry of Foreign Investments; (iii) obtaining the necessary permits for the Company to be part of import and/or export programs or registries, as well as obtaining any other registration, permit or authorization required by applicable laws, with the authority to sign and file on behalf of the Company any customs permit and procedure, including but not limited to import requests, designations of customs agents, permits, quotas, import registrations before any authority, including but not limited to the Ministry of Finance and Public Credit, the Ministry of Economy, the Ministry of Health, the General Directorate of Standards, among others, as well as to sign any brief, pleading or document related to any customs procedure before any federal, state, local or municipal authority.

5.3.4. To Ms. ADRIANA AGUILAR LEMUS and Ms. MANYRA HERNANDEZ SABAG, the following powers and faculties, which may be exercised individually:

a) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION, in accordance with the second paragraph of article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District and its correlatives of each and every one of the Civil Codes of the federal entities of the United Mexican States and the Federal District, with faculties to carry out all the operations inherent to the purpose of the



corporation. The attorneys-in-fact will exercise this power of attorney <u>EXCLUSIVELY</u> in order to carry out all the necessary procedures and formalities related to the advanced electronic signature (FIEL) of the company before the competent authorities and to carry out before the Ministry of Finance and Public Credit, the Tax Administration Service, the Mexican Social Security Institute, the National Workers' Housing Fund Institute, the Retirement Savings System, the Ministry of Labor and Social Welfare, the Treasury of the Federal District Government, the Taxpayer's Defense Attorney's Office and, in general, before any tax authority or before any other tax authority, in general, before any tax or administrative authority, be it federal, state or municipal, all types of procedures and formalities related to the tax obligations of the principal company, including, but not limited to, filing notices, returns, payments, requests for tax refunds, as well as carrying out any act intended to protect the interests of the company before the aforementioned authorities, being authorized to receive, if applicable, tax refunds in favor of the principal company; that the attorneys-in-fact, attend and go to the summons, sign the initial and final visit reports, receive official notices, sign the federal tax returns, registration and cancellation notices, payments and tax refund requests, as well as carry out any act tending to protect the interests of the company before the referred authorities, as well as to comply with any other type of tax obligations and carry out the inherent procedures of the Ministry of Finance and Public Credit and before the Tax Authorities of the Federation, of the states, municipalities and of the Federal District, before the autonomous tax or administrative contentious bodies, whether they belong to the Federation, the States or the Municipalities, in terms of articles eighteen first paragraph, nineteen, thirty-one, one hundred twenty-two and other relative articles of the Federal Tax Code, and fourteen of the Regulations of this and their correlatives of the Treasury Laws and Tax Codes of the States, of the Tax Code of the Federal District and the eighth of the Constitutional Appeal *(Amparo)* Law.

b) SPECIAL POWER OF ATTORNEY, as broad as required by law, so that the attorneys-in-fact on behalf of the principal company, may carry out the following acts: (i) the registration of the Company in the Public Registry of Commerce and the Federal Registry of Taxpayers of the Ministry of Finance and Public Credit, to carry out the procedure for the legalization and obtaining of the Advanced Electronic Signature Certificate before the Tax Administration Service, as well as in the Registry of Importers and Exporters; (ii) the registration of the Company before the National Registry of Foreign Investments; (iii) obtaining the necessary permits for the Company to be part of import and/or export programs or registries, as well as obtaining any other registration, permit or authorization required by applicable laws, with the authority to sign and file on behalf of the Company any customs permit and procedure, including but not limited to import requests, designations of customs agents, permits, quotas, import registrations before any authority, including but not limited to the Ministry of Finance and Public Credit, the Ministry of Economy, the Ministry of Health, the General Directorate of Standards, among others, as well as to sign any brief, pleading or document related to any customs procedure before any federal, state, local or municipal authority.



5.3.5. To Messrs. MANYRA HERNAN DEZ SABAG, YNDIRA CARDENAS LEON, FRANCISCO JAVIER ROMAN NOGUE IRA, CARLOS EDUARDO BERNAL MORENO, RAFAEL RODRIGUEZ SANCHEZ and JORGE ARTURO TREJO CEDILLO the following powers and faculties which they may exercise individually:

a) GENERAL POWER OF ATTORNEY FOR LITIGATION AND COLLECTION, which is granted with all the general and special faculties that according to the law require a special clause, in accordance with the provisions of the first paragraph of Article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District, as well as Article 2587 (two thousand five hundred and eighty-seven) of the Civil Code for the Federal District, and the correlative Articles of the Civil Codes for all the States of the Mexican Republic. As a consequence of the foregoing, it will have, among others, the following faculties, which are listed but not limited to: to represent the Company before all kinds of individuals or legal entities, and before all kinds of administrative, jurisdictional, arbitration and, in general; any authorities, whether labor, civil, criminal, agrarian and/or administrative, both common and federal, and to exercise all the actions and rights that correspond to the Company, to file criminal complaints and accusations, to grant pardon; to become an offended party and coadjutant in criminal proceedings; to withdraw from the actions that it may attempt and from *Amparo* Proceedings (Constitutional Appeals); to compromise, to compromise in arbitration; to articulate and absolve positions; to challenge judges; to receive payments and execute all other acts expressly determined by law, without being understood as conferred the power to transfer assets, including the representation of the company before all kinds of authorities and labor, civil, criminal and administrative courts and before the Ministry of Foreign Affairs, to enter into agreements with the Federal Government in the terms of sections I and IV of Article 27 of the Constitution, its Organic Law and the corresponding Regulations.

b) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION IN LABOR MATTERS, to represent the Company with the scope referred to in the second paragraph of Article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District, in common matters and for the entire Republic and in Federal Matters, as well as its relatives in each and every one of the States of the Mexican Republic, to appear before the Labor Authorities, in accordance with Article 523 (five hundred and twenty-three) of the Federal Labor Law, to represent the Company in the labor area before the aforementioned labor authorities and especially before the Local or Federal Conciliation or Conciliation and Arbitration Boards, with express authorization so that under the terms of the provisions of Articles 11 (eleven), 692 (six hundred ninety-two), Fraction two (Roman), 835 (eight hundred seventy-five) and 876 (eight hundred seventy-six) of the Federal Labor Law, intervene conciliatorily in the cases, conflicts or lawsuits filed against the Company, with decision-making powers that bind the Company and therefore enter into agreements, ratify and comply with them or authorize third parties to ratify and comply with them.



5.3.6. To Messrs. PEDRO PORTILLA WHITE, JUAN JOSE RIESTRA LOPEZ and ALFONSO VILLALVA PENICHE the following powers and faculties, which may be exercised individually, except for the provisions of paragraph b), which must be exercised jointly, with the signature of two of them being sufficient:

a) SPECIAL POWER OF ATTORNEY, BUT AS BROAD AS IT MAY CORRESPOND BY LAW, TO BE EXERCISED BEFORE THE "FEDERACION MEXICANA DE FUTBOL ASOCIACION, A.C." ITS INTERNAL OR REVIEW BODIES, AS WELL AS ITS COMMISSIONS, in accordance with the second paragraph of article 2554 (two thousand five hundred and fifty-four) of the Civil Code for the Federal District and its correlatives of each and every one of the Civil Codes of the federal entities of the United Mexican States and the Federal District, so that in its name and representation it may enter into contracts, agreements, sign loan letters and all acts necessary for the purchase and sale of assets and those acts proper to the operation of the Company.

b) SPECIAL POWER OF ATTORNEY, BUT AS EXTENSIVE AS RIGHTFULLY APPROPRIATE TO BE EXERCITED BEFORE THE "FEDERACION MEXICANA DE FUTBOL ASOCIACION, A.C.", ITS INTERNAL OR REVIEW BODIES, AS WELL AS ITS COMMISSIONS, specifically to sign the ballots of the operations of temporary and/or definitive transfer of players at national and international level.

### RESOLUTION SIX

## 6. Appointment of Special Delegates.

6.1. "It is hereby resolved to appoint any of Messrs. Manyra Hernández Sabag, Francisco Javier Román Nogueira, Yndira Cárdenas León, Rafael Rodriguez Sánchez, Norma Elvira Urzúa Villaseñor and Verónica Valentina Mon Ordoñez as special delegates of the resolutions adopted in the present act so that, indistinctly any of them, individually or jointly, as necessary or convenient, in the name and on behalf of the Company, may go before a notary public of their choice to obtain the notarization of all or part of the resolutions adopted in the present act, and if necessary obtain the registration of the respective testimony in the Public Registry of Commerce of the Company's registered office and carry out any other acts tending to formalize the resolutions adopted in these Resolutions by the Shareholders."



| | |
|---|---|
| **TV Azteca, S.A.B. de C.V.** | **Inversora Mexicana de Producción, S.A. de C.V.** |
| By: [Illegible Signature] By: [Illegible Signature] By: [Illegible Signature] By: [Illegible Signature]<br>Name: Rafael Rodriguez Sánchez<br>Position: Legal Representative | By: [Illegible Signature] By: [Illegible Signature] By: [Illegible Signature] By: [Illegible Signature]<br>Name: Rafael Rodriguez Sánchez<br>Position: Legal Representative |

With the participation of:
**Orlegi Sports & Entertainment, S.A. P.I de C.V.**

By: [Illegible Signature] By: [Illegible Signature] By: [Illegible Signature] By: [Illegible Signature]
Name: Alfonso Villalva Peniche
Position: Legal Representative



THE UNDERSIGNED, CERTIFIED TRANSLATOR IN ENGLISH AND SPANISH AUTHORIZED BY THE SUPERIOR COURT OF JUSTICE OF MEXICO CITY, ACCORDING TO DECREE 16-44/2020, ISSUED BY THE JUDICIARY COUNCIL OF MEXICO CITY IN SESSION OF DECEMBER 1, 2020 AND PUBLISHED IN THE JUDICIAL GAZETTE OF MARCH 9, 2021, HEREBY CERTIFY THAT THIS IS A TRUTHFUL AND ACCURATE TRANSLATION TO ENGLISH FROM ITS ORIGINAL IN SPANISH, WHICH IS FORMED BY 14 PAGES ON THE OBVERSE.

MEXICO CITY, SEPTEMBER 23, 2022

BERNARDO LUNA LUCIO