UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024,<br><br>       Plaintiff,<br><br> -vs.-<br><br>TV Azteca, S.A.B. de C.V.; Administradora Grupo TVA, S.A. de C.V.; Alta Empresa, S.A. de C.V.; Asesoría Especializada En Aviación, S.A. de C.V.; Atlético Morelia, S.A. de C.V.; Azteca Conecta Producciones, S.A. de C.V.; Azteca Novelas, S.A.P.I. de C.V.; Azteca Records, S.A. de C.V.; Azteca Telecasting, S. de R.L. de C.V.; Azteca Web, S.A. de C.V.; Club De Futbol Rojinegros, S.A. de C.V.; Comerciacom, S.A. de C.V.; Estudios Azteca, S.A. de C.V.; Finbor México, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Grupo TV Azteca, S.A. de C.V.; Inversora Mexicana De Producción, S.A. de C.V.; Operadora Mexicana De Televisión, S.A. de C.V.; Organización De Torneos y Eventos Deportivos, S.A. de C.V.; Producciones Azteca Digital, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora De Televisión Regional De Tv Azteca, S.A. de C.V.; Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Promotora de Futbol Morelia, S.A. de C.V.; Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V.; S.C.I. de México, S.A. de C.V.; Servicios Aéreos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V.; Televisión Azteca, S.A. de C.V.; TV Azteca Comercializadora, S.A. de C.V.; Corporación de Asesoría Técnica y de Producción, S.A. de C.V.; Comercializadora De Publicidad Azteca, S.A. de C.V.; Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectáculos y Atracciones, S.A. de C.V.; Red Azteca | No. 22-cv-08164-PGG |

Internacional, S.A. de C.V.; Servicios Foráneos de Administración, S.A. de C.V.; Servicios Locales De Producción, S.A. de C.V.; Agencia Azteca, Inc.; Azteca America TV Spot Sales; Azteca International Corporation; Azteca Stations, LLC; Stations Group, LLC; SCTV, Inc.; Kaza Azteca America Inc.; Southern California TV LLC; Fundacion Azteca America, LLC; TV Azteca Honduras, S.A. de C.V.; Comercializadora de Televisión de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A.; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Perú, S.A.C.; Redes Opticas, S.A.C.; and Televisora del Valle de México, S.A. de C.V.,

Defendants.

**Memorandum of Law in Further Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendants' Motion to Compel Plaintiff to File a Complaint**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1
ARGUMENT .................................................................................................................................. 3
     I.     The Court Should Construe Plaintiff's Removed CPLR § 3213 Action as a Motion for Summary Judgment under the Federal Rules ........................................ 3
     II.    Plaintiff's Motion was Properly Brought Under CPLR § 3213 ............................... 8
     III.   Defendants' Asserted Bases to Move to Dismiss Do Not Preclude Summary Judgment ................................................................................................ 11
CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Cases**

*Beaufort Cap. Partners LLC v. Oxysure Sys., Inc.*,
    2017 WL 913791 (S.D.N.Y. Mar. 7, 2017) ...............................................................................4

*Boland v. Indah Kiat Fin. (IV) Mauritius*,
    291 A.D.2d 342 (1st Dep't 2002) .......................................................................................9, 10

*Bonds Fin., Inc.* v. *Kestrel Tech., LLC*
    48 A.D.3d 230 (1st Dep't 2008) ............................................................................................10

*Cimontubo - Tubagens E Soldadura, LDA v. Petroleos De Venez., S.A.*,
    2021 WL 827133 (S.D.N.Y. Mar. 4, 2021) ............................................................................10

*Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*,
    163 F.3d 149 (2d Cir. 1998) .................................................................................................6, 7

*Cortlandt St. Recovery Corp. v. Hellas Telecomm's, S.à.r.l.*,
    47 Misc. 3d 544 (N.Y. Sup. Ct. 2014) .....................................................................................9

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006)......................................................................................................3

