UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>TV AZTECA, S.A.B. DE C.V.; ALTA EMPRESA, S.A. DE C.V.; ASESORÍA ESPECIALIZADA EN AVIACIÓN, S.A. DE C.V.; AZTECA RECORDS, S.A. DE C.V.; AZTECA SPORTS RIGHTS LLC; EQUIPO DE FUTBOL MAZATLAN, S.A. DE C.V.; GANADOR AZTECA, S.A.P.I. DE C.V.; MAZATLAN PROMOTORA DE FUTBOL, S.A. DE C.V.; OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.; PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.; PRODUCCIONES DOPAMINA, S.A. DE C.V.; PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.; PRODUCTORA DE TELEVISIÓN REGIONAL DE TV AZTECA, S.A. DE C.V.; PROMOTORA DE FUTBOL ROJINEGROS, S.A. DE C.V.; PUBLICIDAD ESPECIALIZADA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V.; S.C.I. DE MÉXICO, S.A. DE C.V.; SERVICIOS AÉREOS NOTICIOSOS, S.A. DE C.V.; SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.; SERVICIOS Y MANTENIMIENTO DEL FUTURO EN TELEVISIÓN, S.A. DE C.V.;  CORPORACIÓN DE ASESORÍA TÉCNICA Y DE PRODUCCIÓN, S.A. DE C.V.; EDITORIAL | Case No. 1:22-cv-08164-PGG<br><br>Hon. Paul G. Gardephe<br><br>**COMPLAINT** |

| |
|---|
| MANDARINA, S.A. DE C.V.; MULTIMEDIA, ESPECTÁCULOS Y ATRACCIONES, S.A. DE C.V.; SERVICIOS FORÁNEOS DE ADMINISTRACIÓN, S.A. DE C.V.; SERVICIOS LOCALES DE PRODUCCIÓN, S.A. DE C.V.; AZTECA INTERNATIONAL CORPORATION; STATIONS GROUP LLC; TV AZTECA HONDURAS, S.A. DE C.V.; COMERCIALIZADORA DE TELEVISIÓN DE HONDURAS, S.A. DE C.V.; INCOTEL S.A.; TVA GUATEMALA S.A.; LASIMEX, S.A. DE C.V.; TV AZTECA GLOBAL, S.L.U.; AZTECA COMUNICACIONES PERÚ, S.A.C.; REDES OPTICAS, S.A.C.; TELEVISORA DEL VALLE DE MÉXICO, S.A. DE C.V., <br><br>                         Defendants. |

Plaintiff The Bank of New York Mellon ("BNY Mellon" or the "Trustee"), solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024 (the "Notes"), for its Complaint against TV Azteca, S.A.B. de C.V. ("TV Azteca"), and Alta Empresa, S.A. de C.V.; Asesoría Especializada En Aviación, S.A. de C.V.; Azteca Records, S.A. de C.V.; Azteca Sports Rights LLC; Equipo de Futbol Mazatlan, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Mazatlan Promotora de Futbol, S.A. de C.V.; Operadora Mexicana de Televisión, S.A. de C.V.; Producciones Azteca Digital, S.A. de C.V.; Producciones Dopamina, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora de Televisión Regional de TV Azteca, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V.; S.C.I. de México, S.A. de C.V.; Servicios Aéreos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V.; Corporación de Asesoría Técnica y de Producción, S.A.

2

de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectáculos y Atracciones, S.A. de C.V.; Servicios Foráneos de Administración, S.A. de C.V.; Servicios Locales de Producción, S.A. de C.V.; Azteca International Corporation; Stations Group LLC; TV Azteca Honduras, S.A. de C.V.; Comercializadora de Televisión de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A.; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Perú, S.A.C.; Redes Opticas, S.A.C.; Televisora del Valle de México, S.A. de C.V. (the "Guarantors"), alleges as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising out of Defendants' failure to pay hundreds of millions of dollars in principal and interest that they owe under the Notes.

