# Exhibit B

THIS IS A GLOBAL NOTE WITHIN THE MEANING OF THE INDENTURE REFERRED TO HEREINAFTER.

UNLESS THIS GLOBAL NOTE IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF EUROCLEAR S.A./N.V., AS OPERATOR OF THE EUROCLEAR SYSTEM ("EUROCLEAR") OR CLEARSTREAM BANKING, SOCIÉTÉ ANONYME ("CLEARSTREAM") TO THE COMPANY OR ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE, OR PAYMENT, AND ANY GLOBAL NOTE ISSUED IS REGISTERED IN THE NAME OF THE BANK OF NEW YORK DEPOSITORY (NOMINEES) LIMITED, AS THE COMMON DEPOSITARY FOR EUROCLEAR AND CLEARSTREAM (THE "COMMON DEPOSITARY"), OR IN SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF EUROCLEAR AND CLEARSTREAM (AND ANY PAYMENT IS MADE TO THE COMMON DEPOSITARY OR TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF EUROCLEAR AND CLEARSTREAM), ANY TRANSFER, PLEDGE OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL IN AS MUCH AS THE REGISTERED OWNER HEREOF, THE COMMON DEPOSITARY, HAS AN INTEREST HEREIN.

TRANSFERS OF THIS GLOBAL NOTE SHALL BE LIMITED TO TRANSFERS IN WHOLE, BUT NOT IN PART, TO THE COMMON DEPOSITARY (OR TO A SUCCESSOR THEREOF) OR TO A NOMINEE OF EUROCLEAR AND CLEARSTREAM (OR TO A SUCCESSOR THEREOF OR SUCH SUCCESSOR'S NOMINEE).

THIS NOTE (AND THE RELATED NOTE GUARANTEES) HAVE NOT BEEN REGISTERED UNDER THE U.S. SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT") AND MAY NOT BE OFFERED, SOLD, PLEDGED OR OTHERWISE TRANSFERRED EXCEPT IN ACCORDANCE WITH THE FOLLOWING SENTENCE. BY ITS ACQUISITION HEREOF OR OF A BENEFICIAL INTEREST HEREIN, THE ACQUIRER

(1) REPRESENTS THAT IT IS NOT A U.S. PERSON (WITHIN THE MEANING OF REGULATION S UNDER THE SECURITIES ACT) AND

(2) AGREES FOR THE BENEFIT OF THE COMPANY THAT IT WILL NOT OFFER, SELL, PLEDGE OR OTHERWISE TRANSFER THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN, EXCEPT IN ACCORDANCE WITH THE SECURITIES ACT AND ANY APPLICABLE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES AND ONLY (A) TO THE COMPANY, (B) PURSUANT TO A REGISTRATION STATEMENT WHICH HAS BECOME EFFECTIVE UNDER THE SECURITIES ACT, (C) IN AN OFFSHORE TRANSACTION IN COMPLIANCE WITH RULE 904 OF REGULATION S UNDER THE SECURITIES ACT, OR (D) PURSUANT TO AN EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT PROVIDED BY RULE 144 UNDER THE SECURITIES ACT OR ANY OTHER AVAILABLE EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT.

PRIOR TO THE REGISTRATION OF ANY TRANSFER IN ACCORDANCE WITH ABOVE, THE ISSUER RESERVES THE RIGHT TO REQUIRE THE DELIVERY OF SUCH LEGAL OPINIONS, CERTIFICATIONS OR OTHER EVIDENCE AS MAY REASONABLY BE REQUIRED IN ORDER TO DETERMINE THAT THE PROPOSED TRANSFER IS BEING MADE IN COMPLIANCE WITH THE SECURITIES ACT AND APPLICABLE STATE SECURITIES LAWS. NO REPRESENTATION IS MADE AS TO THE AVAILABILITY OF ANY RULE 144 EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT.

No. 1                                        Principal Amount U.S.$400,000,000
                                             as revised by the Schedule of Increases and
                                             Decreases in Global Note attached hereto

                                                           Common Code: 166240646
                                                           ISIN: XS1662406468

      TV Azteca, S.A.B. de C.V., a publicly traded variable capital corporation (*sociedad anónima bursátil de capital variable*) organized and existing under the laws of the United Mexican States, promises to pay to The Bank of New York Depository (Nominees) Limited, or registered assigns, the principal sum of U.S.$400,000,000, as revised by the Schedule of Increases and Decreases in Global Note attached hereto, on August 9, 2024.

| | |
|---|---|
| Interest Rate: | 8.250% per annum |
| Interest Payment Dates: | August 9 and February 9, commencing on February 9, 2018 |
| Record Dates: | July 26 and January 26 |

      Reference is hereby made to the further provisions of this Note set forth on the reverse hereof, which will for all purposes have the same effect as if set forth at this place.

Additional provisions of this Note are set forth on the other side of this Note.

TV AZTECA, S.A.B. DE C.V.

