# GT GreenbergTraurig

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

July 21, 2025

**VIA ECF**

The Honorable Paul G. Gardephe
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.,* 22-cv-8164 (PGG)

Dear Judge Gardephe:

      Pursuant to the Court's instruction on July 16, 2025 (ECF No. 84), we write on behalf of Defendants TV Azteca, S.A.B. de C.V. and certain affiliates (collectively, "Defendants") in response to correspondence, dated July 11, 2025 (ECF No. 81), from Plaintiff The Bank of New York Mellon ("Indenture Trustee"), in its capacity as Indenture Trustee. We appreciate that the Indenture Trustee finally recognized its obligation to serve an actual complaint rather than rest on inoperative state court filings. However, the case should proceed, contrary to any suggestion for special treatment, in an orderly, customary way, with Defendants' responding to the newly-filed complaint in the ordinary course followed by standard case management practices.

      While the Indenture Trustee asserts that "any remaining discovery and motion practice should take place on an expedited basis" because this case began in August 2022, the timing is wholly attributable to the Indenture Trustee's handling of the case. In September 2022, Defendants promptly moved to compel the Indenture Trustee to file a complaint in this action after its removal. But the Indenture Trustee opposed that motion, instead electing to rely on its Motion for Summary Judgment in Lieu of Complaint ("SJ in Lieu") from state court.[1] At any time while the SJ in Lieu was pending—from September 2022 onward—the Indenture Trustee could have filed a complaint, just as it recently chose to do. Now that the Indenture Trustee elected to do so after retention of new counsel, and having withdrawn the SJ in Lieu, the case should proceed in the ordinary course with Defendants filing their response followed by standard case management practices. Nothing justifies special treatment on an "expedited basis" as the Indenture Trustee suggests.

      Although the Indenture Trustee emphasizes that it has dropped its prior request for a "redemption premium," it ignores that it originally sought the "redemption premium" as part of its SJ in Lieu. The Indenture Trustee could have simplified this case by dropping its meritless request for the "redemption premium" at any time beginning in September 2022, as it has now elected to

---

[1] As recently as March 2025, the Indenture Trustee chose not to file a complaint, instead seeking leave to amend the SJ in Lieu (which the Court promptly denied). (ECF Nos. 70, 74.)

Hon. Paul G. Gardephe
July 21, 2025
Page 2

do. The Indenture Trustee's failure to do so earlier unnecessarily complicated this litigation and contributed to additional delay.

Accordingly, any delay in the progression of this case is solely attributable to the Indenture Trustee's litigation strategy. The Indenture Trustee offers no compelling reason—other than its self-created delay—to justify an expedited schedule. Regret over strategic decisions is not a valid basis for special treatment. Thus, this case should proceed in the ordinary course, consistent with the Court's standard scheduling protocols.

Given the lack of any basis for special treatment, Defendants oppose the Indenture Trustee's request for an in-person conference to set a case schedule as both premature and unnecessary. While the Indenture Trustee self-servingly characterizes the case as "straight-forward," Defendants have a very different view. As is their right, Defendants are evaluating various meritorious grounds for a motion to dismiss. In accordance with Section IV.A of Your Honor's Individual Rules of Practice, Defendants will file a letter seeking a pre-motion conference relating to any proposed motion to dismiss. Any further case management determinations should await the nature of Defendants' response.

With respect to the pending anti-suit injunction motion, again a court conference now is not warranted or necessary. The parties are engaged in ongoing litigation in Mexico, and pursuant to the Court's direction, the parties will continue to provide monthly status updates regarding that litigation as they routinely and efficiently have done without controversy. Although the Indenture Trustee omits any reference to it, the majority of the noteholders have also launched a parallel international investment arbitration against the Mexican government attacking the ongoing Mexican litigation and seeking repayment of their notes as a supposed investment in Mexico.

We are appreciative of Court's attentiveness to this matter and believe there is no reason at this stage for judicial intervention to alter the standard case management procedures being followed.

Respectfully submitted,

*/s/ Hal S. Shaftel*

Hal S. Shaftel

cc:     Counsel of Record (via ECF)