# GT GreenbergTraurig

toHal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

October 21, 2025

**VIA ECF**

The Honorable Paul G. Gardephe
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.,*
              Case No. 22-cv-8164 (PGG)

Dear Judge Gardephe:

      On behalf of Defendants TV Azteca, S.A.B. de C.V. and certain affiliates (collectively, "TV Azteca" or "Defendants"), we write pursuant to Rule IV(A) of Your Honor's Individual Rules of Practice in opposition to the request by Plaintiff The Bank of New York Mellon, as Indenture Trustee ("Plaintiff") for leave to (1) file an unfounded motion under Fed. R. Civ. P. 70(e) seeking an order holding Defendants, and a non-party affiliate, Grupo Salinas, in contempt of the Court's September 22, 2025 order (ECF No. 97) (the "Order"); and (2) conduct unspecified discovery into whether "TV Azteca's controlling shareholder, or others acting in concert" are also in contempt of the Order.

      For the reasons set forth below, Plaintiff's request, on the face of the record, should be denied outright. Following the Order, Defendants acted transparently in taking the following steps: (1) Defendants timely moved by Order to Show Cause (as a means to expedite) for reconsideration of the Order and requested a stay ("Reconsideration/Stay Motion") (ECF No. 100-103), which is pending before the Court; (2) U.S. counsel immediately conveyed the Order to Defendants in Mexico, who instructed Mexican counsel to advise the Mexican courts regarding the Order and Mexican counsel formally did so; and (3) Defendants are refraining from prosecuting the Mexican cases pending the Reconsideration/Stay Motion.[1]

      As explained in the Reconsideration/Stay Motion, formal dismissal of the Mexican litigation requires dismissal with prejudice, permanently impairing Defendants' legal rights. Defendants have acted faithfully in accordance with both the letter and the spirit of the Order by acknowledging it, seeking formal reconsideration and a stay, and ceasing affirmative activities inconsistent with the Order. There has been **<u>no</u>** refusal to recognize the Order.

      Defendants have done nothing in the Mexican litigations that violates the Order. Since the entry of the Order, Defendants have limited their activities in the Mexican litigations to compliance

---

[1] Defendants have also filed a Notice of Appeal with respect to the Order. ECF No. 114.

Hon. Paul G. Gardephe
October 21, 2025
Page 2

with court-ordered ministerial paperwork and to making one **defensive** filing in one of the amparo lawsuits **commenced by Plaintiff**. Plaintiff identifies no cognizable harm or prejudice from these actions. Instead, it relies on inaccurate assertions and unsupported rhetoric to seek unwarranted sanctions, even injecting nonparties into an unnecessary and baseless proposed contempt inquiry.

## I. Legal Standard

Although Defendants are responsibly acting in relation to the Order and by no means disregarding or disrespecting it, Plaintiff takes unwarranted advantage of the circumstances to seek civil contempt. A contempt order is "a severe sanction subject to a higher standard of proof" as a plaintiff "must prove a civil contempt with clear and convincing evidence." *Clarkson v. Goord*, 2014 WL 4290699, at *3 (S.D.N.Y. Aug. 29, 2014) (citation omitted). It is "well settled" that a contempt order is warranted only where the moving party establishes, by "clear and convincing evidence," that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Id*. Plaintiff has no basis in the record to establish these elements, and thus the proposed motion is meritless and futile.

## II. TV Azteca's Mexican Counsel Informed the Mexican Courts of the Order

The Order enjoined:

> Defendant TV Azteca and its subsidiaries, officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with Defendant TV Azteca from prosecuting the July 2022 Mexican Action and the September 2022 Mexican Action; are instructed to take all steps necessary, forthwith, to dismiss or cause to be dismissed these actions and any other actions currently pending in Mexico arising from the Indenture; and are enjoined from prosecuting any legal actions in Mexico arising from the Indenture, or commencing any new legal actions in Mexico arising from the Indenture.

ECF No. 97 at 38-39. Upon receiving and analyzing the Order, Defendants immediately began to prepare a motion for reconsideration and for a stay, and that motion was promptly filed by expedited procedure rather than through regular motion practice. ECF Nos. 100-103. As noted in the Reconsideration/Stay Motion, TV Azteca faces significant prejudice arising from the Order because, under Mexican law, dismissal of litigation likely would be with prejudice and therefore TV Azteca would permanently forfeit its rights if the motion for reconsideration (or an appeal) were successful. ECF Nos. 101-103.

