

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10022
T: 212.607.8160
F: 212.607.8161
jellis@mololamken.com

November 3, 2025

<u>VIA CM/ECF</u>

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

    Re:    *The Bank of N.Y. Mellon*[1] *v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Gardephe:

    We represent the Trustee. We write to respectfully bring to the Court's attention two developments in parallel litigation that are relevant to the issues raised in the parties' prior briefing.

    *First*, the Mexican courts have vacated one of the two Mexican injunctions at issue in the Court's anti-suit injunction decision and in Defendants' pending motion for reconsideration. Dkt. 97 (decision); Dkts. 100-101 (reconsideration motion). In its decision, this Court found "vexatious," and enjoined, an action in the Thirty-Eighth Civil Court in which TV Azteca obtained an *ex parte* injunction prohibiting the payment or collection of TV Azteca's debts on the basis of the COVID-19 pandemic. Dkt. 97 at 8-10, 24-25. On October 22, the Tenth Collegiate Court issued an oral bench ruling revoking that injunction. A written decision reflecting the Tenth Collegiate Court's ruling – which the Trustee understands from Mexican counsel is final and unappealable – should be handed down shortly. In the meantime, on October 23 – despite its representation that it would "refrain[] from prosecuting" the Mexican actions, Dkt. 117 at 1 – TV Azteca filed another request to process a letter rogatory. That filing prompted the Thirty-Eighth Court to direct TV Azteca to explain its position on this Court's anti-suit injunction by no later than November 4, 2025. A declaration from the Trustee's Mexican counsel describing these developments is attached as Exhibit A.

    *Second*, in *AT&T Mobility Holdings B.V. v. Grupo Salinas Telecom, S.A. et al.*, No. 2025-02280, the Appellate Division, First Department unanimously affirmed the lower court's order directing Grupo Salinas Telecom, S.A. and Grupo Salinas Telecom II, S.A. de C.V. to turn over assets pursuant to CPLR 5225(a) and appointing a receiver pursuant to CPLR 5228(a). The defendants in *AT&T Mobility* are affiliates of Grupo Salinas and TV Azteca's controlling shareholder has served as chairman of both TV Azteca and Grupo Salinas. In its decision, the First Department held that appointing a receiver was appropriate, among other reasons, because

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes due 2024."

Hon. Paul G. Gardephe
November 3, 2025
Page 2

the defendants "had expressed their intent to thwart plaintiff's collection efforts, as reflected by their post-trial transfer of assets outside the U.S.," "the failure of defendants' employees, officers, and affiliates to respond to subpoenas, and their creation of other obstacles to prevent the receiver from performing his duties."  Slip op. at 2.  The First Department's decision is relevant to the Trustee's pending request for discovery into whether TV Azteca's affiliates and controlling shareholder participated in TV Azteca's contempt of the Court's anti-suit injunction, Dkt. 111, and to the Trustee's position on settlement, Dkt. 106 at 7.  A copy of the Appellate Division's decision is attached as Exhibit B.

      Respectfully submitted,

      */s/ Justin M. Ellis*
      Justin M. Ellis

CC:   All counsel of record (via CM/ECF)