# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TV AZTECA, S.A.B. DE C.V., et al.,<br>　　　　　　　　　Defendants. | Case No. 1:22-cv-08164-PGG<br><br>Hon. Paul G. Gardephe |

### DECLARATION OF FERNANDO DEL CASTILLO

FERNANDO DEL CASTILLO declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.　I am an attorney duly admitted to practice law in Mexico. I received my law degree from Universidad Nacional Autonoma de México in 1993. And in 2016, I obtained a Master in Corporate Law from Universidad Panamericana, Mexico.

2.　I am a founding partner of Del Castillo y Castro Abogados, a law firm headquartered in Mexico City, Mexico. I have practiced law in Mexico for over 30 years, specializing in insolvency, civil, and mercantile litigation. I am fluent in English and Spanish.

3.　I represent the Trustee in connection with lawsuits TV Azteca initiated in Mexico. All steps described below were taken solely to defend or respond to those lawsuits and related injunctions issued in Mexico.

4.　I write to supplement my Declaration submitted in this matter on October 16, 2025. Dkt. 110.

**I.  TV AZTECA'S CASE AGAINST CERTAIN NOTEHOLDERS IN THE NINTH CIVIL COURT**

5.  TV Azteca filed a complaint in the Ninth Civil Court of Mexico against certain noteholders on July 8, 2022, seeking a ruling that unpaid principal on the notes was not due and payable. On July 12, 2022, the Ninth Civil Court issued a pre-judgment ex parte injunction prohibiting the noteholders from collecting on the notes. TV Azteca subsequently obtained three ex parte extensions of the July Injunction.

6.  TV Azteca requested that The Bank of New York Mellon and the Bank of New York Mellon, London Branch be summoned as third parties to the proceeding.

7.  As of this date, neither of the defendants nor the Trustee and the Paying Agent as third parties have been served. I therefore have taken no action on behalf of the Trustee in this case and am unable to access filings in this case.

8.  On October 8, 2025, I learned through the court's official gazette that TV Azteca had filed a request for letters rogatory in this matter in order to serve the defendants. The court granted TV Azteca's request. Additional notices have continued to appear in the court's official gazette, indicating that the case continues to proceed.

**II.  TV AZTECA'S COMPLAINT AGAINST THE TRUSTEE AND CERTAIN NOTEHOLDERS IN THE SIXTY-THIRD AND THIRTY-EIGHTH CIVIL COURTS**

9.  On September 22, 2022, TV Azteca filed a complaint against the Trustee and certain noteholders in the Sixty-Third Civil Court of Mexico (today the Thirty-Eight Civil Court)[1] seeking declaratory and injunctive relief.

---

[1] By decree of the Judiciary Council of Mexico City, through general agreement 44-17-2024, it was resolved to extinguish several civil courts, among them the Sixty-Third Civil Court. As a result, the case file was transferred to the Thirty-Eighth Civil Court.

10. On September 27, 2022, the Sixty-Third Civil Court issued an ex parte injunction (the "September 2022 Injunction"), prohibiting TV Azteca from making payments on the notes and the Trustee and noteholders from collecting on the notes until the World Health Organization decrees the end of the COVID-19 pandemic.

**A. The Tenth Collegiate Court Vacates the September 2022 Injunction**

11. On March 15, 2023, the Trustee sought review of the September 2022 Injunction through an amparo proceeding, which amparo was dismissed without prejudice. On March 30, 2023, the Trustee submitted an appeal of the September 2022 Injunction. On July 8, 2024, the Third Superior Court affirmed the lower court's ruling.

12. On August 14, 2024, I sought appellate review of the Third Superior Court's decision on constitutional grounds by filing an amparo on behalf of the Trustee. The amparo Court denied relief on January 31, 2025, and on February 19, 2025, the Trustee filed a petition for review, which was processed by the Tenth Collegiate Court.

13. On October 22, 2025, in an ordinary session held by the Tenth Collegiate Court, the magistrates discussed the pending review filed by the Trustee and decided (i) that the September 2022 Injunction is illegal on its merits and (ii) that the September 2022 Injunction was illegal when initially granted. The Tenth Collegiate Court decided that the September 2022 Injunction must be revoked. The Tenth Collegiate Court will issue a written order within 10 business days from the date of its decision. After this date, the Third Superior Court will vacate the injunction within five business days.

14. Mexican law does not provide for any additional recourse by TV Azteca against the decision rendered by the Tenth Collegiate Court. Therefore, TV Azteca will not be able to appeal the written order vacating the September 2022 Injunction.

15. The Tenth Collegiate Court's decision does not immediately dismiss the case. Once the September 2022 Injunction is vacated, the Thirty-Eighth Civil Court will still consider the merits of TV Azteca's claims. Those claims raise the same issues as the injunction. The Tenth Circuit Court's resolution of those issues in its ruling will be binding on the Thirty-Eighth Civil Court.

### B. TV Azteca's Filings and Latest Orders from the Thirty-Eight Civil Court

16. On October 14, 2025, TV Azteca informed the Thirty-Eighth Civil Court of this Court's September 22, 2025 order on the anti-suit injunction. TV Azteca stated that it is currently challenging such order and declared that the U.S. order remains *sub judice* (pending motion for reconsideration) and has not become final.

17. On October 21, 2025, the Thirty-Eighth Civil Court took notice of the U.S. order without further statement.

18. On October 23, 2025, TV Azteca filed a brief informing the Thirty-Eighth Civil Court that the address of Boston Patriot Summer ST, LLC, one of the unserved defendants, had changed. Also on October 23, 2025, TV Azteca requested the processing of the letter rogatory to serve Boston Patriot Summer ST, LLC and submitted a new set of copies of the exhibits of the initial complaint and their translation into English as well as the forms required by the Hague Convention.

19. In response, on October 28, 2025, the Thirty-Eighth Civil Court directed TV Azteca to define the procedural course it intends to follow in the proceeding, given the October 14, 2025 filing, in which TV Azteca informed the Court of this Court's order on the anti-suit injunction. TV Azteca has three business days, which expire on November 4, 2025, to define the procedural

course it intends to follow, and whether, in its view, this Court's order impacts the Mexican litigation. TV Azteca is also required to declare it seeks to continue processing the letters rogatory.

20. On October 29, 2025, the Thirty-Eighth Civil Court responded to TV Azteca's request to process the letters rogatory for Boston Patriot Summer ST, LLC, by referring to the court order dated October 28, 2025, in which the Thirty-Eighth Civil Court directed TV Azteca to define the procedural course it intends to follow in the proceeding considering this Court's September 22, 2025 order on the anti-suit injunction.

21. The motions filed by TV Azteca on October 23, 2025, show that it continues to pursue the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: November 3, 2025
Mexico City, Mexico

_____
Fernando del Castillo E.