

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

November 12, 2025

<u>VIA CM/ECF</u>

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *The Bank of N.Y. Mellon[1] v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Gardephe:

      We represent the Trustee.  We write to respectfully apprise the Court of new developments relevant to the Trustee's request for leave to file a motion holding TV Azteca and its affiliates in contempt.  Dkts. 97, 111; *see* Hr'g Tr. 35:14-16.

      As discussed at the Court's November 4 conference, TV Azteca advised that it would "come up with a mechanism to dismiss [the cases in Mexico] without prejudice."  Hr'g Tr. 34:5-6.  As a result of that representation, the Court deferred setting a briefing schedule on the Trustee's contempt motion.  Hr'g Tr. 35:18-22.

      TV Azteca has not, however, sought dismissal of the cases in Mexico.  Instead, in response to the Thirty-Eighth Civil Court directing TV Azteca to explain how it plans to proceed in the Mexican litigation in light of this Court's anti-suit injunction, Dkt. 123-1 ¶19; Hr'g Tr. 28:20-25, TV Azteca informed the Thirty-Eighth Civil Court that it intends to continue "with its procedural duties" – that is, litigating – in that action.  *See* Ex. A (original); Ex. B (certified translation) at 2.  TV Azteca submitted that explanation to the Mexican Court on November 4 at 7:54 p.m. Central Time.  *See* Ex. A at 20.  In other words, despite representing to this Court on the morning of November 4 that it "has done nothing with" letters rogatory in the Mexican litigation since the anti-suit injunction was issued, Hr'g Tr. 30:23-25, and that it would "come up with a mechanism to dismiss those cases without prejudice," Hr'g Tr. 34:5-6, later that same day, TV Azteca asked the Thirty-Eighth Civil Court that letters rogatory be issued to serve a beneficial holder in the United States.  Ex. B at 2.

      Moreover, TV Azteca appears to have misled the Mexican courts about this Court's anti-suit injunction in two ways.  *First*, TV Azteca claimed to the Thirty-Eighth Civil Court that, "[w]hile it is true" that the Court issued the anti-suit injunction, TV Azteca "is challenging that decision through the legal means and remedies available to it under the laws of the State of New

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

Hon. Paul G. Gardephe
November 12, 2025
Page 2

York, United States of America; **therefore, the same is *sub judice*.**" Ex. B at 2 (emphasis in original). TV Azteca's suggestion that its appeal makes the anti-suit injunction "sub judice" and not binding is, of course, untrue. *LiButti v. United States*, 178 F.3d 114, 121 (2d Cir. 1999) (citing *Hovey v. McDonald*, 109 U.S. 150, 161 (1883)) ("[S]imply filing an appeal from the grant or denial of an injunction—absent a stay of further proceedings—does not enjoin the operative effect of the trial court's ruling from which the appeal is taken."). TV Azteca also failed to inform the Mexican courts that, earlier that day, the Court had denied its request to reconsider or stay the anti-suit injunction pending its appeal. Hr'g Tr. 15:13-16:16.

*Second*, TV Azteca informed the Thirty-Eighth Court that, on October 30, it had asked the Trustee to stipulate to stay the Mexican litigation "until a final resolution is issued with respect to (i) the motion for reconsideration currently pending under ECF No. 100; or (ii) in the event that the motion for reconsideration is denied," resolution of "the corresponding appeal." Ex. B at 2. TV Azteca also claimed that it "ha[d] not received any response" to its stay proposal. *Id.* In fact, however, the Trustee told Defendants on November 3 that a stay was inappropriate and that the Mexican cases should be dismissed. Ex. C at 4 (email exchange); Hr'g Tr. 35:18-24. TV Azteca's statement to the Thirty-Eighth Court is also inconsistent with its representation to this Court that it would "dismiss those cases without prejudice." Hr'g Tr. 34:5-6.

These developments show that TV Azteca continues to violate the Court's anti-suit injunction, and may be misleading the Mexican courts about that injunction to gain a tactical advantage over the Trustee.[2] Meanwhile, even though the Court denied a stay of its injunction on November 4, TV Azteca has not sought a stay from the Second Circuit.

The Trustee has, to no avail, attempted to work with TV Azteca to obtain its compliance with this Court's September 22, 2025 order, including by noting a willingness to stipulate to dismiss the actions in Mexico without prejudice. Hr'g Tr. 35:5-8.

TV Azteca's actions make it necessary once again to pursue the Trustee's request to hold TV Azteca and its management company in contempt and to seek discovery as to whether others acting in concert with TV Azteca are also violating the Court's orders. The Trustee thus respectfully requests that the Court set an expedited briefing schedule on the Trustee's contempt motion, as previously requested in the Trustee's letter dated October 16, 2025. Dkt. 111.

> Respectfully submitted,
>
> */s/ Justin M. Ellis*
> Justin M. Ellis

---

[2] Because the Trustee has not been served in the Ninth Civil Court case, it has no way of knowing what statements TV Azteca has made to the Ninth Court regarding the injunction.