# EXHIBIT A

**T.V. AZTECA SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE**

**VS**

**CYRUS 1740 MASTER FUND, L.P.; CANARY SC MASTER FUND, L.P.; CYRUS OPPORTUNITIES MASTER FUND II, LTD; CRESCENT 1, L.P.; CRS MASTER FUND, L.P.; CYRUS SELECT OPPORTUNITIES MASTER FUND, LTD; CYRUS SELECT OPPORTUNITIES MASTER FUND II, L.P.; PC INVESTORS III, LLC; PETERSON CAPITAL INVESTORS, LLC Y OTROS**

**JUICIO:** ORDINARIO MERCANTIL
**EXPEDIENTE:** 203/2025

**SE DESAHOGA PREVENCIÓN ORDENADA MEDIANTE AUTO DE 28 DE OCTUBRE DE 2025**

**C. JUEZ TRIGÉSIMO OCTAVO DE LO CIVIL DE PROCESO ESCRITO EN LA CIUDAD DE MÉXICO, PRESENTE.**

**BRUNO GASTÉLUM GLENDER**, en mi calidad de mandatario judicial de la actora **TV AZTECA S.A.B. DE C.V.** (en adelante, "**TVA**" y/o mi "**Representada**"), personalidad que tengo debidamente acreditada en el juicio en que se actúa, ante Usted, con el debido respeto comparezco y expongo:

Por medio del presente escrito, visto el contenido del auto de fecha 28 de octubre de 2025, mediante el cual se previno a mi **Representada** <u>para el efecto de que defina la conducta procesal que asumirá en el procedimiento</u>, tomando en consideración lo manifestado por diversa promoción de 14 de octubre del presente año en la cual se exhibió y se informó sobre la resolución de fecha 22 de septiembre de 2025, emitida por el C. Paul G. Gardephe, Juez de Distrito de los Estados Unidos, del Distrito Sur de Nueva York, Estados Unidos de América (en adelante, la "**Corte Extranjera**"); se manifiesta lo siguiente:

**I.** Si bien es cierto que mediante promoción de fecha 14 de octubre de 2025, **TVA** informó a este Juzgado sobre la resolución de 22 de septiembre de 2025, emitida por la **Corte Extranjera**, mediante la cual se ordena a **TVA** no continuar con la tramitación de los juicios relacionados con el contrato base de la acción; también es cierto que en dicha promoción mi **Representada** señaló que se encuentra combatiendo dicha resolución conforme a los medios y recursos legales que tiene a su disposición de acuerdo con las leyes del estado de Nueva York, Estados Unidos de América; **por lo que, la misma se encuentra *sub júdice*.**

**II.** Asimismo, se hace del conocimiento de su Señoría, que aunado a que la resolución de 22 de septiembre de 2025 se encuentra *sub júdice*, derivado de las declaraciones del **C. Fernando del Castillo Elorza** (representante legal de las

demandadas **The Bank of New YorK Mellon** y **The Bank of New York Mellon London Branch** en el presente juicio) ante la **Corte Extranjera** en los párrafos 34 y 35 de su más reciente declaración, en la cual manifestó que con el consentimiento de sus representadas **TVA** podría suspender su litigio en México sin extinguir ningún derecho sustantivo; con fecha **30 de octubre de 2025**, <u>mi **Representada** envió por correo electrónico una propuesta de convención mercantil preferente para la suspensión del procedimiento</u>.

En dicho procedimiento mercantil preferente con fundamento en los artículos 1051 y 1052 del Código de Comercio, mi **Representada** propone que se convenga de mutuo acuerdo la suspensión del presente procedimiento, la suspensión de términos judiciales, así como de plazos señalados en el Código de Comercio, en el Código Federal de Procedimientos Civiles, en el Código Nacional de Procedimientos Civiles o cualquier otro de aplicación supletoria, incluyendo el plazo para la caducidad de la instancia hasta en tanto no exista resolución definitiva respecto de **(i)** la moción de reconsideración actualmente pendiente bajo el ECF No. 100; o **(ii)** en caso de que la moción de reconsideración sea negada, la apelación respectiva, en el juicio tramitado por The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V. et al ante el Juez de Distrito del Sur de Nueva York bajo el expediente número 22-cv-08164 (PGG) en los Estados Unidos de Norteamérica, sea debidamente notificada a este Juzgado, o que de común acuerdo lo manifiesten así la partes a su Señoría.

No obstante, a la fecha de presentación de este escrito mi **Representada** no ha recibido una respuesta por parte de las demandadas para suscribir la convención mercantil preferente del procedimiento de mérito.

