

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

November 24, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

      Re:   *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.,*
            Case No. 22-cv-8164 (PGG)

Dear Judge Moses:

      On behalf of Defendants TV Azteca, S.A.B. de C.V. and certain affiliates (collectively, "TV Azteca" or "Defendants"), we write pursuant to Rule I.a. of Your Honor's Individual Rules of Practice to notify the Court that Defendants are filing three motions relating to international third-party discovery. While Defendants do not interpret Your Honor's Individual Practices in Civil Cases as requiring a pre-motion conference for issuance of letters of request/rogatory, for the avoidance of both doubt and the risk of delay, we are requesting a conference to the extent the Court deems it required or advisable. Otherwise, we are filing the motions, together with this letter, as we believe Your Honor can grant the motions on the papers without the need for a conference.

      Specifically, Defendants are seeking:

1. An Order for issuance of letters of request, pursuant to the Hague Evidence Convention, under 28 U.S.C. § 1781, to obtain discovery from non-party foreign entity Clearstream Banking S.A.

2. An Order for issuance of letters of request, pursuant to the Hague Evidence Convention, under 28 U.S.C. § 1781, to obtain discovery from non-party foreign entity Singapore Exchange Limited.

3. An Order for issuance of letters rogatory, under 28 U.S.C. § 1781, to the appropriate judicial authorities in Belgium to obtain discovery from non-party foreign entity Euroclear Bank S.A./N.V.

      The requested discovery is critical to Defendants' defenses in this case, in which Plaintiff, The Bank of New York Mellon ("Plaintiff"), in its capacity as indenture trustee, alleges that

Hon. Barbara Moses
November 24, 2025
Page 2

Defendants failed to pay $400,000,000 in unsecured notes (the "Notes"), plus accruing interest pursuant to an Indenture. Defendants vigorously dispute Plaintiff's claim. Among Defendants' defenses is that U.S. entities or individuals are restricted from owning or controlling the Notes. The restriction on U.S. parties from holding the Notes is explicit. The Offering Circular issued by Defendants in 2016 (the document offering the Notes) clearly states that the Notes are available only to <u>non</u>-U.S. persons. *See* ECF No. 129-1, Offering Circular, Legend ("Not for distribution to any U.S. Person. This offering is available only to Non-U.S. Persons . . .") (all caps removed). Consistent with the Offering Circular, the Indenture's Form of Note legend likewise states the "Note . . . may not be offered, sold, pledged, or otherwise transferred" unless, among other things, the acquirer "represents that it is not a U.S. person (within the meaning of Regulation S under the Securities Act)[.]" ECF No. 129-3 (all caps removed). Based on publicly available information, it appears that the majority of Holders of the Notes are U.S. individuals or entities who are barred from being Holders.

Another key defense is that Mexican law prohibits Noteholders from recovering the full amount of the Notes plus interest if such a return (compared to the price they paid for the Notes) would violate Mexican public policy. Under Mexican law, it is a criminal offense to obtain disproportionate returns from debtors (measured against prevailing market practices) and it is against public policy for a secondary creditor to recover more than what they paid for the debt. Plaintiff seeks over $600 million for Noteholders who have seemingly purchased the majority of the Notes at significant discounts (as high as 50%).

While the Indenture contains a clause restricting the ability to argue usury and other defenses limiting payment, the provision states:

> The Company and each Subsidiary Guarantor covenants (***to the fullest extent permitted by applicable law***) that it will not at any time insist upon, or plead, or . . . claim or take the benefit or advantage of . . . any usury law or other law that would prohibit or forgive the Company or such Subsidiary Guarantor from paying all or any portion of the principal of or interest on the Notes . . .

Indenture § 3.7 (emphasis added). Critically, § 3.7 refers to ***applicable law***, not New York law. Nor can § 3.7 logically treat New York as the "applicable law" because New York's usury law exempts loans over $2.5 million and thus is facially inapplicable. *See* N.Y. General Obl. L. § 5-501(b)(6). Given that the "applicable law" cannot mean New York law, it logically refers to Mexican law, which is applicable. At minimum, this raises disputed issues that should be subject to discovery.

Pursuant to the Offering Circular and the Indenture, Euroclear Bank S.A./N.V. ("Euroclear") and Clearstream Banking S.A. ("Clearstream") are the clearing houses responsible for clearing and settling trades of the Notes and therefore maintain records showing the identities of the Holders of the Notes and the relevant transactional data (*i.e.*, the dates and the price at which

Hon. Barbara Moses
November 24, 2025
Page 3

the Holders purchased their Notes). Singapore Exchange Limited is the venue where the Notes may be traded or exchanged (*i.e.*, bought or sold).

      To obtain information as to the identity of the Noteholders (and thus their nationality) and information regarding the Holders' purchase price of the Notes, Defendants request that Euroclear, Clearstream, and Singapore Exchange Limited produce a limited set of documents, specifically, documents sufficient to show the identities of the Holders of the Notes and the transactional data associated with each purchase or sale of the Notes. This evidence will allow Defendants to show that (i) U.S. entities or individuals have improperly gained ownership or control of the Notes and therefore Plaintiff cannot seek a recovery on behalf of those Noteholders; and (ii) the Holders of the Notes paid substantially less for the Notes than their facial value, and thereby are seeking a return that violates Mexican public policy.

      Defendants are available at the Court's convenience to address any additional questions.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel
Daniel Pulecio-Boek

cc:   Counsel of Record (via ECF)