UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>    Plaintiff,<br><br>    v.<br><br>TV AZTECA, S.A.B. DE C.V., ET AL,<br><br>    Defendants. | Case No.:  1:22-CV-08164 (PGG) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ISSUANCE OF LETTER OF REQUEST TO CLEARSTREAM BANKING S.A.**

**Submitted By: GREENBERG TRAURIG, LLP**

*Counsel for Defendants T.V. Azteca, S.A.B. de C.V., et al.*

1

Defendants TV Azteca, S.A.B. de C.V. and certain affiliates (collectively, "Defendants" or "TV Azteca") by and through undersigned counsel, respectfully move this Court for issuance of letters of request for international judicial assistance from the appropriate judicial authorities of Luxembourg, pursuant to 28 U.S.C. § 1781, in the form annexed as Exhibit A to the Declaration of Hal S. Shaftel in Support of TV Azteca's Motion for Issuance of Letter of Request Pursuant to the Hague Evidence Convention to Obtain Discovery from Clearstream Banking S.A., to obtain discovery from non-party foreign entity Clearstream Banking S.A. ("Clearstream"), and such other and further relief as the Court deems just and proper.

## BACKGROUND

This is a breach of contract action whereby Plaintiff, The Bank of New York Mellon ("BNY Mellon" or "Plaintiff"), in its capacity as indenture trustee, alleges that defendants TV Azteca, S.A.B. de C.V. and certain affiliates (collectively, "TV Azteca" or "Defendants") failed to pay $400,000,000 in unsecured notes (the "Notes") plus interest pursuant to an Indenture. *See* ECF No. 129-4.

Prior to the issuance of the Notes, TV Azteca issued an Offering Circular discussing the potential issuance. *See* ECF No. 129-1.

The Offering Circular clearly states that the Notes are available only to non-U.S. persons. *See* ECF No. 129-4, p. 143 ("This Note (and related Note Guarantees) have not been registered under the U.S. Securities Act Of 1933, as amended (the "Securities Act") and may not be offered, sold, pledged or otherwise transferred except in accordance with the following sentence. By its acquisition hereof or of a beneficial interest herein, the Acquirer (1) represents that it is not a U.S. person (within the meaning of regulation S under the Securities Act) . . . .") (caps removed). Consistent with the Offering Circular, the Indenture's Form of Note (*see* ECF No. 129-3) likewise

states the "Note . . . may not be offered, sold, pledged, or otherwise transferred" unless, among other things, the acquirer "represents that it is not a U.S. person (within the meaning of Regulation S under the Securities Act)[.]" *See* ECF No. 129-3, p. 1. Plaintiff cannot attempt to collect on behalf of Noteholders holding their Notes in violation of the Offering Circular, the Indenture and the Form of Note.

Further, the Indenture states that Defendants waive – but only to the extent allowed by "applicable law" – usury and other defenses limiting how much can be paid to Noteholders. *See* ECF No. 129-4, § 3.7. Defendants argue that Mexican law is the "applicable law" under Section 3.7, and that Mexican law does not allow for waiving usury (which is a crime) and for waiving a protection afforded by Mexican law to debtors under which a secondary creditor cannot recover from a debtor more than what it paid to purchase the debt. These are matters of Mexican public policy that cannot be waived. These defenses should apply here to Noteholders that purchased the Notes at a discount (such as 50% discount) and are now seeking to recover through Plaintiff as much as three times what they paid for the Notes.

Defendants' summary explanation of these defenses is part of the record. *See* ECF No. 106 at 1-3 and ECF No. 129 at 1-5.

Under the Offering Circular and the Indenture, Clearstream is one of the clearing houses responsible for clearing and settling trades of the Notes. According to the Offering Circular, Clearstream maintains records showing the identities of the Holders of the Notes and any transfers of the Notes.

> Ownership of beneficial interests in the Global Note will be limited to Clearing System Participants or persons who hold interests through Clearing System Participants. Ownership of beneficial interests in the global note will be shown on, and the transfer of that ownership will be effected only through, records maintained by Euroclear or Clearstream or its nominee (with respect to interests of Clearing

> System Participants) and the records of Clearing System Participants (with respect to interests of persons other than Clearing System Participants).

*See* ECF No. 129-1, p. 134. Further, the Indenture requires that "[t]he rights of beneficial owners in any Global Note shall be exercised only through the Clearing Agencies subject to the applicable rules and procedures of the Clearing Agencies." *See* ECF No. 129-4, § 2.6(c).

As such, Defendants clearly have good cause to believe records that are relevant to their defenses are maintained by Clearstream. In particular, Clearstream likely holds information regarding (1) whether U.S. persons purchased the Notes and are currently Noteholders on whose behalf Plaintiff brought this action; and (2) the dates and purchase price of the Notes currently owned by the Noteholders.

Under the Indenture, Plaintiff was required to maintain a record of all Noteholders. *See id.* § 2.3(a) ("The registrar . . . shall keep a register of the Notes and of their transfer and exchange."); § 2.5 (Holder Lists) ("The Registrar shall preserve in as current a form as is reasonably practicable the most recent list available to it of the names and addresses of Holders.").

