

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

December 1, 2025

VIA CM/ECF

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *The Bank of N.Y. Mellon[1] v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Gardephe:

    We represent the Trustee. Pursuant to Rule IV(A) of your individual practices, we respectfully seek leave to move for summary judgment against the Guarantor defendants.[2] Because the Guarantors have waived all possible defenses to liability, including the defenses that TV Azteca has claimed require discovery, the Court should address summary judgment with respect to the Guarantors now regardless of any discovery allowed for TV Azteca itself. The motion is not on consent. Dkt. 127-4 at 5.

    Under the Indenture, the Guarantors each "jointly and severally," "fully, unconditionally and irrevocably guarantee[d]" TV Azteca's debt "as primary obligor" (and "not merely as surety").

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] The Guarantors are Alta Empresa, S.A. de C.V.; Asesoría Especializada En Aviación, S.A. de C.V.; Azteca Records, S.A. de C.V.; Azteca Sports Rights LLC; Equipo de Futbol Mazatlan, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Mazatlan Promotora de Futbol, S.A. de C.V.; Operadora Mexicana de Televisión, S.A. de C.V.; Producciones Azteca Digital, S.A. de C.V.; Producciones Dopamina, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora de Televisión Regional de TV Azteca, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V.; S.C.I. de México, S.A. de C.V.; Servicios Aéreos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V.; Corporación de Asesoría Técnica y de Producción, S.A. de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectáculos y Atracciones, S.A. de C.V.; Servicios Foráneos de Administración, S.A. de C.V.; Servicios Locales de Producción, S.A. de C.V.; Azteca International Corporation; Stations Group LLC; TV Azteca Honduras, S.A. de C.V.; Comercializadora de Televisión de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A.; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Perú, S.A.C.; Redes Opticas, S.A.C.; and Televisora del Valle de México, S.A. de C.V.

Indenture § 10.1(a). They guaranteed "the full and punctual payment when due" of the Notes, "whether at maturity, by acceleration, by redemption or otherwise." *Id.* And the Guarantors also agreed to pay "any and all expenses (including reasonable counsel fees and expenses) incurred by the Trustee or the Holders in enforcing any rights under any Note Guarantee." *Id.*

As part of their guaranty, the Guarantors "irrevocably consent[ed] and submit[ted] to the exclusive jurisdiction" of, and "agree[d] that any suit, action or proceeding against" them could be brought in, the state and federal courts in New York City. Indenture § 11.7(b); *see also* Compl. ¶ 43. The Guarantors also waived nearly all possible rights and defenses, including:

- any right to notice of default of TV Azteca's obligations, Indenture §10.1(a), (c);
- any right to demand that the Trustee first look to TV Azteca or its assets for satisfaction of the Notes, Indenture § 10.1(b)-(d), (e)(i)-(ii);
- any right to have their guarantee liability be divided between the Guarantors, Indenture § 10.1(e)(iii);
- any "reduction, limitation, impairment, or termination" of the guaranteed debt, Indenture § 10.1(g);
- any "defense of setoff, counterclaim, recoupment, or termination whatsoever or by reason of the invalidity, illegality, or unenforceability of the Guaranteed Obligations or otherwise," Indenture § 10.1(g); and
- any defense to payment based on any "stay, injunction or other prohibition" preventing the acceleration of the guaranteed obligations, Indenture § 10.1(j)(i).[3]

This unequivocal language warrants early summary judgment against the Guarantors. Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To obtain summary judgment to enforce a written guaranty," a plaintiff "need [only] prove" three things: "an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty." *136 Field Point Circle Holding Co., LLC v. Invar Int'l Holding, Inc.*, 644 F. App'x 10, 11 (2d Cir. 2016) (quoting *City of New York v. Clarose Cinema Corp.,* 256 A.D.2d 69, 71 (1st Dep't 1998)). There is no genuine dispute as to any of these elements.

