

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

December 7, 2025

**VIA ECF**

The Honorable Paul G. Gardephe
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.,*
             Case No. 22-cv-8164 (PGG)

Dear Judge Gardephe:

    On behalf of the Defendant Guarantors,[1] we write pursuant to Rule I.A. of Your Honor's Individual Rules in response to Plaintiff's letter dated December 1, 2025. ECF No. 153. Before any discovery, Plaintiff seeks leave to move for summary judgment against the Guarantors, even though it acknowledges discovery is warranted regarding the liability of Defendant TV Azteca as primary obligor. Leave should be denied because the proposed motion is futile on both substantive and procedural grounds. Thus, it would be a wasteful, piecemeal distraction when the parties should be focused on developing an appropriate factual record.

    **I.**    **Plaintiff's Proposed Motion is Futile on the Merits Given Factual Disputes**

    Plaintiff predicates its proposed motion on the wrong premise that there is "no dispute that the Guarantors absolutely and unconditionally guaranteed the Notes." ECF No. 153 at 1. Of significance, the Indenture does not use the term "absolutely." But even more importantly and ignored by Plaintiff, the Indenture expressly limits the Guarantors' liability to "the full and punctual payment ***when due***, whether at maturity, by acceleration, by redemption or otherwise . . ." ECF No. 129-4 § 10.1 (emphasis added). The Indenture likewise provides that Plaintiff may recover only the amount "***then due and owing***," not the face value of the Notes. *Id*. § 6.8 (emphasis added).

    Particularly at this pre-discovery stage, disputed issues of fact clearly preclude summary judgment regarding what is due and owing in at least two material respects. First, the rights of U.S. Noteholders are in dispute, as their identities and holdings are not yet fully disclosed and the Indenture expressly prohibits them from becoming Holders of the Notes. ECF No. 129-4 (Form Global Note); ECF No. 129-3, Note (Legend) ("Note . . . may not be offered, sold, pledged, or

---

[1] The Guarantors are defined in footnote 2 in the Letter. "Defendants" shall refer to T.V. Azteca, S.A.B. de C.V. ("TV Azteca") and the Guarantors, collectively.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

Hon. Paul G. Gardephe
December 7, 2025
Page 2

otherwise transferred" unless, among other things, the acquirer "represents that it is ***not a U.S. person*** (within the meaning of Regulation S under the Securities Act)[.]") (emphasis added). Second, the ability of Noteholders to recover usurious or otherwise excessive returns, which are criminal offenses under Mexican law and contrary to Mexican public policy, is in dispute. As previously explained, Mexican law—not New York law—governs these issues given the particular language of the Indenture. And at the very least, fact disputes exist over the meaning of the language and the choice of law elements relevant to determining applicable law. *See* ECF No. 129 at 3.

For these reasons, Defendants are seeking critical fact and expert discovery regarding, among other things, (i) the identity and nationality of the Holders of the Notes; (ii) the dates and purchase price at which the current Holders purchased their Notes; (iii) the relationship between the Global Note and the beneficial ownership of the Notes by U.S. entities or individuals; (iv) Plaintiff's failure to keep a record of Holders (thereby allowing U.S. parties to become Holders in contravention of the Indenture); (v) the meaning of several Indenture provisions (which despite their plain language, Plaintiff disputes); (vi) relevant financial customs and practices in Mexico; and (vii) issues regarding Mexican usury laws and public policy.

Further, as pleaded in their Answer, Defendants allege impossibility and unclean hands as defenses. Critically, on November 13, 2025 the Mexican Supreme Court affirmed various rulings imposing multi-hundred-million-dollar tax penalties against Defendants. We understood that this coincided with months of intense lobbying by the so-called Ad-Hoc Group of Noteholders (mainly comprised of U.S. Noteholders) against Defendants. Indeed, starting in September 2025, the President of Mexico has repeatedly referred to the dispute between the Noteholders and Defendants during morning press conferences, siding with the Noteholders. The Supreme Court of Mexico is publicly elected and mainly comprised of members of the President's political party. As such, on information and belief, it appears the Supreme Court's ruling was at least indirectly influenced by the intense political lobbying campaign wielded by the Noteholders. Plaintiff therefore should not be allowed to recover on behalf of Noteholders that have created an impossibility of performance and have otherwise acted with unclean hands. These defenses undeniably require factual discovery.

