

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

December 15, 2025

VIA CM/ECF

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

> Re: *The Bank of N.Y. Mellon[1] v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Gardephe:

We represent the Trustee.  We respectfully submit this reply in support of the Trustee's request for leave to move for summary judgment against the Guarantors.  *See* Dkt. 159.

The Guarantors' opposition concedes all three elements of the Trustee's claim.  They do not dispute that they absolutely guaranteed all amounts "due and owing" on the Notes,[2] that the Notes are valid, and that they failed to repay the Notes when due.  Dkt. 157 (Opp.); *see 136 Field Point Circle Holding Co., LLC v. Invar Int'l Holding, Inc.*, 644 F. App'x 10, 11 (2d Cir. 2016).[3]  Yet the Guarantors argue that summary judgment is inappropriate because, given **TV Azteca's** defenses, they need discovery into what is "due and owing" on the Notes.  The Guarantors' theory is that the phrase "due and owing" in their guarantee silently rendered their promise in the Indenture to waive all defenses illusory.  That argument cannot be correct for at least four reasons.

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] The Guarantors state (at 1) that "[o]f significance, the Indenture does not use the term 'absolutely,'" but they do not explain why this is of "significance."  Dkt. 157.  It is not.  "A guarantee undertaken 'fully, unconditionally and irrevocably' is an absolute guarantee."  *Bank of New York Mellon v. Omega Energy Int'l S.A.*, No. 18 Civ. 9198, 2019 WL 4198676, at *3 (S.D.N.Y. Aug. 7, 2019) (quoting *Compagnie Financiere de Cic et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F.3d 31, 36 (2d Cir. 1999)).  Courts thus reject as "absurd" arguments that an "Indenture's failure to include the word 'absolutely' renders [a guarantee] less than 'an absolute and unconditional guarantee.'"  *Omega Energy*, 2019 WL 4198676, at *3.

[3] The Guarantors try to distinguish *136 Field Point* as involving a guarantee of a contract with a liquidated damages provision.  Opp. 3.  But because an absolute guarantee waives **all** defenses, it is not relevant which defenses the underlying debtor could have raised.  *See* pp. 2-3, *infra*.

Hon. Paul G. Gardephe
December 15, 2025
Page 2

*First*, there is no serious dispute about what is "due and owing." The Guarantors have admitted that "TV Azteca . . . issued $400 million in unsecured notes . . . and that the notes matured in 2024." Dkt. 148 (answer) ¶¶ 2, 50; *see also* Dkt. 127-2 (stipulation) ¶¶ 18-19. The Guarantors also do not contest the 8.25% interest due on the Notes. Dkt. 80-2 (Note) § 1. And nothing in the Indenture suggests that the amount due under the Notes depends on anything about the beneficial holders. Nor does the Indenture suggest that, as Defendants argue, the phrase "due and owing" silently undoes the Guarantors' unequivocal guarantee. The Court should reject Defendants' theory because it defies the Indenture's plain language. *See Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 492 (2015) (guarantees are subject to "ordinary principles of contract construction" (quotation omitted)).

*Second*, the Guarantors unconditionally waived all defenses, including defenses of "invalidity, illegality or unenforceability." Dkt. 80-1 (Indenture) §§ 10.1(a), (g).[4] Under such a blanket waiver, "[t]he defendants cannot raise these defenses, in whatever guise, to defeat recovery." *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, 7 F. App'x 129, 131 (2d Cir. 2001); *see XXIII Cap. Ltd. v. Decade, S.A.C., LLC*, No. 17 Civ. 6910, 2018 WL 4387555, at *8-9 (S.D.N.Y. Sept. 13, 2018) (holding that the same language "could hardly be more clear" that any "defense that attacks the enforceability of the guaranteed obligations" is "preclude[d]"). For that reason, the New York Court of Appeals has specifically rejected the claim that a guaranteed obligation "cannot serve as a debt for which [the guarantor] is liable under the guaranty" because the obligation "is unlawful." *Navarro*, 25 N.Y.3d at 495.[5] Indeed, courts have interpreted the exact language in the Indenture to bar any argument by a guarantor that "it would be illegal for it to pay what it owes on the guarantee" under foreign law. *Omega Energy*, 2019 WL 4198676, at *4; *accord Dresser-Rand Co. v. PDVSA Petroleo, S.A.*, No. 20-1990, 2021 WL 2878936, at *2 (2d Cir. July 9, 2021) ("comfortably conclud[ing]" that same "broad language" precluded impossibility defense).

