UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>                Plaintiff,<br><br>v.<br><br>TV AZTECA, S.A.B. DE C.V.; ALTA EMPRESA, S.A. DE C.V.; ASESORÍA ESPECIALIZADA EN AVIACIÓN, S.A. DE C.V.; AZTECA RECORDS, S.A. DE C.V.; AZTECA SPORTS RIGHTS LLC; EQUIPO DE FUTBOL MAZATLAN, S.A. DE C.V.; GANADOR AZTECA, S.A.P.I. DE C.V.; MAZATLAN PROMOTORA DE FUTBOL, S.A. DE C.V.; OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.; PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.; PRODUCCIONES DOPAMINA, S.A. DE C.V.; PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.; PRODUCTORA DE TELEVISIÓN REGIONAL DE TV AZTECA, S.A. DE C.V.; PROMOTORA DE FUTBOL ROJINEGROS, S.A. DE C.V.; PUBLICIDAD ESPECIALIZADA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V.; S.C.I. DE MÉXICO, S.A. DE C.V.; SERVICIOS AÉREOS NOTICIOSOS, S.A. DE C.V.; SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.; SERVICIOS Y MANTENIMIENTO DEL FUTURO EN TELEVISIÓN, S.A. DE C.V.; CORPORACIÓN DE ASESORÍA TÉCNICA Y DE PRODUCCIÓN, S.A., DE C.V.; EDITORIAL MANDARINA, S.A. DE C.V.; MULTIMEDIA, ESPECTÁCULOS Y ATRACCIONES, S.A. DE C.V.; SERVICIOS FORÁNEOS DE ADMINISTRACIÓN, S.A. DE C.V.; SERVICIOS LOCALES DE PRODUCCIÓN, S.A. DE C.V.; AZTECA INTERNATIONAL CORPORATION; STATIONS GROUP LLC; TV AZTECA HONDURAS, S.A. DE C.V.; COMERCIALIZADORA DE | Case No. 1:22-cv-08164-PGG<br><br>Hon. Paul G. Gardephe<br><br>**THIRD PARTY COMPLAINT** |

TELEVISIÓN DE HONDURAS, S.A. DE C.V.; INCOTEL S.A.; TVA GUATEMALA S.A.; LASIMEX, S.A. DE C.V.; TV AZTECA GLOBAL, S.L.U.; AZTECA COMUNICACIONES PERÚ, S.A.C.; REDES OPTICAS, S.A.C.; TELEVISORA DEL VALLE DE MÉXICO, S.A. DE C.V.

Defendants.

TV AZTECA, S.A.B. DE C.V.; ALTA EMPRESA, S.A. DE C.V.; ASESORÍA ESPECIALIZADA EN AVIACIÓN, S.A. DE C.V.; AZTECA RECORDS, S.A. DE C.V.; AZTECA SPORTS RIGHTS LLC; EQUIPO DE FUTBOL MAZATLAN, S.A. DE C.V.; GANADOR AZTECA, S.A.P.I. DE C.V.; MAZATLAN PROMOTORA DE FUTBOL, S.A. DE C.V.; OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.; PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.; PRODUCCIONES DOPAMINA, S.A. DE C.V.; PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.; PRODUCTORA DE TELEVISIÓN REGIONAL DE TV AZTECA, S.A. DE C.V.; PROMOTORA DE FUTBOL ROJINEGROS, S.A. DE C.V.; PUBLICIDAD ESPECIALIZADA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V.; S.C.I. DE MÉXICO, S.A. DE C.V.; SERVICIOS AÉREOS NOTICIOSOS, S.A. DE C.V.; SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.; SERVICIOS Y MANTENIMIENTO DEL FUTURO EN TELEVISIÓN, S.A. DE C.V.; CORPORACIÓN DE ASESORÍA TÉCNICA Y DE PRODUCCIÓN, S.A., DE C.V.; EDITORIAL MANDARINA, S.A. DE C.V.; MULTIMEDIA, ESPECTÁCULOS Y ATRACCIONES, S.A. DE C.V.; SERVICIOS FORÁNEOS DE ADMINISTRACIÓN, S.A. DE C.V.; SERVICIOS LOCALES DE PRODUCCIÓN, S.A. DE C.V.; AZTECA INTERNATIONAL CORPORATION; STATIONS GROUP LLC; TV AZTECA HONDURAS, S.A. DE C.V.; COMERCIALIZADORA DE TELEVISIÓN DE HONDURAS, S.A. DE C.V.; INCOTEL S.A.; TVA GUATEMALA S.A.;

