UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>                Plaintiff,<br><br>v.<br><br>TV AZTECA, S.A.B. DE C.V.; ALTA EMPRESA, S.A. DE C.V.; ASESORÍA ESPECIALIZADA EN AVIACIÓN, S.A. DE C.V.; AZTECA RECORDS, S.A. DE C.V.; AZTECA SPORTS RIGHTS LLC; EQUIPO DE FUTBOL MAZATLAN, S.A. DE C.V.; GANADOR AZTECA, S.A.P.I. DE C.V.; MAZATLAN PROMOTORA DE FUTBOL, S.A. DE C.V.; OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.; PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.; PRODUCCIONES DOPAMINA, S.A. DE C.V.; PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.; PRODUCTORA DE TELEVISIÓN REGIONAL DE TV AZTECA, S.A. DE C.V.; PROMOTORA DE FUTBOL ROJINEGROS, S.A. DE C.V.; PUBLICIDAD ESPECIALIZADA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V.; S.C.I. DE MÉXICO, S.A. DE C.V.; SERVICIOS AÉREOS NOTICIOSOS, S.A. DE C.V.; SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.; SERVICIOS Y MANTENIMIENTO DEL FUTURO EN TELEVISIÓN, S.A. DE C.V.; CORPORACIÓN DE ASESORÍA TÉCNICA Y DE PRODUCCIÓN, S.A., DE C.V.; EDITORIAL MANDARINA, S.A. DE C.V.; MULTIMEDIA, ESPECTÁCULOS Y ATRACCIONES, S.A. DE C.V.; SERVICIOS FORÁNEOS DE ADMINISTRACIÓN, S.A. DE C.V.; SERVICIOS LOCALES DE PRODUCCIÓN, S.A. DE C.V.; AZTECA INTERNATIONAL CORPORATION; STATIONS GROUP LLC; TV AZTECA HONDURAS, S.A. DE C.V.; COMERCIALIZADORA DE | Case No. 1:22-cv-08164-PGG<br><br>Hon. Paul G. Gardephe<br><br>**AMENDED ANSWER** |

1

| |
|---|
| TELEVISIÓN DE HONDURAS, S.A. DE C.V.; INCOTEL S.A.; TVA GUATEMALA S.A.; LASIMEX, S.A. DE C.V.; TV AZTECA GLOBAL, S.L.U.; AZTECA COMUNICACIONES PERÚ, S.A.C.; REDES OPTICAS, S.A.C.; TELEVISORA DEL VALLE DE MÉXICO, S.A. DE C.V. |
| Defendants. |
| TV AZTECA, S.A.B. DE C.V.; ALTA EMPRESA, S.A. DE C.V.; ASESORÍA ESPECIALIZADA EN AVIACIÓN, S.A. DE C.V.; AZTECA RECORDS, S.A. DE C.V.; AZTECA SPORTS RIGHTS LLC; EQUIPO DE FUTBOL MAZATLAN, S.A. DE C.V.; GANADOR AZTECA, S.A.P.I. DE C.V.; MAZATLAN PROMOTORA DE FUTBOL, S.A. DE C.V.; OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.; PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.; PRODUCCIONES DOPAMINA, S.A. DE C.V.; PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.; PRODUCTORA DE TELEVISIÓN REGIONAL DE TV AZTECA, S.A. DE C.V.; PROMOTORA DE FUTBOL ROJINEGROS, S.A. DE C.V.; PUBLICIDAD ESPECIALIZADA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V.; S.C.I. DE MÉXICO, S.A. DE C.V.; SERVICIOS AÉREOS NOTICIOSOS, S.A. DE C.V.; SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.; SERVICIOS Y MANTENIMIENTO DEL FUTURO EN TELEVISIÓN, S.A. DE C.V.; CORPORACIÓN DE ASESORÍA TÉCNICA Y DE PRODUCCIÓN, S.A., DE C.V.; EDITORIAL MANDARINA, S.A. DE C.V.; MULTIMEDIA, ESPECTÁCULOS Y ATRACCIONES, S.A. DE C.V.; SERVICIOS FORÁNEOS DE ADMINISTRACIÓN, S.A. DE C.V.; SERVICIOS LOCALES DE PRODUCCIÓN, S.A. DE C.V.; AZTECA INTERNATIONAL CORPORATION; STATIONS GROUP LLC; TV AZTECA HONDURAS, S.A. DE C.V.; COMERCIALIZADORA DE TELEVISIÓN DE HONDURAS, S.A. DE C.V.; INCOTEL S.A.; TVA GUATEMALA S.A.; |

