UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024,<br><br>      Plaintiff,<br><br>  v.<br><br>TV Azteca, S.A.B. de C.V., *et al.*,<br><br>      Defendants.<br><br>TV Azteca, S.A.B. de C.V., *et al.*,<br><br>      Third-Party Plaintiffs,<br>  v.<br><br>Cyrus Capital Partners, L.P. and Contrarian Capital Management, LLC,<br><br>      Third-Party Defendants. | **JOINT PRE-CONFERENCE**<br>**STATEMENT**<br><br>Case No. 1:22-cv-08164-PGG-BCM |

    Pursuant to the Court's November 24, 2025 order (Dkt. 135), the parties hereby submit this Joint Pre-Conference Statement in advance of the Court's January 6, 2026 Rule 16 Conference:

**1.  The date of the conference and appearances for the parties, including the names of the individual attorneys who will attend, their law firms, addresses, and telephone numbers, and the party or parties represented.**

    The Rule 16 Conference is currently scheduled for January 6, 2026 at 10:00 a.m., in Courtroom 20A, 500 Pearl Street, New York, New York. The following counsel will appear:

| | |
|---|---|
| MOLOLAMKEN LLP<br>Justin M. Ellis<br>Mason E. Reynolds<br>Eric Rolston<br>430 Park Avenue<br>New York, New York  10022<br>(212) 607-8159<br>jellis@mololamken.com | GREENBERG TAURIG, LLP<br>Hal S. Shaftel<br>Daniel Pulecio-Boek<br>John C. Molluzzo Jr.<br>One Vanderbilt Avenue<br>New York, New York  10017<br>(212) 801-9200<br>shaftelh@gtlaw.com |
| RIKER DANZIG LLP<br>Curtis M. Plaza<br>7 Giralda Farms, Suite 250<br>Madison, New Jersey  07940<br>(973) 451-8488<br>cplaza@riker.com | *Counsel for Defendants/Third-Party Plaintiffs* |
| *Counsel for Plaintiff* | |

**2.    A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c).**

Joint Statement:  The parties agree that jurisdiction and venue in this Court is proper. Defendants have answered the Trustee's complaint, and no motions under Rule 12 for that complaint are anticipated at this time.

Plaintiff's Position:  This is an action on a promissory note.  The Trustee seeks to enforce an Indenture under which TV Azteca issued, and promised to repay, $400 million in Notes bearing 8.25% interest.  Pursuant to the Indenture and related documents, the "Notes" were issued as a single Global Note registered in the name of the "Common Depositary," the Bank of New York Depository (Nominees) Limited.  The "Holder" is "the Person in whose name a note is registered in the Note Register"—here, the Common Depositary is the registered Holder.  Owners of beneficial interests in the Global Note are not registered Holders under the Indenture.  Under the Indenture, the Trustee has the right to act during an Event of Default to pursue recovery from TV Azteca and certain subsidiaries and affiliates that guaranteed the Notes.

TV Azteca failed to make regularly scheduled semi-annual interest payments starting with a payment due in February 2021, and failed to pay all amounts due at maturity in August 2024. As a result, in this litigation, the Trustee seeks judgment against both TV Azteca and certain subsidiaries and affiliates that guaranteed the obligations on the Notes (the Guarantors).

Defendants assert that the Notes are, in whole or in part, unenforceable, asserting defenses including impossibility, unclean hands, Mexican public policy, breach of the Trustee's duties to maintain a register of Notes, and breach of provisions in the Indenture, which they assert prohibit the beneficial ownership of Notes by U.S. persons.

The Trustee intends to seek summary judgment at the close of fact discovery against TV Azteca and has sought leave to move for summary judgment, now, against the Guarantors. Defendants oppose both anticipated summary judgment motions.

Defendants have filed a third-party complaint against Cyrus Capital Partners L.P. and Contrarian Capital Management LLC, each of which own beneficial interests in the Global Note, asserting a claim for negligence under Mexican law in connection with certain lobbying activities that Defendants allege those parties undertook with the Mexican government. Cyrus and Contrarian's deadline to appear and respond to the complaint is January 12, 2026.

