UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __1/6/26__

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | |
| Plaintiff, | |
| -against- | |
| TV AZTECA, S.A.B. DE C.V., et al., | |
| Defendants. | |
| TV AZTECA, S.A.B. DE C.V., et al., | |
| Third-Party Plaintiffs, | |
| -against- | |
| CYRUS CAPITAL PARTNERS, L.P. and CONTRARIAN CAPITAL MGMT, LLC, | |
| Third-Party Defendants. | |

22-CV-8164 (PGG) (BCM)

**DISCOVERY AND CASE
MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's conference, the Court resolves certain non-dispositive motions and provides the parties with a case management and scheduling order, pursuant to Fed. R. Civ. P. 16, as follows:

Motions for Letters Rogatory

Upon full and due consideration of the moving, opposition, and reply papers, as well as the arguments presented during today's conference, defendants' motions for issuance of letters rogatory as to Clearstream Banking S.A. and Euroclear Bank S.A./N.V. (Dkts. 137 and 143) are GRANTED. Defendants are directed to re-submit the Clearstream and Euroclear Requests for International Judicial Assistance for the signature of the undersigned Magistrate Judge. Defendants' motion for issuance of letters rogatory as to Singapore Exchange Limited (Dkt. 140) was withdrawn on January 2, 2026 (*see* Dkt. 175), and is therefore DENIED as moot. Likewise, defendants' letter-motion requesting a pre-motion conference as to their motions for issuance of letters rogatory (Dkt. 136) is DENIED as moot.

<u>Motion to Stay Discovery as to Third-Party Complaint</u>

Plaintiff's letter-motion (Dkt. 174) to stay discovery arising from the recently filed third-party complaint (Dkt. 164) is GRANTED. Pending the Court's decision on plaintiff's pending Rule 14 motion (*see* Dkts. 174-1, 174-2) and/or the third-party defendants' anticipated Rule 12 motion(s), the parties may not conduct any discovery as to the third-party claims.

<u>Case Management Order</u>

1. <u>Response to Third-Party Complaint</u>. The third-party defendants' deadline to answer or move as to the third-party complaint is **January 12, 2026**.

2. <u>Joinder and Amendment</u>. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties must be made pursuant to Fed. R. Civ. P. 15(a)(2) and will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

3. <u>Automatic Disclosures</u>. The parties[1] have already exchanged the disclosures required by Fed. R. Civ. P. 26(a)(1).

4. <u>Written Discovery</u>. The parties must serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Rule 33.3(a)) no later than **January 20, 2026**.

5. <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including depositions, must be completed no later than **May 4, 2026**.

6. <u>Status Conference</u>. Judge Moses will conduct a status conference on **April 6, 2026, at 11:00 a.m.** No later than **March 30, 2026** the parties must submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

7. <u>Expert Discovery</u>. The Court declines to set an expert discovery schedule at this time but will revisit the issue at the April 6, 2026 status conference.

8. <u>Summary Judgment</u>. The Court notes that plaintiff has requested leave to file an early summary judgment motion against the Guarantor Defendants (Dkt. 153), which request is pending before the District Judge. However, that motion – if permitted – may not be the most efficient way to resolve the merits issues underlying the key defenses raised by both TV Azteca and the Guarantor

---

[1] As used in the remainder of this Case Management Order, "parties" means the plaintiff and the defendants.

Defendants, including, by way of example, (i) whether non-U.S. persons who are "[o]wners of beneficial interests in the Global Note" (plaintiff's phrasing) or "Noteholders" (defendants' phrasing) are barred from recovery on the debt at issue (Dkt. 172 at 2, 4); and (ii) whether there is a cognizable defense under "Mexican usury law and public policy" (*id*. at 4) as to beneficial owners/Noteholders who purchased the debt at issue at a deep discount. Those merits issues, in turn, animate many of defendants' third-party and international discovery requests and related motion practice (including the letters rogatory discussed above). Consequently, no later than **January 20, 2026**, the parties must submit a joint letter outlining their proposal(s) for promptly and efficiently placing these issues before the Court for early resolution. Plaintiff must also state whether its proposal is intended to supplement or replace its pending request at Dkt. 153.

9.  Timely Discovery. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

10. Conferences and Hearings. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(855) 244-8681** on their scheduled date, a few minutes before their scheduled time, and enter the access code **2314 181 4376**#. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

11. Remote Depositions. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g*., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

12.     Trial. Plaintiff states that the anticipated length of trial is between one and three days. Defendants state that the anticipated length of trial is seven days. The parties have not requested a jury trial.

13.     Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

14.     Discovery of ESI. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

15.     Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

16.     Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

The Clerk of Court is respectfully directed to close the motions at Dkts. 136, 137, 140, 143, and 174.

Dated: New York, New York
       January 6, 2026

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**