

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

January 12, 2026

VIA CM/ECF

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *The Bank of N.Y. Mellon[1] v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Gardephe:

      We represent Contrarian Capital Management LLC and Cyrus Capital Partners, LP.[2] Pursuant to Rule IV(A) of your individual practices, we respectfully seek leave to move to dismiss Defendants' Third Party Complaint (Dkt. 164). Defendants' complaint alleging a conspiracy between Cyrus, Contrarian, the President of Mexico, and the Mexican Supreme Court alleges no legitimate third-party claims, fails to set forth a plausible basis for relief, and is barred by both the First Amendment and the act-of-state doctrine.[3] The third-party complaint should thus be dismissed if the Court does not grant the Trustee's pending motion to strike. *See* Dkt. 173.

I.      **Facts Alleged**[4]

      Defendants' third-party complaint does not allege that Cyrus and Contrarian are liable for the debt Defendants owe on the Notes. *See* Dkt. 164 (Compl.). Instead, Defendants' claims arise out of Mexican politics and tax litigation. *Id.* ¶¶ 1-4. Defendants allege that Cyrus and Contrarian engaged in a "lobbying campaign" with Claudia Sheinbaum, the President of Mexico. *Id.* ¶ 15. According to Defendants, President Sheinbaum and her political party, MORENA, are "political adversaries" of and "bias[ed]" against Ricardo Salinas, the chairman and controlling shareholder of TV Azteca. *Id.* ¶¶ 17-18. Mr. Salinas, in turn, is alleged to be "one of the most high-profile opposition figures" to President Sheinbaum and MORENA. *Id.* ¶ 17. Defendants thus allege that Mr. Salinas and Grupo Salinas, Defendants' management company, "earned … the ire of the Mexican government for the past seven years." *Id.*; *cf.* Dkt. 80. One part of that alleged "ire"

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] Counsel has also appeared for the Trustee as Plaintiff in this action.

[3] Cyrus and Contrarian reserve the right to raise other arguments in any motion to dismiss, including without limitation that Defendants' claims are controlled by the Indenture's choice-of-law clause. *See* Dkt. 80-1 § 11.7.

[4] Because Cyrus and Contrarian request leave to move to dismiss under Rule 12(b)(6), they recite the facts alleged. But Cyrus and Contrarian deny many of those allegations. In particular, Cyrus and Contrarian never met with President Sheinbaum, as the complaint claims.

involves a Mexican lawsuit in which companies affiliated with Mr. Salinas have challenged tax liabilities assessed by the government for the fiscal years 2008 to 2013. *See* Compl. ¶26.[5]

Defendants allege that Contrarian and Cyrus "lobbied [President Sheinbaum] against Defendants and Grupo Salinas in [this] highly polarized and volatile political environment." Compl. ¶18. That alleged lobbying took place after TV Azteca obtained multiple *ex parte* injunctions in Mexican court against Cyrus, Contrarian, and the Trustee in Mexico in violation of the Indenture's New York forum-selection clause. *See* Dkt. 97. In response, Cyrus and Contrarian commenced an arbitration alleging that the Mexican government had breached its NAFTA treaty obligations to provide them due process. Compl. ¶¶13-14. In September 2025, President Sheinbaum publicly stated that her office would meet with representatives of Cyrus and Contrarian to discuss settling the arbitration. *See id.* ¶¶23-24. Defendants then allege that Cyrus and Contrarian made "false, misleading and/or reckless accusations" to the Mexican government against Defendants, though they do not state what those accusations are or how they were "false" or "misleading." *Id.* ¶3; *see also id.* ¶34 (similar). Defendants also do not allege that Contrarian or Cyrus' alleged lobbying in any way involved the Salinas entities' tax dispute.

