

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

January 13, 2026

**VIA ECF**

The Honorable Paul G. Gardephe
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 2140
New York, NY 10007

Re:   *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.,* 22-cv-8164

Dear Judge Gardephe:

On behalf of Defendants/Third-Party Plaintiffs TV Azteca, S.A.B. de C.V. and certain affiliates ("Defendants"), we write pursuant to Rule I.A. and Rule IV.A. of Your Honor's Individual Rules of Practice in Civil Cases to request a pre-motion conference to file a motion for leave to file a third-party complaint.

On December 17, 2025, Defendants filed their Amended Answer (ECF No. 166) and Third-Party Complaint (ECF No. 164). On pure procedural grounds based on an argument that Defendants filed the Third-Party Complaint seven days after the period prescribed by Rule 14(a)(1), Plaintiff has moved to strike the Third-Party Complaint. (ECF No. 173.) Defendants will serve their Opposition to that motion today, which will appear on the docket no later than January 20, 2026, in accordance with the Court's "bundling" rules.

For the reasons set forth in the Opposition, Plaintiff's motion to strike fails. Even so, as they note in their Opposition and without waiver of their position, Defendants seek by this letter leave for permission to file the Third-Party Complaint as a means to facilitate efficiency and avoid further delay from disputing the issue of one week with respect to the service of the Third-party Complaint. Motions for leave to implead third parties "should be freely granted unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Olshan Frome Wolosky LLP v. Comm. to Restore Nymox S'holder Value Inc.*, 2025 U.S. Dist. LEXIS 52885, at *19 (S.D.N.Y. Mar. 21, 2025) (quoting *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004)). In exercising their discretion, courts consider: (1) whether the movant deliberately delayed or was derelict; (2) whether impleader would prejudice any party or unduly complicate the action; and (3) whether the proposed third-party complaint states a claim upon which relief can be granted. *Id.* at *19-20. Rule 14 exists to "avoid two actions which should be tried together," "to obtain consistent results from identical or similar evidence," and to avoid "the serious handicap to a defendant of a time difference between a judgment against him and a judgment [in] his favor against the third party defendant." *Dery v. Wyer*, 265 F.2d 804, 806-07 (2d Cir. 1959).

The Honorable Paul G. Gardephe
January 13, 2026
Page 2

      As explained in further detail in their Opposition to the motion to strike, any delay by Defendants was neither "deliberate" nor "derelict."  On the date of filing, the Court had not yet entered a case management or scheduling order consistent with its model form (which contemplates motions to add parties within 30 days of the order).  Further, courts routinely grant leave where the timing causes no prejudice and discovery is ongoing or has barely begun, including well beyond any de minimis delay here.  *See, e.g.*, *Ouattara v. Amazon.com, Inc.*, 2022 WL 17167983, at *2 (S.D.N.Y. Nov. 22, 2022) (granting motion to implead more than 100 days after the deadline for doing so, even though discovery had closed).  Nor would impleader delay or unduly complicate trial, as no trial date has even been set and the factual issues relating to the third-party claim significantly overlap with Defendants' defenses.

      Additionally, impleader will not prejudice Plaintiff.  Third-Party Defendants—Cyrus Capital Partners, L.P. ("Cyrus") and Contrarian Capital Management, LLC ("Contrarian")—are the largest holders of the Notes and the parties who directed Plaintiff, the Trustee, to bring this action.  As such, they are well aware of this dispute and will be central witnesses regardless of whether they are formal parties.  Further weighing in favor of leave for the Third-Party Complaint, discovery has barely begun, no deadlines exist for dispositive motions or trial, and discovery is only in the beginning stages.  Courts routinely find "minimal, if any, prejudice" under similar circumstances.  *See Olshan Frome Wolosky LLP*, 2025 U.S. Dist. LEXIS 52885, at *23-25 ("minimal, if any prejudice" where "trial has not been set" and only a "brief discovery extension" would "befall the parties").

      Lastly, the Third-Party Complaint states a claim for relief, which Plaintiff notably does not meaningfully contest.  Under Article 1910 of the Mexican Federal Civil Code and the Mexico City Civil Code, a party is liable for damages caused by intentional or negligent conduct, including actions taken without proper diligence.  *Id.* ¶ 33; *see, e.g.*, *Curley v. AMR Corp.*, 153 F.3d 5, 15 (2d Cir. 1998) (applying Mexican law, including Article 1910 where Mexico was the "locus of the alleged tort").  The Third-Party Complaint alleges that Cyrus and Contrarian recklessly and negligently lobbied the Mexican government—including President Claudia Sheinbaum—to coerce Defendants into paying amounts allegedly owed under the Notes.  This conduct was foreseeably dangerous given the Mexican government's adversarial posture toward companies perceived to be associated with Grupo Salinas, and it allegedly culminated in extraordinary governmental actions, including the imposition of massive tax liabilities.  ECF No. 164 ¶¶ 33–34.  These allegations more than adequately state a claim.

The Honorable Paul G. Gardephe
January 13, 2026
Page 3

      For these reasons, Defendants respectfully request that the Court grant Defendants leave to file the Third-Party Complaint.

                                              Respectfully,

                                              */s/ Hal S. Shaftel*

                                              Hal S. Shaftel


cc:      Counsel of Record (via ECF)