

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

January 15, 2026

**VIA ECF**

The Honorable Paul G. Gardephe
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 2140
New York, NY 10007

   Re: *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.,* 22-cv-8164

Dear Judge Gardephe:

   On behalf of Defendants/Third-Party Plaintiffs TV Azteca, S.A.B. de C.V. and certain affiliates ("Defendants"), we write pursuant to Rules I.A. and IV.A. of Your Honor's Individual Rules of Practice in Civil Cases to oppose the request of Third-Party Defendants Cyrus Capital Partners, L.P. ("Cyrus") and Contrarian Capital Management, LLC ("Contrarian," and together with Cyrus, the "Third-Party Defendants") for leave to move to dismiss the Third-Party Complaint. *See* ECF No. 189.  Leave should be denied because (1) the third-party claim is facially proper under Rule 14 and derivative of the main action; (2) the pleadings undeniably state a plausible claim; (3) the act-of-state doctrine does not bar adjudication; and (4) the First Amendment/*Noerr-Pennington* doctrine does not immunize the alleged conduct.

   **I.**  **The Third-Party Claims Are Proper Under Rule 14 and Derivative of the Main Action**

   Contrarian and Cyrus contend the third-party claim is not "derivative" of the main claim and therefore not a proper impleader.  ECF No. 189 at 2.  But Rule 14 permits impleader where the third-party defendant may be liable over to the defendant for the loss at issue or where the third-party claim is contingent upon or intertwined with the underlying liability.  Here, Plaintiff seeks recovery on allegedly due Notes that are central to the subject matter of the third-party claim.

   The Third-Party Complaint alleges that Contrarian and Cyrus engaged in negligent conduct that foreseeably and proximately exacerbated the loss at issue by materially impairing Defendants' ability to satisfy any obligations under the Notes—through conduct that contributed to the imposition of hundreds of millions of dollars in tax liability. [1]  *See* ECF No. 164 ¶¶ 31–38.  As

---

[1] Cyrus and Contrarian assert that they are mere beneficial owners of the Notes, and not "Holders," and thus cannot be liable as Third-Party Defendants.  That argument is based solely on their specious interpretation of the Indenture, under which there are no Noteholders (despite that the Indenture repeatedly uses the terms Holders and Noteholders) but merely beneficial interest

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

The Honorable Paul G. Gardephe
January 15, 2026
Page 2

pleaded, Third-Party Defendants knew or should have known their lobbying efforts would provoke extraordinary governmental retaliation, which in fact occurred. *Id.*

Impleader is also appropriate here because it serves the purpose of Rule 14, which was designed "to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim." *Hines v. Citibank, N.A.*, 1999 WL 440616, at *2, 1999 U.S. Dist. LEXIS 9671 (S.D.N.Y. June 28, 1999). Allowing the third-party complaint "will promote judicial economy and eliminate the need for separate actions." *Graham-Johnson v. City of Albany*, 2021 WL 1614763, at *8 (N.D.N.Y. Apr. 26, 2021). As noted above, the issues relevant to the third-party claim significantly overlap with those presented in the main case, and thus it would be most efficient to adjudicate both here. It would be unnecessarily inefficient to proceed otherwise.

## II.    Defendants/Third-Party Plaintiffs State a Plausible Claim for Relief

Contrarian and Cyrus assert that the Third-Party Complaint fails to state a plausible claim, but they conspicuously fail to identify any specific allegation that is deficient. Instead, they rely on conclusory assertions and generalities. ECF No. 189 at 3. They do not address, for example, the Third-Party Complaint's detailed allegations that:

(i)    in daily press conferences, Mexican President Claudia Sheinbaum made specific references to Contrarian and Cyrus' dispute with Defendants (ECF No. 164 ¶ 21);

(ii)    President Sheinbaum acknowledged that Contrarian and Cyrus asked the Mexican government to "intervene" against Defendants (*id*. ¶ 22);

(iii)    President Sheinbaum personally met with Contrarian and Cyrus (*id*. ¶ 23);

(iv)    Contrarian and Cyrus publicly stated that they met with President Sheinbaum to pursue their "joint interest in recovering the large amounts of money" allegedly owed under the Notes (*id*. ¶ 24); and

(v)    Contrarian and Cyrus met with the Mexican Ministry of Finance, which oversees and controls Mexico's tax authority (*id*. ¶ 25).

Nor do they address allegations that they acted recklessly by lobbying President Sheinbaum in a highly polarized and volatile political environment (*id*. ¶ 34), that their conduct increased the risk of severe governmental action (*id*. ¶ 35), or that they knew or should have known their lobbying would result in extraordinary adverse measures (*id*. ¶ 36).

Under Mexican law, civil liability is governed by a general negligence provision rather than discrete tort categories. Liability attaches where: (i) an action or omission is committed with fault (including negligence or willful misconduct); (ii) damage results; and (iii) there is a causal relationship between the conduct and the damage. With respect to causation, under the doctrine

---

owners of a single Global Note. That argument is further belied by their role—which they conveniently ignore—in directing the Plaintiff to file this litigation and then simultaneously seeking the same damages in a separate international arbitration.

**Greenberg Traurig, LLP | Attorneys at Law**

One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

The Honorable Paul G. Gardephe
January 15, 2026
Page 3

of equivalence of conditions, all the conditions of the wrongful act are considered as equivalent in producing the damage because individually they are all necessary for its materialization. Courts then apply the doctrine of adequate cause, under which courts assess whether the damage is attributable to particular actors based on the specific facts.[2]

The Third-Party Complaint more than plausibly alleges each element. It alleges that Contrarian and Cyrus lobbied senior Mexican officials regarding the Notes; that they met directly with President Sheinbaum and the Ministry of Finance; and that shortly thereafter Defendants were subjected to massive and unprecedented tax liabilities. At the pleading stage, those allegations are facially sufficient.

