

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

January 29, 2026

**VIA ECF**

The Honorable Barbara Moses
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

    Re:    *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.,* 22-cv-8164

Dear Judge Moses:

Defendants hereby move to compel compliance with subpoenas served on Contrarian, Cyrus, and Plenisfer—three of the four noteholders comprising the Ad Hoc Group, which is directing this litigation. The Ad Hoc Group is represented by Plaintiff's counsel.

Defendants seek non-burdensome discovery relating to core issues of U.S. citizenship (the Indenture restricts U.S. persons from owning or controlling the Notes) and unreasonable returns (which Mexican law prohibits). To that end, Defendants served subpoenas on November 26 and December 2, 2025, to approximately 20 funds and accounts owned/managed by the Ad Hoc Group. The Ad Hoc Group served objections on December 23, 2025, and produced only eight documents consisting of two vague spreadsheets with no metadata, five bank/brokerage statements, and one PDF with a few emails with trade confirmations regarding Plenisfer. The Ad Hoc Group produced an additional bank/brokerage statement and spreadsheet for Cyrus on January 9, 2026, and finally, on January 26, 2026, produced an incomplete set of exhibits relating to the NAFTA arbitration against Mexico.

In essence, the Ad Hoc Group refuses to produce:

(1) Documents showing whether the Notes owned, controlled, and managed by or through Plenisfer are owned or controlled by U.S. persons. *See* ECF No. 129-3 (the Acquirer of the Note "represents that it is not a U.S. person" (within the meaning of Regulation S under the Securities Act).[1]

---

[1] Under 17 CFR § 230.902(k), "U.S. Person," as used in Regulation S applicable to the bonds, includes (among others) trusts with a U.S. person as trustee; non-discretionary accounts (other than an estate or trust) held by a dealer or other fiduciary for the benefit of a U.S. person; discretionary accounts (other than an estate or trust) held by a dealer or other fiduciary organized, incorporated, or resident in the United States; and partnerships or corporations organized under foreign law that was formed by a U.S. person primarily to invest in unregistered securities, unless it is organized and owned by accredited investors who are not natural persons, estates, or trusts.

Hon. Barbara Moses
January 29, 2026
Page 2

(2) Communications regarding the Ad Hoc Group's purchase of their Notes (or beneficial interests in them), including regarding the U.S. person restriction and their actual or expected returns.

**Defendants Have Complied with Meet-and-Confer Requirements**

Counsel for both sides met and conferred about these matters on December 29, 2025, followed by Defendants' detailed email identifying deficiencies. The Ad Hoc Group declined to supplement responses on January 5, 2026. Per Rule 2.b., the parties then held a 45-minute Zoom session on January 9, 2026, attended by the attorneys listed below. In addition, the parties have exchanged other correspondence following up on the January 5 call. Despite further communications leading to resolution of certain disputes, an impasse exists on significant issues.

**Ad Hoc Group's Deficiencies and Defendants' Requested Relief**

The Ad Hoc Group relies on boilerplate objections to the subpoenas, blankly refusing to produce any documents in response to four of the seven requests. Without identifying any genuine burden, it has withheld basic information necessary to evaluate the adequacy of its search and production (including the sources searched, custodians, and other ESI). Defendants request an order compelling production of the following, with metadata and disclosure of search protocols:

**Request No. 1**[2]: "All documents and communications regarding (i) actual or expected return or recovery from purchasing TV Azteca Notes; (ii) restrictions for U.S. entities or individuals or U.S. beneficial owners to purchase and/or control TV Azteca Notes; (iii) application of Mexican law or Mexican public policy to Indenture or TV Azteca Notes; (iv) usury and other potential limitation on recovery; (v) Plaintiff's obligation (as Registrar under the Indenture) to maintain a Registry of Notes and records of holders of TV Azteca Notes; and (vi) any contemplated or actual litigation or arbitration concerning the TV Azteca Notes."

**Deficiencies and Requested Relief**: The Ad Hoc Group objected to these requests outright, stating it "will not produce documents" responsive to this request and has refused to conduct any searches on the ground that the request is irrelevant. But this request seeks information directly relevant to Defendants' asserted defenses: (1) the applicability of Mexican law and public policy, which prohibits unreasonable or disproportionate returns to creditors; and (2) the restriction on U.S. persons (as defined by Regulation S) to own or control the Notes.

Importantly, Defendants know that responsive, non-privileged documents and communications exist. For example, Cyrus and Contrarian produced certain information during the jurisdictional phase of their ICSID arbitration against Mexico, and those documents are cited and discussed in the parties' jurisdictional briefing. Cyrus and Contrarian produced those documents in the arbitration to try to prove that they are U.S. investors with a timely investment

---

[2] The Ad Hoc Group's responses and objections to the Subpoenas are attached hereto as Exhibit 1 in compliance with Rule 2.b. of Your Honor's Individual practices.

