UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>Plaintiff,<br><br>v.<br><br>TV AZTECA, S.A.B. DE C.V. ET AL.,<br><br>Defendants. | Case No. 1:22-cv-08164-PGG<br><br>Hon. Paul G. Gardephe |
| TV AZTECA, S.A.B. DE C.V., ET AL.<br><br>Defendants and<br>Third-Party Plaintiffs,<br><br>v.<br><br>CYRUS CAPITAL PARTNERS, L.P. AND CONTRARIAN CAPITAL MANAGEMENT, LLC<br><br>Third-Party Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE THE THIRD-PARTY COMPLAINT**

Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
Fax: (212) 801-6400

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ....................................................................................................................... 3

    I.     IN THE INTEREST OF EXPEDIENCE, THE COURT SHOULD
          TREAT THIS OPPOSITION AS A REQUEST FOR LEAVE TO FILE
          THE THIRD-PARTY COMPLAINT .................................................................. 3

          A.     The Court has a Strong Basis for Granting Leave to Assert the
                  Third-Party Claims ........................................................................... 3

          B.     Defendants Were Not "Deliberate" or "Derelict" In Filing The
                  Third-Party Complaint ..................................................................... 4

          C.     Impleader Will Not Prejudice Plaintiff or the Third-Party
                  Defendants ........................................................................................ 5

          D.     Impleader Will Not Delay or Unduly Complicate Trial ............................ 7

          E.     The Third-Party Complaint States a Claim for Relief ................................ 7

    II.    THE THIRD-PARTY CLAIM FALLS SQUARELY WITHIN THE
          SCOPE OF RULE 14 .......................................................................................... 8

    III.   THERE IS NO BASIS FOR SEVERING THE THIRD-PARTY
          COMPLAINT ....................................................................................................... 9

CONCLUSION .................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aarne v. Long Island R.R. Co.*,
   2020 U.S. Dist. LEXIS 239797 (S.D.N.Y. Dec. 19, 2020) .................................................5, 6

*Austin v. Snapper Power Equipment Corp.*,
   1992 WL 28141 (S.D.N.Y. Feb. 7, 1992)...................................................................................5

*Bletas v. Deluca*,
   2012 WL 251965 (S.D.N.Y. Jan. 17, 2012) ...............................................................................5

*Dery v. Wyer*,
   265 F.2d 804 (2d Cir. 1959)........................................................................................................4

*Endo Pharms. Inc. v. Amneal Pharms., LLC*,
   2016 WL 1732751 (S.D.N.Y. Apr. 29, 2016).............................................................................5

*Graham-Johnson v. City of Albany*,
   2021 WL 1614763 (N.D.N.Y. Apr. 26, 2021) ............................................................................8

*Hines v. Citibank, N.A.*,
   1999 WL 440616, 1999 U.S. Dist. LEXIS 9671 (S.D.N.Y. June 28, 1999) ............................8

*iBasis Glob., Inc. v. Diamond Phone Card, Inc.*,
   278 F.R.D. 70 (E.D.N.Y. 2011) ..................................................................................................4

*In re Lifetrade Litig.*,
   2022 U.S. Dist. LEXIS 212022 (S.D.N.Y. Nov. 21, 2022) .......................................................6

*Nova Prods., Inc. v. Kisma Video, Inc.*,
   220 F.R.D. 238 (S.D.N.Y. 2004) ................................................................................................3

*Olshan Frome Wolosky LLP v. Comm. to Restore Nymox S'holder Value Inc.*,
   2025 U.S. Dist. LEXIS 52885 (S.D.N.Y. Mar. 21, 2025) .................................................3, 5, 6

*Ouattara v. Amazon.com, Inc.*,
   2022 WL 17167983 (S.D.N.Y. Nov. 22, 2022)..........................................................................4

*Too, Inc. v. Kohl's Dep't Stores, Inc.*,
   213 F.R.D. 138 (S.D.N.Y. 2003) .............................................................................................3, 4

*Wilson v. Pasquale's DaMarino's, Inc.*,
   2013 WL 12446760 (S.D.N.Y. Mar. 22, 2013) .........................................................................5

**Statutes**

Mexican Federal Civil Code Article 1910 ...................................................................7

**Other Authorities**

Federal Rule of Civil Procedure 14 ..........................................................1, 2, 3, 4, 5, 8

