UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>          Plaintiff,<br><br>          v.<br><br>TV AZTECA, S.A.B. DE C.V., et al.,<br><br>          Defendants. | No. 22 Civ. 8164<br><br>Hon. Paul G. Gardephe<br><br>Hon. Barbara Moses |

**THE TRUSTEE'S OPPOSITION TO DEFENDANTS/THIRD-PARTY PLAINTIFFS'
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

                                                Justin M. Ellis
                                                Mason E. Reynolds
                                                Zachary R. Ingber
                                                Eric Rolston
                                                MOLOLAMKEN LLP
                                                430 Park Avenue, 6th Floor
                                                New York, NY  10022
                                                Tel.: (212) 607-8160
                                                jellis@mololamken.com

                                                *Counsel for the Bank of New York Mellon, as Trustee*

## **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 1

    A.    Defendants' Third-Party Complaint Offers No Grounds for Impleader .................. 2

    B.    The Discretionary Factors Also Weigh Against Impleader ................................... 4

CONCLUSION .................................................................................................................................. 8

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*,
  23 N.Y.2d 275 (1968) ..................................................................................................4

*Bank of India v. Trendi Sportswear, Inc.*,
  239 F.3d 428 (2d Cir. 2000) ......................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................7

*Cortlandt St. Recovery Corp. v. Bonderman*,
  31 N.Y.3d 30 (2018) ...................................................................................................6

*Cowie v. SodexoMagic LLC*,
  No. 20 Civ. 3151, 2021 WL 11709765 (S.D.N.Y. Feb. 15, 2021) ..........................2, 5

*Health-Chem Corp. v. Baker*,
  915 F.2d 805 (2d Cir. 1990) ........................................................................................4

*iBasis Glob., Inc. v. Diamond Phone Card, Inc.*,
  278 F.R.D. 70 (E.D.N.Y. 2011) ..................................................................................4

*Kenny v. City of New York*,
  No. 09 Civ. 1422, 2011 WL 4460598 (E.D.N.Y. Sept. 26, 2011) ..............................1

*Kraus USA, Inc. v. Magarik*,
  No. 17 Civ. 6541, 2018 WL 4682016 (S.D.N.Y. Sept. 28, 2018) ...............................7

*Red Tree Invs., LLC v. Petroleos de Venezuela, S.A.*,
  82 F.4th 161 (2d Cir. 2023) .........................................................................................4

*Schwabach v. Mem'l Sloan-Kettering Cancer Ctr.*,
  No. 99 Civ. 1320, 2000 WL 122203 (S.D.N.Y. Jan. 31, 2000) ..............................1, 4

*State Nat'l Ins. Co. v. Certain Interested Underwriters at Lloyd's London*,
  No. 22 Civ. 2686, 2022 WL 4547444 (S.D.N.Y. Sept. 29, 2022) ...............................3

*Too, Inc. v. Kohl's Dep't Stores, Inc.*,
  213 F.R.D. 138 (S.D.N.Y. 2003) .............................................................................2, 5

**RULES**

Fed. R. Civ. P. 14(a)(1) ........................................................................................................2, 3

iii

### OTHER AUTHORITIES

6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1443
    (2d ed. 1990) .................................................................................................................1, 2

6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1510
    (3d ed. 2020) ........................................................................................................................3

## **INTRODUCTION**

Defendants' third-party claim does not belong in this case. Their far-fetched theory that Cyrus and Contrarian conspired with the President of Mexico to rig a decision of the Mexican Supreme Court has no meaningful overlap with the Trustee's claim on the Note. Defendants also cannot satisfy Rule 14's requirements for third-party claims. Unlike the traditional bases for impleader, such as indemnification, Defendants do not (and cannot) argue that Cyrus and Contrarian are liable over to them for their debt on the Note. And turning this simple action on a promissory note into a free-for-all on the legitimacy of the Mexican judicial system would prejudice the Trustee and all beneficial owners who have waited years for payment. Even if Defendants' claim can or should be brought in this District, there is no reason for it to be brought in – and needlessly complicate – this action. The Court should deny Defendants' motion, grant the Trustee's motion, and strike or sever the third-party complaint.[1]

## **ARGUMENT**

The same legal standards govern Defendants' motion for leave to file a third-party complaint and the Trustee's motion to strike that complaint. *Kenny v. City of New York*, No. 09 Civ. 1422, 2011 WL 4460598, at *2 (E.D.N.Y. Sept. 26, 2011). Although courts have discretion to permit an otherwise untimely third-party complaint, that discretion "'should be exercised *only* when the claim is within the scope of impleader established by Rule 14(a).'" *Schwabach v. Mem'l Sloan-Kettering Cancer Ctr.*, No. 99 Civ. 1320, 2000 WL 122203, at *3 n.4 (S.D.N.Y. Jan. 31, 2000) (quoting 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1443

---

[1] Defendants originally filed their third-party complaint without seeking leave on December 17, 2025, Dkt. 164, and the Trustee accordingly served Defendants with its motion to strike on December 30, 2025, Dkt. 173. The Trustee filed its opening papers for the motion to strike on January 22, 2026, Dkts. 199-200, pursuant to the Court's January 15 scheduling order, Dkt. 193.

