# MOLOLAMKEN

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

February 3, 2026

VIA CM/ECF

Hon. Barbara Moses
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

     Re:    *The Bank of N.Y. Mellon[1] v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Moses:

     We represent the non-party Ad Hoc Group that owns beneficial interests in the Notes.[2]  We respectfully write in response to Defendants' January 29 letter motion to compel documents from entities associated with three of the Group's investment managers (*i.e.*, Contrarian Capital Management, LLC, Cyrus Capital Partners, LP, and Plenisfer Investments).  Dkt. 204 (Mot.). Defendants' letter motion is frivolous.  The Court should summarily deny it and order Defendants to show cause why they should not pay costs under Fed. R. Civ. P. 37(a)(5)(B) and 45(d).

     The Ad Hoc Group has already produced all information relevant to Defendants' purported defenses.[3]  For Defendants' argument that "Mexican law prohibits contracting for or waiving usurious returns," *see, e.g.*, Dkt. 172 at 4, the Group has produced records of its purchases of beneficial interests in the Notes, including trade dates, the purchasing entity, and trade prices.[4] The Ad Hoc Group has also offered to stipulate that Cyrus, Contrarian, and Plenisfer purchased beneficial interests in the Notes for investment purposes.  For Defendants' argument that the Indenture prohibits the ownership of beneficial interests in the Notes by "U.S. persons" under

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] Counsel has also appeared for the Trustee.

[3] The Trustee has repeatedly explained elsewhere why these defenses are not viable.  *See, e.g.*, Dkt. 126.  The Ad Hoc Group agrees with the Trustee that the most efficient way to avoid further needless motion practice is to resolve Defendants' purported defenses on their merits.

[4] Ad Hoc Group members associated with Fidelity Research and Management LLC are not subject to Defendants' motion to compel.  However, those entities have produced the same information. And, as discussed below, the Cyrus, Contrarian, and Plenisfer have already agreed to produce any sale information in response to Request No. 6 to the extent they have not already.

Regulation S, the Ad Hoc Group has offered to stipulate that Cyrus and Contrarian are U.S. persons[5] and, as described below, has provided binding securities-law disclosures on this point for Plenisfer. The Ad Hoc Group has also produced exhibits from the ICSID arbitration at Defendants' request.

Defendants do not explain why they need any more materials from the Ad Hoc Group than what they already have. In any event, each category of documents Defendants seek is irrelevant, unduly burdensome, or both:

**Request No. 1:** This request seeks "all documents and communications" over a seven-year period about multiple topics relating to the Ad Hoc Group's investment in the Notes. *See, e.g.*, Dkt. 204-1 at 7. Defendants claim, without explanation, that this request is relevant to two issues about how to interpret the Indenture: (1) "the applicability of Mexican law and public policy" to the Indenture and (2) the purported "restriction on U.S. persons . . . to own or control the Notes." Mot. 2-3. But extrinsic evidence is not admissible – and thus not relevant – to interpret an unambiguous contract. *See, e.g.*, *Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 569 (2002). Defendants have repeatedly agreed that the Indenture is unambiguous. *E.g.*, Dkt. 129-7 (Nov. 4, 2025 Hr'g Tr. at 51:8-10 ("It is not our view that this language is ambiguous in any of the provisions I referenced.")); Dkt. 203-1 (Jan. 6, 2026 Hr'g Tr. at 40:22-23 (describing the Indenture as "explicit and clear and unambiguous")). And even if extrinsic evidence were relevant, that evidence would go to "*the parties*' intent," not the intent of non-parties like the Ad Hoc Group. *Greenfield*, 98 N.Y.2d at 569 (emphasis added). The Group's internal communications could not vary the terms of an unambiguous contract.

In addition, Defendants' suggestion that they need these documents to test whether Cyrus, Contrarian, and Plenisfer are U.S. persons misrepresents the record. The Ad Hoc Group has repeatedly offered to stipulate that Cyrus and Contrarian are U.S. persons. *See, e.g.*, Jan. 6, 2026 Hr'g Tr. at 52:12-19. And Plenisfer directed Defendants to public disclosures it had filed with Italian securities regulators showing that it does business in Italy, not in the United States, and that U.S. persons are prohibited from investing in its mutual fund. *See, e.g.*, *Plenisfer Destination Value Total Return Prospectus* (Plenisfer Prospectus), at 6, https://bit.ly/46bpJ0k.[6] Defendants misleadingly describe these filings as "websites" (at 3) but do not dispute what they show.

Defendants also do not dispute that the topics in this request – documents about the "application of . . . law," the Trustee's "obligations" under the Indenture, the scope of usury and other legal doctrines, and "contemplated or actual litigation" – obviously call for materials protected by the attorney-client privilege and the attorney work-product doctrine. Defendants have never challenged the Ad Hoc Group's privilege and work-product objections.

---

[5] Entities affiliated with Fidelity have also made this offer.

[6] *See also Plenisfer Investments S.p.A. SGR*, registroimprese.it, Camere di Commercio, https://www.registroimprese.it/ (showing Plenisfer does business in Trieste and Milan, Italy). While the Plenisfer Prospectus is publicly available, the Ad Hoc Group expects to re-produce it to Defendants this week.

