# Exhibit A
# REDACTED

## Reynolds, Mason

| | |
|---|---|
| **From:** | Ellis, Justin |
| **Sent:** | Thursday, January 15, 2026 5:14 PM |
| **To:** | pulecioboekd@gtlaw.com |
| **Cc:** | Reynolds, Mason; molluzzoj@gtlaw.com; shaftelh@gtlaw.com; TV Azteca |
| **Subject:** | RE: Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164 |

Daniel,

Your statement is not true. Defendants have repeatedly refused to answer the following questions:

- For the stipulation you asked for on Cyrus / Contrarian / Fidelity, are you seeking information about the investors of the investment funds – including investors in mutual funds – or something else?

- Which exhibits attached to the ICSID jurisdictional memorial do you need, and why do you believe you need them?

- What claims or defenses do you believe custodial ESI is relevant to?

- What is defendants' position on an expedited merits resolution? Defendants have refused to comply with the Court's order that the parties meet and confer on this issue. We are running out of time before our proposal is due on January 20. If you do not provide a proposal immediately, or discuss with us in good faith, we will make our own proposal to the Court and inform it of your refusal.

- When are Defendants going to provide their joint appendix designations for the appeal? Defendants failed to comply with FRAP 30(b)(1) and, despite being prompted by us repeatedly, have yet to take any action to remedy that violation. We may if necessary seek costs if required to submit our own supplemental appendix because of Defendants' delay.

Without answers to our questions, we are unable to evaluate your requests for additional discovery. Please address these issues as soon as possible. We note that, if Defendants take positions in their filings on any of the issues they have refused to answer here, we will inform the Court.

Nevertheless, without waiver of its objections, the Ad Hoc Group provides the following information to move the case toward an expedited merits resolution:

- The Ad Hoc Group's production shows Plenisfer's current ownership of beneficial interests in the Notes.

- The Ad Hoc Group will produce the prospectus for Plenisfer Destination Total Value Return. The prospectus will be produced solely for the purpose of this litigation and is not to be used for marketing purposes. We note the prospectus is publicly available, and it shows that U.S. persons may not own interests in the Plenisfer mutual fund. We trust this resolves your concerns.

- The Ad Hoc Group will produce the exhibits from the ICSID request from arbitration. It will also produce Exhibits C-001 through C-008, C-0019 through C-0029, C-0034 through C-0070, and C-0075 through C-0082 from the counter-memorial on jurisdiction. We do not understand you to be asking for legal authorities attached to that filing. Other exhibits from the counter-memorial, including internal fund administration documents from Cyrus and Contrarian, are not relevant and contain confidential business information. You have so far refused to give any reason why those documents are relevant or proportional to the case, or how seeking them is consistent with Defendants' duties under Rule 45(d). If you want us to reconsider our position, you need to explain why.

- The Ad Hoc Group will stipulate that (1) Fidelity, Contrarian, and Cyrus are U.S. persons and (2) entities managed or affiliated with Fidelity, Contrarian, and Cyrus own beneficial interests in the Notes, as the term Notes is defined under the Indenture. Given the Plenisfer organizational documents and prospectus showing that Plenisfer is not a U.S. person, we expect Defendants to stipulate to that fact as well. Please provide us with a draft stipulation.

- The Ad Hoc Group will amend its responses and objections to state that (a) the Group is not aware of the identities of any confirmed current beneficial owners other than the members of the Ad Hoc Group and (b) provide the names of entities that have claimed to hold beneficial interests in the Notes, to the extent that the Ad Hoc Group is aware of any such entities. To the extent Defendants maintain they need anything else, please explain how that discovery is relevant and proportionate discovery and consistent with Defendants' FRCP 45(d) obligation to minimize the burden on third-parties, like the Ad Hoc Group.

- Contrarian will produce documents sufficient to show the dates and amounts of ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and will amend its responses and objections accordingly. Cyrus and Plenisfer will amend their responses and objections to state that they have ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. We do not understand your request to apply to Fidelity. While Greenberg Traurig continues to argue that all U.S. persons cannot recover on the Notes, it withdrew the Fidelity subpoenas because Fidelity is a current client of Greenberg Traurig. With respect to Fidelity, we refer you to the responses and objections served on conflicts counsel.

