**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>                     Plaintiff,<br><br>         v.<br><br>TV AZTECA, S.A.B. DE C.V., et al.,<br><br>                     Defendants. | No. 22 Civ. 8164<br><br>Hon. Paul G. Gardephe<br><br>Hon. Barbara Moses |

**THE TRUSTEE'S REPLY IN SUPPORT OF ITS MOTION**
**TO STRIKE DEFENDANTS' THIRD-PARTY COMPLAINT**

Justin M. Ellis
Mason E. Reynolds
Zachary R. Ingber
Eric Rolston
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8160
jellis@mololamken.com

*Counsel for the Bank of New York Mellon, as Trustee*

## **TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT...........................................................................................................................1

     A.    The Court Should Sever the Third-Party Complaint ............................................... 1

     B.    Grupo Salinas's Tax Settlement Undermines Its Impleader Claim ........................ 2

     C.    Defendants Have Correctly Abandoned Their Rule 13 Argument......................... 3

CONCLUSION........................................................................................................................4

# **TABLE OF AUTHORITIES**

Page(s)

### CASES

*407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*,
    23 N.Y.2d 275 (1968) ........................................................................................................3

*Hercules Inc. v. United States*,
    24 F.3d 188 (Fed. Cir. 1994) ..............................................................................................3

*Kel Kim Corp. v. Cent. Mkts., Inc.*,
    70 N.Y.2d 900 (1987) ........................................................................................................3

*Ohr Somayach/Joseph Tanenbaum Educ. Ctr.* v. *Farleigh Int'l Ltd.*,
    483 F. Supp. 3d 195 (S.D.N.Y. 2020) ................................................................................3

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008) ...............................................................................................4

### RULES

Fed. R. Civ. P. 13(a)(1) ...................................................................................................................3

Fed. R. Civ. P. 14(a)(1) ............................................................................................................. 1, 2

Fed. R. Civ. P. 14(a)(4) ..................................................................................................................1

## INTRODUCTION

Attempting to cure their violation of Rule 14(a)(1) and this Court's local rules, Defendants belatedly sought leave to file their third-party complaint. But Defendants do not explain why their claim is proper as a third-party action. It is not. The Court should strike or sever the third-party complaint for the reasons stated in the Trustee's motion to strike (Dkts. 199-200) and opposition to Defendants' motion for leave to file (Dkt. 206).

The Trustee respectfully submits this reply to address three outstanding issues raised by Defendants' briefing and other recent developments. *First*, Defendants offer no meaningful reason why, if the Court does not strike the third-party complaint altogether, it should also not (at a minimum) sever that complaint so it can proceed separately without bogging this case down. *Second*, Grupo Salinas' recent settlement of its tax dispute, which Defendants did not disclose to the Court, undermines its third-party claim. And *third*, Defendants have (correctly) abandoned their prior argument that the third-party claim can be treated as a counterclaim under Rule 13. Each of these is further reason why Defendants' claim should be stricken or severed from this action.

## ARGUMENT

### A.  The Court Should Sever the Third-Party Complaint

If the third-party complaint is not struck, it should be severed so that it can proceed separately from this action. *See* Dkt. 200 at 16-17; Fed. R. Civ. P. 14(a)(4). Defendants' opposition merely repeats their incorrect claims of "overlap," *see* Dkt. 205 at 12-13, and argues that severance would prejudice them by mandating litigation "in multiple forums," Dkt. 205 at 13. These are not arguments against severance. Whether Defendants' claim should proceed *in this Court* is different from whether that claim should proceed *in this case*. Defendants do not articulate any prejudice from having to litigate the claim as a separate action. And they provide no support

for their argument that litigating the claims together would promote "efficiency." To the contrary, the most efficient way to resolve this simple action on an unambiguous promissory note and indenture is to reject Defendants' attempts to turn it into a case about an alleged plot to undermine the legitimacy of the Mexican judicial system. If the Court does not strike the third-party claim altogether – and it should – it should sever it to proceed separately from the Trustee's claim.

