

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

February 24, 2026

VIA CM/ECF

Hon. Paul Gardephe
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY  10007

   Re:  *The Bank of N.Y. Mellon[1] v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Gardephe:

  We represent the Trustee. Pursuant to Rule IV.A of your individual practices, we respectfully request an in-person pre-motion conference regarding early summary judgment against Defendant TV Azteca.[2] The elements of the Trustee's claim are undisputed, and binding New York law forecloses each of TV Azteca's defenses regardless of any discovery the parties may take. Yet Defendants have refused to agree to an early merits resolution of their defenses, even though the Trustee offered to stipulate to all material facts Defendants seek to prove through discovery. Dkt. 148. Accordingly, the Trustee seeks leave to move for summary judgment now. Defendants oppose the Trustee's planned motion.

  In a separate letter motion filed today, the Trustee has also requested a stay of discovery. Defendants have served extremely wide-ranging and burdensome discovery in support of their meritless defenses. Since the Court's November conference, Defendants have served 23 requests for production on the Trustee, six interrogatories, two letters rogatory, and more than ***100*** third-party subpoenas. Defendants have also filed three motions to compel – including on materials the ad hoc group and Trustee have agreed to produce. Dkts. 204, 214, 215. And Defendants signaled that they intend to take even more expansive discovery, including international discovery in Mexico about their conspiracy theory, a worldwide campaign to identify all beneficial owners of the Notes, multiple depositions of the Trustee and beneficial owners, and expert discovery. *See, e.g.*, Dkt. 129 at 5; Dkt. 129-7 (Nov. 4, 2025 Hr'g Tr. at 40:20-41:11; 43:23-44:14); Dkt. 203-1 (Jan. 6, 2026 Hr'g Tr. at 35:3-8, 41:2-4). Meanwhile, Defendants have refused the Trustee's offer

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] The Trustee has already sought leave on December 1, 2025 to move for summary judgment against the other Defendants, which are guarantors of TV Azteca's debt. Dkt. 153. That letter is pending.

Hon. Paul Gardephe
February 24, 2026
Page 2

to stipulate to certain facts they seek to prove in discovery. Defendants' abusive discovery further justifies the Court permitting summary judgment now.

### I. The Court Should Grant Summary Judgment Against TV Azteca

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under governing New York law, *see* Dkt. 80-1 (Indenture) § 11.7(a), a "*prima facie* case for recovery on a promissory note," like the Note here, "requires only 'proof of a note and failure to make payment,'" *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, 439 F. Supp. 3d 270, 273 (S.D.N.Y. 2020), *aff'd sub nom Dresser-Rand Co. v. PDVSA Petroleo, S.A.*, No. 20-1990, 2021 WL 2878936 (2d Cir. July 9, 2021). TV Azteca concedes both elements. Defendants admitted in their answer that "TV Azteca issued $400 million in unsecured notes," Dkt. 148 (answer) ¶ 49, and that "the notes matured in 2024," *id.* ¶ 2. Defendants do not (and cannot) claim that the Notes were paid.

Defendants assert twelve affirmative defenses. Dkt. 148 at 10-12. But each defense can be resolved as a matter of law now. The Trustee explained in prior briefing why each of those defenses is meritless. *See, e.g.,* Dkt. 198 at 1-3; Dkt. 126 at 2-7;. Moreover, the Trustee and ad hoc group of beneficial owners have produced or offered to stipulate to all material facts relevant to these defenses. The Defendants' defenses are:

- **Affirmative Defense No. 1**: *Failure to state a claim*. Dkt. 148 at 10. This defense is foreclosed by Defendants' concession of both elements of the Trustee's claim. *Id.* ¶¶ 2, 49.

