

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

February 24, 2026

<u>VIA CM/ECF</u>

Hon. Barbara Moses
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007

Re:    *The Bank of N.Y. Mellon[1] v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Moses:

We represent the Trustee. Today, the Trustee filed a pre-motion letter to Judge Gardephe seeking leave to move for summary judgment against Defendant TV Azteca.[2] Dkt. 223 (Mot.). Pursuant to Section II(b) of this Court's Individual Practices, the Trustee respectfully files this letter motion to stay discovery pending resolution of its motion for summary judgment. Despite meeting and conferring with counsel for Defendants on February 23, the parties are unable to resolve this dispute.

Courts have discretion to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c); *Vargas v. Credit Control, LLC*, No. 24 Civ. 7885, 2025 WL 3538072, at *1 (S.D.N.Y. Dec. 10, 2025) (collecting cases). A stay "may be granted where the underlying motion is potentially dispositive, and appears to be not unfounded in the law." *Vargas*, 2025 WL 3538072, at *1 (quotation omitted). Courts also consider the "strength of the dispositive motion that is the basis of the application," the "breadth of discovery sought and the burden of responding to it," and prejudice. *Id.* (quotation omitted); *see Daileader v. Certain Underwriters at Lloyd's London - Syndicate 1861*, No. 22 Civ. 5408 (PGG), 2025 WL 1021756, at *6 (S.D.N.Y. Mar. 31, 2025).

Each of those factors supports a stay. As the Trustee explained in its pre-motion letter, the elements of the Trustee's claims against TV Azteca are undisputed. Mot. at 1-2. The Trustee also explained that TV Azteca's defenses are meritless and can be resolved as a matter of law (and has separately shown why the guarantor Defendants' defenses fail for other reasons). Mot. at 2-5. For many reasons, TV Azteca's defense based on beneficial-owner nationality cannot be a defense to repayment. *Id.* at 2-3; *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 856

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] The Trustee already sought leave on December 1, 2025 to move for summary judgment against the other Defendants, which are guarantors of TV Azteca's debt. Dkt. 153. That letter is pending.

Hon. Barbara Moses
February 24, 2026
Page 2

(2d Cir. 1997); *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 288-89 (2d Cir. 1997). Further, its defenses based on the "registry" of the Notes misstates the Indenture, and any purported breach of the Trustee's record-keeping duties would not excuse TV Azteca's duty to repay the Notes. Mot. at 3; *Austin Drugs*, 111 F.3d at 289. The Indenture's New York choice-of-law clause also forecloses TV Azteca's defenses based on Mexican law. Mot. 3; Indenture § 11.7; *IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*, 20 N.Y.3d 310, 312 (2012). And its estoppel, impossibility, unclean hands, and setoff defenses are all unavailable as a matter of law. Mot. at 3-5.

Meanwhile, Defendants have served sprawling discovery despite asserting defective defenses that no facts can cure. Since fact discovery began in November, Defendants have served 23 requests for production on the Trustee, six interrogatories, two letters rogatory, and more than *100* third-party subpoenas. Defendants have also filed three motions to compel – including for materials the ad hoc group and Trustee have agreed to produce. Dkts. 204, 214, 215. And Defendants signaled that they intend to take even more expansive discovery, including international discovery in Mexico about their conspiracy theory, a worldwide campaign to identify all beneficial owners of the Notes, multiple depositions, and expert discovery. *See, e.g.*, Dkt. 129 at 5; Dkt. 129-7 (Nov. 4, 2025 Hr'g Tr. at 40:20-41:11, 43:23-44:14); Dkt. 203-1 (Jan. 6, 2026 Hr'g Tr. at 35:3-8, 41:2-4). The extreme burden of this irrelevant discovery on the Trustee and third parties alike is strong reason for a stay.

Nor is there any unfair prejudice to Defendants if the Court pauses their scorched-earth campaign. To be sure, the nonmoving party must have an opportunity to discover information that is "essential" to the summary judgment motion, *Daileader*, 2025 WL 1021756, at *17 (quoting *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000)). But Defendants' defenses are legally nonviable, so no discovery is necessary to resolve them. In any event, the Trustee has already produced or offered to stipulate to all facts relevant to those defenses, including (i) that certain beneficial interest owners have advised the Trustee that they are U.S. persons, and (ii) that the Trustee does not (and could not) monitor transfers of beneficial interests in the Note, and that the only registered "Holder" of record for which the Trustee maintains registry information is the Common Depository. Defendants cannot be prejudiced if the Court cuts off a discovery process that has no purpose other than delay.

The Trustee thus respectfully requests that discovery be stayed pending resolution of its summary judgment motion. We also respectfully request the opportunity, if necessary, to be heard on this issue at the Court's convenience. We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Justin M. Ellis*

Justin M. Ellis