

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

February 27, 2026

**VIA ECF**

Hon. Barbara Moses
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.*, 22-cv-8164

Dear Magistrate Judge Moses:

      We represent Defendants in the above-referenced matter and write in response to Plaintiff's February 24, 2026 letter motion to stay discovery pending resolution of its proposed motion for summary judgment while discovery, still at an early stage, is materially incomplete. ECF No. 224. As an attempt to hide the ball on key aspects of the record to be developed, the stay request should be seen for the tactic that it is. That is all the more so because it comes from a party who, when it suits itself, has argued in favor of quickly moving through discovery, not staying it. For multiple reasons, the Court should deny the application for a stay.

      *First*, Plaintiff's assertion that Defendants' defenses are "meritless and can be resolved as a matter of law" is not only conclusory, but flat wrong. ECF No. 224 at 1. As detailed in Defendants' response to Plaintiff's pre-motion letter for summary judgment (*see* ECF No. 226), Defendants have asserted multiple fact-intensive defenses—most notably: (i) that certain Noteholders are U.S. persons who are barred from holding and enforcing the Notes; and (ii) that certain Noteholders seek returns prohibited by Mexican law, which turns in part on the purchase price. These issues require factual development, particularly because Plaintiff failed to maintain a registry of Noteholders, making third-party discovery necessary to establish relevant facts.

      Critically, the Court has already authorized discovery into these precise issues. In ruling on Defendants' letters rogatory, Your Honor expressly stated that "discovery into the citizenship and the purchase price issues should be permitted if not unduly burdensome." ECF No. 203-1 at 46:13-18. Plaintiff's attempt to relitigate this settled point and foreclose discovery the Court has already permitted should be rejected.

      *Second*, Plaintiff's mischaracterization of Defendants as engaged in "sprawling" or "scorched-earth" discovery is belied by the record. Both parties have sought discovery on similar (and frankly limited) topics. Indeed, Plaintiff has served more document requests than Defendants (24 versus 23) and an equal number of interrogatories, yet Plaintiff has not produced a single document in the past two months. Plaintiff has also availed itself of third-party discovery and

Hon. Paul Gardephe
February 27, 2026
Page 2

served four subpoenas on third parties. It is therefore baseless to characterize Defendants' efforts as excessive.

With respect to Defendants' third-party discovery requests, Plaintiff fails to articulate any burden it faces, how it has standing to object to those subpoenas, or why third-party subpoenas to non-parties merit a stay of party discovery. *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (party's motion to quash third-party subpoena denied). No third-party has moved to quash Defendants' subpoenas, and one has already responded with a document production. And in any event, the third-party discovery Defendants seek—concerning the identities, citizenship, and purchase prices of Noteholders—tracks precisely the discovery Your Honor already approved in connection with the letters rogatory.

*Third*, staying discovery now would prejudice Defendants and needlessly (indeed, improperly) delay resolution of active discovery disputes. Plaintiff's self-serving contentions that Defendants' defenses are "legally nonviable" are without merit. *See* ECF No. 226. Those defenses are in the case as much as Plaintiff dislikes the risks they pose to its case, and discovery directed to them is entirely appropriate. With fact discovery ongoing and set to close on May 4, 2026 (ECF No. 177), pausing now makes no sense. Multiple discovery motions are pending and scheduled for hearing on March 16, 2026 (ECF Nos. 204, 214, 215, 218); letters rogatory remain pending; no depositions have taken place; and expert discovery has not begun. Plaintiff's contemplated summary judgment motion is premature given the undeveloped record and the existence of material factual disputes. ECF No. 226. A stay would halt ongoing progress only to require an inefficient restart when Plaintiff's motion is denied, and it would also prevent the Court from addressing the discovery disputes already teed up for resolution—thereby compounding delay and prejudice to Defendants.

*Finally*, Plaintiff's suggestion that it is willing to stipulate "to all facts relevant to those defenses" is unavailing. For example, Plaintiff refused to stipulate that Mexican law applies to its usury defense and that all the relevant facts weigh in favor of applying Mexican law. And because the identity of at least half of the Noteholders remains unknown—and bears directly on Plaintiff's ability to collect on the Notes—discovery concerning the Noteholders is necessary. These facts go to the core of Defendants' well-pled defenses.[1]

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's letter motion to stay discovery.

---

[1] While Plaintiff has claimed it is willing to stipulate to certain facts multiple times, it has never once circulated a proposed stipulation to that effect.

Hon. Paul Gardephe
February 27, 2026
Page 3

                                                    Respectfully,

                                                    */s/ Hal S. Shaftel*

                                                    Hal S. Shaftel

cc:     Counsel of Record (via ECF)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400