

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

March 12, 2026

<u>VIA ECF</u>

Hon. Paul Gardephe
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.*, 22-cv-8164

Dear Judge Gardephe:

We respectfully submit this letter on behalf of Defendants in response to Plaintiff's March 4, 2026 letter (ECF No. 230), which requests an in-person conference to discuss a series of vague "concerns" about TV Azteca filing a *concurso mercantil*—a proceeding akin to a Chapter 11 proceeding in Mexico. The Court should deny the request.

At the time that Plaintiff filed its letter, Defendants had not yet filed for *concurso*. They did so on March 10, 2026.

## I.    Plaintiff Identifies No Need for a Conference

Plaintiff's letter notably fails to identify any motion, any concrete issue requiring judicial intervention, any violation of any Court orders, or any other genuine basis whatsoever for a conference. Instead, Plaintiff asks the Court to convene a conference so that it may air a list of hypothetical "concerns" about Defendants filing a *concurso mercantil*. The Federal Rules of Civil Procedure provide well-established mechanisms for parties who believe they are entitled to relief—motions. A conference to discuss a party's anxieties is improper and would only waste judicial resources. If Plaintiff believes it has a basis for injunctive relief, a stay, or any other form of judicial intervention, it is free to file a properly supported motion. It has not done so, because it cannot.

Plaintiff's letter concedes that a Mexican *concurso mercantil* does not automatically stay this litigation. ECF No. 230 at 1. This case is proceeding in the ordinary course. Discovery is ongoing, and Judge Moses has a hearing scheduled for March 16 to address outstanding discovery issues. There is simply nothing that requires the Court's immediate attention as there is no identification of a real dispute as distinct from conjecture.

Plaintiff's letter otherwise raises three "concerns," none of which warrants a conference:

- **Forum Shopping.** Plaintiff offers no basis for this so-called "concern." Moreover, a Mexican company availing itself of Mexican insolvency law is not "forum shopping"—it would be proceeding in the appropriate forum. The Indenture itself contemplates the possibility of TV Azteca filing for *concurso mercantil* in Mexico. *See* ECF 129-4,

Hon. Paul Gardephe
March 12, 2026
Page 2

Indenture, §§ 1.1 ("Bankruptcy Law" defined as including *concurso mercantil),* 6.9
(contemplating filing proofs of claim in insolvency proceedings).

- **The Anti-Suit Injunction**. Defendants are aware of and will continue to comply with all
  orders of this Court, including the Anti-Suit Injunction. Plaintiff identifies no violation or
  threatened violation.

- **Asset Dissipation.** Plaintiff's vague claim about the "risk" that an insolvency proceeding
  might affect assets that otherwise might be used to pay a judgment (that also has not
  occurred yet) is no basis for a conference.

## II.    The Prospect of Insolvency Cannot Credibly Be Treated as a Surprise

Plaintiff's letter attempts to manufacture urgency around a development that is neither new
nor unexpected. Insolvency proceedings have always been an available option for TV Azteca, as
they are for any company facing sustained financial pressure. The Noteholders know this better
than anyone—they are sophisticated distressed-debt investors who purchased the Notes at steep
discounts (as high as 60%) with full knowledge of the associated risks. Indeed, the Noteholders
themselves previously attempted to force TV Azteca into Chapter 11 proceedings in this district—
an improper gambit, given that any plenary insolvency proceeding for a Mexican issuer must take
place in Mexico. *See In re TV Azteca, S.A.B. de C.V., et al*., Case No. 23-10385 (Bankr. S.D.N.Y.).
Having failed in that effort, Plaintiff now disingenuously professes alarm that the company would
avail itself of the very type of proceeding that its own constituents sought to initiate.

## III.    Plaintiff's Characterization of the Meet-and-Confer Is False

Plaintiff's claim that Defendants "refused" to meet-and-confer is blatantly false. Plaintiff's
counsel sent an email complaining about its purported "concerns." Defendants' counsel responded
promptly and substantively, confirming that Defendants will comply with all applicable Court
orders and rules. Plaintiff's attempt to repackage that exchange as a "refusal" is rhetoric designed
to manufacture urgency where none exists.  Indeed, it is nothing more than a transparent attempt
by Plaintiff to sully Defendants' credibility for unjustified tactical reasons.

## IV.    Plaintiff Ignores the Noteholders' Role in Creating the Financial Distress They
Now Decry

Plaintiff's letter also paints a misleading picture of a company acting in bad faith. What it
omits is far more telling. As Defendants have pleaded in their third-party claims, a group of
Noteholders (who direct Plaintiff in this action) engaged in a sustained lobbying campaign directed
at the Mexican government, which contributed directly to the imposition of massive, crippling
fines against TV Azteca. ECF No. 164. Those fines have materially impaired TV Azteca's
financial position. The Noteholders directing Plaintiff's actions in this case cannot, in good
conscience, orchestrate a campaign to destabilize TV Azteca's finances and then rush to this Court

Hon. Paul Gardephe
March 12, 2026
Page 3

to express "serious concerns" about the predictable consequences of that campaign. The Noteholders cannot take action to harm Defendants and then complain about the consequences of their own actions.

### V.    Conclusion

Plaintiff's letter is an attempt to create a sense of crisis where none exists. The *concurso mercantil* was only filed two days ago. No Court order has been violated. No motion for relief has been made. The case is proceeding in the ordinary course, with a discovery hearing already on the calendar for March 16. Thus, nothing in Plaintiff's letter warrants an additional in-person proceeding on an undefined agenda.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's request for an unnecessary and unjustified in-person conference.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel
Daniel Pulecio-Boek
John C. Molluzzo Jr.

cc:    Counsel of Record (via ECF)