GreenbergTraurig

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

March 18, 2026

**VIA ECF**

Hon. Paul Gardephe
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Hon. Barbara Moses
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Memo Endorsed:**

Plaintiff is directed to respond to Defendants' letter by March 27, 2026, at 5:00 p.m.  If Plaintiff intends to argue that the concurso violates the scope of this Court's anti-suit injunction, Plaintiff must cite relevant case law in support of its position.

SO ORDERED.

Paul G. Gardephe
United States District Judge

Dated:  March 22, 2026

Re:    *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.*, 22-cv-8164

Dear Judge Gardephe and Judge Moses:

On behalf of Defendants, we write in response to Plaintiff's March 13, 2026 letter (ECF No. 239), which, for the second time in as many weeks, seeks an in-person conference to discuss a series of purely speculative concerns regarding TV Azteca's recent filing of a *concurso mercantil*—a proceeding analogous to a Chapter 11 proceeding—in Mexico. In the same letter, Plaintiff also sought expedited discovery even though it had broadly resisted discovery that Defendants require. Both requests lack any merit and should be denied.

If Plaintiff and the Ad-Hoc Group of Noteholders have questions about the *concurso*, or if they wish to challenge it, they can and should participate in the proceeding. They undeniably are on notice of the proceeding, yet have made no known efforts to appear in Mexican court, or even to contact Defendants' Mexican counsel. In a wholly unjustified maneuver, Plaintiff is attempting to have this Court hold a conference and ultimately intervene in a foreign plenary insolvency proceeding. Plaintiff fails to cite any statute or case law—because there is none—allowing a U.S. court to extend its jurisdiction to intervene in that manner. The existence of a U.S. forum selection provision in a contract with a creditor does not present any bar to the rights of a foreign debtor to avail itself of the protections of its forum's insolvency laws, especially when the contract, as here, itself contemplates the possibility that the debtor could seek those very protections.

Equally important, even as Plaintiff sought a stay of discovery in this case, Plaintiff simultaneously served its third set of requests for production on Defendants and sought expedited discovery responses within five business days. Given the Court's entry of an order staying discovery yesterday, Plaintiff's request is without merit. Indeed, Plaintiff's request for such discovery is particularly unjustified given that Plaintiff and the Ad-Hoc Group have largely refused to provide any meaningful discovery to Defendants, which caused Defendants to file three pre-motion to compel letters. Plaintiff also recently sought and obtained permission to move for early summary judgment on the basis that there is no factual dispute (and thus no additional evidence or

Hon. Paul Gardephe
March 18, 2026
Page 2

discovery is necessary) to demonstrate Plaintiff's claims. In Plaintiff's view of the world, an urgent need for discovery only applies to its requests, but not to any of Defendants' requests. Plaintiff's contradictory approach confirms its clear goal of depriving Defendants of the ability to appropriately develop the evidentiary record and prove their defenses at trial (and defeat summary judgment before then), while attempting to gain improper litigation advantage against Defendants.

### I.    TV Azteca's *Concurso Mercantil* Filing Does Not Warrant a Conference

Plaintiff's invocation of TV Azteca's *concurso* filing and its claim that there are "significant questions about [Defendants'] transparency regarding the concurso and their compliance with the Court's anti-suit injunction" is nothing more than Plaintiff's latest gambit to cast frivolous aspersions against Defendants. For example, Plaintiff notes that Defendants' February 27, 2026 filings did not mention the *concurso*. Why would they? These filings were in response to Plaintiff's pre-motion letters on summary judgment and a discovery stay—matters wholly unrelated to any prospective *concurso*. Furthermore, Defendants openly discussed the *concurso* in response to Plaintiff's March 4, 2026 letter seeking a conference on the topic. ECF No. 230.[1]

As Defendants have informed Plaintiff, the *concurso* was filed solely by TV Azteca and not by the Guarantor Defendants. The proceeding does not run afoul of the Court's anti-suit injunction. *See* ECF No. 97.[2] Plaintiff has also conceded that this action is not stayed, and that it should proceed in the ordinary course. Thus, there is no actual controversy requiring immediate Court intervention—only Plaintiff's conjecture.[3]

Plaintiff's assertions regarding potential "fraudulent conveyances or other abuse" are wholly speculative and unfounded. As previously explained, hypothetical concerns about a foreign insolvency proceeding are not grounds for a conference. Allegations of "forum shopping" are equally baseless—TV Azteca is a Mexican entity, conducting business primarily in Mexico, and the Indenture itself contemplates a *concurso mercantil* filing. *See, e.g.*, ECF No. 129-4, Indenture §§ 1.1, 6.9.

---

[1] While Defendants inadvertently filed an earlier version of this letter (ECF No. 234), they shortly thereafter filed the corrected version upon realizing the clerical oversight. ECF No. 237.

[2] TV Azteca reserves its right to file a Chapter 15 proceeding, if or when doing so is appropriate.

[3] Plaintiff's claim that TV Azteca made earlier efforts to "evade" the Court's jurisdiction is nothing more than posturing. ECF No. 239 at 2. Following the Court's entry of the anti-suit injunction in this case, TV Azteca moved in good faith to dismiss the relevant proceedings in Mexico. Plaintiff even recently acknowledged in a letter to the Court that the relevant Mexican proceedings had been dismissed. ECF No. 192.

Hon. Paul Gardephe
March 18, 2026
Page 3

## II.    Plaintiff's Request for Expedited Discovery is Unwarranted and Barred by the Court's Stay of Discovery

As a threshold matter, the Court entered a stay of discovery yesterday. ECF No. 241 at 23. Thus, Defendants have no obligation to respond to Plaintiff's new discovery requests until that stay is lifted. To the extent Plaintiff seeks this expedited discovery notwithstanding the stay, such a request would contradict its own arguments in favor of the stay of discovery. Seeking discovery from Defendants during the pendency of a stay of discovery would confirm Plaintiff's tactical effort to prejudice Defendants—"discovery for me, but not for thee."

The *concurso* filing does not affect discovery in this case. Indeed, Plaintiff identified no legitimate basis for expedited discovery beyond vague assertions of "urgency." Further, no basis for expedited discovery exists here. Courts in this Circuit rarely shorten the discovery response period under Rule 34, absent compelling circumstances. *See OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006) (refusing to truncate the prescribed response time, particularly where employees and documents are located internationally). Here, Plaintiff offered no authority or justification for the burdensome timeline it proposed. Once the discovery stay is lifted, Defendants should be permitted to respond in accordance with the standard rules.

## III.    Conclusion

Plaintiff's letter, like its prior submission (ECF No. 230), seeks to create urgency where none exists. The *concurso* was filed only last week, no orders have been violated, and this case continues in the ordinary course. There is no basis to burden the Court with an additional in-person conference. Nor is there any basis for Plaintiff's request for expedited discovery, which contravenes the stay of discovery entered yesterday. Defendants respectfully request that the Court deny both of Plaintiff's requests.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel
Daniel Pulecio-Boek
John C. Molluzzo Jr.

cc:    Counsel of Record (via ECF)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400