*Elite Med. Supply of New York, LLC v. State Farm Mut. Ins. Co.*,
    2014 WL 823439 (W.D.N.Y. March 3, 2014) ........................................................................7

*Frankel v. ICD Holdings S.A.*,
    930 F. Supp. 54 (S.D.N.Y. 1996) ............................................................................................7

*Gallagher v. Kazmierczuk*,
    245 A.D.2d 418 (2d Dep't 1997) ............................................................................................8

*Gregorio v. Gregorio*,
    234 A.D.2d 512 (2d Dep't 1996) ..........................................................................................10

*Hack v. Stang*,
    2014 WL 4652596 (S.D.N.Y. Sept. 18, 2014) ........................................................................5

*Inner City Telecomm. Network, Inc. v. Sheridan Broad. Corp.*,
    2010 WL 2835559 (S.D.N.Y. July 13, 2010) .........................................................................5

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020).................................................................................................4, 6

*Liana Carrier Ltd. v. Pure Biofuels Corp.*,
    2015 WL 10793422 (S.D.N.Y. Aug. 14, 2015) ......................................................................6

*Manufacturers Hanover Tr. Co. v. Green*,
    95 A.D.2d 737 (1st Dep't 1983) ......................................................................................9

*Manufacturers Hanover Tr. Co. v. Hixon*
    124 A.D.2d 488 (1st Dep't 1986) ..................................................................................10

*Order Granting Motion for Summary Judgment in Lieu of Complaint, AQR
    Opportunistic Premium Offshore Fund, L.P. v. Assured Pharmacy, Inc.*,
    No. 13 Civ. 06663 (PGG) (FM), (S.D.N.Y. Sept. 17, 2014), ECF No. 17 ..........................5, 6

*O'Sullivan v. AMN Servs., Inc.*,
    2012 WL 2912061 (N.D. Cal. July 16, 2012) ................................................................7

*PDL Biopharma, Inc. v. Wohlstadter*
    147 A.D.3d 494 (1st Dep't 2017) ....................................................................................9

*Sirius Am. Ins. Co. v. SCPIE Indem. Co.*,
    461 F. Supp. 2d 155 (S.D.N.Y. 2006).............................................................................7

*Sun Forest Corp. v. Shvili*,
    152 F. Supp. 2d 367 (S.D.N.Y. 2001).............................................................................4

*Tabatznik v. Turner*,
    2016 WL 1267792 (S.D.N.Y. Mar. 30, 2016) ................................................................4

*UBS AG, London Branch v. Greka Integrated, Inc.*,
    2022 WL 2297904 (2d Cir. June 27, 2022) ................................................................4, 6

*UBS Com. Mortg. Tr. 2007-FL1 v. Garrison Special Opportunities Fund L.P.*,
    33 Misc. 3d 1204(A), 938 N.Y.S.2d 230 (Sup. Ct. 2011) ...........................................9, 10

*Valley Nat. Bank v. Oxygen Unlimited, LLC*,
    2010 WL 5422508 (S.D.N.Y. Dec. 23, 2010) ................................................................4

**Rules and Statutes**

Fed. R. Civ. P. 12 ...................................................................................................................7, 11

Fed. R. Civ. P. 41.........................................................................................................................11

Fed. R. Civ. P. 56............................................................................................................... *passim*

Fed. R. Civ. P. 81..........................................................................................................................4

NY CPLR § 3213................................................................................................................ *passim*

**PRELIMINARY STATEMENT**

Defendants' scattershot motion ignores the fundamental facts of this case and the overwhelming case law.  TV Azteca agreed to pay the holder of the Global Note biannual interest payments.[1]  The Guarantors guaranteed all of TV Azteca's obligations under the Global Note in the Indenture.  TV Azteca failed to make three interest payments (and now four).  Plaintiff accelerated the Global Note, as provided in the Indenture, resulting in all principal, premium, and accrued and unpaid interest becoming immediately due.  Plaintiff filed a motion for summary judgment in lieu of complaint under Section 3213 of the New York Civil Practice Law & Rules ("CPLR") in New York State court as a result of Defendants' failure to pay the interest payments as required by the Global Note.  Now that Defendants have removed the action to federal court, Plaintiff's motion for summary judgment in lieu of complaint has been transformed into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  All of these facts are beyond dispute, and thus Plaintiff is entitled to a judgment against Defendants for the principal, premium, and accrued and unpaid interest due under the Global Note.