2. TV Azteca issued $400,000,000 of the Notes and sold them to investors under an Indenture it executed with the Trustee in 2017. In that Indenture, and in the Global Note attached to the Indenture, TV Azteca unconditionally promised to make regularly scheduled interest payments to holders of the Notes. TV Azteca also unconditionally promised to pay the Notes' principal in full when the Notes matured in August 2024. And the Guarantors – all TV Azteca subsidiaries – backed up that promise with an unconditional guarantee of payment.

3. TV Azteca and the Guarantors have defaulted on their obligations. Beginning in February 2021, TV Azteca failed to make any interest payments when they came due. When the Notes matured in August 2024, TV Azteca failed to pay the Notes' principal in full. And TV Azteca's Guarantors have also failed to make good on their guarantee.

4. To remedy Defendants' defaults, the Trustee brings this suit as trustee of an express trust to recover all amounts due by TV Azteca and the Guarantors for the benefit of the holders of the Notes.

**PARTIES**

5.  BNY Mellon is a New York chartered bank with its principal place of business in New York, New York.

6.  TV Azteca is a corporation organized under the laws of the United Mexican States ("Mexico") with its principal place of business in Mexico.

7.  Alta Empresa, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

8.  Asesoría Especializada En Aviación, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

9.  Azteca Records, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

10. Azteca Sports Rights LLC, a/k/a Azteca Sport Right LLC, is a limited liability corporation organized under the laws of Delaware.  Azteca Sports Rights has three members – TV Azteca, Impulsora de Negocias Omega, S.A. de C.V., and Comunicaciones Avanzadas, S.A. de C.V. – each of which is incorporated in Mexico and maintains its principal place of business in Mexico.

11. Equipo de Futbol Mazatlan, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

12. Ganador Azteca, S.A.P.I. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

13. Mazatlan Promotora de Futbol, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

14. Operadora Mexicana de Televisión, S.A. de C.V. is a corporation organized under

the laws of Mexico with its principal place of business in Mexico.

15. Producciones Azteca Digital, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

16. Producciones Dopamina, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

17. Producciones Especializadas, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

18. Productora de Televisión Regional de TV Azteca, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

19. Promotora de Futbol Rojinegros, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

20. Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

21. S.C.I. de México, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

22. Servicios Aéreos Noticiosos, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

23. Servicios Especializados Taz, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

24. Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

25. Corporación de Asesoría Técnica y de Producción, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

26. Editorial Mandarina, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

27. Multimedia, Espectáculos y Atracciones, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

28. Servicios Foráneos de Administración, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

29. Servicios Locales de Producción, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

30. Azteca International Corporation is a Delaware corporation with its principal place of business in California.

31. Stations Group LLC is a limited liability corporation organized under the laws of Delaware. Stations Group LLC has one member – Azteca International Corporation – which is incorporated in Delaware and maintains its principal place of business in California.

32. TV Azteca Honduras, S.A. de C.V. is a corporation organized under the laws of Honduras with its principal place of business in Honduras.

33. Comercializadora de Televisión de Honduras, S.A. de C.V. is a corporation organized under the laws of Honduras with its principal place of business in Honduras.

34. Incotel S.A. is a corporation organized under the laws of Guatemala with its principal place of business in Guatemala.

35. TVA Guatemala S.A. is a corporation organized under the laws of Guatemala with its principal place of business in Guatemala.

36. Lasimex, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

37. TV Azteca Global, S.L.U. is a corporation organized under the laws of Spain with its principal place of business in Spain.

38. Azteca Comunicaciones Perú, S.A.C. is a corporation organized under the laws of Peru with its principal place of business in Peru.

39. Redes Opticas, S.A.C. is a corporation organized under the laws of Peru with its principal place of business in Peru.

40. Televisora del Valle de México, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business in Mexico.

41. All Defendants other than TV Azteca itself are subsidiaries and affiliates of TV Azteca.

## JURISDICTION AND VENUE

42. This Court has jurisdiction under 28 U.S.C. § 1332(a)(3) because this action is between citizens of different States in which citizens of foreign states are additional parties, and because the amount in controversy exceeds $75,000.