By: _____
Name: Rafael Rodriguez Sanchez
Title: General Counsel and Legal Director

By: _____
Name:
Title:

TRUSTEE'S CERTIFICATE OF
AUTHENTICATION

THE BANK OF NEW YORK MELLON,
as Trustee, certifies
that this is one of
the Notes referred
to in the Indenture.

By: _____
    Authorized Signatory

Date: _____

*[Signature Page to Global Note]*

Additional provisions of this Note are set forth on the other side of this Note.

**TV AZTECA, S.A.B. DE C.V.**

By: _Esteban Jal_ (signature)
Name: Esteban Galindez Aguirre
Title: Chief Financial Officer

By: _____
Name:
Title:

TRUSTEE'S CERTIFICATE OF
AUTHENTICATION

THE BANK OF NEW YORK MELLON,
as Trustee, certifies
that this is one of
the Notes referred
to in the Indenture.

By: _____            Date: _____
    Authorized Signatory

*[Signature Page to Global Note]*

Additional provisions of this Note are set forth on the other side of this Note.

**TV AZTECA, S.A.B. DE C.V.**

By: _____
    Name:
    Title:

By: _____
    Name:
    Title:

TRUSTEE'S CERTIFICATE OF
AUTHENTICATION

THE BANK OF NEW YORK MELLON,
as Trustee, certifies
that this is one of
the Notes referred
to in the Indenture.

By: *Wanda Camacho* (signature)
    Authorized Signatory

Date: August 9, 2017

*[Signature Page to Global Note]*

## 8.250% Senior Notes Due 2024

Capitalized terms used but not defined herein shall have the meanings assigned to them in the Indenture referred to below unless otherwise indicated.

1. Interest

TV Azteca, S.A.B. de C.V., a publicly traded variable capital corporation (*sociedad anónima bursátil de capital variable*) organized and existing under the laws of the United Mexican States (and its successors and assigns under the Indenture hereinafter referred to, the "Company"), promises to pay interest on the principal amount of this Note at the rate per annum shown above.

The Company will pay interest semi-annually in arrears on each Interest Payment Date of each year commencing on February 9, 2018; *provided* that, if any such Interest Payment Date is a day which is not a Business Day, then the payment need not be made on such date, but may be made on the next succeeding Business Day with the same force and effect as if made on such Interest Payment Date, and no interest will accrue for the intervening period.

Interest on the Notes will accrue from, and include, the most recent date to which interest has been paid on the Notes or, if no interest has been paid, from and including the August 9, 2017. Interest will be computed on the basis of a 360-day year of twelve 30-day months.

The Company shall pay interest (including Post-Petition Interest in any proceeding under any Bankruptcy Law) on overdue principal and, to the extent such payments are lawful, interest on Defaulted Interest without regard to any applicable grace periods at the rate shown on this Note, as provided in the Indenture.

2. Indenture; Note Guarantees

This is one of the Notes issued under an Indenture, dated as of August 9, 2017 (as it may be amended or supplemented from time to time in accordance with the terms thereof, the "Indenture"), between the Company, the Subsidiary Guarantors and the Trustee. The terms of the Notes include those stated in the Indenture and those made part of the Indenture by reference to the TIA. The Indenture is not, and is not required to be, qualified under the applicable provisions of the TIA and does not incorporate by reference all provisions of the TIA. The Notes are subject to all such terms, and Holders are referred to the Indenture and the TIA for a statement of those terms. Each Holder by accepting a Note agrees to be bound by all of the terms and provisions of the Indenture, as amended or supplemented from time to time. To the extent permitted by applicable law, in the event of any inconsistency between the terms of this Note and the terms of the Indenture, the terms of the Indenture will control.

The Notes are general unsecured obligations of the Company. Subject to the conditions set forth in the Indenture and without the consent of the Holders, the Company may issue Additional Notes. All Notes (including all Additional Notes) will be treated as a single

class of securities under the Indenture and will vote together for all purposes. The Notes are not, and will not be, entitled to the benefit of any mandatory sinking fund.

This Note is guaranteed by the Subsidiary Guarantors, as set forth in the Indenture.

3.  Redemption; Mandatory Redemption; Discharge Prior to Redemption or Maturity

This Note is subject to optional redemption, and may be the subject of a Change of Control Offer or an Asset Sale Offer, in each case, as further described in the Indenture.

If the Company deposits with the Trustee U.S. Legal Tender and/or U.S. Government Obligations sufficient to pay the then outstanding principal of, premium, if any, and accrued interest on the Notes to redemption or Stated Maturity, the Company may in certain circumstances be discharged from the Indenture and the Notes or may be discharged from certain of its obligations under certain provisions of the Indenture..