Further, upon receipt of the Order, Defendants instructed Mexican counsel to inform the Ninth Civil Court and the Thirty Eighth Civil Court. On October 14, 2025, TV Azteca's Mexican counsel formally informed both courts of the Order and provided them with the original Order and

Hon. Paul G. Gardephe
October 21, 2025
Page 3

a certified Spanish translation.  See **Exhibit 1** (Spanish and English translation); **Exhibit 2** (Spanish and English translation).[2]

### III.  Plaintiff Does Not Show Non-Compliance by Clear and Convincing Evidence but Rather Relies on Inaccurate Facts

Plaintiff identifies no viable grounds to merit a motion for contempt.  Allowing Plaintiff to move for contempt would be futile, as Plaintiff would be unable to meet its burden to show that TV Azteca failed to comply with the Order, much less by clear and convincing evidence.  Instead, in trying to exploit the circumstances against Defendants, Plaintiff relies on incorrect and incomplete facts to create a false and indeed inflammatory narrative.

A. <u>The Ministerial Actions Taken by TV Azteca in the Ninth and Thirty Eighth Civil Courts Did Not Violate the Order</u>

*First*, Plaintiff alleges that "on October 1, TV Azteca filed a motion in the Thirty Eighth Civil Court seeking to continue with the processing of the letters rogatory to serve the unserved Noteholders."  ECF No. 111 at 2.  This is incorrect.  On February 12, 2025—well before the Order—the Mexican court ordered TV Azteca to submit forms of letters rogatory for service on foreign Noteholders and to provide copies of papers and translations to be served.  The court gave TV Azteca 200 business days to comply.  Contrary to Plaintiff's claim, TV Azteca did not file a motion on October 1.  Rather, it submitted the forms of letters rogatory and supporting papers to comply with that court's February 12, 2025 order.  This ministerial action was meant solely to comply with the court's directive and does not constitute "prosecuting" any legal action in Mexico.  TV Azteca will not actively prosecute that action.

While preparing the joint status letter that was filed with the Court on October 14, 2025, TV Azteca described these circumstances to Plaintiff.  Plaintiff did not ask to review either the February 12, 2025 Mexican court order, or the October 1 filing by TV Azteca in compliance with that order.  Thus, rather than responsibly investigate the facts to present an accurate record to the Court, Plaintiff decided to launch unnecessary and unjust contempt proceedings.

*Second*, Plaintiff alleges that "on October 7, Mexican counsel for the Trustee learned that, prior to that date, TV Azteca filed a request in the Ninth Civil Court for letters rogatory so that it could serve the Trustee and two Noteholders' investment managers in the United States."  ECF No. 111 at 2.  Again, this is false.  The relevant letters rogatory were initiated ***before*** entry of the Order on September 23, 2025.  As described in the parties' latest status letter (filed on October 14, 2025), on September 19, 2025—three days before this Court entered the Order—TV Azteca filed a motion in the Ninth Civil Court seeking issuance of letters rogatory to serve foreign Noteholders.  ECF No. 107.  On September 26, 2025, the Mexican court ordered TV Azteca to provide copies

---

[2] While it is our understanding that Mexican counsel informally notified these courts of the Order shortly after receiving it, U.S. counsel realized on October 13, 2025 that Mexican counsel had not yet filed formal notices, immediately instructed them to do so, and Mexican counsel then did so on October 14, 2025.

of the complaint and exhibits to be served via the letters rogatory. *Id*. On September 30, 2025, to avoid violating the Mexican court's direct order, TV Azteca submitted those forms. At most, these actions were ministerial and not intended to violate the Order. While the Mexican court granted issuance of letters rogatory on October 3, 2025, TV Azteca will not actively prosecute this action pending its motion for reconsideration (or any related appeal). ECF Nos. 100-103.

Plaintiff also became aware of these details while preparing with Defendants the joint status report on October 14. Plaintiff did not seek additional details or documentation regarding the September 19 motion, the September 26 court order, or the September 30 submission in compliance with that order. Plaintiff does not appear to be interested in investigating and accurately representing the facts, but rather on attacking Defendants as aggressively as possible.

B. The Tenth Circuit Court Amparo Proceeding Was Brought by Plaintiff, Not Defendant

Plaintiff also claims that on October 8, TV Azteca filed a motion in the Tenth Circuit Court "to intervene and recuse two of the magistrates that were assigned to hear the *amparo* review filed by the Trustee . . ." ECF No. 111 at 2. Not so. This motion, filed on October 7, is not a "motion to intervene" but rather seeks an impartiality review of the panel of judges from the Tenth Circuit Court. This motion is based on concern about bias arising from recent statements by the Mexican President attacking TV Azteca.