Con el objeto de acreditar lo anterior, se adjunta al presente escrito como **ANEXO 1** la declaración del **C. Fernando del Castillo Elorza** ante la **Corte Extranjera** en su idioma original, con su correspondiente traducción al español como **ANEXO 2**, y copia del correo electrónico enviado por **TVA** a los representantes legales de **The Bank of New York Mellon** en su en su idioma original como **ANEXO 3**, con su correspondiente traducción al español como **ANEXO 4.**

Consecuentemente, hasta en tanto no exista una resolución firme y debidamente notificada a este Juzgado, o, las partes lleguen a un convenio en cuanto a la suspensión del presente procedimiento, **<u>TVA tiene la obligación de continuar con sus cargas procesales</u>**.

**III.** En virtud de lo anterior, se solicita se acuerden de conformidad las promociones de 22 y 23 de octubre de 2025 y: **(i)** se tenga por señalado el cambio de domicilio de la moral **BOSTON PATRIOT SUMMER ST. LLC.**; **(ii)** se tengan por presentadas las copias de traslado a efecto de que ésta sea emplazada; **(iii)** se ordene

girar atenta carta rogatoria a la autoridad central "**PROCESS FORWARDING INTERNATIONAL (ABS Legal)**" en la que se encuentra la demandada, a efecto de que en auxilio de las labores del juzgado se sirva realizar la notificación respectiva; y **(iii)** se ordene que dichos documentos deberán ser dirigidos a la Dirección General de Asuntos Jurídicos de la Secretaría de Relaciones Exteriores con el objeto de que dicha autoridad diligencie el emplazamiento de la moral en E.U.A.

Por lo expuesto y fundado,

**A USTED C. JUEZ**, atentamente pido se sirva:

**PRIMERO.**    Tenerme en los términos del presente escrito y con la personalidad que me ostento, desahogando la prevención ordenada mediante auto de 28 de octubre de 2025.

**SEGUNDO.**   Acordar de conformidad las promociones presentadas por **TV AZTECA S.A.B. DE C.V.** los días 22 y 23 de octubre de 2025.

**PROTESTO LO NECESARIO**
Ciudad de México, a cuatro de noviembre de dos mil veinticinco.

*(Firmado electrónicamente)*

_____
**BRUNO GASTÉLUM GLENDER**
en representación de
**T.V. AZTECA, S.A.B. DE C.V.**

BRUNO GASTELUM GLENDER   24 02 27 10:18:08
3030030031303003003005333030031573832

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

THE BANK OF NEW YORK MELLON,
SOLELY IN ITS CAPACITY AS TRUSTEE
FOR THE TV AZTECA, S.A.B. DE C.V. 8.25%
SENIOR NOTES DUE 2024,

        Plaintiff,

        v.

TV AZTECA, S.A.B. DE C.V., et al.,

        Defendants.

Case No. 1:22-cv-08164-PGG

Hon. Paul G. Gardephe

### <u>DECLARATION OF FERNANDO DEL CASTILLO</u>

FERNANDO DEL CASTILLO declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am an attorney duly admitted to practice law in Mexico. I received my law degree from Universidad Nacional Autónoma de México in 1993. And in 2016, I obtained a Master in Corporate Law from Universidad Panamericana, Mexico.

2.      I am a founding partner of Del Castillo y Castro Abogados, a law firm headquartered in Mexico City, Mexico. I have practiced law in Mexico for over 30 years, specializing in insolvency, civil, and mercantile litigation. I am fluent in English and Spanish.

3.      I represent the Trustee in connection with lawsuits TV Azteca initiated in Mexico.

4.      On September 23, 2025, I was informed by the Trustee's counsel in the United States that in case number 22 Civ. 8164 (PGG) in the Southern District of New York, the Court issued an order enjoining Defendant TV Azteca and its subsidiaries, officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with

BRUNO GASTELUM GLENDER 2A02:27 10:18:08 303030303130303030303030303513303031373832

Defendant TV Azteca from prosecuting the litigations initiated in Mexico, and instructed them to take all steps necessary, forthwith, to dismiss or cause to be dismissed these actions and any other actions currently pending in Mexico arising from the Indenture; and were enjoined from prosecuting any legal actions in Mexico arising from the Indenture, or commencing any new legal actions in Mexico arising from the Indenture.

5.  On September 29, 2025, Grupo Salinas issued a press release on X stating that TV Azteca will file an appeal against such court order.  A true and correct copy of Grupo Salinas' press release is attached as Exhibit G to this Declaration.

## I.   TV AZTECA'S CASE AGAINST CERTAIN NOTEHOLDERS IN THE NINTH SUPERIOR COURT

6.  TV Azteca first filed a complaint in the Ninth Superior Court of Mexico against certain noteholders on July 8, 2022 (but excluding The Bank of New York Mellon and The Bank of New York Mellon, London Branch as defendants).  However, TV Azteca requested that The Bank of New York Mellon, as Trustee, and The Bank of New York Mellon, London Branch, as Paying Agent, be summoned as third parties to the proceeding.  TV Azteca sought a ruling that unpaid principal on the notes was not due and payable.  On July 12, 2022, the Ninth Superior Court issued a pre-judgment ex parte injunction prohibiting the noteholders from collecting on the notes.