However, contrary to the Indenture, Plaintiff recently revealed to Defendants it does not have nor ever kept such a record. *See* Declaration of Hal Shaftel, <u>Exhibit B</u>, Email from Mason Reynolds, MoloLamken LLP, to Daniel Pulecio-Boek, Greenberg Traurig, LLP (Nov. 4, 2025, 8:48 PM). Therefore, Defendants are now faced with having to seek discovery from third parties that may hold records showing the identities of the Noteholders, and information regarding their purchase of Notes (such as time and price).

## ARGUMENT

### I. The Court Should Issue Letters Rogatory to Clearstream.

#### A. *The Court has inherent authority to approve discovery from Clearstream.*

4

The purpose of the Hague Convention is to facilitate and increase the exchange of information necessary for legal proceedings between nations. *See Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 534 (1987). Both the United States and Luxembourg are signatories to the Hague Evidence Convention. Under the Hague Convention, this Court – a "judicial authority of a Contracting State" – may send a letter of request to a member state seeking foreign judicial assistance in civil or commercial matters to the designated authority in the member state "to obtain evidence, or to perform some other judicial act." Hague Evidence Convention, Ch. I, Art. 1; *see also* 28 U.S.C. § 1781. The letter of request is sent to a "Central Authority" designated by the Contracting State to receive requests from courts of other member countries. *See* Hague Evidence Convention, Art. 2. The Central Authority then sends the request to the appropriate court or officer to execute the request. *See id.*

While the decision of whether to issue a letter of request is within the sound discretion of the court, it is clear the letter of request is warranted in these circumstances. *See Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). Courts routinely issue such letters where, as here, the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *See, e.g., Elliot Assoc. v. Peru*, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for letters rogatory to take testimony in United Kingdom).

In compliance with Rule 28(b), Defendants seek letters of request to obtain specific documents relevant to this litigation from Clearstream.

### B. The letter rogatory seeks to obtain specific documents from Clearstream that are vital to Defendants' defenses.

Discovery is required concerning (1) the identities/nationalities of all current Holders of the Notes; and (2) the price at which the current Holders purchased their Notes. This information

is necessary to determine how much Plaintiff can recover because Plaintiff cannot pursue a claim on behalf of U.S. persons improperly holding Notes or on behalf of Noteholders that are seeking a return that violates Mexican public policy. *E.g.*, *Springwell Navigation Corp. v. Sanluis Corporacion, S.A.*, 46 A.D.3d 377, 377 (1st Dep't 2007) ("[T]he [plaintiff-]beneficial owner of a $1 million interest in an Unrestricted Global Note issued by defendant" "had no right to sue upon an indenture agreement for interest payments . . . since that document specifically reserved that right to the registered holder of the Note."); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.D.r.l.*, 142 A.D.3d 833, 834-35 (1st Dep't 2016) (plaintiff lacked standing to sue to recover principal and interest on notes because plaintiff obtained notes from transferor who did not follow the indenture's procedure and transferor did not expressly transfer "title or ownership" of the claims in selling the notes to plaintiff); *MacKay Shields LLC, Deltec Asset Mgmt. Corp. v. Sea Containers, Ltd.*, 300 A.D.2d 165, 166 (1st Dep't 2002) ("Standing to sue upon the indentures which plaintiffs seek to enforce is . . . expressly reserved to 'holders' . . . one in whose name a Senior Note is registered. Inasmuch as it is undisputed that plaintiffs are not registered holders, they are without standing to sue, regardless of whether they are beneficial holders.").

Courts have routinely granted motions for letters rogatory where, as here, the movant has made a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *Philan Ins. LTD v. Frank B. Hall & Co.*, No. 87 Civ. 4624 (RPP), 1992 WL 183553, at *2 (S.D.N.Y. July 21, 1992) (granting motion for letters rogatory because the records sought might lead to relevant evidence and might assist plaintiffs in proving damages); *Elliott Associates v. Republic of Peru*, 96 CIV. 7916 (RWS), 1997 WL 436493 (S.D.N.Y. 1997) (granting motion for letters rogatory despite opposing party's claims that the testimony sought would be duplicative).

## **CONCLUSION**

TV Azteca therefore respectfully requests that this Court approve and sign the annexed proposed letter rogatory to Clearstream, attached as Exhibit A to the Declaration of Hal S. Shaftel in Support of the Motion. TV Azteca further requests that after the Court has signed the letters rogatory, that the Clerk of the Court authenticate the Court's signature under the seal of the Court and the letter rogatory be thereafter returned by the Clerk to TV Azteca's undersigned counsel. TV Azteca counsel will promptly cause the letters rogatory to be translated into the appropriate language, and will transmit the letter, and its translation, to the U.S. Department of State for transmittal to the appropriate foreign authorities.

Dated: November 24, 2025
      New York, NY

**GREENBERG TRAURIG, LLP**

By: _/s/ Hal S. Shaftel_
     Hal S. Shaftel

Hal S. Shaftel
Daniel Pulecio-Boek
John C. Molluzzo Jr.
One Vanderbilt Avenue
New York, New York 10017
(212) 801-9200
shaftelh@gtlaw.com
pulecioboekd@gtlaw.com
molluzzoj@gtlaw.com

*Counsel for Defendants T.V. Azteca, S.A.B. de C.V., et al.*