*First*, there is no dispute that the Guarantors absolutely and unconditionally guaranteed the Notes. Defendants admit that the scope of their guaranty is a question of law that requires no discovery. *See* Dkt. 148 ¶¶ 1, 52-55, 70 (answer); *see also 136 Field Point*, 644 F. App'x at 12 (whether guaranty is absolute and unconditional determined by "plain meaning" contractual

---

[3] The only defenses preserved in the Indenture are that (1) the Guaranteed Obligations are limited to an amount that would not be a fraudulent transfer, Indenture §10.2(a), and that the Guarantors can be relieved of their guarantees under circumstances not applicable here, *see id.* § 10.2(b) (relieving Guarantors if the Notes are defeased, the Guarantors are sold, the Guarantors are designated as "Unrestricted Subsidiar[ies]," or the Note Guarantee is no longer required).

analysis); *see also HSH Nordbank AG N.Y. Branch v. Street*, 421 F. App'x 70, 73 (2d Cir. 2011) (determining from face of contract "that the Guaranties are 'absolute and unconditional' "). The Second Circuit has held that, under governing New York law, the sort of sweeping guarantee and waiver of defenses found in the Indenture is effective "not only [to] unconditionally guarantee[ ] payment of the notes" but also to "explicitly waive[ ] all legal rights." *Exp.-Imp. Bank of U.S. v. Agricola Del Mar BCS*, 334 F. App'x 353, 355 (2d Cir. 2009). Thus, all of the affirmative defenses Defendants raised in their answer are waived as to the Guarantors. Indenture §10.1. And while Defendants may argue that the guaranties are controlled by Mexican law, the Trustee has already explained why those arguments are incorrect. Dkt. 126 at 2-5.

*Second*, there is no dispute about the underlying debt. Defendants have admitted that TV Azteca issued the Notes and that the Guarantors provided their guaranty under the Indenture. *See* Dkt. 148 ¶¶2, 50-51, 61-63, 75-76; *see also, e.g.*, Dkt. 127-2 ¶¶18-19. While Defendants (wrongly) argue that the Notes are unenforceable or invalid as to TV Azteca, those arguments are irrelevant to the Guarantors. "When an executed guaranty contains such unconditional language" as that found in the Indenture, "guarantors are barred from raising any affirmative defenses," *CrossLand Fed. Sav. Bank by F.D.I.C. v. A. Suna & Co.*, 935 F. Supp. 184, 193 (E.D.N.Y. 1996), including "the 'existence of a valid underlying debt,' " *136 Field Point*, 644 F. App'x at 12 (quoting *Cooperatieve Centrale Raiffeisen–Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 458, 494-95 (2015)). The Indenture leaves no room for the Guarantors to avoid liability, regardless of TV Azteca's other defenses. *See, e.g., id.* (guarantor could not contest liquidated damages as "unenforceable penalty" because of absolute and unconditional waiver in the agreement); *see also* Dkt. 126 at 2-11 (discussing TV Azteca's other defenses).

*Third*, there is no factual dispute that the Guarantors have not yet performed. Indeed, Defendants admit that the Guarantors' performance under the Indenture is a question of law. *See* Dkt. 148 ¶¶62-63, 71, 75-76. And the Guarantors have not performed. The Guarantors did not pay when the Trustee issued a notice of acceleration over three years ago. Dkt. 80-2. And they did not pay when the Note matured over a year ago. Dkt. 80-1 at 18. The Notes remain outstanding and interest continues to accrue.

Given these undisputed facts, the Trustee's summary judgment motion against the Guarantors can and should be handled now. Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery"); *136 Field Point*, 644 F. App'x at 11. The Guarantors' liability is a pure question of law, and ruling on that liability would resolve the Trustee's claims against all but one of the Defendants. Even if summary judgment against TV Azteca is needed later on, exercising the Court's discretion to allow summary judgment against the Guarantors now would promote the just, inexpensive, and speedy disposition of this case. Fed. R. Civ. P. 1; *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004) (district courts have "considerable discretion" to entertain successive summary judgment motions). The Court should grant the Trustee leave to seek summary judgment against the Guarantors on an expedited basis.

Hon. Paul G. Gardephe
December 1, 2025
Page 4

Respectfully submitted,

*/s/ Justin M. Ellis*
Justin M. Ellis

Cc: All counsel of record (via CM/ECF)