In an unfounded effort to dodge these issues and related discovery, Plaintiff wrongly argues that "there is no dispute about the underlying debt" and that Guarantors' liability is a "pure question of law."[2] Plaintiff's position appears to be that the Guarantees entitle it to recover the full amount

---

[2] Plaintiff mispresents that Defendants "admit" (1) "that the scope of their guaranty is a question of law that requires no discovery" and (2) that Guarantors' performance is "a question of law." ECF No. 153 at 2; ECF No. 148. This faulty premise is based on mischaracterizing Defendants' Answer, which makes no such admission whatsoever. In response to allegations describing the Indenture's language and the impact of those provisions, Defendants responded that such allegations constituted legal conclusions. *See* ECF No. 148, ¶¶ 52-54, 75-76. Where Plaintiff

Hon. Paul G. Gardephe
December 7, 2025
Page 3

of the Notes without regard to the actual amount due.  That defies the law, as well as common sense.  Under Plaintiff's strained theory, since the amount of the debt was known upon issuance of the Notes, Guarantors would immediately be liable for payment without regard to what was (or is) due and owing.

The Guarantors' liability cannot exceed the amount the primary obligor owes, which is in dispute given issues regarding U.S. Noteholders and usurious returns.  *In re Solutia Inc.*, 379 B.R. 473, 489 (S.D.N.Y. 2007) (limiting guarantor exposure to an "allowed claim" actually owed by primary borrower under Bankruptcy Code); *In re Republic Airways Holdings Inc.*, 598 B.R. 118, 146 (Bankr. S.D.N.Y. 2019) (if an agreement cannot be enforced "clearly the guaranty would likewise be unenforceable") (citation and quotes omitted); *see also Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1073-74 (2d Cir. 1996) ("A guarantor's obligation must be 'narrowly construed and cannot be extended by construction beyond the plain and explicit language of the contract'" because "the guarantor 'cannot be held responsible to guarantee a performance different from that which he intended or specified in the guaranty.'").  Until the parties complete discovery to determine who holds the Notes, the prices paid, whether any Noteholder is barred from recovery, and usury-related or public-policy-related issues, summary judgment is inappropriate.

Plaintiff also contends that Guarantors are barred from raising affirmative defenses, including challenges to the validity of the underlying debt, but relies on inapposite and distinguishable authority.  In *136 Field Point Circle Holding Co., LLC v. Invar Int'l Holding, Inc.*, 644 F. App'x 10, 12 (2d Cir. 2016), the court held that an absolute and unequivocal guarantee precluded defendant's challenge to a liquidated damages provision as an unenforceable penalty, which is not at issue in this case.  Here, Defendants challenge whether amounts are "due and owing" under those documents considering unlawful conduct by Noteholders and Plaintiff's own failures under the Indenture, with respect to transfers to U.S. Noteholders.  Moreover, public policy and statutory defenses—such as the prohibition on usurious recovery under Mexican law and Mexican public policy—cannot be waived.  *See In re Republic Airways Holdings Inc.*, 598 B.R. at 146-147 (distinguishing *136 Field Point* because it did not "address any argument based on public policy or relying upon statute" and holding that public policy defenses are not waived by unconditional guarantees).[3]

---

intermingled such allegations with factual assertions, Defendants denied them.  *Id*. ¶¶ 50-51, 55, 61-63, 70-71.

[3] *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Int'l," N.Y. Branch v. Navarro*, 25 N.Y.3d 485, 495 (2015), on which Plaintiff and the *136 Field Point* court relied, is also distinguishable.  In *Cooperatieve Centrale,* the court concluded that challenges to the validity of underlying debt documents, which defendant claimed were the result of fraud, had been waived.  No such allegations exist here.  Rather, Defendants are challenging whether the debt at issue is "due and owing" under the Indenture.  The other cases cited by Plaintiff are readily distinguishable for similar reasons.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

Hon. Paul G. Gardephe
December 7, 2025
Page 4

## II. Plaintiff's Proposed Motion is Procedurally Improper

Plaintiff's motion for partial summary judgment is also procedurally improper because (1) it is premature, certainly before discovery given the disputed issues; and (2) it takes a piecemeal approach when overlapping issues pertain to co-defendant TV Azteca. Adjudicating summary judgment against the Guarantors alone would require the Court to consider the same factual and legal issues multiple times, as the Guarantors' liability is entirely derivative of the primary obligor's liability.[4] Both TV Azteca and the Guarantors have asserted identical defenses, including the improper acquisition of Notes by U.S. persons, the receipt of usurious returns or returns that otherwise violate Mexican public policy, impossibility and unclean hands. Discovery on these issues is necessary and will materially affect the outcome for all Defendants. As courts have recognized, it is "more economical to address the remaining issues in this litigation all at once . . . especially because it appears to be contested on the merits." *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004). It also makes no sense to invite summary judgment opposition based on Fed. R. Civ. P. 56(d), because discovery is needed.

Defendants respectfully request that the Court deny Plaintiff's request, with the parties instead focusing on the meaningful discovery that is required.

Sincerely,

*/s/ Hal S. Shaftel*

Hal S. Shaftel

cc:   Counsel of Record (via ECF)

---

[4] *Sira v. Morton*, 380 F.3d 57, 61 (2d Cir. 2004), cited by Plaintiff, is inapposite, as it involves civil rights claims and a Rule 12(c) motion converted to a summary judgment motion.