*Third*, the Guarantors' liability is not derivative of TV Azteca's. The Guarantors are liable "as primary obligor[s]" and "not merely as suret[ies]." Indenture §10.1(a). That language "imposes" a "direct obligation to pay . . . the outstanding balance on the Note, independent of [TV Azteca's] payment obligation." *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, 439 F. Supp. 3d 270, 274 (S.D.N.Y. 2020). The Guarantors thus have "independent" liability regardless of whatever defenses TV Azteca may raise. *Id.* And Defendants are wrong to claim (at 3) that "[t]he Guarantors' liability cannot exceed the amount the primary obligor owes"; New York courts routinely hold the opposite. Opp. at 3; *see Chip Fifth Ave. LLC v. Quality King Distribs., Inc.*, 158

---

[4] By contrast, the two bankruptcy court decisions the Guarantors invoke do not mention any similar language in the operative contracts. *See In re Republic Airways Holdings Inc.*, 598 B.R. 118, 125-26 (Bankr. S.D.N.Y. 2019); *In re Solutia Inc.*, 379 B.R. 473, 477-79 (Bankr. S.D.N.Y. 2007).

[5] *In re Republic Airways Holdings*, a bankruptcy court decision cited by Defendants to claim that public policy defenses cannot be waived by a guarantor, *see* Opp. at 3, relied on **New York** public policy, which Defendants do not claim applies here. *See* 598 B.R. at 147-148. In any event, Defendants' reading of *Republic Airways* is contrary to both the New York Court of Appeals' ruling in *Navarro* and the Second Circuit's rulings in *136 Field Point* and *Ursa Minor*.

A.D.3d 418, 418-19 (N.Y. App. Div. 2018) ("Where, as here, the guarantor broadly waives rights precluding its reliance on the effect of possible defenses on obligations it has guaranteed, the guarantor's liability can be greater than that of the obligor"); *Int'l Plaza Assocs., L.P. v. Lacher*, 104 A.D.3d 578, 579 (N.Y. App. Div. 2013) ("[A] guarantor's liability may exceed the scope of the principal's liability"). Thus, even if TV Azteca were "able to escape liability," the "guarantees are still enforceable" against the Guarantors. *Mfrs. Hanover Tr. Co. v. Green*, 95 A.D.2d 737 (N.Y. App. Div. 1983).

*Fourth*, the waived defenses the Guarantors seek to raise are meritless. The Trustee has already explained why TV Azteca's arguments based on Mexican law and the beneficial holders' nationality are not a defense for TV Azteca, let alone the Guarantors. Dkt. 126 at 2-5. The new defenses of impossibility and unclean hands Defendants raised in their answer also fail. For the impossibility defense, Defendants offer zero factual basis for speculating that beneficial holders somehow "created" TV Azteca's tax liabilities or influenced the Mexican Supreme Court's ruling on that issue. In addition, impossibility applies only when an "unanticipated event that could not have been foreseen or guarded against in the contract" makes performance "objectively impossible." *Kel Kim Corp. v. Cent. Mkts., Inc.*, 70 N.Y.2d 900, 902 (1987). A ruling in Mexico against TV Azteca's controlling shareholder on a tax dispute dating to the early 2010s is not "unanticipated."[6] And difficulty in performance, even to the point of bankrupting the obligor, does not make performance impossible. *407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*, 23 N.Y.2d 275, 281-82 (1968) (collecting cases). Even if the Mexican Supreme Court's tax ruling had bankrupted Defendants – which they do not claim – that would still not support the impossibility defense. *See Omega*, 2019 WL 4198676, at *5 (finding similar argument "nonsense").