LASIMEX, S.A. DE C.V.; TV AZTECA GLOBAL, S.L.U.; AZTECA COMUNICACIONES PERÚ, S.A.C.; REDES OPTICAS, S.A.C.; TELEVISORA DEL VALLE DE MÉXICO, S.A. DE C.V.

              Third-Party Plaintiffs,

              v.

CYRUS CAPITAL PARTNERS, L.P. AND CONTRARIAN CAPITAL MANAGEMENT, LLC

              Third-Party Defendants.

Defendants/Third-Party Plaintiffs TV Azteca, S.A.B. de C.V., Alta Empresa, S.A. de C.V., Asesoría Especializada En Aviación, S.A. de C.V., Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Operadora Mexicana de Televisión, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Televisión Regional de TV Azteca, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V., S.C.I. de México, S.A. de C.V., Servicios Aéreos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V., Corporación de Asesoría Técnica y de Producción, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectáculos y Atracciones, S.A. de C.V., Servicios Foráneos de Administración, S.A. de C.V., Servicios Locales de Producción, S.A. de C.V., Azteca International Corporation, Stations Group LLC, TV Azteca Honduras, S.A. de C.V., Comercializadora de Televisión de Honduras, S.A. de C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Perú, S.A.C., Redes

Opticas, S.A.C., and Televisora del Valle de México, S.A. de C.V. (collectively, "Defendants"), as and for their Third Party Complaint against Third Party Defendants Cyrus Capital Partners, L.P. and Contrarian Capital Management, LLC states on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1. This Third-Party Complaint arises from a series of reckless and negligent actions by Third-Party Defendants Cyrus Capital Partners, L.P. ("Cyrus") and Contrarian Capital Management, LLC ("Contrarian")—actions that have caused catastrophic financial harm to Defendants/Third-Party Plaintiffs.

2. Specifically, Cyrus and Contrarian, acting as the majority Holders of the Notes and at all relevant times directing the prosecution of this litigation, deliberately took unlawful steps contrary to applicable Mexican law for punitive reasons to pressure the Mexican government into imposing massive tax liabilities and penalties against Defendants/Third-Party Plaintiffs.

3. In the midst of a highly charged political environment in Mexico, and with full knowledge of the adversarial relationship between the current administration and Grupo Salinas (which is how the public identifies Defendants in Mexico) and its leader, Ricardo Salinas-Pliego, Cyrus and Contrarian targeted a lobbying campaign against Defendants based on false, misleading and/or reckless accusations.

4. Their efforts, undertaken after the election of President Claudia Sheinbaum-Pardo ("President Sheinbaum"), were designed to weaponize the machinery of the Mexican state— including its judiciary—against Defendants/Third-Party Plaintiffs. This campaign culminated in the Mexican Supreme Court's November 13, 2025, decision upholding hundreds of millions of

4

dollars in tax penalties against Defendants, a direct result of the political pressure orchestrated by Cyrus and Contrarian.

5. As a direct and foreseeable consequence of these negligent and reckless acts—acts which violate fundamental principles of Mexican law—Defendants/Third-Party Plaintiffs have suffered damages exceeding $400 million. Through this action, Defendants/Third-Party Plaintiffs seek to hold Cyrus and Contrarian accountable for their wrongful conduct and to recover the damages inflicted by their actions.

## PARTIES

6. Cyrus is a limited liability partnership organized under the laws of the State of Delaware, with a principal place of business in New York, NY 10022.