2

| |
|---|
| LASIMEX, S.A. DE C.V.; TV AZTECA GLOBAL, S.L.U.; AZTECA COMUNICACIONES PERÚ, S.A.C.; REDES OPTICAS, S.A.C.; TELEVISORA DEL VALLE DE MÉXICO, S.A. DE C.V.<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>CYRUS CAPITAL PARTNERS, L.P. AND CONTRARIAN CAPITAL MANAGEMENT, LLC<br><br>Third-Party Defendants. |

Defendants TV Azteca, S.A.B. de C.V., Alta Empresa, S.A. de C.V., Asesoría Especializada En Aviación, S.A. de C.V., Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Operadora Mexicana de Televisión, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Televisión Regional de TV Azteca, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V., S.C.I. de México, S.A. de C.V., Servicios Aéreos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V., Corporación de Asesoría Técnica y de Producción, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectáculos y Atracciones, S.A. de C.V., Servicios Foráneos de Administración, S.A. de C.V., Servicios Locales de Producción, S.A. de C.V., Azteca International Corporation, Stations Group LLC, TV Azteca Honduras, S.A. de C.V., Comercializadora de Televisión de Honduras, S.A. de C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Perú, S.A.C., Redes

3

Opticas, S.A.C., and Televisora del Valle de México, S.A. de C.V. (collectively, "Defendants"), by and through their attorneys, Greenberg Traurig, LLP, submit this amended answer to the Complaint (the "Complaint") filed by Plaintiff The Bank of New York Mellon ("Plaintiff"), solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024 on July 11, 2025. Defendants also asserts claims in their Third Party Complaint, filed with this Amended Answer, against Third-Party Defendants Cyrus Capital Partners, L.P. and Contrarian Capital Management, LLC. Defendants deny each and every allegation contained in the Complaint except as may be hereinafter admitted, qualified, or explained, and state and allege as follows:

## NATURE OF THE ACTION

1. The allegations in Paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants admit that on August 9, 2017, TV Azteca, S.A.B. de C.V. ("TV Azteca") issued $400 million in unsecured notes pursuant to an indenture, dated as of August 9, 2017 and that the notes matured in 2024. Defendants further admit that certain subsidiaries of TV Azteca provided guarantees under the Indenture. Defendants otherwise deny the allegations of Paragraph 2 of the Complaint.

3. Defendants deny the allegations of Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint state a legal conclusion to which no response is required.

## PARTIES

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants admit the allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants admit the allegations of Paragraph 9 of the Complaint.

10. Defendants deny that Azteca Sports Rights LLC is also known as "Azteca Sport Right LLC" but otherwise admit the allegations of Paragraph 10 of the Complaint.

11. Defendants admit the allegations of Paragraph 11 of the Complaint.

12. Defendants admit the allegations of Paragraph 12 of the Complaint.

13. Defendants admit the allegations of Paragraph 13 of the Complaint.

14. Defendants admit the allegations of Paragraph 14 of the Complaint.

15. Defendants admit the allegations of Paragraph 15 of the Complaint.

16. Defendants admit the allegations of Paragraph 16 of the Complaint.

17. Defendants admit the allegations of Paragraph 17 of the Complaint.

18. Defendants admit the allegations of Paragraph 18 of the Complaint.

19. Defendants admit the allegations of Paragraph 19 of the Complaint.

20. Defendants admit the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants admit the allegations of Paragraph 22 of the Complaint.