The Trustee intends to move to strike or sever the third-party complaint under Rule 14(a)(4) in advance of the Court's January 6 conference. The Trustee also intends to move to stay discovery solely relating to the third-party complaint pending disposition of its motion to strike or sever.

The Trustee will not respond in kind to Defendants' arguments below, which violate the Court's directive that "[t]o the extent the parties are in disagreement concerning any portion of the Pre-Conference Statement, they may submit separate proposals as to such portion, *without argument*." Dkt. 135 at 3 (emphasis in original). The Trustee respectfully refers the Court to its

brief on the scope of discovery, which is pending before the Court. Dkt. 126; *see also* Dkt. 124 (Order); Dkt. 129-7 at 48:16-53:25 (Hearing Tr.).

Defendants' Position[1]: For a multitude of legal and factual reasons, Plaintiff cannot meet its burden and obtain recovery in this case. As Defendants have detailed in previous submissions (*see* Dkt. 129), the Indenture prohibits direct or indirect ownership or control of the Notes by U.S. persons. Not only is this prohibition expressly stated in the Indenture and the Global Note (which is part of the Indenture) but the Noteholders have also acknowledged this prohibition in a joint statement of stipulated facts that they filed with the U.S. Bankruptcy Court when they tried to force Defendants into an involuntary Chapter 11. *See* Dkt. 48-11 ¶ 22 ("The Offering Circular stated that the notes were 'available only to non-U.S. persons.'"). Therefore, Defendants need discovery into (i) the identities and nationalities of the Noteholders; and (ii) Plaintiff's failure to comply with its obligation under the Indenture to keep a record of Noteholders. Defendants also need expert discovery concerning the scope of the meaning of the prohibition in the Indenture to the extent Plaintiff argues that it means something other than what it expressly says.

Defendants also have an independent defense under Mexican usury law and public policy which, as Defendants have detailed in previous submissions (*see* Dkts. 129, 136), is applicable in this case pursuant to Section 3.7 (usury and similar defenses) and Section 11.7 (choice of law) of the Indenture. Mexican law prohibits contracting for or waiving usurious returns (i.e., which Mexican law defines as unreasonable returns) and bars secondary creditors from recovering more than they paid for the debt. For Noteholders that purchased the Notes at a significant discount (for example, 50%), adding the full principal of the Notes and interest, they stand to nearly triple their

---

[1] For purposes of this submission, "Defendants' Position" shall also represent the position of the same parties as Third-Party Plaintiffs.

4

initial investment (i.e., make a net return of nearly 200%) in potential violation of Mexican law. Therefore, Defendants require discovery into (i) the dates and purchase price at which the current Noteholders purchased their Notes; and (ii) Plaintiff and the Noteholders' knowledge of the applicable restrictions under Mexican law. Defendants also need expert discovery concerning the scope of the meaning of Section 3.7 to the extent Plaintiff argues that it means something other than what it expressly says.  Further, Defendants need expert discovery as to the reasonableness of the Noteholders' expected returns under Mexican financial practices (which determines whether such returns are usurious).

Lastly, Defendants argue that the Noteholders have created a situation where it is impossible for Defendants to perform.  As detailed in their Third-Party Complaint, Defendants/Third-Party Plaintiffs contend that Cyrus Capital Partners L.P. and Contrarian Capital Management LLC lobbied the Mexican government to retaliate against Defendants, which has resulted in several attacks against Defendants, including a multi-hundred-million-dollar tax liability.  Defendants therefore need discovery into the Noteholders' communications with and efforts to lobby Mexican officials to weaponize the Mexican government against Defendants.

Plaintiff's attempt to rush this case through discovery is unfounded given the multitude of factual and legal issues at play.  Further, Plaintiff, not Defendants, caused nearly three years of delay by refusing to file a Complaint.

Defendants oppose any summary judgment motions prior to discovery, including against the Guarantor Defendants, as premature and for the reasons articulated in its separate submission on that issue.  Dkt. 157.

3. **A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so.**

No amendment of the pleadings or joinder of additional parties is necessary.