In November 2025, the Mexican Supreme Court issued a ruling against the Salinas entities in their tax dispute, "effectively caus[ing] Defendants[] to become indebted for over $400 million to the Mexican federal government." Compl. ¶26. Defendants allege that Contrarian's and Cyrus' lobbying of President Sheinbaum "directly or indirectly resulted" in the November 2025 ruling. *Id.* ¶35. Defendants thus assert that Contrarian and Cyrus are liable for "negligence" under Mexican law for the full amount of their Mexican tax liabilities. *Id.* at 10. But Defendants do not allege any facts showing how Cyrus and Contrarian could have caused the President of Mexico to, in turn, cause the Mexican Supreme Court to issue a ruling it would not have otherwise issued.

## II. Argument

### A. The Complaint Does Not Allege Any Proper Third-Party Claims

As the Trustee explained in its motion to strike, Defendants' complaint is not viable because it does not allege a proper third-party claim. *See* Dkt. 174-1.[6] Under the Federal Rules, a defendant may serve a third-party complaint only "on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The third party thus must be "secondarily liable as a contributor to the defendant," or liability must be "dependent on the outcome of the main claim." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984); *see Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000).

Defendants' "negligence" claim is not derivative of the Trustee's claim. Defendants do not allege that Cyrus or Contrarian could somehow be liable for their debt on the Notes – nor could they, since funds managed by those entities beneficially own those Notes. Nor do Defendants

---

[5] *See also* Michael O'Boyle, *Mexico's Top Court Votes Against Salinas on Major Tax Claims*, BLOOMBERG (Nov. 13, 2025); Santiago Pérez, *Mexican Tycoon's Retail Chain Ordered to Pay $1 Billion in Back Taxes*, WALL ST. J. (June 13, 2024).

[6] Pursuant to the Court's "bundling rule," the motion papers are not yet fully filed on the docket.

allege that anything about Contrarian's and Cyrus' alleged "negligence" under Mexican law turns on the outcome of the Trustee's claim here. *Cf. Kenneth Leventhal & Co.*, 736 F.2d at 31. And Defendants do not – and could not – allege that Contrarian and Cyrus are liable as contributors to their debt under the Indenture. *Cf.* CPLR § 1401 (under New York law, "two or more persons who are subject to liability for damages for the same [tort] may claim contribution among them").

Defendants have argued that their claim is derivative because it "arise[s] from exactly the same core facts" as the breach claim. Dkt. 176. That is untrue. Because the Trustee has the undisputed right to sue in its own name to enforce the Notes, Dkt. 80-1 (Indenture) § 6.8, its claims in no way turn on the beneficial owners' actions or status – let alone, as Defendants claim, on Mexican politics or the tax rulings of the Mexican Supreme Court. Moreover, "'[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claims is not enough'" to justify a third-party complaint under Rule 14. *State Nat'l Ins. Co. v. Certain Interested Underwriters at Lloyd's London*, No. 22 Civ. 2686, 2022 WL 4547444, at *2 (S.D.N.Y. Sep. 29, 2022) (quoting 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1510 (3d ed. 2020)). Defendants' third-party complaint has no proper place in this action. That complaint should therefore be dismissed because it was not properly brought under Rule 14. *See, e.g.*, *Doucette v. Vibe Recs., Inc.*, 233 F.R.D. 117, 120 (E.D.N.Y. 2005) (on Rule 12(b)(6) motion, dismissing third-party claim that was not derivative under Rule 14).[7]

### B. Defendants Do Not State a Plausible Claim for Relief

Under familiar pleading standards, Defendants must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is inadequately pled if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.*

Defendants' claims do not satisfy those standards. Defendants assert that, through an alleged lobbying campaign, Contrarian and Cyrus somehow controlled the actions of the highest levels of the Mexican government and, by doing so, effectively rigged a decision of the Mexican Supreme Court. Such grave allegations require more than speculation to state a plausible claim. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (while a plaintiff is free to allege sweeping conspiracies, "the courts have no obligation to entertain pure speculation and conjecture"). Yet Defendants do not even allege that Cyrus and Contrarian discussed Defendants' tax litigation with the Mexican government, let alone allege any facts showing that they could have caused either the President of Mexico or the Mexican Supreme Court to change the outcome of that litigation. If anything, Defendants allege that President Sheinbaum took action against Mr. Salinas for domestic