To the extent Contrarian and Cyrus dispute causation, that is a fact-intensive inquiry that cannot be resolved on a motion to dismiss.

### III.     The Act of State Doctrine Does Not Apply

Contrarian and Cyrus' reliance on the act-of-state doctrine is misplaced. Defendants/Third-Party Plaintiffs do not ask this Court to declare as invalid, nullify, or otherwise pass judgment on any official act of a foreign sovereign.

The Third-Party Complaint alleges that Contrarian and Cyrus engaged in a reckless lobbying campaign urging President Sheinbaum, leader of the MORENA political party, to have the Mexican government coerce Defendants. ECF No. 164 ¶ 15. It further alleges that, because of Defendants' association with Grupo Salinas—whose principal is a frequent political critic of the ruling party—the Mexican government has, since 2018, targeted perceived affiliates of Grupo Salinas with hostile public statements and punitive measures. *Id*. ¶¶ 18–19. Contrarian and Cyrus knew or should have known that lobbying the Mexican government in this context would foreseeably intensify those actions. *Id*. ¶ 20.

The Third-Party Complaint further alleges that Contrarian and Cyrus misleadingly lobbied President Sheinbaum to induce governmental coercion to collect on the Notes (*id*. ¶ 34), and that their intervention foreseeably contributed to escalating public attacks and punitive actions culminating in the Mexican Supreme Court's November 13, 2025 ruling. *Id*. ¶ 36. Defendants seek damages from Contrarian and Cyrus for their own negligent conduct under Mexican law, not to invalidate, unwind, or relitigate any Mexican tax assessment or judicial decision. Adjudicating the third-party claims requires no evaluation of the validity, propriety, or legitimacy of any sovereign act.

The cases cited by Contrarian and Cyrus are inapposite. *Konowaloff v. Metropolitan Museum of Art*, 702 F.3d 140 (2d Cir. 2012), involved a direct challenge to a sovereign's nearly

---

[2] This information is derived from an expert report on Mexican law, including Article 1910, submitted by the Mexican government in the case captioned, *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc*. et al. (1:21-cv-11269) (D. Mass. 2022) (*see* ECF No. 108-2).

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

The Honorable Paul G. Gardephe
January 15, 2026
Page 4

century-old expropriation of artwork. *Riggs Nat. Corp. & Subsidiaries v. Commissioner*, 163 F.3d 1363 (D.C. Cir. 1999) involved a lower court's interpretation of Brazilian tax law. This case requires neither. It does not contest governmental acts but the unlawful private conduct causing them. Nor does *Alpert v. Starwood Hotels & Resorts Worldwide, Inc.*, 799 F. App'x 89 (2d Cir. 2020), support a heightened causation standard here; that case addressed a different statutory scheme under a different Mexican civil code, not Article 1910 of the Mexican Federal Civil Code.

Because Defendants seek only to hold private actors liable for the foreseeable consequences of their own conduct, the act-of-state doctrine does not apply at all.

### IV.    The First Amendment and *Noerr-Pennington* Do Not Immunize Third-Party Defendants' Conduct

Contrarian and Cyrus' contention that the third-party claim is barred by the First Amendment and *Noerr-Pennington* is likewise misplaced. Not only do they concede that the Second Circuit has not directly addressed whether *Noerr-Pennington* applies to foreign governments, but they also rely on inapt cases having nothing to do with foreign governments. *See, e.g.*, *Friends of Rockland Shelter Animals, Inc. v. Mullen*, 313 F. Supp. 2d 339, 344 (S.D.N.Y. 2004) (involving a citizen of one state petitioning another state's government, not a foreign government). Indeed, courts have concluded that the First Amendment's Petition Clause "does not immunize a defendant's interactions with foreign governments." *Sexual Minorities Uganda v. Lively*, 960 F. Supp. 2d 304, 329 (D. Mass. 2013). That principle is especially compelling where, as here, the alleged conduct was undertaken by private actors seeking coercive governmental action against a commercial counterparty.

Where courts have applied *Noerr-Pennington* to petitioning foreign governments, "those cases rest their conclusions on the scope of the Sherman Act itself and not on the First Amendment petition clause." *Id*. at 330 n.11. Even then, one of the authorities cited by Cyrus and Contrarian acknowledges that petitioning activity does not confer immunity where private parties engage in independently unlawful conduct or misuse governmental processes, even when that conduct is directed at the government, it nonetheless may be the basis for antitrust liability. *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, Inc.*, 256 F. Supp. 2d 249, 268 (D.N.J. 2003).

But even if *Noerr-Pennington* applied in this non-antitrust context, the doctrine is nonetheless inapplicable where, as here, the petitioning is a sham, objectively baseless, or pursued through wrongful means. The Third-Party Complaint alleges such conduct—namely, that Contrarian and Cyrus recklessly lobbied the Mexican government with no legitimate purpose, but rather to harm Defendants/Third-Party Plaintiffs.

For these reasons, the Court should deny the Third-Party Defendants' request for a motion to dismiss as it would be futile, inefficient, and an unnecessary distraction and cost.

The Honorable Paul G. Gardephe
January 15, 2026
Page 5

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel

cc:    Counsel of Record (via ECF)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400