Hon. Barbara Moses
January 29, 2026
Page 3

in Mexico (*i.e.*, that they purchased the Notes for legitimate business purposes and proper consideration). While the Ad Hoc Group has produced some of the responsive ICSID documents, it has not produced all. The Ad Hoc Group should be compelled to produce such documents.[3]

Additionally, the Ad Hoc Group should be compelled to produce communications concerning the Indenture's restriction on U.S. persons acquiring Notes and the Indenture's defense against usurious returns. Despite the Indenture's clear language, Plaintiff asserts that the explicit provisions mean something else. Discovery is proper before a substantive determination of the conflicting contract interpretations. *See Brooks v. Macy's, Inc.*, 2011 WL 1793345, at *2 (S.D.N.Y. May 6, 2011) (court did not need to reach question of ambiguity and permitted discovery into all relevant or potentially relevant issues); *Garcia v. Benjamin Group Enterprise Inc.*, 800 F. Supp. 2d 399, 404 (E.D.N.Y. 2011) (allowing discovery on disputed contract language rather than precluding potential claim or defense).

**Request No. 2**: "Documents sufficient to show the names of any and all entities or individuals who purchased or sold TV Azteca Notes from January 1, 2017 to November 17, 2025."; and **Request No. 3**: "Documents sufficient to show the addresses of any and all entities or individuals who purchased or sold TV Azteca Notes from January 1, 2017 to November 17, 2025."

**Deficiencies and Requested Relief**: While the Ad Hoc Group has represented that it has no information beyond its own names and addresses, it has not explained whether it has performed a reasonable search for responsive documents. Nor has it revised its responses and objections to state that it has followed appropriate search protocols and located no responsive documents.

**Request No. 4**: "Documents sufficient to show the ultimate beneficial owner of any and all entities who purchased or sold TV Azteca Notes from January 1, 2017 to November 17, 2025."

**Deficiencies and Requested Relief**:

Opposing counsel has represented that the Ad Hoc Group has no information beyond its own purchases but it has not explained whether it has performed a reasonable search for responsive documents. Nor has it revised its responses and objections to state that it has followed appropriate search protocols and located no responsive documents.

Further, as to Plenisfer, opposing counsel has asserted that Plenisfer is not a U.S. person and provided links to two websites. Those two websites do not show whether U.S. persons are the ultimate beneficial owners of the Notes that Plenisfer manages/holds.

---

[3] At this time, Defendants are not seeking to compel production of documents under subparts (v) or (vi) of Request No. 1.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

Hon. Barbara Moses
January 29, 2026
Page 4

**Request No. 5**: "Documents sufficient to show the purchasing party, the date of purchase and the purchase price for any and all transactions for the purchase of TV Azteca Notes from January 1, 2017 to November 17, 2025."

**Deficiencies and Status**: The Ad Hoc Group has only produced Excel sheets and bank statements. Defendants have, on multiple occasions, requested that the Ad Hoc Group produce trade confirmations showing purchases of the Notes. After multiple refusals and having provided trade confirmations only for Plenisfer, on January 15, 2026, counsel agreed to produce Contrarian's and Cyrus' trade confirmations. To date, Contrarian and Cyrus have failed to supplement their production. Defendants reserve all rights to seek relief should that production not be made promptly and in full.

**Request No. 6**: "Documents sufficient to show the selling party, the date of sale and the sale price for any and all transactions for the sale of TV Azteca Notes from January 1, 2017 to November 17, 2025."

**Deficiencies and Status**: After prior refusals, Contrarian represented on January 15, 2026, that it will produce documents "sufficient to show the dates and amounts of its sales of beneficial interests in the Notes" and will amend its responses and objections accordingly. Cyrus and Plenisfer represented that they will amend their responses and objections to state that they have never sold any beneficial interests in the Notes. To date, no supplemental productions have been made and no responses have been amended. Nor has opposing counsel indicated whether it has performed a reasonable search for responsive documents. The Ad Hoc Group should be compelled to conduct a reasonable search for documents responsive to this request and/or revise it responses to the subpoenas. Further, any searches for responsive documents should include sales to any of the categories of individuals or entities falling within the definition of "U.S. persons" under Regulation S. *See* 17 CFR § 230.902(k).

\* \* \*

The Ad Hoc Group cannot genuinely dispute relevance or establish undue burden. Accordingly, Defendants respectfully request that the Court compel the Ad Hoc Group to produce documents responsive to these requests, including relevant ESI, and to otherwise disclose its search protocols and identify custodians and search terms.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel

cc:   Counsel of Record (via ECF)