Defendants/Third-Party Plaintiffs TV Azteca, S.A.B. de C.V. and certain affiliates (collectively, "Defendants" or "TV Azteca"), submit this memorandum of law in opposition to the Plaintiff's Motion to Strike Defendants' Third-Party Complaint ("Motion to Strike").[1]

## PRELIMINARY STATEMENT

Plaintiff's Motion to Strike seeks to elevate form over substance and, if granted, would undermine the very purposes of Federal Rule of Civil Procedure 14.  Defendants' Third-Party Complaint asserts a straightforward, legally cognizable claim against Cyrus Capital Partners, L.P. ("Cyrus") and Contrarian Capital Management, LLC ("Contrarian")—the largest noteholders and the parties who directed Plaintiff to bring this action—based on their reckless and negligent conduct that directly exacerbated the harm at issue in this case.  Rather than engage with the merits of that claim, Plaintiff seeks the extraordinary remedy of striking it based on a minor procedural timing issue.

Rule 14 is designed to promote efficiency, avoid duplicative litigation, and ensure that related claims arising from the same nucleus of operative facts are resolved in a single proceeding. Courts therefore "freely grant" leave to implead third parties absent prejudice, undue delay, or obvious lack of merit.  None of those concerns is present here.  Defendants filed the Third-Party Complaint at the very outset of discovery, before any meaningful discovery occurred and long before a trial date has been set.  Any delay was not deliberate or derelict.  Further, neither Plaintiff nor Cyrus or Contrarian are prejudiced, as they are already deeply intertwined with the facts of this case, were aware of the dispute long before it was filed (even instructing Plaintiff to file the main case), and will be central witnesses regardless of whether they are named as parties.  Their

---

[1] The Trustee's Memorandum of Law in Support of Its Motion to Strike Defendants' Third-Party Complaint shall be referenced as "Mot." ECF No. 200.

inclusion will not meaningfully expand discovery, complicate trial, or prejudice Plaintiff in any respect.

At bottom, Plaintiff's motion asks the Court to force Defendants to litigate in piecemeal fashion claims that are factually and practically inseparable from Plaintiff's own. The Third-Party Complaint alleges that Cyrus and Contrarian negligently engaged in lobbying efforts aimed at the Mexican government that foreseeably triggered extraordinary governmental action against Defendants—conduct that directly impaired Defendants' ability to satisfy the very obligations Plaintiff now seeks to enforce. That claim is derivative of, and dependent upon, Plaintiff's claim on the Notes and fits comfortably within the scope of Rule 14 impleader.

Even if the Court were to conclude that leave to file the Third-Party Complaint was technically required, the appropriate course is not to strike the pleading, but to deem Defendants' opposition as a request for leave and grant it. Courts in this District routinely do so under circumstances far less compelling than those present here. Plaintiff's alternative request for severance fares no better, as the claims arise from the same transactions, involve overlapping factual and legal issues, and would be most efficiently resolved together.

For these reasons, and as set forth more fully below, Plaintiff's Motion to Strike should be denied in its entirety, leave to file the Third-Party Complaint should be granted to the extent required, and the Third-Party claims should proceed in this action.

## ARGUMENT

I. **IN THE INTEREST OF EXPEDIENCE, THE COURT SHOULD TREAT THIS OPPOSITION AS A REQUEST FOR LEAVE TO FILE THE THIRD-PARTY COMPLAINT**

In the interest of judicial economy, efficiency, and avoiding delay, Defendants request that the Court treat this opposition and its accompanying letter motion as a request for leave.[2] Courts in this District routinely allow leave to file a third-party complaint where, as here, the impleader promotes efficiency, causes no prejudice, and asserts non-frivolous claims.

### A. The Court has a Strong Basis for Granting Leave to Assert the Third-Party Claims

Motions for leave to implead third parties "should be freely granted unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Olshan Frome Wolosky LLP v. Comm. to Restore Nymox S'holder Value Inc.*, 2025 U.S. Dist. LEXIS 52885, at *19 (S.D.N.Y. Mar. 21, 2025) (quoting *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004)).  In exercising their discretion, courts consider: (1) whether the movant deliberately delayed or was derelict; (2) whether impleader would prejudice any party or unduly complicate the action; and (3) whether the proposed third-party complaint states a claim upon which relief can be granted.  *Id*. at *19-20.  The exercise of the Court's "considerable discretion" is guided primarily by the balance between "the benefits derived from