(2d ed. 1990)) (emphasis added).  Once that threshold is cleared, courts consider "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." *Cowie v. SodexoMagic LLC*, No. 20 Civ. 3151, 2021 WL 11709765, at *1 (S.D.N.Y. Feb. 15, 2021) (quotation omitted).

These standards require denying Defendants' motion.  Their third-party complaint is beyond the scope of Rule 14.  And even if the discretionary factors Defendants highlight were relevant – and they are not – they would also warrant denying leave.

**A.     Defendants' Third-Party Complaint Offers No Grounds for Impleader**

Defendants' motion must be denied because their claim against Cyrus and Contrarian is not derivative of the Trustee's claims.  Dkt. 200 at 12-14; *see* Fed. R. Civ. P. 14(a)(1) (third-party claims must be "for all or part of the claim against" the defendant); *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000) (collecting cases).  Defendants do not argue that they meet the Second Circuit's standard for a claim to be "derivative" – that the third-party defendant " 'must necessarily be liable over to the defendant' " for what the defendant owes to the first-party plaintiff.  *Bank of India*, 239 F.3d at 438; *accord Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140-44 (S.D.N.Y. 2003) (weighing exercise of discretion over contribution and indemnification claims).  The Court thus can and should deny Defendants' request to bring their third-party claim on that basis alone.[2]

---

[2] Defendants' insistence that Cyrus and Contrarian are "Holders" (at 16 n.3) defies the Indenture's plain text.  As the Trustee has repeatedly explained, the Indenture defines "Holder" as the registered Holder of the Global Note, which is the U.K.-based Common Depositary.  Indenture § 2.5; *id.* at 23; *see* Dkt. 126 at 9-11.  Defendants know this and even explained this common book-entry structure when marketing the Notes to investors.  *See* Dkt. 127-5 at 139 (stating that beneficial interests "will not be considered the owners or holders of the global note"); *id.* at 6 (the

2

Without citing any authority, Defendants insist that their claim is "derivative" because they allege Cyrus and Contrarian's "lobbying . . . render[ed] payment of any judgment substantially more difficult or impossible." Dkt. 202 at 16. But a claim that a nonparty impaired a defendant's finances does not allege, as Rule 14 requires, that the nonparty "is or may be liable to [the defendant] *for all or part of the claim against it*." Fed. R. Civ. P. 14(a)(1) (emphasis added). Nor is that claim in any way dependent on the outcome of the Trustee's claim. *See Bank of India*, 239 F.3d at 438; Dkt. 200 at 12-14. At best, Defendants argue their claim is derivative because it "aris[es] from the [same] nucleus of operative facts." Dkt. 202 at 5. But "'[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough'" to make the claim derivative. *State Nat'l Ins. Co. v. Certain Interested Underwriters at Lloyd's London*, No. 22 Civ. 2686, 2022 WL 4547444, at *2 (S.D.N.Y. Sept. 29, 2022) (quoting 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1510 (3d ed. 2020)).

In fact, if accepted, Defendants' theory would remove all meaningful limits on third-party claims. Any defendant in any case could allege that some nonparty has harmed it financially, making its paying a judgment more difficult. If that nonparty could then be impleaded as a third-party defendant, no matter how tangential the third-party claims, a defendant could turn any lawsuit it faces into a pseudo-bankruptcy accounting of what other debts the defendant might be owed. But Rule 14 does not supplant Chapter 11 in that way. Instead, Rule 14's text restricts third-party claims to non-parties who are liable "for all or part *of the claim against*" the defendant. Fed. R. Civ. P. 14(a)(1) (emphasis added).

---

"Offering Circular [was] prepared solely by TV Azteca and the Guarantors."). To be sure, the Indenture's "Rules of Construction" provide that "words in the singular include the plural and words in the plural include the singular . . . ." Indenture § 1.3. This provision covers the limited possibility that individual "Certificated Notes" could be issued to replace the single Global Note if, for example, the Clearing Agencies were to close. *Id.* § 2.8(c). But this has not occurred.