Hon. Barbara Moses
February 3, 2026
Page 3

***Request Nos. 2-3:*** These requests seek the names and addresses of all persons known to the Ad Hoc Group who bought or sold beneficial interests in the Notes. *See, e.g.*, Dkt. 204-1 at 12. Defendants' claim that the Ad Hoc Group "represented that it has no information beyond its own names and addresses" (at 3) misrepresents the Ad Hoc Group's position. The Ad Hoc Group stated on January 15 that (1) Defendants already know the names of the Ad Hoc Group members with beneficial interests in Notes; (2) its members are unaware of any confirmed owners of beneficial interests in the Notes outside the Group; but (3) the Group's members have received at least one inquiry from persons outside the Group claiming to own beneficial interests and would amend their responses and objections to disclose those names. *See* Ex. A at 2.[7] Defendants served those amended responses on February 3, 2026.

***Request No. 4:*** This request calls for documents sufficient to show the "ultimate beneficial owners of the Notes." Mot. at 3. Defendants' statement that the "Ad Hoc Group has no information beyond its own purchases" (at *id.*) misrepresents the Ad Hoc Group's position and is deliberately vague about what Defendants mean by "ultimate beneficial owners." If Defendants are seeking the names of the Ad Hoc Group members which own beneficial interests in the Notes, Defendants already have that information. If Defendants are seeking the names of investors in the Ad Hoc Group's member funds and accounts, the Ad Hoc Group has repeatedly told Defendants that it objects on relevance and burden grounds. The Ad Hoc Group repeatedly asked Defendants to clarify their position on this issue, but Defendants would not do so. *See* Ex. A at 1.

Requiring the production of the identities of investors in the Ad Hoc Group's funds and managed accounts would be unnecessary even under Defendants' theory. Defendants claim that U.S. persons "as defined by Regulation S" cannot beneficially own Notes. Mot. 2.[8] But the Ad Hoc Group has already offered to stipulate that Cyrus and Contrarian (and their affiliated funds and accounts) are U.S. persons, so this information is unnecessary as to them.

As to Plenisfer, Regulation S does not pierce the corporate veil in the way that Defendants suggest. Rather, with one exception not relevant here, Regulation S's definition of "U.S. person" asks only about the citizenship of the specific entity (such as a natural person, corporation, or trust) that holds securities, not the citizenship of any person with an economic interest in that entity. *See* 17 C.F.R. § 230.902(k)(1).[9] Defendants offer no argument or authority showing that "U.S. person" instead includes any entity in which a U.S. person has invested. But even if that were true, Plenisfer's Italian-law prospectuses, which Defendants have, show that U.S. persons are barred

---

[7] *See also* Dkt. 127-3 (Defendants' Fed. R. Civ. P. 26(a)(1) disclosures); Dkt. 204-1 at 2, 23 (responses and objections correcting Ad Hoc Group member names).

[8] That claim is both incorrect and not a basis to excuse Defendants' obligation to repay the Notes. Dkt. 126 at 14-15.

[9] *Cf.* 17 C.F.R. § 230.902(k)(1)(vi) ("U.S. persons" include "any non-discretionary account or similar account (other than an estate or trust) held by a dealer or other fiduciary for the benefit or account of a U.S. person").

Hon. Barbara Moses
February 3, 2026
Page 4

from investing in the Plenisfer fund. Plenisfer Prospectus at 6. Defendants ignore that document. And they do not explain why forcing Plenisfer to disclose its investors would be anything but harassment.

**Request No. 5**: This request calls for documents sufficient to show the purchasing party, date of purchase, and purchase price for each purchase of beneficial interests in the Notes. Defendants concede that the Ad Hoc Group already produced that information through internal trading records and bank statements. Mot. at 4. They also concede that Contrarian, Cyrus, and Plenisfer already agreed on January 15 to produce trade confirmations as well. *See also* Ex. A at 2. The Group expects to complete that production on or about February 9. Defendants' motion on this issue is moot.

**Request No. 6**: This request calls for documents sufficient to show the selling party, date of sale, and sale price for each sale of beneficial interests in the Notes. Defendants concede that the Contrarian, Cyrus, and Plenisfer already agreed on January 15 to produce this information. *See also* Mot. at 4. The Group expects to complete that production on or about February 9. Defendants' motion on this issue is moot.

* * *

Defendants' motion should be summarily denied. Moreover, Defendants should show cause why they should not be required to pay the Ad Hoc Group's fees and expenses in responding to Defendants' frivolous motion. When denying a motion to compel, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B); *see also* Fed. R. Civ. P. 45(d)(1) (where a party "fails" "to avoid imposing undue burden or expense" on a third party, the court "must . . . impose an appropriate sanction—which may include . . . reasonable attorney's fees").

A fee-shifting award is warranted here. A motion to compel "'is substantially justified'" if "'reasonable people could differ as to [its] appropriateness,'" or "'if there was a genuine dispute.'" *Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013). No reasonable person would think it appropriate to move to compel documents a non-party had already agreed to produce, or to misrepresent that non-party's position. There is no genuine dispute whether discovery from third parties into "extrinsic evidence" about an unambiguous contract is relevant. And there is no reasonable basis to seek years' worth of documents and communications on an issue – "U.S. person" status – for which the Ad Hoc Group has offered to stipulate for three of its members and provided binding securities-law disclosures for the fourth.

Defendants' motion was not substantially justified by any measure. Nor is the Ad Hoc Group aware of any "other circumstances [that would] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In addition, by filing this motion, Defendants have imposed needless

Hon. Barbara Moses
February 3, 2026
Page 5

burdens on the non-party Ad Hoc Group.  *Cf.* Fed. R. Civ. P. 45(d)(1).  The Court should order Defendants to show cause why a fee-shifting award is not warranted.

          Respectfully submitted,

          */s/ Justin M. Ellis*
          Justin M. Ellis

Cc:   All counsel of record (via CM/ECF)