- Trade confirmations are duplicative of the information already produced to Defendants in Begin Bates TVA_ADHOC00000001; TVA_ADHOC00000004; TVA_ADHOC00000007; TVA_ADHOC00000015 (voluntarily produced by Fidelity); TVA_ADHOC00000016 (same); TVA_ADHOC00000033; AND TVA_ADHOC00000039 and are not proper discovery under FRCP 45(d). Nevertheless, Cyrus and Contrarian will produce trade confirmations corresponding to the trades identified in TVA_ADHOC00000007 and TVA_ADHOC00000039. Plenisfer has already produced trade confirmations. With respect to Fidelity, we refer Greenberg Traurig to the responses and objections served on conflicts counsel.

The Ad Hoc Group will make this production on a rolling basis starting this week and expects to complete production by the end of next week.

Justin

Justin M. Ellis

MoloLamken LLP
430 Park Avenue
New York, NY 10022
(212) 607 8159
jellis@mololamken.com

---

**From:** pulecioboekd@gtlaw.com <pulecioboekd@gtlaw.com>
**Sent:** Thursday, January 15, 2026 6:47 AM
**To:** Ellis, Justin <JEllis@mololamken.com>
**Cc:** Reynolds, Mason <Mreynolds@mololamken.com>; molluzzoj@gtlaw.com; shaftelh@gtlaw.com; TV Azteca <TVAzteca@mololamken.com>
**Subject:** Re: Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164

There are no questions we have not already answered. We expect your final responses today COB. Thanks.

**Daniel Pulecio-Boek**
Shareholder
Chair Washington DC Cross-Border Disputes Group

Greenberg Traurig, LLP
2101 L Street N.W. | Suite 1000 | Washington, D.C. 20037
T +1 202.331.3117
pulecioboekd@gtlaw.com | www.gtlaw.com | View GT Biography



---

**From:** Ellis, Justin <JEllis@mololamken.com>
**Sent:** Wednesday, January 14, 2026 8:26:11 PM
**To:** Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>
**Cc:** Reynolds, Mason <Mreynolds@mololamken.com>; Molluzzo Jr, John C. (OfCnl-NY-LT) <molluzzoj@gtlaw.com>; Shaftel, Hal (Shld-NY-LT) <shaftelh@gtlaw.com>; TV Azteca <TVAzteca@mololamken.com>
**Subject:** Re: Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164

We'll be back to you tomorrow. Please answer our other questions. In addition, we still need your appendix designations for the appeal. Thank you.

> On Jan 13, 2026, at 4:46 PM, pulecioboekd@gtlaw.com wrote:
>
> Please get back to us tomorrow on what discovery you will produce and not produce. Our position has been clearly laid out in two calls and several emails. The delay is not appreciated it and contrary to the Court's expectations.
>
> **Daniel Pulecio-Boek**
> Shareholder
> Chair Washington DC Cross-Border Disputes Group
>
> Greenberg Traurig, LLP
> 2101 L Street N.W. | Suite 1000 | Washington, D.C. 20037
> T +1 202.331.3117
> pulecioboekd@gtlaw.com | www.gtlaw.com | View GT Biography

3

**From:** Ellis, Justin <JEllis@mololamken.com>
**Sent:** Tuesday, January 13, 2026 4:41 PM
**To:** Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Reynolds, Mason <Mreynolds@mololamken.com>; Molluzzo Jr, John C. (OfCnl-NY-LT) <molluzzoj@gtlaw.com>; Shaftel, Hal (Shld-NY-LT) <shaftelh@gtlaw.com>
**Cc:** TV Azteca <TVAzteca@mololamken.com>
**Subject:** RE: Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164

Appreciate the clarification on the jurisdictional memorial.  Further follow ups in bold below.  We remain available to have a phone call.

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
(212) 607 8159
jellis@mololamken.com

**From:** pulecioboekd@gtlaw.com <pulecioboekd@gtlaw.com>
**Sent:** Tuesday, January 13, 2026 4:31 PM
**To:** Ellis, Justin <JEllis@mololamken.com>; Reynolds, Mason <Mreynolds@mololamken.com>; molluzzoj@gtlaw.com; shaftelh@gtlaw.com
**Cc:** TV Azteca <TVAzteca@mololamken.com>
**Subject:** RE: Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164

Thanks, below.