### B. Grupo Salinas's Tax Settlement Undermines Its Impleader Claim

Defendants' third-party claim, and their impossibility and unclean-hands defenses in the main action, are based on a ruling of the Mexican Supreme Court in a tax dispute. Defendants blame Contrarian and Cyrus for somehow causing the Mexican Supreme Court to impose more than $400 million in tax liabilities on them. *See* Dkt. 205 at 12. However, on January 29 – the same day Defendants filed their opposition to the Trustee's motion to strike – Grupo Salinas (the parent company of Defendant TV Azteca) issued a press release on X stating that it had settled that dispute with the Mexican government. Ellis Decl. Ex. C at 2; *id.* Ex. D at 2. The Mexican government confirmed the settlement with its own press release. *Id.* Exs. A-B.

Defendants did not disclose Grupo Salinas' settlement in their opposition brief. But it further undermines their request for impleader in two ways. *First*, any payment Grupo Salinas has made to the Mexican government to settle its tax dispute cannot be derivative of the Trustee's claim in the main action. Whatever led to that settlement, it is not because Cyrus and Contrarian are liable to Defendants for their debt to the Trustee on the Notes. *Cf.* Fed. R. Civ. P. 14(a)(1).

*Second*, the settlement agreement makes it even less likely that Defendants' third-party complaint states a claim. While Defendants have quibbled about the precise causation standard under Mexican law, *see* Dkt. 202 at 14-15, any purported causal link between Cyrus and Contrarian's alleged lobbying and Grupo Salinas' tax liabilities was broken when Grupo Salinas chose to voluntarily pay those liabilities. After the Mexican Supreme Court's ruling, Grupo

2

Salinas had sought further review with the Inter-American Commission on Human Rights, but apparently chose to abandon that litigation and settle instead.[1] The cause of Defendants' tax losses was their decision to cease defending against the government's tax claims and instead to voluntarily settle and assume the tax liability – and even Defendants do not allege that Cyrus or Contrarian had anything to do with those decisions. *See Hercules Inc. v. United States*, 24 F.3d 188, 200 (Fed. Cir. 1994), *aff'd,* 516 U.S. 417 (1996). Defendants' settlement is further proof that the Court should strike Defendants' complaint.[2]

### C. Defendants Have Correctly Abandoned Their Rule 13 Argument

Finally, the Trustee notes that Defendants have abandoned a key argument they made about the third-party claim in prior briefing. Defendants previously argued that their claim against Cyrus and Contrarian should be treated as a counterclaim under Rule 13. Dkt. 176 at 1-2. Defendants have now abandoned that argument in both their motion for leave and their opposition to the Trustee's motion to strike. *See Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 483 F. Supp. 3d 195, 206 n.6 (S.D.N.Y. 2020) ("Arguments not raised in a party's brief are deemed waived."). Defendants had good reason to do so. Counterclaims can only be brought against an "opposing party" in the litigation. Fed. R. Civ. P. 13(a)(1). But the Trustee, which has authority to sue in its own name, *see* Indenture § 6.8, is the only opposing party in this case. Because Cyrus and Contrarian are not opposing parties, there is no basis to refile Defendants' existing third-party claim as a counterclaim in the main action.

---

[1] *See* Ellis Decl. Ex. C at 3; *id.* Ex. D at 3.

[2] The settlement also fatally undermines Defendants' impossibility defense. That defense requires Defendants to prove that paying the Notes was objectively impossible. *Kel Kim Corp. v. Cent. Mkts., Inc.*, 70 N.Y.2d 900, 902 (1987). But even assuming that financial difficulties could justify the impossibility defense, as Defendants claim – and it does not, *407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*, 23 N.Y.2d 275, 281-82 (1968) (collecting cases) – Defendants are apparently able to pay other debts as they come due.

The Court should hold Defendants to their waiver of this argument going forward. Defendants, who are represented by sophisticated counsel, made a strategic choice not to raise the Rule 13 argument. Any attempt by Defendants to make that argument later would only be for the purpose of delay. The Court should not countenance any further attempt to sandbag this straightforward contractual dispute. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (leave to amend a pleading may be denied for "undue delay, bad faith or dilatory motive on the part of the movant" (citation omitted)). Thus, if the Court grants the Trustee's motion and removes the third-party claim from this case, it should also deny any later request to refile it as a counterclaim.

## CONCLUSION

The Court should strike or, in the alternative, sever Defendants' third-party complaint.

Dated: February 5, 2026
New York, New York

Respectfully submitted,

*/s/ Justin M. Ellis*
Justin M. Ellis
Mason E. Reynolds
Zachary R. Ingber
Eric Rolston
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8160
jellis@mololamken.com

*Counsel for the Bank of New York Mellon, as Trustee*