- **Affirmative Defense No. 2**: *"Plaintiff's claims are barred to the extent that the Holders or the beneficial owners of the Notes are U.S. persons."* Dkt. 148 at 10. This defense fails as a matter of law because (1) the sole registered "Holder" pursuant to the plain language of the Indenture is the Common Depository for the Global Note, which Common Depository is a U.K. entity, Dkt. 126 at 5-7; Indenture § 2.6; *id.* at 9 ("Common Depository"); *id.* at 15 ("Holder"); (2) the Indenture and Note unambiguously permit U.S. persons to purchase beneficial interests on the secondary market, Dkt. 126 at 8-9; Indenture §§ 2.6, 2.8(b); Dkt. 127-6 (Global Note) at 1; (3) the Trustee has no duty to monitor ownership of beneficial interests by U.S. persons, Dkt. 126 at 9; Indenture § 2.8(b); (4) the Trustee's authority to sue under the Indenture does not depend on the beneficial owners' actions or status, Dkt. 126 at 9-10; Indenture § 6.8; (5) any transfer restrictions would not affect the beneficial owners' rights to be paid from a judgment on the Notes, Dkt. 126 at 9-10; *see Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 855-56 (2d Cir. 1997); and (6) any breach connected to the beneficial owners' nationality could not be material, Dkt. 126 at 11; *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997) (to be material, a breach must "defeat[ ] the object of the parties in making the contract").

Hon. Paul Gardephe
February 24, 2026
Page 3

> No discovery is necessary because the Trustee does not dispute, and in fact has offered to stipulate, that three of the four members of the ad hoc group of beneficial interest owners (Cyrus, Contrarian, and Fidelity) have advised the Trustee that they are U.S. persons. The ad hoc group has also provided authoritative securities-law disclosures showing that the fourth member (Plenisfer) is not a U.S. person. Dkt. 210 at 2.

- **Affirmative Defense No. 3**: *"Failure to maintain a register of the Notes."* Dkt. 148 at 10. The Notes are held in book-entry form, and the Indenture requires the Trustee to maintain registry information for a single "Holder" – the Common Depositary, an affiliate of the Trustee and U.K. entity. Dkt. 126 at 5-6; Indenture §§ 2.1, 2.6. Moreover, any breach of the Trustee's record-keeping duties could not be so material as to excuse TV Azteca's duty to pay the Notes. *Austin Drugs, Inc.*, 111 F.3d at 289.

> No discovery is necessary because the Trustee does not dispute, and in fact has offered to stipulate, that it does not (and could not) monitor transfers of beneficial interests in the Note. *See* Indenture § 2.8(b). The Trustee does not dispute and is also willing to stipulate that the only "Holder" of record is the registered "Holder" under the Indenture, that is, the Common Depositary.

- **Affirmative Defenses No. 4-8:** *Despite the Indenture's New York choice-of-law clause, New York conflicts-of-law principles require applying Mexican law, and Mexican law provides usury and public-policy defenses to repayment.* Dkt. 148 at 11. Under New York law, the Indenture's choice-of-law clause controls, and conflicts-of-laws principles are irrelevant. N.Y. Gen. Oblig. L. § 5-1401; *IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*, 20 N.Y.3d 310, 312 (2012); Dkt. 126 at 2-5. Further, while Defendants cite a section of the Indenture referring to "applicable" usury laws to argue that Mexican usury law applies, that section *waives* any usury defenses. Indenture § 3.7. No discovery is needed because the parties agree the Indenture is unambiguous. *See, e.g.,* Dkt. 126 at 2-5, 14; Dkt. 129-7 (Nov. 4, 2025 Hr'g Tr. at 41:13-24, 51:8-10); Dkt. 203-1 (Jan. 6, 2026 Hr'g Tr. at 40:22-23); *see Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 569 (2002) ("Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide.").[3]

---

[3] Defendants rely on cases in which courts allowed discovery into extrinsic evidence before deciding whether the contract was ambiguous. But in those cases, unlike here, the party seeking discovery at least asserted that the contract was ambiguous or unclear. *See Brooks v. Macy's, Inc.*, No. 10 Civ. 5304, 2011 WL 1793345, at *3 (S.D.N.Y. May 6, 2011) (defendant had "at least a fair argument that the plan [was] ambiguous"); *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 404 (E.D.N.Y. 2011) (defendant "assert[ed] that extrinsic evidence is necessary only to explain the meaning of the language employed in a provision of an agreement").