Defendants refuse to acknowledge these undisputed facts[2] and instead attempt to delay the inevitable, claiming that, before the Court can address the merits of the case, Plaintiff must file a complaint.  This is wrong as a matter of law and its only benefit would be to allow Defendants to impede and obstruct the timely resolution of this case.  Defendants' arguments should be denied.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Plaintiff's *Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint*, ECF No. 1.

[2] To the extent Defendants claim that certain named Defendants who signed the Indenture should be removed because they have been released, Plaintiff agrees and will be filing a motion to remove those specific Defendants from the case.

First, Defendants make a novel argument—belied by case law, including by this Court—that Plaintiff must start this proceeding anew and file a complaint. There is simply no support for this argument. It is well established in this circuit that when an action is removed to federal court, including an action under CPLR § 3213, it arrives in federal court in the same procedural posture it occupied in state court. The Second Circuit, courts in the Southern District of New York (the "Southern District"), and this very Court, have expressly held that an action brought under CPLR § 3213 in state court is converted to a motion for summary judgment under the Federal Rules. There is no basis here for the Court to utilize its discretion to hold otherwise. Requiring Plaintiff to refile its action as a complaint would waste judicial resources with no appreciable benefit to Defendants except delay. Defendants are not prejudiced by Plaintiff's summary judgment motion and retain the ability to make any arguments that they wish in opposition to the motion.

Second, Plaintiff's original motion for summary judgment in lieu of complaint under CPLR § 3213 was appropriate. TV Azteca was contractually obligated under the Global Note, which incorporates the Indenture, to pay interest payments on the specified dates, and failed to do so. Each missed interest payment is an "Event of Default," resulting in the Global Note being accelerated and the entire principal amount and the applicable premium thereunder becoming now due and owing. As such, Plaintiff's action is clearly "based upon an instrument for the payment of money only"—the Global Note—and does not require extrinsic evidence, conforming to the requirements of CPLR § 3213.

Finally, Defendants' claim that this case must be refiled so that they can file a motion to dismiss rings hollow. To the extent that Defendants wish to argue that any claims should be dismissed as a matter of law, they are free to do so in an opposition to Plaintiff's motion for summary judgment or their own cross motion to dismiss. There is simply no need to engage in a

wasteful and burdensome exercise to provide Defendants with the same opportunities they possess now.

The Court should not entertain Defendants' delay tactics and should deny Defendants' motion to compel and grant Plaintiff's motion for summary judgment in its entirety.[3]

## ARGUMENT

### I. The Court Should Construe Plaintiff's Removed CPLR § 3213 Action as a Motion for Summary Judgment under the Federal Rules

Defendants' novel argument that a federal court hearing a case under diversity jurisdiction that was originally brought as a motion for summary judgment in lieu of complaint under CPLR § 3213 must require a plaintiff to refile their action with a complaint has no support in case law or judicial economy.  Defendants' argument not only vitiates the principle that federal courts take removed actions in the posture they had in the state court, but is also contrary to Second Circuit precedent, the precedent of other courts in this District, and even prior decisions by *this very Court*. The Court should deny Defendants' motion.