43. This Court has personal jurisdiction over TV Azteca and the Guarantors because the parties irrevocably consented and submitted to this Court's jurisdiction for any action arising out of or relating to the Notes or Indenture and agreed that any such suit may be brought in this Court. Indenture (attached as Exhibit A) § 11.7(b)(i), (iii).

44. Venue is proper because TV Azteca and the Guarantors waived, "to the fullest extent permitted by applicable law," any objection to venue in this District. Indenture, Ex. A § 11.7(b)(ii). Venue is also proper under 28 U.S.C. § 1391(f)(1) because a substantial part of the events and omissions giving rise to this claim arose in this District. Moreover, TV Azteca and the

7

Guarantors waived any defense that this Court would be an inconvenient forum for this action. Indenture, Ex. A § 11.7(b)(ii).

## FACTUAL ALLEGATIONS

**I.     The Indenture**

    **A.     TV Azteca's Obligations**

45.     The Indenture is a contract entered into as of August 9, 2017 among TV Azteca, the Guarantors, the Trustee, and The Bank of New York Mellon, London Branch, as principal paying agent.

46.     The Indenture is governed by the laws of the State of New York. Ex. A § 11.7(a).

47.     The Indenture is, and at all relevant times was, a valid, binding agreement.

48.     The Bank of New York Mellon is the Trustee under the Indenture, and has been the Trustee continuously since the date of the Indenture and the Global Note. Ex. A at 1.

49.     TV Azteca issued the Notes pursuant to the Indenture. The Notes were issued in global note form with the fully registered "Global Note," attached as Exhibit B. "The terms" of the Global Note "include those stated in the Indenture." Ex. B at 7.

50.     Under the Global Note and Indenture, TV Azteca promised to pay the principal sum of $400,000,000 on August 9, 2024 (the "Maturity Date"). TV Azteca also promised to make semi-annual interest payments on February 9 and August 9 of each year at the rate of 8.250% per annum on any outstanding and unpaid principal or interest. Global Note, Ex. B at 7, § 1.

51.     Overdue principal and interest continues to accrue interest at the same 8.25% rate without regard to any applicable grace periods. Ex. A at § 3.1(b); Ex. B at 7, § 1. TV Azteca lacks authority under the Indenture to defer or change the due date of any interest or principal payment without the consent of a majority of Holders of the Notes. *Cf.* Ex. A. at §§ 6.4, 9.2(a),

### B. The Guarantors' Obligations

52. The Guarantors "fully, unconditionally and irrevocably" guaranteed the Notes "jointly and severally with each other," guaranteeing "full and punctual payment when due" to each Noteholder and the Trustee, "whether at maturity, by acceleration, by redemption or otherwise." Indenture, Ex. A § 10.1(a).

53. As part of that guaranty, the Guarantors waived any "reduction, limitation, impairment, or termination" or any "defense of setoff, counterclaim, recoupment, or termination whatsoever or by reason of the invalidity, illegality, or unenforceability of the Guaranteed Obligations or otherwise." Indenture, Ex. A § 10.1(g). Further, the Guarantors agreed that their guaranty is one of payment, not collection, and waived any right to demand that the Trustee first look to TV Azteca or its assets for satisfaction of TV Azteca's debts before seeking payment of that amount from the Guarantors. *Id.* § 10.1(b)-(c).

54. In fact, the Guarantors agreed to be bound as primary obligors, not merely sureties, and waived any right to notice of default of TV Azteca's obligations. Indenture, Ex. A § 10.1(a), (c). As such, the Trustee would be entitled to immediately enforce TV Azteca's obligations against the Guarantors if TV Azteca defaulted, without first giving any notice or demand to the Guarantors.

55. However, Section 10.1(i) also states, that without "limitation of any other right which any Holder has at law or in equity," the Guarantors promised to pay any unpaid obligations of the company upon written demand by the Trustee. Indenture, Ex. A § 10.1(i). Such notice is

effective upon notice to TV Azteca, which, under Sections 11.1(a) and 11.1(e) of the Indenture, constitutes notice to each of the Guarantors.

### C. Remedies Upon Events of Default

56. Under the Indenture, either "default in the payment when due of the principal" owed, or "default for 30 consecutive days or more in the payment when due of interest" constitute an "Event of Default." Indenture, Ex. A § 6.1(a).