4.  Denominations; Transfer; Exchange

The Notes are in fully registered form without coupons, and only in minimum denominations of U.S.$200,000 and integral multiples of U.S.$1,000 in excess thereof. A Holder may transfer or exchange Notes in accordance with the Indenture. The Trustee may require a Holder, among other things, to furnish appropriate endorsements or transfer documents and to pay any taxes and fees required by law or permitted by the Indenture. Pursuant to the Indenture, there are certain periods during which the Trustee will not be required to register the transfer of or exchange any Note or certain portions of a Note.

5.  Persons Deemed Owners

The registered Holder of this Note may be treated as the owner of it for all purposes.

6.  Defaults and Remedies

If an Event of Default, as defined in the Indenture, occurs and is continuing and has not been waived, the Trustee or the Holders of at least 25% in aggregate principal amount of the Notes then Outstanding may declare all the Notes to be due and payable. If a Bankruptcy Law Event of Default with respect to a Bankruptcy Party occurs and is continuing, the Notes automatically become due and payable. Holders may not enforce the Indenture or the Notes except as provided in the Indenture. The Trustee may require indemnity reasonably satisfactory to it before it enforces the Indenture or the Notes. Subject to certain limitations, Holders of a majority in principal amount of the Notes then outstanding may direct the Trustee in its exercise of remedies.

7.  Amendment and Waiver

Subject to certain exceptions, the Indenture and the Notes may be amended, and Defaults may be waived, with the consent of the Holders of a majority in principal amount of the Outstanding Notes. Without notice to or the consent of any Holder, the Company and the Trustee

may amend or supplement the Indenture or the Notes to, among other things, cure any ambiguities, defects or inconsistencies in the Indenture or this Note.

8. Authentication

This Note shall not be valid until an authorized signatory of the Trustee (or an Authenticating Agent acting on its behalf) manually signs the certificate of authentication on the other side of this Note.

9. Abbreviations

Customary abbreviations may be used in the name of a Holder or an assignee, such as TEN COM (=tenants in common), TEN ENT (=tenants by the entirety), JT TEN (=joint tenants with rights of survivorship and not as tenants in common), CUST (=custodian) and U/G/M/A (=Uniform Gift to Minors Act).

10. Common Code and ISIN

Pursuant to a recommendation promulgated by the Committee on Uniform Security Identification Procedures the Company has caused the Common Code and ISIN to be printed on the Notes and has directed the Trustee to use the Common Code and ISIN in notices of redemption as a convenience to Holders. No representation is made as to the accuracy of such numbers either as printed on the Notes or as contained in any notice of redemption and reliance may be placed only on the other identification numbers placed thereon.

11. Governing Law

This Note shall be governed by, and construed in accordance with, the laws of the State of New York.

The Company will furnish to any Holder upon written request and without charge to the Holder a copy of the Indenture which has in it the text of this Note. Requests may be made to:

> TV Azteca, S.A.B. de C.V.
> Insurgentes Sur 3579
> Col. Tlalpan la joya
> 14000, México, D.F.
> México

## ASSIGNMENT FORM

To assign this Note, fill in the form below:

(I) or (we) assign and transfer this Note to:

_____

_____

_____

_____

(Print or type assignee's name, address and zip code)

_____

(Insert assignee's Social Security or Tax I.D. Number)

and irrevocably appoint _____
as agent to transfer this Note on the books of the Company. The agent may substitute another to act for him.

Date:_____            Your Signature:_____

Sign exactly as your name appears on the other side of this Note.

Signature
Guarantee*:        _____
                   (Signature must be guaranteed)

\*       The signature(s) should be guaranteed by an eligible guarantor institution (banks, stockbrokers, savings and loan associations and credit unions with membership in an approved signature guarantee medallion program), pursuant to Exchange Act Rule 17Ad-15 (or other signature guarantor acceptable to the Trustee).

## SCHEDULE OF INCREASES OR DECREASES IN GLOBAL NOTE

The following increases or decreases in this Global Note have been made:

| Date of increase or decrease | Amount of decrease in Principal Amount of this Global Note | Amount of increase in Principal Amount of this Global Note | Principal Amount of this Global Note following such decrease or increase | Signature of authorized signatory of Trustee |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |

## OPTION OF HOLDER TO ELECT PURCHASE

If you want to elect to have this Note purchased by the Company pursuant to Section 3.12 or Section 3.8 of the Indenture, check either box:

☐ Section 3.12     ☐ Section 3.8

If you want to elect to have only part of this Note purchased by the Company pursuant to Section 3.12 or Section 3.8 of the Indenture, state the principal amount (which must be U.S.$200,000 and integral multiples of U.S.$1,000 in excess thereof) that you want to have purchased by the Company: U.S.$

Date: _____     Your Signature _____
                    (Sign exactly as your name appears on the
                    other side of the Note)

Signature
Guarantee*:         _____
                    (Signature must be guaranteed)

\*      The signature(s) should be guaranteed by an eligible guarantor institution (banks, stockbrokers, savings and loan associations and credit unions with membership in an approved signature guarantee medallion program), pursuant to Exchange Act Rule 17Ad-15 (or other signature guarantor acceptable to the Trustee).