The Tenth Circuit Court is a second-instance Mexican federal court reviewing a judgment issued in an amparo proceeding **brought by Plaintiff**. TV Azteca has appeared in this action solely to defend its rights against Plaintiff's allegations—it is not prosecuting any claims there. Notably, even after filing its contempt letter, Plaintiff has not informed the Tenth Circuit Court of the Order. Indeed, Plaintiff has not informed this Court or Defendants whether it intends to withdraw/dismiss its amparo lawsuit (and its related review before the Tenth Circuit Court) or whether it intends to continue pursuing it.

C. Plaintiff Has Not Identified any Harm Resulting from the Purported Violations of the Order

Plaintiff's proposed motion for contempt and/or for sanctions would necessarily fail because it has not identified any harm resulting from the purported violations. Plaintiff asserts that it could obtain sanctions "to compensate the Trustee for its losses sustained because of TV Azteca's and Grupo Salinas' contempt." ECF No. 111 at 3. But Plaintiff identifies no such losses—because none exist. Thus, even if TV Azteca violated the Order (it decidedly has **not**), no sanctions are warranted.

IV. **Plaintiff's Motion for Contempt and Discovery Against Grupo Salinas is Baseless and Meant Only to Harass**

Plaintiff seeks to move for contempt against Grupo Salinas and, separately, leave for discovery "as to whether TV Azteca's controlling shareholder, or others acting in concert with the

Defendants, are also in contempt of the September 22 order." ECF No. 111 at 3. Both requests are nothing more than gamesmanship meant to harass TV Azteca's shareholders and affiliates. Given that TV Azteca has faithfully adhered to the Order, no non-party interfered with compliance.

As for Grupo Salinas, Plaintiff would by definition be unable to establish contempt by "clear and convincing evidence." Indeed, to find a "nonparty contempt under an aiding-and-abetting theory, the court must first conclude that 'the party subject to the court's mandate committed contempt.'" *Havens v. James*, 76 F.4th 103, 112 (2d Cir. 2023) (citation omitted). And the court must also conclude that "the challenged action of the nonparty was taken for the benefit of, or to assist, a party subject to the decree in violating the injunction." *Id*. (quoting *Arista Recs., LLC v. Tkach*, 122 F. Supp. 3d 32, 36 (S.D.N.Y. 2015) (internal quotation marks omitted)). Importantly, "the moving party is required to demonstrate that the nonparty had the intent to assist the enjoined party in violating the injunction." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 2025 U.S. Dist. LEXIS 158757, at *19 (S.D.N.Y. Aug. 15, 2025); *see also Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 139 (2d Cir. 2007) (distinguishing corporate party from board member for purposes of sanctions analysis); *Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991) (denying sanctions against an individual for allegedly violating a court order when the order was not directed to the individual); *White v. Uhler*, 2017 WL 923345, at *3-4 (N.D.N.Y. Mar. 8, 2017) (unnamed parties "cannot be found to have violated the terms of any order" where the "orders do not compel [unnamed] []parties…to take any action"). Here, not only does Plaintiff fail to show contempt by TV Azteca, but it also offers virtually no facts about Grupo Salinas—only that Grupo Salinas is TV Azteca's "management group" and that Grupo Salinas is "aware" of the Order. This rote speculation hardly constitutes clear and convincing evidence of contempt, and Plaintiff does not offer any facts with respect to Grupo Salinas' intent to assist TV Azteca in purportedly violating the Order.

Lastly, Plaintiff's vague request for leave to "seek discovery as to whether TV Azteca's controlling shareholder, or others acting in concert with the Defendants, are also in contempt of the September 22 order" is nothing more than a fishing expedition. It rests solely on Plaintiff's assertion that TV Azteca's controlling shareholder has been the chairman of both TV Azteca and Grupo Salinas and that "TV Azteca's controlling shareholder and a Grupo Salinas telecom affiliate" were held in contempt by another court in an unrelated action. ECF No. 111. This does not constitute a basis for discovery and is solely an attempt to harass TV Azteca and its shareholders. Plaintiff is closely following the docket of an action in New York state court filed by AT&T against unrelated entities that are connected to Grupo Salinas. In that action, the New York court found that those unrelated entities (and certain other affiliates) are in contempt. Plaintiff is simply taking advantage of the adverse rulings in that unrelated matter, to try to extrapolate them into this matter. Neither TV Azteca nor any of the Defendants are parties in that other matter, nor are the defendant entities in that matter related to facts at issue here. Plaintiff should not misuse irrelevant litigation to cast aspersions and attack Defendants in this action.

Defendants always sought to respect the Order. We appreciate the Court's attention to this matter.

Hon. Paul G. Gardephe
October 21, 2025
Page 6

                                                  Sincerely,

                                                  */s/ Hal S. Shaftel*

                                                  Hal S. Shaftel

cc:      Counsel of Record (via ECF)