7.  Because the Trustee has not been served and is thus not party to the case, I have taken no action on behalf of the Trustee in that matter.

8.  On October 8, 2025, I learned through the court's official gazette that, prior to that date, TV Azteca had filed a request for letters rogatory in this matter, so that it could serve the Trustee and two Noteholders' investment managers in the United States.  I am unable to access this filing or see the exact filing date because the Trustee has still not been served.  Nonetheless, I expended time and incurred fees investigating this new filing as best I could.

BRUNO GASTELUM GLENDER   24/02/27 10:18:08
30303030030300000000603531303003117832

9.      The court granted TV Azteca's request.

## II.   TV AZTECA'S COMPLAINT AGAINST THE TRUSTEE AND CERTAIN NOTEHOLDERS IN THE SIXTY-THIRD AND THIRTY-EIGHTH SUPERIOR COURTS

10.     On September 3, 2022, TV Azteca filed a complaint against the Trustee and certain noteholders in the Sixty-Third Superior Court of Mexico.

11.     On April 20, 2023, the Trustee filed its response to the complaint.  Among other points, the Trustee argued that the Mexican courts lacked jurisdiction on the basis that the Indenture's Forum Selection Clause grants New York Courts with exclusive jurisdiction to adjudicate the merits of this case (the "Jurisdictional Argument").  Because it is a local remedy, the Jurisdictional Argument is heard and resolved by the Mexican Court of Appeal.

### A. The First *Amparo* – The Sixty-Third Court's Unconstitutional Injunction

12.     On September 27, 2022, the court issued an ex parte injunction (the "September Injunction") because TV Azteca claimed that the COVID-19 pandemic constituted an act of God or force majeure event and thus rendered payment on the notes a legal impossibility. The September Injunction prohibited TV Azteca from making payments on the notes until the World Health Organization decreed the COVID-19 pandemic "extinct[ ]."  The injunction also ordered that the Trustee and noteholders could not collect on the notes.  The injunction remains in force as of the date of this Declaration.

13.     On March 15, 2023, the Trustee initiated an *Amparo* proceeding, arguing that the September Injunction violated the Trustee's due process rights.  On March 23, 2023, the Amparo was dismissed without prejudice due to a failure to exhaust local remedies.

14.     Subsequently, on March 30, 2023, the Trustee submitted before the Sixty-Third Superior Court of Mexico an appeal of the September Injunction.

BRUNO GASTELUM GLENDER  24/02/27 10:18:08
3030030031303003000003513800383137383Z

**B.  The Second *Amparo* – The Third Superior Court's Unconstitutional Grant of TV Azteca's Appeal**

15.     On December 13, 2023, TV Azteca filed a remedy (a type of appeal) before the Third Superior Court (the appeals court for the Sixty-Third Court) challenging the decision to set a hearing on the jurisdictional issue created by the forum selection clause.  TV Azteca argued that any ruling on the jurisdictional grounds could not issue until TV Azteca had served all defendants.

16.     On January 30, 2024, the Third Superior Court granted TV Azteca's remedy and held that a judgment on the pleadings – and the Trustee's Jurisdictional Argument – could not issue until TV Azteca had served all defendants.

17.     Based on my professional training, experience, and judgment, I concluded the January 30, 2024 order granting TV Azteca's remedy violated the Trustee's constitutional rights under Mexican law.  I thus sought appellate review of the decision on constitutional grounds.

18.     To seek such review in Mexico, a litigant must file an *amparo*.  While filing an *amparo* technically creates a separate proceeding, it is the proper vehicle under Mexican law to obtain constitutional relief from a judicial officer who does not follow the law, for example, by failing to enforce a forum selection clause.

19.     On February 28, 2024, I filed an *amparo* challenging the January 30, 2024 order granting TV Azteca's remedy.

20.     On April 16, 2024, the *amparo* court granted the protection requested by the Indenture Trustee and overturned the Third Superior Court's decision.

21.     TV Azteca filed a review of the *amparo* decision.  That review was successful, and the Third Superior Court's order was reinstated on July 12, 2024.

22.     On October 7, 2025, I was notified by the Thirty-Eighth Superior Court that TV Azteca had filed a request on October 1 seeking to continue with the processing of the letters

8

BRUNO GASTELUM GLENDER 24/02/27 10:18:08
3030030031303030300030531303030531373832

rogatory in this matter so that it could serve the unserved Noteholders.  I expended time and incurred fees investigating this new filing.