The Guarantors' unclean hands defense also fails as a matter of law. That doctrine applies only to "immoral or unconscionable conduct directly related to the subject matter" of the litigation that injured the party seeking to invoke the doctrine. *Citibank, N.A. v. Am. Banana Co.*, 50 A.D.3d 593, 594 (N.Y. App. Div. 2008). Like the impossibility defense, Defendants offer zero factual basis to show that the beneficial holders have done anything remotely approaching that standard in connection with the Mexican Supreme Court's tax ruling. In any event, because unclean hands is an equitable doctrine that applies only to equitable claims, it is not a defense to a contract action for damages like this one. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 607 (2d Cir. 2005); *HNW Fam. Off. AG v. Art Assure Ltd., LLC*, No. 17 Civ. 7464, 2025 WL 104139, at *5 (S.D.N.Y. Jan. 15, 2025). And the doctrine "is never used unless **the plaintiff** is guilty of immoral, unconscionable conduct." *Nat'l Distillers & Chem. Corp. v. Seyopp Corp.*, 17 N.Y.2d 12, 15 (1966) (emphasis added); *see Brown v. Lockwood*, 76 A.D.2d 721, 729 (N.Y. App. Div. 1980) ("If a plaintiff is not guilty of inequitable conduct toward the defendant in the transaction, his hands are as clean as the law requires."). Defendants do not even claim that the plaintiff here – the Trustee – has done anything in connection with their tax liabilities.

---

[6] *See Mexico's Top Court Votes Against Salinas on Major Tax Claims*, BLOOMBERG (Nov. 13, 2025), https://www.bloomberg.com/news/articles/2025-11-13/mexico-s-top-court-hears-tax-claims-worth-1-8-billion-against-grupo-salinas.

Finally, Defendants' claim that the motion is "procedurally improper" is baseless.  *Cf.* Opp. 4.  Defendants do not engage with the governing standard, which allows the Court "considerable discretion" to entertain successive summary judgment motions.  *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004).[7]  And their argument that discovery will "materially affect" all Defendants' liability rests on their incorrect claim that the Guarantors can still contest liability on every possible ground.[8]  Because the Guarantors have waived all defenses, there is no overlap between their liability and TV Azteca's.  The most just, speedy, and inexpensive way to resolve this case against the Guarantors is to hear summary judgment now.  Fed. R. Civ. P. 1.

*   *   *

The New York Court of Appeals has repeatedly held that to allow a guarantor to raise defenses it waived "would in effect condone defendants' own fraud in deliberately misrepresenting their true intention when putting their signatures to their absolute and unconditional guarantee."  *Navarro*, 25 N.Y.3d at 494 (quoting *Citibank, N.A. v. Plapinger*, 66 N.Y.2d 90, 95 (1985), and *Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 323 (1959) (cleaned up)).  "In other words, because defendants had assured the [lenders] that their guaranty to pay the loan was not subject to any defenses, they were bound to their promise."  *Navarro*, 25 N.Y.3d at 494.  That principle applies with full force here.  The Guarantors enabled TV Azteca to borrow hundreds of millions of dollars through a promise to unconditionally guarantee TV Azteca's debt.
The Court should allow the Trustee to move now for summary judgment against the Guarantors because they are "bound to their promise."  *Id.*

Respectfully submitted,

*/s/ Justin M. Ellis*
Justin M. Ellis

Cc: All counsel of record (via CM/ECF)

---

[7] Defendants argue that *Sira* "involves civil rights claims and a Rule 12(c) motion converted to a summary judgment motion," Opp. 4 n.4, but once again do not explain why that matters.

[8] The Guarantors' claim that the Trustee "acknowledges" discovery is warranted as to TV Azteca, Opp. at 1, is false.  The Trustee has explained in detail why this case can and should be resolved as to TV Azteca without protracted discovery.  Dkt. 126.