7. Contrarian is a limited liability company organized under the laws of the State of Delaware, with a principal place of business located in Greenwich, CT 06830.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1332(a)(3) because this action is between citizens of different States in which citizens of foreign states are additional parties, and because the amount in controversy exceeds $75,000.

9. This Court has personal jurisdiction over the Third-Party Defendants because the Noteholders, through Plaintiff, consented and submitted to this Court's jurisdiction for any action arising out of or relating to the Notes or Indenture and agreed that any such suit may be brought in this Court.

10. Venue is proper because Third-Party Defendants waived, "to the fullest extent permitted by applicable law," any objection to venue in this District. Indenture, Ex. A § 11.7(b)(ii). Venue is also proper under 28 U.S.C. § 1391(f)(1) because a substantial part of the events and

omissions giving rise to this claim arose in this District.  Moreover, TV Azteca and the Guarantors waived any defense that this Court would be an inconvenient forum for this action.  Indenture, Ex. A § 11.7(b)(ii).

11.     Venue is also proper under the Court's Anti-Injunction Order, dated September 22, 2025.  ECF No. 97.  Pursuant to that Order, Defendants dismissed then-existing litigation in Mexico relating to this case and are "enjoined from prosecuting any legal actions in Mexico arising from the Indenture, or commencing any new legal actions in Mexico arising from the Indenture." *Id*. at 39-40.  The allegations herein relate to the Holders of the Notes seeking improper leverage with respect to disputes over the Indenture.  Accordingly, this is the proper venue in which Defendants may now bring these claims, which are related to the claim asserted by Plaintiff against Defendants.

## FACTUAL ALLEGATIONS

### Contrarian and Cyrus' Arbitration Against Mexico

12.     Contrarian and Cyrus are Holders of the Notes on which Plaintiff seeks a recovery in this action.  Contrarian and Cyrus own a substantial portion of the Notes and directed Plaintiff to bring this action against Defendants/Third-Party Plaintiffs.

13.     As background, in 2023, Contrarian and Cyrus commenced an international investment arbitration claim at the International Centre for Settlement of Investment Disputes against the Mexican government arguing that Mexican courts had denied them due process in connection with litigations in Mexico filed by TV Azteca.  According to Contrarian and Cyrus, the Mexican courts' alleged denial of due process prevented them from collecting on the Notes.

14.     In that arbitration, which is ongoing, Contrarian and Cyrus seek, as damages, the full principal amount of the Notes plus interest.

Contrarian and Cyrus Acted Recklessly by
Lobbying the Mexican Government Against Defendants-Third Party Plaintiffs

15. Since the election of President Sheinbaum in 2024, Contrarian and Cyrus have engaged in a reckless lobbying campaign urging President Sheinbaum, the leader of the MORENA political party, to have the Mexican government coerce Defendants/Third-Party Plaintiffs into paying the amounts allegedly owed under the Notes.

16. Defendants/Third-Party Plaintiffs are perceived in Mexico as part of Grupo Salinas, a large corporate conglomerate. The public perceives Grupo Salinas to be subject to the leadership of Ricardo Salinas-Pliego, one of the most successful businessmen in Mexican history.

17. Mr. Salinas-Pliego is and has been a vocal critic of MORENA, the socialist political party that has governed Mexico since 2018. Indeed, Mr. Salinas-Pliego is perceived in Mexico as one of the most high-profile opposition figures to MORENA. This has earned Mr. Salinas-Pliego and the companies that are perceived to comprise Grupo Salinas the ire of the Mexican government for the past seven years. As a result, since 2018, MORENA and its leaders treat Mr. Salinas-Pliego and companies perceived to be associated with Grupo Salinas as political adversaries.