23. Defendants admit the allegations of Paragraph 23 of the Complaint.

24. Defendants admit the allegations of Paragraph 24 of the Complaint.

25. Defendants admit the allegations of Paragraph 25 of the Complaint.

26. Defendants admit the allegations of Paragraph 26 of the Complaint.

27. Defendants admit the allegations of Paragraph 27 of the Complaint.

28. Defendants admit the allegations of Paragraph 28 of the Complaint.

29. Defendants admit the allegations of Paragraph 29 of the Complaint.

30. Defendants admit the allegations of Paragraph 30 of the Complaint.

31. Defendants admit the allegations of Paragraph 31 of the Complaint.

32. Defendants admit the allegations of Paragraph 32 of the Complaint.

33. Defendants admit the allegations of Paragraph 33 of the Complaint.

34. Defendants admit the allegations of Paragraph 34 of the Complaint.

35. Defendants admit the allegations of Paragraph 35 of the Complaint.

36. Defendants admit the allegations of Paragraph 36 of the Complaint.

37. Defendants admit the allegations of Paragraph 37 of the Complaint.

38. Defendants admit the allegations of Paragraph 38 of the Complaint.

39. Defendants admit the allegations of Paragraph 39 of the Complaint.

40. Defendants admit the allegations of Paragraph 40 of the Complaint.

41. Defendants admit the allegations of Paragraph 41 of the Complaint.

## **JURISDICTION AND VENUE**

42. The allegations in Paragraph 42 of the Complaint state a legal conclusion to which no response is required.

43. The allegations in Paragraph 43 of the Complaint state a legal conclusion to which no response is required.

44. The allegations in Paragraph 44 of the Complaint state a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

**I.      The Indenture**

    **A.      TV Azteca's Obligations**

45.    Defendants admit that the Indenture is dated August 9, 2017 and entered into by TV Azteca, the Subsidiary Guarantors (as defined in the Indenture), the Plaintiff, and The Bank of New York Mellon, London Branch, as initial principal paying agent. Defendants otherwise deny the allegations of Paragraph 45.

46.    The allegations in Paragraph 46 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    The allegations in Paragraph 47 of the Complaint state a legal conclusion to which no response is required.

48.    Defendants admit that Plaintiff is the named Trustee under the Indenture and is currently the Trustee. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Complaint.

49.    Defendants admit that on August 9, 2017, TV Azteca issued $400 million in unsecured notes (the "Notes") pursuant to an indenture, dated as of August 9, 2017. Defendants refer to the terms of the Indenture for the contents therein. Defendants otherwise deny the allegations of Paragraph 49 of the Complaint.

50.    Defendants admit that under the Indenture, the maturity date of the Notes was August 9, 2024. Defendants refer to the terms of the Indenture for the contents therein. Defendants otherwise deny the allegations of Paragraph 50 of the Complaint.

51. The allegations in Paragraph 51 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint and refer to the Indenture for the contents therein.

**B. The Guarantors' Obligation**

52. The allegations in Paragraph 52 of the Complaint state a legal conclusion to which no response is required.

53. The allegations in Paragraph 53 of the Complaint state a legal conclusion to which no response is required.

54. The allegations in Paragraph 54 of the Complaint state a legal conclusion to which no response is required.

55. The allegations in Paragraph 55 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Complaint and refer to the Indenture for the contents therein.

**C. Remedies Upon Events of Default**

56. The allegations in Paragraph 56 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint and refer to the Indenture for the contents therein.

57. The allegations in Paragraph 57 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint and refer to the Indenture for the contents therein.

58. The allegations in Paragraph 58 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint and refer to the Indenture for the contents therein.

59. The allegations in Paragraph 59 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint and refer to the Indenture for the contents therein.