4.    **A proposed discovery schedule.**

Plaintiff proposes the following discovery schedule:

a.    <u>A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A)</u>:  The parties have already exchanged disclosures pursuant to Rule 26(a)(1)(A).

b.    <u>Dates for the service of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3)</u>:  Defendants served initial document production requests and interrogatories on December 19, 2025.

c.    <u>A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed</u>:  February 5, 2026 (T+30).

d.    <u>A date for the close of all fact discovery</u>:  February 5, 2026 (T+30).

e.    <u>Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary</u>:  No expert discovery is necessary.

f.    <u>A date for the close of all discovery, including expert depositions</u>:  February 5, 2026 (T+30).

Defendants propose the following discovery schedule:

a.    <u>A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A):</u>  The parties have already exchanged disclosures pursuant to Rule 26(a)(1)(A).

b.    <u>Dates for service of initial third-party discovery</u>.  Defendants have already served third party discovery on several Holders of the Notes.  On December 23, 2025, Plaintiff, on behalf of an "Ad Hoc Group" of Noteholders that it represents, served responses and objections and an eight-document production.  The subpoena responses objected to nearly every request, and the document production is deficient.

c.    <u>Date for submitting judicial request for international discovery</u>.  Defendants submitted requests for international discovery via motions filed on November 25, 2025.  *See* Dkts. 136-145.  These motions remain pending before the Court.

d.    <u>Dates for the service of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3)</u>:  Defendants served initial document production requests and interrogatories on December 19, 2024.

e.    <u>A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed</u>:  120 days after entry

     of scheduling order.  Specific deponents to be determined, but Defendants anticipate taking depositions of significant Noteholders and of Plaintiff.

  f. <u>A date for the close of all fact discovery</u>:  120 days after entry of scheduling order.

  g. <u>Date for completion of expert discovery</u>:  90 days after completion of fact discovery.

    i. <u>Expert Rule 26(a)(2) Disclosures</u>:  30 days after completion of fact discovery.

    ii. <u>Opponent Rule 26(a)(2) Disclosures</u>:  30 days after 26(a)(2) disclosures.

  h. <u>A date by which to serve Requests to Admit</u>:  100 days after entry of scheduling order.

  i. <u>Dispositive Motion Letters</u>:  3 weeks after close of expert discovery.

  j. Please note that this schedule does not account for discovery relating to Defendants/Third-Party Plaintiff's claims in their Third-Party Complaint, particularly since the Third-Party Defendants have not yet submitted an answer or otherwise responded to it.  If the Third-Party Defendants act responsibly and cooperatively, the parties should be able to keep any expansion of the schedule to a minimum.  But ultimately, the schedule must take account of the Third-Party Complaint and require an understanding of the Third-Party Defendants' position.

**5. Any proposed limitations to be placed on discovery, including protective or confidentiality orders.**

  The Court entered a stipulated confidentiality agreement and protective order on October 31, 2025.  Dkt. 122.

**6. Any anticipated discovery issues that may warrant early attention from the Court (including ESI protocols, litigation holds, and other issues relating to the preservation, retrieval and/or production of electronically stored information).**

  <u>Plaintiff's Position</u>:  On November 4, 2025, the Court ordered the parties to "make submissions addressing in detail (1) their plan for discovery, and (2) the scope of anticipated discovery," with supporting references to the Indenture and case law.  Dkt. 124 at 1 (Order); Dkt. 129-7 at 48:16-53:25 (Hearing Tr.).  The parties' briefing on those issues is pending before the

Court. Dkts. 126, 129. The Trustee will not respond in kind to Defendants' other arguments in violation of the Court's order. *See* Dkt. 135 at 3.

Defendants' Position: Defendants currently anticipate the following discovery issues:

- The Ad-Hoc Group of Noteholders (the group that owns the majority of the Notes, which Plaintiff's counsel simultaneously represents) produced eight documents on December 23 in response to Defendants' Rule 45 subpoenas. In their responses and objections, the Noteholders objected to and refused to produce documents in response to the overwhelming majority of requests. The few documents they did produce have inconsistent information and are replete with gaps. Defendants held a meet and confer with opposing counsel on December 29 and anticipate having to file a motion to compel.