---

[7] Defendants have also asserted that the Court may "treat" the third-party complaint as a counterclaim because Cyrus and Contrarian are the "real parties in interest." Dkt. 176 at 1-2. That is untrue: Only the Trustee is the real party in interest here, since it has the right to recover judgment on the Notes in its own name. Dkt. 80-1 § 6.8.

political reasons, not because of anything Cyrus and Contrarian said or did. *Cf. Twombly*, 550 U.S. at 567 (mere allegations of defendants' "parallel conduct" motivated by self-interest do not plausibly allege that defendants conspired). Defendants offer no reasonable basis to infer that Cyrus and Contrarian could have manipulated the Mexican legal system in the way that Defendants claim. *See Weinstein Co. v. Smokewood Ent. Grp., LLC*, 664 F. Supp. 2d 332, 343 (S.D.N.Y. 2009) (to state a claim, a plaintiff's "inferences must still be reasonable").

For similar reasons, the complaint's allegations also do not clear the "stringent causation standard used in Mexican tort law." *Alpert v. Starwood Hotels & Resorts Worldwide, Inc.*, 799 F. App'x 89, 91 (2d Cir. 2020). "Mexican tort law requires that a plaintiff prove that his or her injury was the immediate and direct result of the defendant's unlawful act." *Alpert v. Starwood Hotels*, No. 3:14-CV-1872, 2018 WL 5456493, at *7 (D. Conn. Oct. 29, 2018), *aff'd sub nom. Alpert v. Starwood Hotels & Resorts Worldwide, Inc.*, 799 F. App'x 89 (2d Cir. 2020)). That means "'the relationship between a defendant's conduct and the plaintiff's injuries must be so close that there can be no other additional or intervening conduct by another party to which the legal injury or injuries can be attributed.'" *Id.* (quoting *Summers v. Hotels*, No. 2:11-cv-10608, 2013 WL 12113444, at *4 (C.D. Cal. Sept. 20, 2013)). But Defendants do not allege that Cyrus and Contrarian were the only cause of their tax liabilities. To the contrary, Defendants' theory involves at least two intervening actors – the President of Mexico and the Mexican Supreme Court – both of which, Defendants allege, had their own reasons for acting. Defendants' outlandish conspiracy theory does not state a plausible claim and must be dismissed.

### C. Defendants' Claim is Barred by the Act-of-State Doctrine

Even if Defendants' claim were properly brought in this case, and even if that claim were plausible, it would still be barred by the act-of-state doctrine. Under that doctrine, "the validity of [a] foreign state's act may not be examined." *Konowaloff v. Metro. Museum of Art*, 702 F.3d 140, 145 (2d Cir. 2012). Thus, a plaintiff's claim is barred if it would "require[] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." *W.S. Kirkpatrick & Co. v. Env't Tectonics Corp., Int'l*, 493 U.S. 400, 405 (1990). Under this doctrine, the validity of a foreign state's act may not be examined even if the complaint alleges that the act violates the foreign state's own laws. *Konowaloff*, 702 F.3d at 145-46 (citing *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 417 n.17 (1964)). Courts have long recognized that a foreign government's decisions as to what taxes its nationals owe qualify as an act of state. *See, e.g.*, *Riggs Nat. Corp. & Subsidiaries v. Comm'r*, 163 F.3d 1363, 1368 (D.C. Cir. 1999).