---

[2] Defendants have filed a pre-motion letter to cure any deficiency under the Court's Individual Rules.  Plaintiff's assertion that "[t]his is the fourth filing Defendants have made in the last month without seeking a pre-motion conference in violation of the Court's rules" and that "Plaintiff's argument that 'Defendants' violation'" is incorrect.  A pre-motion conference was not required for Defendants' motions for letters rogatory, and Defendants nevertheless filed a pre-motion letter anyway out of an abundance of caution.  *See* ECF No. 136.  The Court subsequently granted those motions and raised no procedural concerns.  *See* ECF Nos. 177, 179, 180.  Plaintiff's further assertion that "Defendants also repeatedly violated the Court's anti-suit injunction" is similarly unfounded.  *See* ECF No. 129-7 at 31:20-25 (recognizing "indicia of good faith on defendants' part").  Plaintiff's contempt filings were meritless: the Court declined to set a briefing schedule on the first request because the matter was "moving forward in a positive way," *id*., and Plaintiff later withdrew its second contempt application.  See ECF No. 134.

impleader" and "the potential prejudice to the plaintiff and third-party defendants." *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003).

Rule 14 exists to "avoid two actions which should be tried together," "to obtain consistent results from identical or similar evidence," and to avoid "the serious handicap to a defendant of a time difference between a judgment against him and a judgment [in] his favor against the third party defendant." *Dery v. Wyer*, 265 F.2d 804, 806-07 (2d Cir. 1959). Impleader is proper where the third-party defendant's liability is dependent on the outcome of the main action or where the third-party defendant may be secondarily or derivatively liable for the plaintiff's claim. *See iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011). Here, these considerations strongly favor permitting the Third-Party Complaint.

## B.    Defendants Were Not "Deliberate" or "Derelict" In Filing The Third-Party Complaint

In filing the Third-Party Complaint, any delay by Defendants was neither "deliberate" nor "derelict." On the date of filing, the Court had not yet entered a case management or scheduling order. Under this Court's Model Civil Case Management Plan, motions to add parties are typically contemplated within 30 days of the initial scheduling order—an order that was not yet in place.

Although the Third-Party Complaint was filed seven days beyond the 14-day period set forth in Rule 14(a)(1), courts routinely grant leave where the timing causes no prejudice and discovery is ongoing or has barely begun.[3] Indeed, courts in this District have permitted impleader well beyond that timeframe, including more than 100 days after a deadline set forth in a discovery order. *Ouattara v. Amazon.com, Inc.*, 2022 WL 17167983, at *2 (S.D.N.Y. Nov. 22, 2022) (granting motion to implead where discovery was ongoing and no trial had been scheduled where

---

[3] Granting the Motion to Strike because of a seven day timing issue would be a disproportionate remedy, particularly considering that Courts routinely grant leave where parties seek leave to file third-party complaints well beyond the period found in Rule 14(a)(1), as discussed herein.

defendants could have, but did not seek to bring the third-party defendants into the case earlier). Similarly, the cases on which Plaintiff relies are also inapt, as they involved parties seeking leave to make a third-party complaint well after the pleadings in the case. *See, e.g.*, *Wilson v. Pasquale's DaMarino's, Inc.*, 2013 WL 12446760, at *4 (S.D.N.Y. Mar. 22, 2013) (party waited nearly a year prior to seeking leave to assert third-party claim); *Austin v. Snapper Power Equipment Corp.*, 1992 WL 28141 (S.D.N.Y. Feb. 7, 1992) (plaintiff did not attempt to file third-party complaint until "well over a year after service of [plaintiff's] original answer").[4]

Courts have even granted leave where discovery had closed. *Olshan Frome Wolosky LLP*, 2025 U.S. Dist. LEXIS 52885, at *23 (granting motion to implead where discovery has closed but no trial had been set); *Aarne v. Long Island R.R. Co.*, 2020 U.S. Dist. LEXIS 239797, at *1–2 (S.D.N.Y. Dec. 19, 2020) (granting motion to permit third-party complaint where "Defendant did not deliberately delay" in filing the motion and "instead filed it less than two months after filing its answer"). Here, by contrast, discovery is in its infancy: the Magistrate Judge entered a scheduling order only on January 6, 2026. ECF No. 177. Far from being dilatory, Defendants acted promptly at the outset of the case.