3

Nor is there any legitimate overlap between the third-party complaint and Defendants' impossibility defense, because Defendants' impossibility defense is frivolous. Dkt. 202 at 10. Under New York law, the defense applies only if performance "'cannot *by any means* be effected.'" *Red Tree Invs., LLC v. Petroleos de Venezuela, S.A.*, 82 F.4th 161, 171 (2d Cir. 2023). Difficulty in performance, even to the point of bankrupting the obligor, does not make performance impossible. *407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*, 23 N.Y.2d 275, 281-82 (1968) (collecting cases). Defendants' theory that the alleged lobbying indirectly worsened their finances is not a basis to excuse their performance. Moreover, while the defense requires proof that the defendant "took virtually every action within its power to perform," *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990), the alleged lobbying took place in 2025, four years after Defendants defaulted on the Notes in 2021. But Defendants do not claim they did *anything* to pay the Notes from 2021 to 2025, let alone take every action within their powers. Because the impossibility defense is foreclosed by New York law, it cannot justify dragging Defendants' third-party claims into this case.

Rule 14's purposes also support denying Defendants' motion. Dkt. 200 at 9-10. Unlike the traditional grounds for impleader – indemnification, contribution, or subrogation – Defendants' third-party claim will in no way prevent duplicative litigation on the Notes. *Id.*; *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011). Nor, as Defendants claim without explanation (at 11-13), could this simple debt-collection case be resolved more efficiently by adding a sprawling dispute about Mexican domestic politics. Defendants' third-party complaint will slow this case down and complicate it, not resolve it more quickly.

### B. The Discretionary Factors Also Weigh Against Impleader

Because Defendants' claim is not a proper impleader claim under Rule 14, their motion for leave must be denied regardless of their arguments about the Court's discretion. *Schwabach*, 2000

4

WL 122203, at *3 n.4 (discretion can "'be exercised only when the claim is within the scope of impleader established by Rule 14(a)'"). In any event, the discretionary factors courts in this District consider weigh heavily against impleader. *See Cowie*, 2021 WL 11709765, at *1; Dkt. 200 at 14-16.

Most importantly, allowing Defendants to bring their claims in this case would delay judgment to the prejudice of the Trustee and all beneficial owners. Dkt. 200 at 14-15; *Cowie*, 2021 WL 11709765, at *1 (courts consider "'whether impleading would delay or unduly complicate the trial'"). Defendants do not address the prejudice to the Trustee from further delaying a recovery effort and litigation that has been ongoing for nearly four years. And Defendants' scorched-earth discovery campaign has already risked enough delay. Defendants have served 23 document requests on the Trustee and over 100 third-party subpoenas, and have announced they will seek even more discovery, including international discovery and expert discovery. 1/6/2026 Hearing Tr. 35:3-8, 41:2-4; *see* Dkt. 129 at 5.[3] Allowing Defendants to also pursue a conspiracy theory involving the highest levels of the Mexican government – and the cross-border discovery that entails – would send the discovery process in this case into a tailspin.

Defendants are also wrong to claim that Cyrus and Contrarian will not be prejudiced because they are already "central witnesses." Dkt. 202 at 10. It is hard to see how any beneficial owner could be a "central witness" for the Trustee's claim – brought under authority granted by the Indenture – to collect on a matured promissory note. Indenture § 6.8; Dkt. 126 at 16. The Trustee has the undisputed power to sue in its own name regardless of a direction, and any

---

[3] Defendants rely on *Too, Inc. v. Kohl's Department Stores* to suggest that judicial economy favors impleader even if it would cause delay. Dkt. 202 at 6-7, 9. But that case involved overlapping claims and discovery not present here. *See Too*, 213 F.R.D. at 141 ("If the third-party complaint is not allowed, [Defendant] would have to start a separate action, and repeat much of the proceedings and discovery that has already occurred in the case.")

5

purported procedural issues Defendants may raise about the beneficial owners' direction do not affect the Trustee's right to bring this case. *See Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 44 (2018) (the purpose of such direction terms is to channel litigation through trustees, not to restrict trustees' ability to bring suit). Even so, Defendants ignore the prejudice to all other beneficial owners, who have waited for years to receive the money Defendants owe on the Note. In any event, none of the discovery the Court permitted Defendants to pursue involves extensive cross-border discovery into any beneficial owner's communications regarding the Mexican Government, which has nothing to do with the Trustee's recovery under the Note related to Defendants' undisputed default.

Defendants next argue that denying leave to bring their third-party claim in this case will prejudice them. Dkt. 202 at 11-12. Defendants claim they would be prejudiced because the anti-suit injunction bars bringing these claims in Mexico, making this Court "the only forum in which Defendants can do so." *Id.* at 12. That argument is doubtful, at best.[4] But even if it were true, it would not be a reason why Defendants' claims must be litigated *in this case*. Defendants do not claim any prejudice from being required to bring their claims as a separate action in this District. That result would allow their claims to proceed (if at all) on their own track without delaying judgment here at the expense of the Trustee and the beneficial owners.