**Daniel Pulecio-Boek**
Shareholder
Chair Washington DC Cross-Border Disputes Group

Greenberg Traurig, LLP
2101 L Street N.W. | Suite 1000 | Washington, D.C. 20037
T +1 202.331.3117
pulecioboekd@gtlaw.com | www.gtlaw.com | View GT Biography

‑‑

**From:** Ellis, Justin <JEllis@mololamken.com>
**Sent:** Tuesday, January 13, 2026 4:13 PM
**To:** Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Reynolds, Mason <Mreynolds@mololamken.com>; Molluzzo Jr, John C. (OfCnl-NY-LT) <molluzzoj@gtlaw.com>; Shaftel, Hal (Shld-NY-LT) <shaftelh@gtlaw.com>
**Cc:** TV Azteca <TVAzteca@mololamken.com>
**Subject:** RE: Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164

Daniel,

We're reviewing, but I have a few follow-up questions for you.

4

- For your statement on Plenisfer, and for the stipulation you asked for on Cyrus / Contrarian / Fidelity, are you seeking information about the investors of the investment funds – including mutual funds – or something else?

**The indenture says U.S. persons cannot directly or beneficially own or control the notes. We are seeking discovery or stipulations that shows who owns or controls directly or beneficially the notes.**

**Respectfully, you didn't answer my question. Please do so.**

- Which exhibits to the ICSID demand are you seeking?

**The exhibits attached to the jurisdictional briefing, which includes the documents that Cyrus and Contrarian produced during jurisdictional discovery to Mexico.**

**We had earlier understood you were asking for the exhibits to the arbitration demand. The exhibits to the jurisdictional memorial (see Dkt. 91-2) appears to comprise a mix of deal documents, news articles, U.S. and Mexican court filings, and internal Cyrus and Contrarian corporate organizational documents. Which of these exhibits do you need, and why do you need them? To what claims or defenses would they be relevant?**

- Which claims or defenses do you believe custodial ESI is relevant to?

**Your obligation is to produce all responsive documents and communications under your custody, control or possession. I am unaware of and have never heard of a case in which a party got to choose to produce only a central repository as opposed to an email on the basis that the other party has not shown that emails are "relevant to claims or defenses."**

**Please see Federal Rule 26(b)(1).**

- What is Defendants' position on expedited merits resolution?

We will get back to you in due course. We respectfully ask you stay focused on the objective of this email exchange which is to meet and confer regarding deficiencies in the responses to our Rule 45 subpoenas.

**We need to comply with Judge Moses's order, since she directed us to confer in person. Respectfully, your characterization isn't correct. If you will not meet and confer with us, or make a proposal to expedite merits resolution, we will do so ourselves and inform the Court of your position.**

Happy to get on a call. But we need an answer to these questions.

Best,

5

Justin

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
(212) 607 8159
jellis@mololamken.com

---

**From:** pulecioboekd@gtlaw.com <pulecioboekd@gtlaw.com>
**Sent:** Tuesday, January 13, 2026 4:03 PM
**To:** Reynolds, Mason <Mreynolds@mololamken.com>; molluzzoj@gtlaw.com; shaftelh@gtlaw.com
**Cc:** TV Azteca <TVAzteca@mololamken.com>
**Subject:** RE: Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164

Thanks.  Responses below.

**Daniel Pulecio-Boek**

Shareholder
Chair Washington DC Cross-Border Disputes Group

Greenberg Traurig, LLP
2101 L Street N.W. | Suite 1000 | Washington, D.C. 20037
T +1 202.331.3117
pulecioboekd@gtlaw.com | www.gtlaw.com | View GT Biography

--

---

**From:** Reynolds, Mason <Mreynolds@mololamken.com>
**Sent:** Monday, January 12, 2026 5:40 PM
**To:** Molluzzo Jr, John C. (OfCnl-NY-LT) <molluzzoj@gtlaw.com>; Shaftel, Hal (Shld-NY-LT) <shaftelh@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>
**Cc:** TV Azteca <TVAzteca@mololamken.com>
**Subject:** RE: Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164

**\*EXTERNAL TO GT\***

John,

We write in response to your email sent Friday night at 10:49pm.  As described below, we are still waiting for confirmation from Plenisfer on certain points.