- **Affirmative Defense No. 9:** *"[E]stoppel," waiver, and unclean hands.* Dkt. 148 at 11. Each of these defenses is unavailable as a matter of law. Equitable estoppel cannot be used to "contradict a written contract's express terms." *Mindspirit, LLC v. Evalueserve Ltd.*, 470 F. Supp. 3d 366, 383 (S.D.N.Y. 2020); *see also Bd. of Managers of the Alfred Condo. v. Miller*, 239 A.D.3d 514, 515 (1st Dep't 2025) (dismissing defense when there was an express contract).[4] The Indenture strictly limits waivers of TV Azteca's defaults. *See* Indenture §§ 6.4, 9.2; *see also Rosenzweig v. Givens*, 62 A.D.3d 1, 7 (1st Dep't 2009), *aff'd*, 13 N.Y.3d 774 (2009) (New York courts "uniformly enforce" clauses limiting waivers). Defendants do not allege that a waiver ever occurred. And the unclean-hands doctrine is not a defense to a contract claim. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 607 (2d Cir. 2005). No discovery is needed for these defenses because they fail as a matter of law.

- **Affirmative Defense No. 10**: *Setoff, including for any amounts received through certain beneficial owners' ICSID arbitration against the Mexican government.* Dkt. 148 at 12. Setoff is only available for mutual debts between the parties. *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 (2d Cir. 2002). Defendants do not allege that the Trustee owes them any debts. Thus, setoff is not available. *See id.* at 150 (granting summary judgment where debts "not mutual"). Nor do Defendants allege that the Trustee or beneficial owners received any payments from the Mexican government as a result of the ICSID arbitration. They have not. The ICSID arbitration that Defendants refer to is pending, and the Trustee is not a party to it. *See* Dkt. 109-1; ICSID, "Cases Database," https://bit.ly/4atYCyK. Discovery is not necessary because the setoff defense is unavailable as a matter of law.

- **Affirmative Defense Nos. 11-12**: *The Trustee or beneficial owners "conspir[ed] with the Mexican government and lobbi[ed] against Defendants."* Dkt. 148 at 12. Defendants have characterized this defense as either sounding in unclean hands (which is unavailable, as explained above) or impossibility. *See* Dkt. 203-1 (Jan. 6, 2026 Hr'g Tr. at 14:24-16:5); p. 4, *supra*. Framed as impossibility, Defendants' theory is that the purported "conspiracy" with the Mexican government caused an adverse ruling by the Mexican Supreme Court in a tax dispute, allegedly making it more difficult to pay the Notes. *See, e.g.*, Dkt 172 at 5; Dkt. 164 at 7-10; Dkt. 205 at 7-9. But financial difficulty in performing does not justify an impossibility defense. *407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*, 23 N.Y.2d 275, 281-82 (1968) (collecting cases). Further, Defendants do not (and cannot) assert that

---

[4] In addition, Defendants cannot meet the elements of equitable estoppel, because they do not allege that the Trustee misrepresented anything to them, let alone that they relied on such misrepresentations. *See Mindspirit*, 470 F. Supp. 3d at 382 (equitable estoppel requires "(1) a misrepresentation by the plaintiff, (2) reasonable reliance by the defendant, and (3) prejudice" (quotation omitted)).

Hon. Paul Gardephe
February 24, 2026
Page 5

they "took virtually every action within [their] power to perform" on the Notes, as impossibility requires. *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). It is undisputed that TV Azteca defaulted on the Notes in 2021, years before the Mexican Supreme Court's ruling. *See, e.g.*, Dkt 206 at 4. Discovery is not necessary because this defense is unavailable as a matter of law.

\*   \*   \*

Despite Defendants' efforts, this case remains a simple action on a promissory note. After four years of litigation, it is ripe to decide on its merits. The Trustee respectfully requests an in-person conference and leave to move for summary judgment as to TV Azteca.

Respectfully submitted,

*/s/ Justin M. Ellis*
Justin M. Ellis