There is no dispute that in federal court, the Federal Rules apply.  It is equally well-settled that "[r]emoved proceedings arrive in federal court in the procedural posture they had in state court."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006).  As such, Plaintiff's

---

[3] Defendants confusingly style their pleading as a "Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment in Lieu of Complaint and in Support of Defendants' Motion to Compel Plaintiff to File a Complaint."  Defendants' papers appear though to only request that Plaintiff be forced to file a complaint and Plaintiff has responded to that meritless argument.  However, to the extent the Court does consider Defendants' motion as a response to the merits of the Plaintiff's Motion for Summary Judgment, it is insufficient and the Court should grant judgment in favor of Plaintiff.

3

motion for summary judgment in lieu of complaint under CPLR § 3213 is converted to a motion for summary judgment under Rule 56 upon removal.[4]

Defendants' arguments ignore the vast amount of case law in the Second Circuit, and the Southern District in particular, holding that a motion for summary judgment in lieu of complaint under CPLR § 3213 is converted to a motion for summary judgment. *See UBS AG, London Branch v. Greka Integrated, Inc.*, 2022 WL 2297904, at *2 (2d Cir. June 27, 2022) ("upon removal, the CPLR 3213 motion for summary judgment in lieu of complaint was converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure"); *Beaufort Cap. Partners LLC v. Oxysure Sys., Inc.*, 16-CV-5176 (JPO), 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017) (same); *Tabatznik v. Turner*, 2016 WL 1267792, at *4 n.2 (S.D.N.Y. Mar. 30, 2016) (same); *Valley Nat. Bank v. Oxygen Unlimited, LLC*, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010) (same). It is telling that in a footnote, Defendants identify—with an "e.g." cite no less—eight cases in the Southern District alone where courts have converted CPLR § 3213 motions to summary judgment motions. The sole distinction is that they pre-date *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020), which Defendants allege changed the law in the Second Circuit. As addressed in more detail below, it did not and these cases remain good law.

Consistent with the "well-established" principle that a district court takes removed actions "in the posture in which it existed when it is removed," no court in this district has required CPLR § 3213 actions to be restarted upon removal. *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) ("[Plaintiff] is not required to file a complaint before obtaining expedited consideration of its summary judgment motion."); *see also Inner City Telecomm. Network, Inc. v.*

---

[4] Nor is there any need to re-notice the motion. *See* Fed. R. Civ. P. 81(c) ("After removal, repleading is unnecessary unless the court orders it.")

*Sheridan Broad. Corp.*, 2010 WL 2835559, at *2 (S.D.N.Y. July 13, 2010) (exercising discretion to treat the moving paper as the complaint on removal); *Hack v. Stang*, 2014 WL 4652596, at *1 (S.D.N.Y. Sept. 18, 2014) (same).

Further, and as Defendants acknowledge, *this very Court* has treated a removed CPLR § 3213 motion as a motion for summary judgment under Rule 56. *See Order Granting Motion for Summary Judgment in Lieu of Complaint*, *AQR Opportunistic Premium Offshore Fund, L.P. v. Assured Pharmacy, Inc.*, No. 13 Civ. 06663 (PGG) (FM), (S.D.N.Y. Sept. 17, 2014), ECF No. 17. The present case bears a marked resemblance to *AQR*. There, as here, plaintiffs brought a motion for summary judgment in lieu of complaint under CPLR § 3213 seeking to recover principal and interest due pursuant to debentures. *Id.* at 1. The defendants then removed the action to federal court under diversity jurisdiction. *Id.* This Court held that it is "well established that the district court takes the removed action in the posture in which it existed when it is removed" and must "give effect to all actions and procedures accomplished in the state court prior to removal." *Id.* at 3 (citations omitted). The Court then granted plaintiffs' motion for summary judgment. *Id.* at 4, 10.