57. If an Event of Default occurs and continues, the Trustee or the holders of at least 25% in principal amount of the Notes that are outstanding may, by notice in writing to TV Azteca, accelerate the Notes and "declare the unpaid principal of (and premium, if any) and accrued and unpaid interest on all the Notes to be immediately due and payable." Indenture, Ex. A § 6.2(a).

58. In an Event of Default, the Trustee may pursue any available remedy to collect the payment of principal and interest on the Notes or to enforce the performance of any provision of the Notes or Indenture. Indenture, Ex. A, § 6.3(a). Among other remedies, the Trustee may seek judgment as trustee of an express trust against TV Azteca and the Guarantors for the "whole amount then due," including principal and interest. Indenture, Ex. A §§ 6.1(a), 6.8.

59. TV Azteca and the Guarantors further agreed to indemnify the Trustee against all losses and costs, including without limitation, reasonable attorney's fees and expenses, incurred by it without negligence, willful misconduct, or bad faith on its part in connection with its acceptance and administration of the trust and its performance of its duties under the Indenture, including the costs and expenses of enforcing this Indenture against TV Azteca and the Guarantors, as well as the cost of collecting the amounts due. Indenture, Ex. A §§ 6.8, 7.7(a)-(b), 10.1(a).

## II.     TV Azteca's Breaches of the Indenture

60.     On February 9, 2021, TV Azteca failed to make the scheduled interest payment, in whole or in part, required by the Indenture and Global Note.  Since then, TV Azteca has failed to make any scheduled interest payments, including the payments due on August 9, 2021, February 9, 2022, August 9, 2022, February 9, 2023, August 9, 2023, February 9, 2024, August 9, 2024, and February 9, 2025.

61.     TV Azteca also failed to repay the Notes' $400 million in principal, in whole or in part, when the Notes matured on August 9, 2024.

62.     The Guarantors also have not made any of the Notes' interest or principal payments that TV Azteca missed, despite their unconditional guarantee to do so.

63.     TV Azteca's (and the Guarantors') failure to make the required interest payments when due, and failure to cure that non-payment within 30 days (or, in fact, at any time thereafter), constituted an Event of Default under the Indenture.  TV Azteca's (and the Guarantors') failure to repay the Notes' principal when it became due likewise constituted an Event of Default.

64.     On at least March 22, 2021 and March 29, 2022, the Trustee sent TV Azteca additional notices of Events of Default pursuant to the Indenture based on TV Azteca's failure to make required interest payments on February 9, 2021, August 9, 2021, and February 9, 2022.  In each of those notices of default, the Trustee also made demand upon the Guarantors to pay all unpaid amounts owed by TV Azteca.

65.     On May 3, 2022, the holders of more than 25% of the aggregate principal amount of outstanding Notes issued a notice of acceleration to TV Azteca and the Trustee pursuant to and in accordance with Section 6.2 of the Indenture.  Indenture, Ex. A § 6.2(a).  The holders' Notice

of Acceleration specified that the missed interest payments were continuing Events of Default and stated that it was a "notice of acceleration" under Section 6.2 of the Indenture.

66. Three days later, the Trustee sent TV Azteca a letter further advising TV Azteca that the requisite number of holders had accelerated the Notes' principal and accrued and unpaid interest because of the ongoing Events of Default.

67. In addition to the holders' Notice of Acceleration, the Trustee issued a separate Notice of Acceleration on August 5, 2022. The Trustee's notice was sent to TV Azteca and the Guarantors in accordance with Section 6.2 of the Indenture. That notice stated that the three initial missed interest payments (February 2021, August 2021, and February 2022) were Events of Default under the Indenture and stated that it was a "notice of acceleration" within the meaning of Section 6.2 of the Indenture. Notice of Acceleration (attached as Exhibit C). TV Azteca acknowledged receipt of the August 5 Notice of Acceleration on August 9, 2022.

68. As a result of the holders' and Trustee's respective notices of acceleration, the Notes—including the unpaid interest and principal—were thus "immediately due and payable" on August 5, 2022. Indenture, Ex. A § 6.2(a).