### C.  The Third *Amparo* – The Third Superior Court's Unconstitutional Affirmance of the Sixty-Third Court's Injunction

23.     On May 5, 2023, the World Health Organization declared that COVID-19 "no longer constitutes a public health emergency of international concern."

24.     On May 15, 2023, the Trustee filed before the Sixty-Third Superior Court a submission requesting that the September Injunction be vacated on the grounds that World Health Organization had declared that COVID-19 "no longer constitutes a public health emergency of international concern" (the "Motion to Vacate").

25.     On January 25, 2024, the Sixty-Third Superior Court issued a decision denying the Trustee's Motion to Vacate ("Order Denying Motion to Vacate").  The Trustee appealed the Order Denying Motion to Vacate.

26.     On July 8, 2024, the Third Superior Court decided the appeal I filed challenging the Sixty-Third Court's unlawful September Injunction (the subject of the first *amparo*, which was dismissed), as well as the denial of the motion to vacate the injunction.  The Third Superior Court affirmed the injunction and denial of the Trustee's motion to vacate.

27.     Based on my professional training, experience, and judgment, I concluded the July 8, 2024 order affirming the Sixty-Third Court's decisions violated the Trustee's constitutional rights under Mexican law.  I thus sought appellate review of the decision on constitutional grounds.

28.     On August 19, 2024, I filed an *amparo* against those rulings.  The *amparo* court denied relief on January 31, 2025.

BRUNO GASTELUM GLENDER  24/02/27 10:18:08
3030030031303000300600533130030831573632

29.      On February 19, 2025, I filed a petition for review of that *amparo* ruling.  The petition was admitted by the Tenth Circuit Court in Civil Matters located in Mexico City on March 4, 2025.  That appeal remains pending.

30.      On October 8, 2025, I was notified by the court that TV Azteca sought to intervene in the Tenth Circuit Court action, even though TV Azteca is already able to make filings and arguments in that proceeding. That day, TV Azteca also filed a motion to recuse two of the three assigned magistrates.  I expended time and incurred fees investigating this new filing.

### III.      CONSEQUENCES OF WITHDRAWING THE MEXICAN LITIGATION

31.      I understand TV Azteca to be claiming that withdrawing their Mexican actions would amount to dismissal with prejudice. This allegation is incorrect.

32.      Under Mexican law, withdrawal, in general terms, consists of the plaintiff's abandonment of the procedural acts performed or of the plaintiff's claim.

33.      Mexican law provides for two types of withdrawal: (i) withdrawal of the proceeding, which has the effect of leaving things as they were before the lawsuit was filed, and (ii) withdrawal of the action, which extinguishes the substantive rights invoked by the plaintiff in the lawsuit and prevents the plaintiff from initiating a new proceeding based on the same facts that served as the basis for the original lawsuit.

34.      Mexican law also allows a party to stay or withdraw the proceedings without prejudice, so long as all parties consent.

35.      With the consent of the Indenture Trustee, TV Azteca could thus stay or withdraw its litigation in Mexico without extinguishing any substantive rights.  But as of the date of this declaration, TV Azteca has not done so in any of these proceedings in Mexico.

BRUNO GASTELUM GLENDER 24:02:27 10:18:08
3030030603 D030030030053130030031373832

## IV.    EXHIBITS

36.    Exhibit A is the document TV Azteca filed on October 1, 2025 in the Thirty-Eighth Civil Court, which received the Sixty-Third Court case after that court was dissolved.  Exhibit B is a certified translation of the document.

37.    Exhibit C is the document TV Azteca filed on October 7, 2025 in the Tenth Circuit Court in Civil Matters.  Exhibit D is a certified translation of the document.

38.    Exhibit E is an excerpt of the court gazette from which I learned on October 8, 2025 of TV Azteca's request for letters rogatory.  Exhibit F is a certified translation of the document.

39.    Exhibit G is a press release that Grupo Salinas, the holding company of TV Azteca, issued on September 29, 2025 and posted on X (formerly Twitter).  Exhibit G also contains a translation of the X post.  Exhibit H is a certified translation of the press release.  The press release directly references this Court's September 22, 2025 order on the anti-suit injunction.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  October 16, 2025
            Mexico City, Mexico


Fernando del Castillo E.

BRUNO CASTELUM GLENDER 24/02/27 10:18:08
30303030031303000300003313003083183708032

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### DISTRITO SUR DE NUEVA YORK

THE BANK OF NEW YORK MELLON, EXCLUSIVAMENTE EN SU CARÁCTER DE FIDUCIARIO DE LOS BONOS SENIOR CON VENCIMIENTO EN 2024 AL 8.25%, DE TV AZTECA, S.A.B. DE C.V.

Demandante,

v.

TV AZTECA, S.A.B. DE C.V., et al.,

Demandandos.