18. Andres Manuel Lopez-Obrador, the Mexican President from 2018 to 2024, and his administration, repeatedly targeted companies perceived to be within Grupo Salinas with public statements attacking and disparaging those companies, including Defendants/Third-Party Plaintiffs. Since her election in 2024, President Sheinbaum picked up Mr. Lopez-Obrador's mantle of bias against Grupo Salinas. Like her predecessor, President Sheinbaum conducts daily morning press conferences (often lasting hours). President Sheinbaum refers almost daily to Mr. Salinas-Pliego, Grupo Salinas in general, or specific companies perceived to be part of Grupo Salinas, including Defendants/Third-Party Plaintiffs. It appears there is no other corporate group that is mentioned more often by President Sheinbaum than Grupo Salinas. Contrarian and Cyrus

lobbied against Defendants and Grupo Salinas in a highly polarized and volatile political environment, in which the public record reflects that President Sheinbaum treats Mr. Salinas-Pliego and companies associated with Grupo Salinas as political adversaries.

19. Indeed, pressed by Contrarian and Cyrus, President Sheinbaum has a record of recent unfounded public statements attacking, disparaging and/or defaming Mr. Salinas-Pliego or Grupo Salinas in general, and/or Defendants/Third-Party Plaintiffs in particular, with regards to the dispute involving the Notes.

20. Contrarian and Cyrus knew or should have known that their actions could result in severe and drastic actions by Mexico against Defendants/Third-Party Plaintiffs. Contrarian and Cyrus knew or should have known that in lobbying Mexico to strongarm Defendants/Third-Party Plaintiffs, the Mexican government could intensify its attacks on and harassment of Defendants/Third-Party Plaintiffs. Indeed, this is exactly what happened.

<u>President Sheinbaum's Statements in Support of Contrarian and Cyrus</u>

21. On September 19, 2025, President Sheinbaum began making specific references to Contrarian and Cyrus' dispute with Defendants/Third-Party Plaintiffs.

22. In particular, President Sheinbaum stated that Contrarian and Cyrus had requested that the Mexican government "intervene" to cause Defendants/Third-Party Plaintiffs to pay all amounts allegedly owed under the Notes.

23. On September 30, 2025, President Sheinbaum announced that she would personally meet with Contrarian and Cyrus.

24. On October 8, 2025, a spokesperson for the Noteholders issued a public statement indicating that the Noteholders looked forward to meeting with President Sheinbaum to pursue

their "joint interest in recovering the large amounts of money" allegedly owed by Defendants/Third-Party Plaintiffs to the Mexican government and to the Noteholders.

25. On October 23, 2025, President Sheinbaum stated that Defendants/Third-Party Plaintiffs "must pay" the Noteholders and that the Noteholders would soon meet with the Mexican Ministry of Finance, which oversees, directs and controls the Mexican equivalent of the IRS.

### The Mexican Supreme Court's Ruling Against Defendants/Third-Party Plaintiffs

26. On November 13, 2025, the Mexican Supreme Court issued a final ruling denying several challenges that Defendants/Third-Party Plaintiffs had filed against a series of multi-hundred-million-dollar tax penalties levied by the Mexican federal tax authority (equivalent to the IRS). This effectively caused Defendants/Third-Party Plaintiffs to become indebted for over $400 million to the Mexican federal government.

27. The membership of the Mexican Supreme Court is aligned with President Sheinbaum and her political party, as described in numerous news reports.

28. For context, in 2025, the Mexican court system underwent a dramatic transformation. As a result of constitutional amendments proposed and advanced by MORENA, all federal and state judges in Mexico, including the Mexican Supreme Court, became publicly elected officials. The first judicial election took place in June 2025. As multiple international, independent human rights and media organizations have reported, all of the Justices in the Mexican Supreme Court that were elected in the judicial election are members of or affiliated with MORENA or are otherwise influenced by and/or aligned with President Sheinbaum and her administration.[1]

---

[1] *See, e.g.,* (Human Rights Watch) https://www.hrw.org/news/2025/09/01/mexico-electoral-process-undermines-judicial-independence, *Mexico: Electoral Process Undermines Judicial Independent,* Human Rights Watch, dated September 1, 2025*;* (New York Times)

29. As such, the judicial election effectively placed the Mexican Supreme Court (and the majority of the Mexican judiciary) under MORENA's control. This has been publicly reported and documented by multiple sources.