## II. TV Azteca's Breaches of the Indenture

60. The allegations in Paragraph 60 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. The allegations in Paragraph 61 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62. The allegations in Paragraph 62 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63. The allegations in Paragraph 63 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants refer to the notices referenced in Paragraph 64 for the contents therein. Defendants otherwise deny the allegations in Paragraph 64 of the Complaint.

65. Defendants refer to the notice referenced in Paragraph 65 for the contents therein. Defendants otherwise deny the allegations in Paragraph 65 of the Complaint.

66. Defendants refer to the alleged letter for the contents therein. Defendants otherwise deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68. The allegations in Paragraph 68 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70. The allegations in Paragraph 70 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint.

71. The allegations in Paragraph 71 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71 of the Complaint.

72. The allegations in Paragraph 72 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Complaint.

## COUNT I

### Breach of Contract

74. Defendants incorporate their answers to the previous paragraphs as if fully set forth herein.

75. The allegations in Paragraph 75 of the Complaint state a legal conclusion to which no response is required.

76. The allegations in Paragraph 76 of the Complaint state a legal conclusion to which no response is required.

77. Defendants deny the allegations of Paragraph 77 of the Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

81. Defendants deny the allegations of Paragraph 81 of the Complaint.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

83. Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants deny the allegations of Paragraph 84 of the Complaint.

85. The allegations in Paragraph 85 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85 of the Complaint.

## PRAYER FOR RELIEF

To the extent the Complaint's Prayer for Relief is construed as containing any allegations, Defendants deny those allegations.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion where such burden properly rests with Plaintiff, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, Defendants hereby assert the following defenses to the claims asserted in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the Holders or beneficial owners of the Notes are U.S. persons.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of its failure to maintain a register of the Notes, of the Holders of the Notes, of the persons with beneficial interests over the Notes, and of their transfer and exchange, as required by the Indenture.

## FOURTH AFFIRMATIVE DEFENSE

The "Governing Law" provision in the Indenture is not applicable and contrary to New York's choice of law principles.

## FIFTH AFFIRMATIVE DEFENSE

The Indenture, Form of Note, Global Note, and/or Notes are unenforceable because they violate Mexican law.

## SIXTH AFFIRMATIVE DEFENSE

The Indenture, Form of Note, Global Note, and/or Notes are unenforceable because they violate Mexican public policy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Holders of the Notes purchased the Notes at a discounted rate and, if they recover the alleged damages, will make usurious returns on investment that are illegal under Mexican law and contrary to Mexican public policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the Holders of the Notes purchased the Notes below their facial value and, if they recover the alleged damages, would be collecting in excess of what they paid for the Notes, which is illegal under Mexican law and contrary to Mexican public policy.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of set off to the extent that Plaintiff or the Holders have recovered or will recover from other sources including the Mexican government the same amounts they seek in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by Plaintiff's or the Holders' conspiring with the Mexican government and lobbying against Defendants and so Defendants are subject to significant tax liabilities.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of impossibility.

\*   \*   \*

Defendants cannot fully anticipate all defenses that may be applicable to this civil action. Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses based on disclosures and information obtained during discovery.

Dated: New York, New York
December 17, 2025

                                      GREENBERG TRAURIG, LLP

                                      /s/ *Hal S. Shaftel*
                                      Hal S. Shaftel
                                      John C. Molluzzo Jr.
                                      One Vanderbilt Avenue
                                      New York, New York 10017
                                      Tel: (212) 801-9200
                                      Fax: (212) 801-6400
                                      shaftelh@gtlaw.com
                                      molluzzoj@gtlaw.com

                                      GREENBERG TRAURIG, LLP
                                      Daniel Pulecio-Boek
                                      2101 L Street N.W.
                                      Washington, DC 20037
                                      Tel: (202) 331-3117
                                      pulecioboekd@gtlaw.com

                                      *Counsel to Defendants-Third Party Plaintiffs*