- Plaintiff is likely to refuse to produce documents in response to most of Defendants' requests, which Defendants served on December 19. Defendants anticipate having to file a motion to compel.

- Defendants have filed both a pre-motion letter and three motions on notice seeking certain letters of rogatory and letters of request. All are opposed by the Trustee and remain pending before the Court. Dkts. 136, 137, 140, 143, 151, 152.[2]

---

[2] Although Defendants previously filed a motion seeking the issuance of letters rogatory to Singapore Exchange Limited (Dkts. 140-142), they have recently learned that Singapore Exchange Limited does not possess any responsive information. Accordingly, Defendants will no longer pursue that motion and will instead focus solely on the motions relating to discovery from Euroclear Bank S.A./N.V. and Clearstream Banking S.A. (Dkts. 137-139, 143-145).

8

7. **A date, approximately 30 days prior to the close of fact discovery, for a status conference with the Court.**

<u>Plaintiff's Position</u>:  The Court need not set a status conference other than the January 6, 2026 conference before the proposed close of fact discovery.  However, if the Court orders a fact discovery period longer than 30 days, it should set a status conference no later than 30 days after the January 6 conference.

<u>Defendants' Position</u>:  Given the necessity for fact discovery and expert discovery, Defendants propose a status conference 30 days prior to the end of fact discovery, with the specific date to be determined when a scheduling order has been put in place.

8. **When the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court.**

The parties remain open to good-faith mediation or settlement discussions but believe the current prospects for settlement are low.

9. **A date for the filing of pre-motion conference requests regarding summary judgment.**

<u>Plaintiff's Position</u>:  Plaintiff's motion for leave to move for summary judgment with respect to the Guarantor Defendants is pending before Judge Gardephe.  Dkt. 153.  Given the straightforward nature of this case, and as described in its scope-of-discovery brief, the Trustee also believes that a schedule for summary judgment against TV Azteca should be set now.  Dkt. 126.  The Trustee proposes that dispositive motions, including summary judgment, be filed by March 2, 2026 with any oppositions due April 1, 2026 and replies due April 11, 2026.

<u>Defendants' Position</u>:  Defendants have opposed Plaintiff's premature motion for leave to move for summary judgment with respect to the Guarantor Defendants given open discovery issues and numerous disputed facts.  Dkt. 157.  Thus, Defendants' request for summary judgment against the Guarantor Defendants should be denied.  Any further pre-motion conference requests regarding

summary judgment should occur on or before 30 days following the completion of expert discovery.

**10.     The anticipated length of trial and whether a jury has been requested.**

Plaintiff's Position:  The Trustee's present best estimate of the length of trial is between 1 and 3 days.

Defendants' Position:  Defendants' present best estimate of the length of trial is 7 days. This case will not be tried to a jury.

**11.     Whether the parties wish to consent to trial before the designated magistrate judge.**

The parties do not consent to further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

Dated:  New York, New York　　　　　　　　　Respectfully submitted,
December 30, 2025


*/s/ Justin M. Ellis*　　　　　　　　　　　　　　*/s/ Hal S. Shaftel*
Justin M. Ellis　　　　　　　　　　　　　　　　Hal S. Shaftel
Mason E. Reynolds　　　　　　　　　　　　　Daniel Pulecio-Boek
Eric Rolston　　　　　　　　　　　　　　　　　John C. Molluzzo Jr.
MOLOLAMKEN LLP　　　　　　　　　　　　GREENBERG TRAURIG, LLP
430 Park Avenue　　　　　　　　　　　　　　One Vanderbilt Avenue
New York, New York  10022　　　　　　　　　New York, New York  10017
(212) 607-8159　　　　　　　　　　　　　　　(212) 801-9200
jellis@mololamken.com　　　　　　　　　　　shaftelh@gtlaw.com

*Counsel for Plaintiff*　　　　　　　　　　　　*Counsel for Defendants/Third-Party*
　　　　　　　　　　　　　　　　　　　　　　*Plaintiffs*