That doctrine bars Defendants' negligence claim. To find for Defendants, a U.S. court must find that, under Mexican law, the Salinas companies do not actually owe the disputed tax, and that the Mexican Supreme Court would have ruled in their favor but for Contrarian's and Cyrus' alleged lobbying. *See Ivison v. Extend Fertility, LLC*, No. 23 Civ. 4503, 2025 WL 2782306, at *7 (S.D.N.Y. Sept. 30, 2025) (Moses, M.J.) (New York negligence law requires showing "that the injury would not have occurred but for the defendant's conduct"); *Alpert*, 799 F. App'x at 91 ("more stringent causation standard used in Mexican tort law"). Defendants make as much clear by seeking the amount of the Salinas companies' tax liability as damages from Cyrus and

Contrarian. Dkt. 164 ¶¶ 26, 31. Thus, awarding Defendants relief would require a "declaration of a United States court that" the Mexican Supreme Court "violated its own law" by wrongly (and tortiously) upholding those penalties. *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 743 (2d Cir. 2016). The act of state doctrine prohibits such "an affront to the government of a foreign sovereign." *Id.* (whether plaintiff owned trademark was barred by act-of-state doctrine because that question turned on "a question of Russian law decided within Russia's borders"); *see Kirkpatrick*, 493 U.S. at 405 (citing *Underhill v. Hernandez*, 168 U.S. 250, 254 (1897) (to find a foreign sovereign's acts "tortious would have required denying [it] legal effect")); *Royal Wulff Ventures LLC v. Primero Mining Corp.*, 938 F.3d 1085, 1095 (9th Cir. 2019) (applying act-of-state doctrine to bar claim that would "require a [U.S.] court to evaluate Mexico's tax authority's compliance with Mexican law").

Defendants seek to nullify the Mexican Supreme Court's decision so Contrarian and Cyrus must foot their tax bill instead. The Court should apply the act-of-state doctrine and decline Defendants' invitation to second-guess the decisions of a foreign sovereign's highest court.

### D. Defendants' Claim is Barred by the First Amendment

Finally, Defendants' claim is barred by the First Amendment. Under the "*Noerr-Pennington*" doctrine, the right to petition "protects efforts to influence governmental action through litigation and lobbying" from civil liability. *Singh v. NYCTL 2009-A Tr.*, 683 F. App'x 76, 77 (2d Cir. 2017). Specifically, "efforts to persuade government officials simply by appealing to their political interests have *Noerr-Pennington* protection." *U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1374 (2d Cir. 1988). While the Second Circuit has not directly addressed the issue, a majority of courts hold that *Noerr-Pennington* protects petitioning foreign governments. *Friends of Rockland Shelter Animals, Inc. v. Mullen*, 313 F. Supp. 2d 339, 344 (S.D.N.Y. 2004); *see, e.g.*, *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1365 (5th Cir. 1983); *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, Inc.*, 256 F. Supp. 2d 249, 266 (D.N.J. 2003).

Defendants' third-party complaint explicitly seeks to hold Cyrus and Contrarian liable for their alleged "lobbying efforts." Dkt. 164 ¶ 36. Under *Noerr-Pennington*, those alleged efforts would have been protected speech. Defendants have alleged no facts supporting the narrow exception for petitioning that is "*both* objectively and subjectively" baseless. *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 526 (2002). Thus, if the Court does not dismiss the third-party claim on the other grounds – and it should – it should hold that the claim is barred by the First Amendment.

* * *

Cyrus and Contrarian therefore respectfully request leave, if necessary, to move to dismiss Defendants' third-party complaint. However, because the Trustee has already served a motion to strike Defendants' complaint – including on the grounds that the complaint is improper under Rule 14 – briefing of Cyrus and Contrarian's motion will be unnecessary if the Trustee's motion is granted. Cyrus and Contrarian therefore respectfully request that the Court not issue a briefing schedule on their proposed motion pending a decision on the Trustee's motion to strike.

Hon. Paul G. Gardephe
January 12, 2026
Page 6

                                      Respectfully submitted,

                                      */s/ Justin M. Ellis*
                                      Justin M. Ellis

Cc:   All counsel of record (via CM/ECF)