## C. Impleader Will Not Prejudice Plaintiff or the Third-Party Defendants

Impleader will not prejudice any party. The Third-Party Defendants—Cyrus Capital Partners, L.P. ("Cyrus") and Contrarian Capital Management, LLC ("Contrarian")—are the largest holders of the Notes and the parties who directed Plaintiff, the Trustee, to bring this action. They have been aware of the dispute for years and will be central witnesses regardless of whether they

---

[4] Oddly, Plaintiff also relies on *Endo Pharms. Inc. v. Amneal Pharms., LLC*, 2016 WL 1732751 (S.D.N.Y. Apr. 29, 2016), which is inapposite. That case did not involve Rule 14 or a motion to strike a third-party complaint, but instead addressed a motion to strike a sur-reply. *Bletas v. Deluca*, 2012 WL 251965, at *1 (S.D.N.Y. Jan. 17, 2012), is likewise distinguishable. There, the court addressed a party's repeated failure to comply with the Local Rules and individual practices even after being afforded additional time to do so—circumstances not present here.

are formally named as parties. Thus, Cyrus and Contrarian's inclusion will not materially alter discovery. Further weighing in favor of leave for the Third-Party Complaint, discovery has barely begun, and no deadlines exist for dispositive motions or trial. Plaintiff has not yet served document requests, and Plaintiff's responses to Defendants' discovery requests are not due until January 19, 2026. Thus, the inclusion of Cyrus and Contrarian will not meaningfully expand discovery because the third-party claims overlap substantially with Defendants' affirmative defenses, including impossibility.

Courts routinely find "minimal, if any, prejudice" under similar circumstances. *See Olshan Frome Wolosky LLP*, 2025 U.S. Dist. LEXIS 52885, at *23-25 ("minimal, if any prejudice" where "trial has not been set" and only a "brief discovery extension" would "befall the parties"); *In re Lifetrade Litig.*, 2022 U.S. Dist. LEXIS 212022, at *13-16 (S.D.N.Y. Nov. 21, 2022) ("impleader would not prejudice Marcum" as "Marcum is involved in the litigation already"); *Aarne v. Long Island R.R. Co.*, 2020 U.S. Dist. LEXIS 239797, at *2 (S.D.N.Y. Dec. 19, 2020) (granting leave to file third-party complaint where "nothing suggests" plaintiff "would be prejudiced" where "discovery does not end for several months").

By contrast, striking the Third-Party Complaint would prejudice Defendants. Under the Court's anti-suit injunction, Defendants are barred from pursuing their third-party claim in Mexico. *See* ECF No. 97. Plaintiff's counsel acknowledged at a recent conference before Magistrate Judge Moses that this Court has venue and jurisdiction over the claim and that it could not be brought in Mexico. Plaintiff's counsel has also indicated that Plaintiff does not require discovery from Defendants, underscoring that the third-party claim will not complicate discovery.

Given these circumstances, it is most efficient to litigate the third-party claim in this Court—and, in light of the anti-suit injunction, it is the only forum in which Defendants can do so.[5]

### D.    Impleader Will Not Delay or Unduly Complicate Trial

Additionally, impleader will not delay or unduly complicate trial. No trial date has been set, and discovery remains at a nascent stage. The factual issues underlying the third-party negligence claim substantially overlap with those already at issue in the main action and Defendants' defenses. And given Cyrus and Contrarian's role in directing the filing of this lawsuit and their alleged conduct giving rise to the third-party claim, it is more efficient to resolve all related liability issues in a single proceeding. *In re Lifetrade Litig.*, 2022 U.S. Dist. LEXIS 212022 at *13-16 (citing *Bridge Cap. Invs.*, 1991 U.S. Dist. LEXIS 12908, 1991 WL 190552, at *3 (no prejudice when a third-party defendant had previously been involved since shortly after the suit commenced)).

### E.    The Third-Party Complaint States a Claim for Relief

Notably, Plaintiff does not meaningfully argue that the Third-Party Complaint fails to state a claim. The claim sounds in negligence under Mexican law. ECF No. 164. Under Article 1910 of the Mexican Federal Civil Code and the Mexico City Civil Code, a party is liable for damages caused by intentional or negligent conduct, including actions taken without proper diligence. *Id*. ¶ 33; *see, e.g. Curley v. AMR Corp.*, 153 F.3d 5, 15 (2d Cir. 1998) (applying Mexican law, including Article 1910 where Mexico was the "locus of the alleged tort"). The Third-Party Complaint alleges that Cyrus and Contrarian recklessly and negligently lobbied the Mexican government—including President Claudia Sheinbaum—to coerce Defendants into paying amounts allegedly owed under the Notes. This conduct was foreseeably dangerous given the Mexican

---

[5] Defendants have not yet obtained the transcript of the January 6, 2026 hearing, but they have been attempting to do so and can supplement the record with appropriate citations to the transcript when it becomes available.

government's adversarial posture toward companies perceived to be associated with Grupo Salinas, and it allegedly culminated in extraordinary governmental actions, including the imposition of massive tax liabilities. ECF No. 164 ¶¶ 33–34. These allegations more than adequately state a claim.