Defendants' argument that they have stated a claim (at 13-16) also fails. Defendants ignore the serious threshold issues the Trustee raised in its motion to strike. Dkt. 200 at 15-16.[5] In particular, Defendants do not explain how the act of state doctrine would permit them to seek a

---

[4] Defendants do not explain why they think this Court is the only forum in which venue could be laid or in which personal jurisdiction could be obtained. The anti-suit injunction only restricts Defendants' rights to bring suit in Mexico. *See* Dkt. 97.

[5] Defendants have had ample notice of the motion, which was served on December 30, 2025. *See* Dkt. 173.

judgment from a U.S. court that a decision of the Mexican Supreme Court is wrong as a matter of Mexican law. *See id.* Nor do Defendants explain how the First Amendment would allow them to hold Cyrus and Contrarian liable for alleged lobbying activities. *See id.* Cyrus and Contrarian have sought leave to move to dismiss Defendants' complaint on those grounds and others. Dkt. 189. But there is no need to decide these issues at this stage.[6] Defendants' violation of Rule 14 is so clear that the Court can and should deny leave and strike (or sever) the complaint without reaching the merits. *See Kraus USA, Inc. v. Magarik*, No. 17 Civ. 6541, 2018 WL 4682016, at *6 n.4 (S.D.N.Y. Sept. 28, 2018) (where complaint is improper "under Rule 14(a)," "the Court need not address whether [the] third-party complaint also fails to state a claim").

Finally, Defendants' claim that "Plaintiff's counsel has also indicated that Plaintiff does not require discovery from Defendants" (at 11) is misleading. The Trustee has consistently argued that "little or no" merits discovery is necessary to resolve certain threshold issues. Dkt. 126 at 5; *see, e.g.*, 1/6/26 Hearing Tr. 53:8-9 ("[W]e're trying to avoid discovery here because we don't think it's necessary."). A ruling on those threshold issues would dispose of all or nearly all of Defendants' current defenses, leaving little or no discovery required to resolve this simple action on a promissory note. *See, e.g.*, Dkt. 126 at 5-15. To that end, the Trustee has sought early merits rulings on several of Defendants' defenses, including its nonviable impossibility defense.

---

[6] The Court likewise need not consider Defendants' Mexican-law causation arguments. Dkt. 202 at 13-16. But Defendants' insistence that Cyrus and Contrarian need not "be the sole, direct or immediate cause of the injury" also misses the mark. *Id.* at 14. Defendants' complaint does not allege facts showing *any* "causal link" between Cyrus and Contrarian and the Mexican Supreme Court's tax judgment. *Cf. id.* at 14. If anything, Defendants allege that President Sheinbaum and the Mexican Supreme Court acted against Mr. Salinas for their own political reasons, not because of anything Cyrus and Contrarian said or did. *See* Dkt. 203-2 ¶ 62 (Report on Mexican Law (cited by Defendants at 14-16) noting "general requirement" under Mexican law "that the act for which liability is sought is a necessary condition of the damage"); *see also* Dkt. 189 at 4 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)).

7

Dkt. 153.[7]  But as long as Defendants are permitted to pursue those defenses in discovery, the Trustee reserved the right to seek discovery on its claims and Defendants' defenses.  1/6/26 Tr. at 52:5-53:9.[8]  Defendants should not blame the Trustee for defending itself in a discovery process it argued was not necessary.  But the scope of discovery can and should change if the Court rules on the threshold issues the Trustee has raised.  The simplest way to avoid further delay is to rule on Defendants' existing claims, not to let Defendants drag even more meritless claims into this case.

## CONCLUSION

The Court should deny Defendants' motion for leave to file the third-party complaint.

Dated:  January 29, 2026
New York, New York

Respectfully submitted,

/s/ *Justin M. Ellis*
Justin M. Ellis
Mason E. Reynolds
Zachary R. Ingber
Eric Rolston
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8160
jellis@mololamken.com

*Counsel for the Bank of New York Mellon, as Trustee*

---

[7] Defendants' claim (at 10) that the Trustee "never even attempted to move to strike" the impossibility defense is also misleading.  The Trustee has repeatedly asked the Court for early summary judgment on that issue, including in the January 20, 2026 joint letter to Judge Moses.  Dkt. 198; *see* Dkt. 161 at 3.

[8] To that end, the Trustee served targeted document requests and third-party subpoenas related to Defendants' defenses on January 21.  Defendants' deadline to respond has not yet passed.

8

## CERTIFICATE OF COMPLIANCE

This brief complies with the word-count limitation of Local Rule 7.1(c) because this brief contains 2,719 words, excluding the parts of the brief exempted by Local Rule 7.1(c).

January 29, 2026                                                              /s/ Justin M. Ellis
                                                                                      Justin M. Ellis