*First*, the Ad Hoc Group's production provides information sufficient to show Contrarian, Cyrus, and Fidelity's current ownership of beneficial interests in the Notes.  The issue Defendants raise with respect to those subpoenas' relevant time period is moot.  We are confirming the same with Plenisfer and will be back to you promptly. **When?**

*Second*, the prospectus for Plenisfer Destination Value Total Return is publicly available on www.plenisfer.com.  The Italian Companies Registry ( www.registroimprese.it) shows that Plenisfer Investments SGR s.p.a.'s registered address is in Trieste, Italy and main office is in Milan, Italy. **We do not believe sending links to websites complies with your**

6

**discovery obligations and these links still fail to show who has ownership or control of the notes held/managed by and through Plenisfer and thus, whether these notes are also subject to U.S. ownership and control. Thus, we are at an impasse.**

*Third*, during Friday's meet-and-confer, Defendants claimed that the Ad Hoc Group's production does not address the purported discrepancy described in (1) of your December 29, 2025 email between the production and the ICSID Request for Arbitration. As we explained in our January 5 email and, again, during the meet and confer, the email does not quote the relevant allegation from the ICSID Request for Arbitration in full and there is no discrepancy. **We take this to mean you refuse to provide the documents attached to the ICSID filings which are responsive to our subpoenas. We are at an impasse.**

Paragraph 5 of the ICSID Request for Arbitration alleges, "[a]s a result of those violations, the Claimants *and other U.S. investors* have suffered significant loss on the Notes under their control, which is estimated to be not less than $219,050,000 million" (emphasis added). The Ad Hoc Group has produced documents showing that U.S. members of the ad hoc group own ▮▮▮▮▮ worth of beneficial interests in the Notes. Specifically:

| Manager | Beneficial Interest | Begin Bates |
|---|---|---|
| Contrarian Capital Management LLC | ▮▮▮ | TVA_ADHOC00000001; TVA_ADHOC00000004; TVA_ADHOC00000007 |
| Cyrus Capital Partners L.P. | ▮▮▮ | TVA_ADHOC00000033; TVA_ADHOC00000039 |
| Fidelity Research & Management LLC | ▮▮▮ | TVA_ADHOC00000016 |
| Total | ▮▮▮ | |

Moreover, we have already pointed Defendants to public SEC filings for Cyrus and Contrarian showing their principal place of business and have pointed you to similar filings (above) for Plenisfer. And we have offered to stipulate that Cyrus, Contrarian, and Fidelity are U.S. persons. **To be clear, we are seeking a stipulation that the notes held by or through funds or accounts managed by these entities are owned or controlled by U.S. persons. Please confirm you will stipulate to that fact.**

But you refused during the meet and confer to explain what additional information Defendants needed beyond these documents or why it is needed. Your email also does not provide that explanation and ignores the Ad Hoc Group's second production, made on Friday at 7:47pm. If you want the Ad Hoc Group to voluntarily produce additional documents, please explain why those documents are needed.

*Fourth*, TVA_ADHOC00000007 contains records of Contrarian's purchases of beneficial interests in the Notes kept in the ordinary course of business. In our January 5 email, we referred you to statements from Wells Fargo and J.P. Morgan that show Contrarian's beneficial ownership (TVA_ADHOC00000001, TVA_ADHOC00000004). TVA_ADHOC00000008 and TVA_ADHOC00000010 contain records of Cyrus' purchases of beneficial interests in the Notes kept in the ordinary course

of business. We further refer you to TVA_ADHOC00000033-TVA_ADHOC00000039. You refused during the meet and confer to explain why Defendants need additional information beyond the documents already produced by the Ad Hoc Group. Your email also fails to provide that information and, instead, baldly asserts that the parties are at an impasse.