Defendants' attempts to distinguish *AQR* fail. First, it is irrelevant that the defendants in *AQR* "did not raise an objection based on the Federal Rules, did not argue that the filing of a complaint was mandatory, and did not seek to file a motion to dismiss." Def. Br. at 9. There is no merit to any of these claims, and it can hardly be surprising that the *AQR* defendants did not raise meritless arguments. Further, there is nothing to indicate that this Court did not consider those issues when it determined that summary judgment in lieu of complaint was appropriate. Next, Defendants' argument that *AQR*, as well as multiple other cases, are no longer good law after *La Liberte*—which allegedly "clarified the law of this Circuit"—is baseless. *Id*. *La Liberte* has no

5

bearing on this case and, notably, pre-dates *UBS*, where the Second Circuit allowed a motion originally brought under CPLR § 3213 to operate as a summary judgment motion under Rule 56.[5] In *La Liberte*, the Second Circuit held that California's anti-SLAPP statute could not be applied in federal court because that statute "*conflicts*" with Rule 56 since the state statute required the "plaintiff to prove that it is likely and not merely possible, that a reasonable jury would find in his favor." 966 F.3d at 87 (citations omitted). *There is no such conflict here*—the summary judgment motion in lieu of complaint simply converts to a summary judgment motion under Rule 56, with the same burden as any other summary judgment motion. Finally, Defendants argue that in *AQR*, unlike here, the plaintiff appropriately utilized CPLR § 3213. Def. Br. at 9. This is simply incorrect and, as described in more detail below, Plaintiff's CPLR § 3213 motion is appropriate as it alleges that Defendants failed to pay mandated payments under the Global Note and related Indenture, leading to acceleration of that debt under the Indenture.

Nor is there any need for the Court to exercise its discretion to require Plaintiff to refile its motion for summary judgment motion in lieu of complaint. *See Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 151 (2d Cir. 1998). As addressed above, in the normal course, a motion for summary judgment in lieu of complaint under CPLR § 3213 is converted to a motion for summary judgment. There is nothing here to justify departure from that well-trodden path. Most importantly, Defendants will suffer no prejudice by responding to Plaintiff's summary

---

[5] Defendants' argument that *UBS* has no precedential effect as a summary order misses the mark. Courts "in the Second Circuit have often noted that unpublished opinions and Summary Orders from the Second Circuit Court of Appeals, . . . can be instructive to district courts in resolving particular disputes, and also may be seen as highly persuasive and predictive of how the Second Circuit Court of Appeals would decide an issue in the future." *Liana Carrier Ltd. v. Pure Biofuels Corp.*, 2015 WL 10793422, at *4 (S.D.N.Y. Aug. 14, 2015), *aff'd*, 672 F. App'x 85 (2d Cir. 2016).

6

judgment motion as they reserve all potential defenses and arguments. Indeed, nothing prevents Defendants from filing a motion to dismiss the motion for summary judgment as Rule 12 allows a defendant to present a "defense to a claim for relief in *any pleading*." F.R.C.P. 12(b) (emphasis added). *See, e.g.*, *Sirius Am. Ins. Co. v. SCPIE Indem. Co.*, 461 F. Supp. 2d 155, 157 (S.D.N.Y. 2006) (denying motion to dismiss filed in response to removed CPLR § 3213 motion); *Frankel v. ICD Holdings S.A.*, 930 F. Supp. 54, 67 (S.D.N.Y. 1996) (granting summary judgment in removed CPLR § 3213 action and denying cross-motion to dismiss). Nor would it benefit judicial efficiency to require Plaintiff to refile its motion, with the exact same facts, as a complaint.

The few examples that Defendants highlight where the Second Circuit vacated an entry of summary judgment are all inapposite. For example, in *Com/Tech Commc'n Techs., Inc.*, the Court vacated summary judgment solely to allow defendants to bring specific counterclaims. 163 F.3d at 151. Defendants do not allege that they plan to bring counterclaims. In *Elite Med. Supply of New York, LLC v. State Farm Mut. Ins. Co.*, the Court ordered repleading where the *plaintiff* argued that the court did not have subject matter jurisdiction over Article 78 procedures, but the court found it was obligated to exercise jurisdiction over the case. 2014 WL 823439 (W.D.N.Y. March 3, 2014). Here, the parties do not dispute subject matter jurisdiction. In *O'Sullivan v. AMN Servs., Inc.*, the Court required repleading of affirmative defenses where state notice pleading standards conflicted with federal pleading standards under *Twombly* and *Iqbal*. 2012 WL 2912061, at *8 (N.D. Cal. July 16, 2012). As noted above, there is no pleading conflict here—Plaintiff's motion is converted to a standard summary judgment motion under the Federal Rules.