69. The notices of acceleration and Events of Default have not been waived by a majority of holders pursuant to Sections 6.2(b) and 6.4, respectively, of the Indentures.

70. Each of the notices of acceleration and of Events of Default also constituted written demand to the Guarantors pursuant to Sections 10.1(a), 11.1(a), and 11.1(e) of the Indenture.

71. Despite the notices of acceleration, and despite the Notes' maturity date in August 2024, neither TV Azteca nor the Guarantors have made any payment with respect to the Notes since August 9, 2020.

72. Under the Global Note and Indenture, interest continues to accrue on the unpaid

12

principal and the defaulted interest at the Notes' interest rate of 8.25%.

73. As of the date of this Complaint, TV Azteca and the Guarantors now owe more than $580 million under the Notes, including principal, missed interest payments, and accrued interest on the defaulted principal and interest without regard to any applicable grace periods.

## COUNT I

### Breach of Contract

74. All foregoing paragraphs are incorporated by reference herein.

75. The Global Note and the Indenture are valid and enforceable contracts executed by TV Azteca and the Guarantors.

76. TV Azteca and the Guarantors failed to make payments due on February 9, 2021, August 9, 2021, February 9, 2022, or any time thereafter, as required by the terms of the Global Note and the Indenture.

77. Each of TV Azteca's failures to make its required interest payments, and its continuing default for 30 consecutive days after each missed payment, constituted Events of Default.

78. To date, none of TV Azteca or any of the Guarantors have cured, in whole or in part, any of the missed payments that constitute Events of Default.

79. The Notes' principal and all unpaid interest on the Notes accrued to date became immediately due and payable no later than August 5, 2022 as a result of the Events of Default caused by TV Azteca's and the Guarantors' missed (and uncured) interest payments and the holders' and Trustee's respective notices of acceleration relating to those Events of Default.

80. Under the Global Note and Indenture, TV Azteca and the Guarantors remain obligated to pay interest on accrued and unpaid principal and interest at the Notes' stated interest rate of 8.25% until those amounts due are paid or reduced to judgment.

81. In addition to the Notices of Acceleration, the Notes' principal and all unpaid interest and interest accrued to date thereon also became due when the Notes matured on August 9, 2024.

82. TV Azteca and the Guarantors have failed to pay any principal owed under the Notes and have failed to pay any missed or accrued interest since at least February 2021.

83. TV Azteca and the Guarantors therefore owe the entire principal amount of the Global Note, the missed interest payments, and accrued and unpaid interest on the missed principal and interest payments.

84. TV Azteca's and the Guarantors' failure to pay principal when due also constitute an Event of Default.

85. Under Sections 6.8, 7.7(b), and 10.1(a) of the Indenture, TV Azteca and the Guarantors are also liable to indemnify the Trustee for all costs and expenses incurred in enforcing the Indenture and TV Azteca and the Guarantors' breaches thereof, including reasonable attorney's fees and expenses and costs of collection.

## **PRAYER FOR RELIEF**

WHEREFORE the Trustee respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A. Declaring that the Global Note, which incorporates the Indenture, is an enforceable, valid, and unconditional obligation owed by TV Azteca and the Guarantors;

B. Declaring that TV Azteca and the Guarantors have breached the Global Note and

the Indenture by failing to make required principal and interest payments;

   C.  Awarding damages to the Trustee in an amount to be proven at trial;

   D.  Awarding the Trustee pre-judgment and post-judgment interest;

   E.  Awarding the Trustee its reasonable attorney's fees, expenses, and costs of collection; and

   F.  Awarding the Trustee such other and further relief as the Court deems just and equitable.

July 11, 2025

New York, New York

        Respectfully submitted.

        */s/ Justin M. Ellis*
        Justin M. Ellis
        Eric Rolston
        MOLOLAMKEN LLP
        430 Park Avenue
        New York, NY  10022
        Tel:   (212) 607-8160
        jellis@mololamken.com
        erolston@mololamken.com

        *Attorneys for The Bank of New York Mellon ("Trustee"), solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024*