Caso No. 1:22-cv-08164-PGG

Hon. Paul G. Gardephe

### DECLARACIÓN DE FERNANDO DEL CASTILLO

FERNANDO DEL CASTILLO declara lo siguiente bajo pena de perjurio de conformidad con el Título 28 U.S.C. § 1746:

1.　　Soy un abogado debidamente admitido para ejercer la abogacía en México. Recibí mi título de abogado en la Universidad Nacional Autónoma de México en 1993. Y en 2016 obtuve una Maestría en Derecho Corporativo de la Universidad Panamericana, México.

2.　　Soy socio fundador de Del Castillo y Castro Abogados, firma con sede en la Ciudad de México. He ejercido la abogacía en México durante más de 30 años, especializándome en litigios concursales, civiles y mercantiles. Hablo inglés y español con fluidez.

3.　　Represento al Fiduciario en relación con las demandas que TV Azteca inició en México.

4.　　El 23 de septiembre de 2025, el abogado del Fiduciario en los Estados Unidos me informó que en el caso número 22 Civ. 8164 (PGG) en el Distrito Sur de Nueva York, el Tribunal emitió una orden que prohíbe a la Demandada TV Azteca y sus subsidiarias, funcionarios, agentes, servidores, empleados y abogados, y todas las demás personas que estén en concordancia o participación activa con

BRUNO GASTELUM GUENDER  24:02:27 10:18:08
3030030031303000300005051300083573852

la demandada TV Azteca proseguir los litigios iniciados en México, y se le instruyó que tomara todas las medidas necesarias, de inmediato, para desestimar o hacer que se desestimaran estas acciones y cualesquiera otras acciones actualmente pendientes en México que surjan del Contrato de Emisión; y se le prohibió proseguir cualquier acción legal en México que surja del Contrato de Emisión, o iniciar cualquier nueva acción legal en México que surja del Contrato de Emisión.

5.      El 29 de septiembre de 2025, Grupo Salinas emitió un comunicado de prensa en X, en el que se indica que TV Azteca interpondrá un recurso de apelación contra dicha orden judicial. Se adjunta una copia fiel y exacta del comunicado de prensa de Grupo Salinas como Anexo G a esta Declaración.

## I.      CASO DE TV AZTECA CONTRA CIERTOS TENEDORES DE BONOS EN EL NOVENO TRIBUNAL SUPERIOR

6.      TV Azteca presentó inicialmente una demanda ante el Noveno Tribunal Superior de Justicia de México contra ciertos tenedores de bonos el 8 de julio de 2022 (excluyendo a The Bank of New York Mellon y a The Bank of New York Mellon, London Branch como demandados). Sin embargo, TV Azteca solicitó que The Bank of New York Mellon, como Fiduciario, y The Bank of New York Mellon, London Branch, como Agente de Pagos, fueran citados como terceros en el procedimiento. TV Azteca solicitó una resolución que estableciera que el principal no pagado de los bonos no estaba vencido ni era pagadero. El 12 de julio de 2022, el Noveno Tribunal Superior emitió una medida cautelar previa a la sentencia, prohibiendo a los tenedores de bonos el cobro de los bonos.

7.      Como el fiduciario no ha sido notificado y, por lo tanto, no es parte del caso, no he tomado ninguna medida en nombre del fiduciario en ese asunto.

8.      El 8 de octubre de 2025, me enteré, a través del diario oficial del tribunal, de que, antes de esa fecha, TV Azteca había presentado una solicitud de carta rogatoria en este asunto para notificar al Fiduciario y a los administradores de inversiones de dos tenedores de bonos en Estados Unidos. No puedo acceder a esta solicitud ni ver la fecha exacta de presentación porque el Fiduciario aún no ha sido notificado. No obstante, dediqué tiempo e incurrí en gastos investigando esta nueva solicitud lo mejor que pude.

BRUNO GASTELUM GENDER   24:02:27 10:18:08
3030030031303005000031CB00031573832

9.      El tribunal concedió la solicitud de TV Azteca.

## II.   DEMANDA DE TV AZTECA CONTRA EL FIDUCIARIO Y CIERTOS TENEDORES DE BONOS ANTE LOS TRIBUNALES SUPERIORES SEXAGÉSIMO TERCERO Y TRIGÉSIMO OCTAVO

10.     El 3 de septiembre de 2022, TV Azteca presentó una demanda contra el Fiduciario y ciertos tenedores de bonos ante el Sexagésimo Tercer Tribunal Superior de Justicia de México.

11.     El 20 de abril de 2023, el Fiduciario presentó su respuesta a la demanda. Entre otros puntos, el Fiduciario argumentó que los tribunales mexicanos carecían de jurisdicción, basándose en que la Cláusula de Selección de Foro del Contrato de Emisión otorga a los tribunales de Nueva York jurisdicción exclusiva para decidir sobre el fondo de este caso (el "Argumento Jurisdiccional"). Al tratarse de un recurso local, el Argumento Jurisdiccional es conocido y resuelto por la Corte de Apelaciones de México.