30. Contrarian and Cyrus' reckless conduct directly or indirectly resulted in the Mexican Supreme Court's November 13, 2025 ruling against Defendants/Third-Party Plaintiffs.[2]

31. Contrarian and Cyrus knew or should have known that the Mexican Supreme Court is aligned with of President Sheinbaum and her political party and that President Sheinbaum could exercise direct or indirect influence on the Mexican Supreme Court against Defendants/Third-Party Plaintiffs.

## COUNT I

### (Negligence Under Mexican Law)

32. Defendants/Third-Party Plaintiffs incorporate their allegations in the previous paragraphs as if fully set forth herein.

33. Under Article 1910 of the Mexican Federal Civil Code and under Article 1910 of the Mexico City Civil Code, a party is liable for any damages that it causes to another party by acting either intentionally or negligently. Negligent conduct includes any careless conduct or conduct without proper diligence.

---

https://www.nytimes.com/2025/06/15/world/americas/mexico-courts-election-results.html, *In Mexico, Thousands Ran for Office, Few Voted and One Party Dominated It All,* The New York Times, dated June 15, 2025; (The Economist) https://www.economist.com/the-americas/2025/05/15/mexico-will-be-the-only-country-that-elects-all-its-judges, *Mexico will be the only country that elects all its judges*, The Economist, dated May 15, 2025.

[2] The Mexican government has recently launched other attacks against Defendants including audits into their employment practices. Defendants reserve the right to amend this pleading as more facts come to light about the role (if any) of Contrarian and Cyrus' lobbying in these new additional attacks.

34. Contrarian and Cyrus have acted recklessly. As described more fully above, they misleadingly lobbied President Sheinbaum to try to have the Mexican government coerce Defendants/Third-Party Plaintiffs into paying the amounts allegedly owed under the Notes. This occurred in a highly polarized and volatile political environment, in which President Sheinbaum treats all companies perceived to be associated with Grupo Salinas as public enemies.

35. As such, Contrarian and Cyrus' conduct increased the risk that the Mexican government would take severe actions against Defendants/Third-Party Plaintiffs. Contrarian and Cyrus' reckless conduct directly or indirectly resulted in the Mexican Supreme Court's November 13, 2025 ruling against Defendants/Third-Party Plaintiffs.

36. Contrarian and Cyrus were aware, or reasonably should have been aware, that their lobbying efforts could provoke the Mexican government to take extraordinary and adverse measures against Defendants/Third-Party Plaintiffs. Their intervention, given the prevailing political climate and the antagonism between the administration and Grupo Salinas, foreseeably contributed to unfounded public criticisms and punitive actions, culminating in the Mexican Supreme Court's November 13, 2025 ruling.

37. As a result of Contrarian and Cyrus' recklessness, Defendants/Third-Party Plaintiffs have suffered and continue to suffer significant injury, including but not limited to financial loss, damage to reputation, and loss of business opportunities.

WHEREFORE, Defendants/Third-Party Plaintiffs request the following relief:

A. Awarding Third-Party Plaintiffs damages in the amount of at least $400 million, with an exact amount to be determined at trial;

B. Awarding Third-Party Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 17, 2025

                GREENBERG TRAURIG, LLP

                */s/ Hal S. Shaftel*
                Hal S. Shaftel
                John C. Molluzzo Jr.
                One Vanderbilt Avenue
                New York, New York 10017
                Tel: (212) 801-9200
                Fax: (212) 801-6400
                shaftelh@gtlaw.com
                molluzzoj@gtlaw.com

                GREENBERG TRAURIG, LLP
                Daniel Pulecio-Boek
                2101 L Street N.W.
                Washington, DC 20037
                Tel: (202) 331-3117
                pulecioboekd@gtlaw.com

                *Counsel to Defendants-Third Party Plaintiffs*