## II.  THE THIRD-PARTY CLAIM FALLS SQUARELY WITHIN THE SCOPE OF RULE 14

Plaintiff argues that impleader is improper because Cyrus and Contrarian are not directly responsible for Defendants' debt on the Notes and that Defendants fail to allege they are responsible for the debt. Mot. at 9. This argument misunderstands Rule 14. The third-party claim is derivative of Plaintiff's claim to collect on the Notes. Plaintiff seeks recovery on allegedly due and owing Notes. The third-party claim alleges that Cyrus and Contrarian's negligent conduct directly exacerbated the injury at issue by impairing Defendants' ability to satisfy those obligations through the imposition of hundreds of millions of dollars in tax liability on Defendants. *See* ECF No. 164 ¶¶ 33-34. As alleged, Cyrus and Contrarian knew or should have known that their lobbying efforts could provoke extraordinary governmental retaliation, which in fact occurred, rendering payment of any judgment substantially more difficult or impossible.[6] *Id.*

Impleader is also appropriate here because it is consistent with the purpose of Rule 14, which was designed "to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim." *Hines v. Citibank, N.A.*, 1999 WL 440616, at *2,

---

[6] Plaintiff insists that Cyrus and Contrarian are not "Holders" of the Notes and thus not proper Third-Party Defendants. That argument is based on Plaintiff's outlandish interpretation of the Indenture, under which there are no Noteholders (despite that the Indenture repeatedly uses the terms Holders and Noteholders) but merely just beneficial interest owners of a single Global Note. Further, while Cyrus and Contrarian argue they only have "beneficial rights" a "minority" of the Note, that ignores their role in directing the Plaintiff to file this litigation and simultaneously seeking the same damages in a separate international arbitration.

1999 U.S. Dist. LEXIS 9671 (S.D.N.Y. June 28, 1999).  Allowing the third-party complaint "will promote judicial economy and eliminate the need for separate actions."  *Graham-Johnson v. City of Albany*, 2021 WL 1614763, at *8 (N.D.N.Y. Apr. 26, 2021).  As noted above, the issues relevant to the third-party claim significantly overlap with those presented in the main case, and thus it would be most efficient to adjudicate both here—particularly given that it should result in little to no delay in discovery.

## III.    THERE IS NO BASIS FOR SEVERING THE THIRD-PARTY COMPLAINT

Plaintiff alternatively seeks severance.  That request fares no better than the Motion to Strike.  In analyzing whether to sever a case, courts examine whether claims arise from the same transaction, present common issues, promote judicial economy, avoid prejudice, and require overlapping evidence.

All of these factors weigh heavily against severance.  The claims arise from the same Notes and Plaintiff's attempt to collect that alleged debt.  The third-party claim overlaps factually with Defendants' defenses, including impossibility and causation.  Litigating the claims together promotes efficiency and avoids inconsistent findings.  Severance would not prejudice Plaintiff, but rather Defendants, by forcing them to litigate closely related claims in multiple forums and the witnesses and documentary evidence will substantially overlap.

For these reasons, the Court should adjudicate the third-party claim as part of this action.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike should be denied in its entirety. To the extent leave is required, the Court should grant leave to file the Third-Party Complaint and permit the claims to proceed in this action.

Dated: January 29, 2026
      New York, New York

**GREENBERG TRAURIG, LLP**

By:   */s/ Hal S. Shaftel*
     Hal S. Shaftel

Hal S. Shaftel
Daniel Pulecio-Boek
John C. Molluzzo Jr.
One Vanderbilt Avenue
New York, New York 10017
(212) 801-9200
shaftelh@gtlaw.com
pulecioboekd@gtlaw.com
molluzzoj@gtlaw.com

*Counsel for Defendants TV Azteca, S.A.B. de C.V., et al.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York, I certify that this document complies with Rule 7.1(c)'s word count limit because it contains 2,864 words, excluding the sections exempted by Rule 7.1(c). In making this certification, I relied on the word count of the word-processing program used to prepare this document.

Dated: New York, New York
        January 29, 2026

                                        *Hal S. Shaftel*
                                        Hal S. Shaftel