*Fifth*, during the meet and confer, we asked you to explain what attachments to filings in the ICSID arbitration Defendants need and why they need them. You refused to provide that information and, instead, insisted that the parties were at an impasse. Your email does not provide the requested explanation either. The exhibits are listed in the publicly filed ICSID arbitration demand and, to our knowledge, are all or nearly all available to TV Azteca already. **False. Attachments to ICSID filings are generally not public. In this matter, ICSID website only shows briefs, not exhibits. The attachments to the jurisdictional briefing are not public. In that jurisdictional briefing Cyrus and Contrarian try to argue why they are and should be treated as U.S. investors and when, and how they purchased their notes. Evidently relevant to this case. We understand you are refusing to provide them.** As described in the arbitration demand, the exhibits comprise an excerpt from NAFTA (exhibit 1), publicly available corporate registration documents for Cyrus and Contrarian (exs. 2-3), powers of attorney (exs. 4-5), waivers by Cyrus and Contrarian of certain ICSID procedures (exs. 6-7), US and Mexican court filings (exs. 8, 15-21, 24-26, 28), notice given to Mexico of the arbitration (ex. 9), the Indenture (ex. 10), TV Azteca press releases (exs. 11, 14, 30), the notices of default and acceleration (exs. 13-14), public statements of WHO and the President of Mexico (exs. 22-23), and news articles (exs. 27, 29). Please (i) identify the attachments Defendants are seeking, (ii) explain why those attachments are necessary here, and (iii) why Defendants do not have or cannot get those exhibits already.

*Sixth*, the Ad Hoc Group is not aware of the identities of any confirmed current beneficial owners other than the members of the Ad Hoc Group. **Please amend your responses and objections to so state**. The Ad Hoc Group has received at least one inquiry from other entities claiming to hold beneficial interests in the Notes, but cannot confirm those entities' holdings, if any. The Ad Hoc Group would be willing to stipulate to the names of those entities and the outreach date. If you are interested in such a stipulation, please let us know. **This is not a matter of stipulation. That is responsive information and you need to produce it. We expect you will produce it by tomorrow COB.**

*Seventh*, The Ad Hoc Group's production already shows  ████████. ████████ ████████████████████████████████████ **Please amend your responses and objections to so state**. ████████████████████████████████████████████████████████████████ **Please amend your responses and objections to so state**. Contrarian would be willing to produce documents sufficient to show the dates and amounts of ████████. **When?** We are awaiting confirmation from Plenisfer on this point. **When?**

*Eighth*, Defendants have not provided any explanation for why custodial ESI production, in addition to the Ad Hoc Group's production, is necessary for its defenses. **Your obligation is to produce all responsive information under your custody, control or possession. Not the bare minimum you unilaterally feel you should produce. We are at an impasse.** If you want the Ad Hoc Group to consider custodial ESI production, please

8

provide that explanation. In particular, none of Defendants' asserted defenses involving the Indenture's purported transfer restrictions, the purported requirements of Mexican usury law, or the impossibility defense turn on the beneficial owners' subjective intent, and, as we have explained in court filings, the purported unclean hands defense is not applicable to a contract claim and would in any event apply only to the Trustee's purported conduct. In any event, the ad hoc group is willing to consider a stipulation that it purchased beneficial interests in the Notes for investment purposes. If you are interested in such a stipulation, please let us know.

*Finally*, your claim that on Friday the parties discussed an expedited merits resolution, as required by Judge Moses' January 6 Order, is not correct. Although, in our January 7 email, we requested that Defendants be prepared to discuss an expedited merits resolution on the meet and confer, Defendants were not prepared to do so. As we explained during the meet and confer, Plaintiff is amenable to any of the three options suggested by Judge Moses during the January 6 conference to reach an expedited merits ruling on threshold issues and will consider any other good-faith proposal by Defendants. Dkt. 177; January 7 Hr'g Tr. 65:14-25. Please provide Defendants' position as soon as possible and, in any event, no later than COB January 13.

**Responsive trade confirmations and responsive communications : we understand you re refusing to produce these materials and we are therefore at an impasse.**

Best,

**Mason E. Reynolds**
<image002.jpg>

430 Park Avenue
New York, NY 10022
T:  (212) 607-8178
M: (917) 992-7245
mreynolds@mololamken.com
www.mololamken.com

**From:** molluzzoj@gtlaw.com <molluzzoj@gtlaw.com>
**Sent:** Friday, January 9, 2026 10:49 PM
**To:** Reynolds, Mason <Mreynolds@mololamken.com>; Ellis, Justin <JEllis@mololamken.com>; TV Azteca <TVAzteca@mololamken.com>
**Cc:** shaftelh@gtlaw.com; pulecioboekd@gtlaw.com
**Subject:** Meet and Confer - The Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V., No. 22 Civ. 8164

Counsel:

We are writing to confirm understandings from our meet and confer earlier today with respect to the Ad Hoc Group's subpoena responses.