The Court should follow well-established case law and allow Plaintiff's motion for summary judgment in lieu of complaint under CPLR § 3213 to be treated as a motion for summary judgment under the Federal Rules.

## II. Plaintiff's Motion was Properly Brought Under CPLR § 3213

There is no merit to Defendants' argument that Plaintiff's motion somehow fails to comply with CPLR § 3213.[6] It is undisputed that the Global Note governs this suit. Under the Global Note, TV Azteca agreed to pay biannual interest at the rate of 8.250% per annum on the principal sum of $400 million, due on dates including February 9, 2021, August 9, 2021, and February 9, 2022. The Global Note incorporates the terms of the Indenture. Qureshi Aff Ex. 1 at Section 2 (stating that the "terms of the Notes include those stated in the Indenture" and that the Notes are "subject to all such terms"). Under the Indenture, the Guarantors fully guaranteed TV Azteca's obligations under the Global Note, "whether at maturity, by acceleration, by redemption or otherwise." Qureshi Aff. Ex. 2. at Section 10.1(a). Plaintiff accelerated the Global Note pursuant to Section 6.2 of the Indenture by delivering Notices of Acceleration. *Id.* at Section 6.2 ("If an Event of Default . . . shall occur and be continuing . . . the Trustee . . . may declare the unpaid principal (and premium, if any) and accrued and unpaid interest on all the Notes to be immediately due and payable by notice in writing to the Company . . . ."). Plaintiff then brought suit for the unpaid principal and interest identified in the Global Note. This is exactly the clear-cut type of case that CPLR § 3213 was designed to accommodate. *See Gallagher v. Kazmierczuk*, 245 A.D.2d 418, 418 (2d Dep't 1997) ("summary judgment in lieu of complaint pursuant to CPLR 3213 is appropriate where, as here, the full extent of the debtor's obligation can be gleaned from the face of the note alone").

To the extent that Defendants argue that CPLR § 3213 is improper because it relies on the Indenture, such an argument is wholly specious. The need to reference an Indenture does not

---

[6] Plaintiff's Motion for Summary Judgment in Lieu of Complaint outlines these factors in more detail.

"affect the availability of CPLR 3213, because it [does] not alter the purely monetary nature of the obligation set forth in the note." *Boland v. Indah Kiat Fin. (IV) Mauritius*, 291 A.D.2d 342, 342–343 (1st Dep't 2002); *see also Manufacturers Hanover Tr. Co. v. Green*, 95 A.D.2d 737, 737 (1st Dep't 1983) ("The need to refer to the underlying promissory notes to establish the amount of liability does not affect the availability of CPLR 3213" in action on guarantees.); *Cortlandt St. Recovery Corp. v. Hellas Telecomm's, S.à.r.l.*, 47 Misc. 3d 544, 563 (N.Y. Sup. Ct. 2014) (granting summary judgment on PIK notes despite the need to reference an indenture); *UBS Com. Mortg. Tr. 2007-FL1 v. Garrison Special Opportunities Fund L.P.*, 33 Misc. 3d 1204(A), 938 N.Y.S.2d 230 (Sup. Ct. 2011) ("A provision in the instrument that refers to another document for the definition of a term may be an instrument for the payment of money only.").