### A.   El primer *Amparo* – La medida cautelar de inconstitucionalidad del Tribunal Sexagésimo Tercero

12.     El 27 de septiembre de 2022, el tribunal emitió una medida cautelar ex parte (la "Medida Cautelar de Septiembre") debido a que TV Azteca alegó que la pandemia de COVID-19 constituía un caso fortuito o de fuerza mayor y, por lo tanto, la imposibilitaba legalmente al pago de los bonos. La medida cautelar de septiembre prohibió a TV Azteca realizar los pagos de los bonos hasta que la Organización Mundial de la Salud decretara la "extinción" de la pandemia de COVID-19. La medida cautelar también ordenó que el Fiduciario y los tenedores de los bonos no pudieran cobrar los bonos. La medida cautelar sigue vigente a la fecha de esta Declaración.

13.     El 15 de marzo de 2023, el Fiduciario interpuso un recurso de amparo, argumentando que la medida cautelar de septiembre violaba su derecho al debido proceso. El 23 de marzo de 2023, el amparo fue desestimado sin perjuicio por no haberse agotado los recursos internos.

14.     Posteriormente, el 30 de marzo de 2023, el Fiduciario interpuso ante el Sexagésimo Tercer Tribunal Superior de Justicia de la Ciudad de México un recurso de apelación contra la medida cautelar de septiembre.

BRUNO GASTELUM GLENDER   24/02/27 10:18:08
303030303130303030300033130030813173832

**B. El segundo *Amparo* – El otorgamiento inconstitucional del recurso de apelación de TV Azteca por parte del Tercer Tribunal Superior**

15.	El 13 de diciembre de 2023, TV Azteca interpuso un recurso de apelación ante el Tercer Tribunal Superior (sala de apelaciones del Sexagésimo Tercer Tribunal) impugnando la decisión de fijar una audiencia sobre la cuestión jurisdiccional derivada de la cláusula de selección de foro. TV Azteca argumentó que no se podía emitir ninguna resolución sobre la cuestión jurisdiccional hasta que TV Azteca hubiera notificado a todos los demandados.

16.	El 30 de enero de 2024, el Tercer Tribunal Superior concedió el recurso de TV Azteca y determinó que no se podía emitir una sentencia sobre los alegatos –y el Argumento Jurisdiccional del Fiduciario– hasta que TV Azteca hubiera notificado a todos los demandados.

17.	Con base en mi formación profesional, experiencia y criterio, concluí que la orden del 30 de enero de 2024, que concedió el recurso a TV Azteca, violó los derechos constitucionales del Fiduciario conforme a la legislación mexicana. Por lo tanto, solicité una revisión de la decisión en apelación por motivos constitucionales.

18.	Para solicitar dicha revisión en México, el litigante debe interponer un amparo. Si bien la interposición de un amparo técnicamente crea un procedimiento independiente, es el mecanismo adecuado, según la legislación mexicana, para obtener protección constitucional contra un funcionario judicial que no cumple con la ley, por ejemplo, al no aplicar una cláusula de selección de foro.

19.	El 28 de febrero de 2024 presenté un amparo impugnando la orden del 30 de enero de 2024 que concedió el recurso a TV Azteca.

20.	El 16 de abril de 2024, el tribunal de amparo concedió la protección solicitada por el fiduciario del Contrato de Emisión y revocó la decisión del Tercer Tribunal Superior.

21.	TV Azteca interpuso una revisión de la sentencia de amparo. Dicha revisión prosperó y la orden del Tercer Tribunal Superior se restituyó el 12 de julio de 2024.

22.	El 7 de octubre de 2025 fui notificado por el Trigésimo Octavo Tribunal Superior que TV Azteca había presentado el 1 de octubre una solicitud buscando continuar con el trámite de las cartas

BRUNO GASTELUM GLENDER   24/02/27 10:18:08
30303030031303030000000531303030031730832

rogatorias en este asunto para poder notificar a los tenedores de bonos no notificados. Invertí tiempo e incurrí en gastos investigando esta nueva presentación.

### C. El tercer *Amparo* – La confirmación inconstitucional del Tercer Tribunal Superior sobre la medida cautelar del Tribunal Sexagésimo Tercero

23.     El 5 de mayo de 2023, la Organización Mundial de la Salud declaró que la COVID-19 "ya no constituye una emergencia de salud pública de importancia internacional".

24.     El 15 de mayo de 2023, el Fiduciario presentó ante el Sexagésimo Tercer Tribunal Superior un escrito solicitando que se anulara la medida cautelar de septiembre con el argumento de que la Organización Mundial de la Salud había declarado que la COVID-19 "ya no constituye una emergencia de salud pública de interés internacional" (la "Moción de Anulación").