- **Relevant Time Period**: We explained that the Ad Hoc Group's responses should be brought current to present day, as the August 2022 end-date in the Ad Hoc Group's responses and objections (when this litigation started) does not provide the full set of relevant information, including the current holders of the Notes and/or those with beneficial interests in the Notes. You indicated that you would consider and get back to us. Please let us know by **close of business on Monday, January 12**.

- o  We note that in Contrarian, Cyrus, and Plenisfer's responses and objections, they agreed to produce "information sufficient to show (1) whether it currently holds any beneficial interests in the Note; (2) the dates it acquired any beneficial interest in the Note it currently holds; and (3) the purchase price or prices it paid to acquire any beneficial interest in the Note it currently holds." Accordingly, Defendants' position is that the Ad Hoc Group has waived any time period objection relating to its current holdings, and should produce any relevant documents from that time period.

- **Plenisfer Nationality**: We requested additional information on Plenisfer. You agreed to look into whether there are Italian disclosure documents that disclose that Plenisfer is a mutual fund, and also documents that provide additional information about the fund and its manager. Please let us know by **close of business on Monday, January 12.**. Otherwise, the Ad Hoc Group will not agree to produce information on the beneficial owners of Plenisfer's holdings in the Notes and we are at an impasse.

- **Total Holdings of the Ad Hoc Group**: We reiterated our request for documents describing the complete holdings by the Ad Hoc Group or other Noteholders for which it has such information. You have refused to produce such additional documents, instead stating that adding up the information produced is approximately close to ███████. The Ad Hoc Group will not explain the discrepancy between the document ending in -0015 and -0016 until the Fidelity subpoena's formal response is due next week.

  Defendants' position is that the Ad Hoc Group must produce additional documentation substantiating its holdings or those it is aware of, including account statements, trade confirmations, and such contemporaneous records. The parties are at an impasse, as the Ad Hoc Group stands on its previous eight-document production as being sufficient to meet its discovery obligations.

- **Other Issues Relating to Documents Ending in -0007, -0008, -0010**. As noted above, Defendants request production of all trade confirmations and similar documentation of the trades through which the Ad Hoc Group purchased its holdings. The Ad Hoc Group refused and stands on its position and we are at an impasse.

- **ICSID Briefing**: The Ad Hoc Group will consider producing attachments to Contrarian and Cyrus' filings in the ICSID arbitration. Please let us know your position on this by **close of business Monday, January 12.**

- **Subpoena Request 1**: The Ad Hoc Group stands on its objection to producing any communications and we are at an impasse.

- **Subpoena Request 4**: The Ad Hoc Group indicated that it does not have additional information regarding other beneficial owners or those with beneficial interests outside the group. Please confirm no such documents exist. Please let us know by **close of business on Monday, January 12**. Please note that to the extent that the Ad Hoc Group members obtained such information from the Trustee, those documents are also responsive to the subpoena and should be produced.

- **Subpoena Request 6**: The Ad Hoc Group stands on its objection that it will not produce documents showing the "selling party, the date of sale and the sale price for any and all transactions for the sale of TV Azteca Notes from January 1, 2017 to November 17, 2025." We are at an impasse.

- **Custodians**: The Ad Hoc Group indicated its production is non-custodial. We understand that the Ad Hoc Group will not agree to produce any custodial ESI or even search custodial ESI for relevant documents. Please let us know by **close of business on Monday, January 12**.

As for party discovery, the parties will have a future meet and confer about ESI and production formats. The parties will also further discuss the submission required by Judge Moses on January 20.

10

**John C. Molluzzo Jr.**
Of Counsel

Greenberg Traurig, LLP
One Vanderbilt Avenue | New York, NY 10017
T +1 212.801.6809
molluzzoj@gtlaw.com  |  www.gtlaw.com   |  View GT Biography

<image003.png>

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

---

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.