Nor are these cases somehow overruled or abrogated by *PDL Biopharma, Inc. v. Wohlstadter*, which itself does not compel a different result. 147 A.D.3d 494 (1st Dep't 2017). In *PDL* the Court determined that CPLR § 3213 was inappropriate because the guaranties at issue had multiple ambiguous terms that were not defined and a provision that "if new loan documents [were] entered into, the rendered-to guaranties would no longer remain in full force and effect." *Id*. at 496. The court also noted that "there is a question as to whether the guaranties remain in effect at this time" which required review of the Amended and Restated Credit Agreement, Forbearance Agreement, and Joinder Agreement. *Id*. The Court held that "[t]his *extent* of reference to extrinsic evidence exceeds any permissible limited reference to outside sources allowable under CPLR § 3213." *Id*. (emphasis added). As such, *PDL* stands for the entirely unremarkable proposition that CPLR § 3213 does not apply when reference to multiple outside sources are needed. That is simply not the case here, where the full amount owed is identified in the Global Note.

None of the supposed "extrinsic facts" identified by Defendants are necessary and they do not preclude CPLR § 3213.  First, it is simply not the case that Plaintiff's claim regarding acceleration requires reference to extrinsic facts.  As a threshold matter, so long as the acceleration provision allows "the extent of the defendant's obligation" to be "gleaned from the face of the note," "proof of the defendant's default in payment" establishes entitlement to summary judgment. *Gregorio v. Gregorio,* 234 A.D.2d 512, 512–13 (2d Dep't 1996); *see also Cimontubo - Tubagens E Soldadura, LDA v. Petroleos De Venez., S.A.,* 2021 WL 827133, at *6 (S.D.N.Y. Mar. 4, 2021) (granting summary judgment on removed CPLR § 3213 action for unpaid interest and accelerated principal).  With regard to their specific claims, Defendants can raise those arguments in connection with any opposition to Plaintiff's summary judgment motion.  The cases Defendants cite to the contrary do not compel a different outcome.  In *Bonds Fin., Inc.* v. *Kestrel Tech., LLC,* the Court said CPLR § 3213 was inappropriate where the acceleration clause was in a separate revolving credit agreement, a far cry from the Indenture here.  48 A.D.3d 230, 231 (1st Dep't 2008).  Similarly, in *Manufacturers Hanover Tr. Co. v. Hixon*, CPLR § 3213 was improper where the note stated that reference had to be made to the mortgage to define default.  124 A.D.2d 488, 489 (1st Dep't 1986).

Second, the need to reference the Indenture to identify the Guarantors, as addressed above, does not constitute evidence outside the four corners of the instrument.  *See Boland*, 291 A.D.2d at 342–343.  To the extent Defendants argue that certain of the guarantors have subsequently been released, Plaintiff does not dispute that fact.

Finally, and again as addressed above, it is not the case that because the Redemption Premium depends upon a provision of the Indenture, CPLR § 3213 is inapplicable.  *See UBS Com. Mortg. Tr. 2007-FL1*, 938 N.Y.S.2d 230.  Indeed, whether or not Plaintiff is entitled to the

Redemption Premium can be determined by the face of the instrument in question along with simple proof of non-payment.

### III. Defendants' Asserted Bases to Move to Dismiss Do Not Preclude Summary Judgment

Finally, Defendants argue that the Court should not reach the merits of Plaintiff's motion because they should be entitled to move to dismiss under Rule 12. As discussed above, Defendants are entitled to make any argument available on a motion to dismiss in opposition to Plaintiff's motion for summary judgment or in a cross-motion. There is no need for Plaintiffs to replead a complaint for Defendants to exercise those rights. Regardless, Defendants' grounds for seeking to file a motion to dismiss this action are meritless.