25.     El 25 de enero de 2024, el Sexagésimo Tercer Tribunal Superior emitió una decisión denegando la Moción de Anulación del Fiduciario ("Orden de Denegación de la Moción de Anulación"). El Fiduciario apeló la Orden de Denegación de la Moción de Anulación.

26.     El 8 de julio de 2024, el Tercer Tribunal Superior resolvió el recurso de apelación que interpuse contra la ilegal medida cautelar de Septiembre del Sexagésimo Tercer Tribunal (objeto del primer amparo, que fue desestimado), así como la denegación de la solicitud de anulación de la medida cautelar. El Tercer Tribunal Superior confirmó la medida cautelar y denegó la solicitud de anulación del Fiduciario.

27.     Con base en mi formación profesional, experiencia y criterio, concluí que la orden del 8 de julio de 2024, que confirmó las decisiones del Sexagésimo Tercer Tribunal, violaba los derechos constitucionales del Fiduciario conforme a la legislación mexicana. Por lo tanto, solicité la revisión de la decisión en apelación por motivos constitucionales.

28.     El 19 de agosto de 2024, interpuse un amparo contra dichas resoluciones. El tribunal de amparo me lo denegó el 31 de enero de 2025.

BRUNO GASTELUM GLENDER 2402:27 10:18:08
303030303130303030303631303803137383:2

29.    El 19 de febrero de 2025, presenté un recurso de revisión contra dicha sentencia de amparo. El recurso fue admitido por el Décimo Tribunal de Circuito en Materia Civil con sede en la Ciudad de México el 4 de marzo de 2025. El recurso sigue pendiente.

30.    El 8 de octubre de 2025, el tribunal me notificó que TV Azteca pretendía intervenir en la acción del Tribunal del Décimo Circuito, a pesar de que TV Azteca puede presentar argumentos y alegaciones en dicho procedimiento. Ese mismo día, TV Azteca también presentó una solicitud de recusación para dos de los tres magistrados asignados. Invertí tiempo y dinero en investigar esta nueva solicitud.

## III.    CONSECUENCIAS DEL DESISTIMIENTO DEL LITIGIO MEXICANO

31.    Entiendo que TV Azteca afirma que desistir sus acciones en México equivaldría a un desistimiento con perjuicio. Esta afirmación es incorrecta.

32.    En el derecho mexicano, el desistimiento, en términos generales, consiste en el abandono por parte del actor de los actos procesales realizados o de su pretensión.

33.    La legislación mexicana prevé dos tipos de desistimiento: (i) el desistimiento del procedimiento, que tiene el efecto de dejar las cosas como estaban antes de la interposición de la demanda, y (ii) el desistimiento de la acción, que extingue los derechos sustantivos invocados por el demandante en la demanda e impide que este inicie un nuevo procedimiento con base en los mismos hechos que sirvieron de base a la demanda original.

34.    La ley mexicana también permite a una parte suspender o desistir el procedimiento sin perjuicio, siempre que todas las partes consientan.

35.    Con el consentimiento del Fiduciario del Contrato de Emisión, TV Azteca podría suspender o desistir su litigio en México sin extinguir ningún derecho sustantivo. Sin embargo, a la fecha de esta declaración, TV Azteca no lo ha hecho en ninguno de estos procedimientos en México.

17

BRUNO GASTELUM GLENDER   24 02 27 10:18:08
3030030003 3030030030030030530330033157303532

## IV.   ANEXOS

36.     El Anexo A es el documento que TV Azteca presentó el 1 de octubre de 2025 ante el Tribunal Trigésimo Octavo de lo Civil, que recibió el caso del Sexagésimo Tercer Tribunal tras la disolución de dicho tribunal. El Anexo B es una traducción certificada del documento.

37.     El Anexo C es el documento que TV Azteca presentó el 7 de octubre de 2025 ante el Tribunal del Décimo Circuito en Materia Civil. El Anexo D es una traducción certificada del documento.

38.     El Anexo E es un extracto del boletín oficial del tribunal, del cual me enteré el 8 de octubre de 2025, acerca de la solicitud de cartas rogatorias de TV Azteca. El Anexo F es una traducción certificada del documento.

39.     El Anexo G es un comunicado de prensa que Grupo Salinas, controladora de TV Azteca, emitió el 29 de septiembre de 2025 y publicó en X (anteriormente Twitter). El Anexo G también contiene una traducción de la publicación en X. El Anexo H es una traducción certificada del comunicado de prensa. El comunicado de prensa hace referencia directa a la orden de este Tribunal del 22 de septiembre de 2025 sobre la medida cautelar antidemanda.

Declaro bajo pena de perjurio según las leyes de los Estados Unidos de América que lo anterior es verdadero y correcto.