First, upon review of Defendants' moving papers, Plaintiff does not contest that certain Guarantors have been released.[7] Accordingly, Plaintiff has separately moved to dismiss certain Defendant Guarantors from this action under Rule 41(a)(1)(A)(i). This development has no effect on the remaining guarantors, all of whom—as Defendants admit—signed the Indenture and as such are liable under it. *See* Qureshi Aff. Ex. 2 at Section 10.1 ("[E]ach Subsidiary Guarantor hereby fully unconditionally and irrevocably guarantees . . . the full and punctual payment . . . of

---

[7] The undisputed released guarantors are Azteca Novelas, S.A.P.I. de C.V.; Red Azteca Internacional, S.A. de C.V.; Televisión Azteca, S.A. de C.V.; TV Azteca Comercializadora, S.A. de C.V.; Comercializadora de Publicidad Azteca, S.A. de C.V.; Administradora Grupo TVA, S.A. de C.V.; Grupo TV Azteca, S.A. de C.V.; Inversora Mexicana De Producción, S.A. de C.V.; Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V.; Comerciacom, S.A. de C.V.; Estudios Azteca, S.A. de C.V.; Finbor México, S.A. de C.V.; Azteca Telecasting, S. de R.L. de C.V.; Azteca Web, S.A. de C.V; Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V.; Agencia Azteca, Inc.; Azteca America TV Spot Sales, LLC; Azteca Stations, LLC; SCTV, Inc.; Kaza Azteca America Inc.; Southern California TV LLC; Fundacion Azteca America, LLC; and Club de Futbol Rojinegros, S.A. de C.V.

11

the Obligations of the Company under the Notes and this Indenture.").[8] As such, there is no reason to require the conversion of Plaintiff's motion to a complaint.

Second, Plaintiff's argument for the Redemption Premium is not only appropriate under CPLR § 3213 but also meritorious. Resolution of that claim arises solely under the Indenture and no extrinsic evidence or additional facts are needed. The Indenture provides that acceleration results in "unpaid principal (*and premium, if any*) and accrued and unpaid interest on the Notes" becoming "immediately due and payable." Qureshi Aff. Ex. 2 § 6.2 (emphasis added). The Indenture defines no other premium besides the Redemption Premium, and the reference to a premium in the acceleration clause would therefore be rendered meaningless if it did not include the Redemption Premium. Regardless, there is no dispute that the Global Note and Indenture are the only documents that govern this aspect of Plaintiff's claim, and therefore there is no dispute of material fact mandating the denial of summary judgment.

## CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff summary judgment against the Defendants, deny Defendants' motion to compel Plaintiff to file a complaint, and grant such other and further relief as the Court deems appropriate.

---

[8] Notably, Defendants never informed Plaintiff about the various mergers and other transactions that led to the release of certain Guarantors. In fact, the last Officers' Certificate executed and delivered by TV Azteca and the Guarantors, as required by Section 3.5 of the Indenture, pursuant to which TV Azteca and the Guarantors must certify compliance with all their obligations—including whether or not any Default or Event of Default had occurred—was executed on behalf of every entity Plaintiff named in its original motion. Qureshi Aff. Ex. 2 § 3.5.

| | |
|---|---|
| New York, New York<br>Dated:  October 14, 2022 | AKIN GUMP STRAUSS HAUER & FELD LLP<br>By:     /s/ *Abid Qureshi*<br>          Michael S. Stamer<br>          David H. Botter<br>          Abid Qureshi<br>          David Giller<br>          One Bryant Park<br>          New York, NY 10036<br>          Tel:  212-872-1000<br>          Fax:  212-872-1002<br>          mstamer@akingump.com<br>          dbotter@akingump.com<br>          aqureshi@akingump.com<br>          dgiller@akingump.com<br><br>          Riker Danzig, LLP<br>          Curtis M. Plaza, Esq.<br>          Daniel A. Bloom, Esq.<br>          Headquarters Plaza, One Speedwell Avenue<br>          P.O. Box 1981<br>          Morristown, New Jersey 07960<br>          Telephone: (973) 538-0800<br>          cplaza@riker.com<br>          dabloom@riker.com<br><br>          *Counsel for Plaintiff* |