Realizado:  16 de octubre de 2025
                    Ciudad de México, México


                                        Fernando del Castillo E.

**Tuesday, November 4, 2025 at 7:30:11 PM Central Standard Time**

| | |
|---|---|
| **Asunto:** | Stay Stipulation |
| **Fecha:** | jueves, 30 de octubre de 2025, 1:29:36 p.m. hora estándar central |
| **De:** | pulecioboekd@gtlaw.com |
| **A:** | JEllis@mololamken.com |
| **CC:** | shaftelh@gtlaw.com, molluzzoj@gtlaw.com |
| **Datos adjuntos:** | image001.png, Suspensión del procedimiento resultas del juicio NY.docx |

Justin:

In furtherance of Fernando del Castillo's statements in paragraphs 34 and 35 of his latest declaration (ECF 110), TVA's Mexican counsel has drafted the attached joint stipulation.

It would stay the Mexican litigation, without prejudice, pending review if the anti-suit injunction order.

We will be sending you a similar draft for the case pending in the Ninth Court.

Please let us know if you have questions/comments.

Thanks,

Daniel

**Daniel Pulecio-Boek**
Shareholder
Chair Washington DC Cross-Border Disputes Group

Greenberg Traurig, LLP
2101 L Street N.W. | Suite 1000 | Washington, D.C. 20037
T +1 202.331.3117
pulecioboekd@gtlaw.com | www.gtlaw.com | View GT Biography



Asunto: Suspensión del procedimiento ("Stay Stipulation")
Fecha: Jueves, 30 de octubre de 2025, 1:29 p.m. (hora estándar del centro)
De: Daniel Pulecio-Boek <pulecioboekd@gtlaw.com>
Para: JEllis@mololamken.com
CC: shaftelh@gtlaw.com, molluzzoj@gtlaw.com
Adjuntos: image001.png; Suspensión del procedimiento resultas del juicio NY.docx

Justin:

En seguimiento a las declaraciones de Fernando del Castillo en los párrafos 34 y 35 de su más reciente declaración (ECF 110), el abogado mexicano de TVA ha redactado el convenio conjunto adjunto.

Dicho convenio suspendería el litigio en México, sin perjuicio alguno, mientras se revisa la orden de anti-suit injunction.

Próximamente te enviaremos un borrador similar para el asunto que se encuentra pendiente ante el Noveno Juzgado.

Por favor háznos saber si tienes preguntas o comentarios.

Gracias,

Daniel

Daniel Pulecio-Boek
Socio / Presidente, Grupo de Litigios Transfronterizos de Washington D.C.
Greenberg Traurig, LLP
2101 L Street N.W., Suite 1000, Washington, D.C. 20037
T +1 202-331-3117
pulecioboekd@gtlaw.com ¦ www.gtlaw.com ¦ Ver biografía GT

BRUNO CASTELUM GLENDER  24/02/27 10:18:08
303003003130000003000033130008313173852



**EVIDENCIA CRIPTOGRAFICA - TRANSACCION**

**Archivo Firmado: 20251104 TVA Desahogo prevencion conduct.pdf**
**AUTORIDAD CERTIFICADORA**
**Firmante(s): 1**
**Hoja(s): 19**                                              **Folio: 768AC377-AE31-42F5-8AED-A89FD4DEBC67**

| Firmantes | | Firmas | |
|---|---|---|---|
| **Nombre(s):** BRUNO GASTELUM GLENDER | **Validez:** Vigente | **No Serie:** | 30.30.30.30.31.30.30.30.30.30.30.35.31.38.30.38.31.37.38.32 |
| **OCSP** | | | |
| **Fecha: (UTC / CDMX)** | 05/11/25 01:54:57 - 04/11/25 19:54:57 | | |
| **Nombre del respondedor(es):** | Servicio OCSP SAT | | |
| **Emisor(es) del respondedor(es):** | AUTORIDAD CERTIFICADORA | | |
| **Numero(s) de serie:** | 30.30.30.30.31.30.38.38.38.38.38.30.30.30.30.30.30.33.39 | | |
| **TSP** | | | |
| **Fecha: (UTC / CDMX)** | 05/11/25 01:55:35 - 04/11/25 19:55:35 | | |
| **Nombre del emisor de la respuesta TSP:** | Entidad Emisora de Sellos de Tiempo del Poder Judicial de la Ciudad de México | | |
| **Emisor del certificado TSP:** | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | |
| **Sellos Digitales** | | | |
| 1e 0e 71 a7 86 14 d9 bb 5f ce cb 2f 61 b0 72 cb 9d 4d 8d a5 22 d9 be 3f 68 c8 3b da d8 31 bb 52 10 8c fe dd 8e d1 c1 39 c8 bf d9 | | | |