

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

March 27, 2026

<u>VIA CM/ECF</u>

Hon. Paul G. Gardephe
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, N.Y. 10007

Hon. Barbara Moses
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007

      Re:     *The Bank of N.Y. Mellon*[1] *v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judges Gardephe and Moses:

     We represent the Trustee. Pursuant to the Court's March 22 order, we respectfully submit this reply in support of the Trustee's request for a conference to address TV Azteca's *concurso* proceeding in Mexico. Dkt. 239.

     Defendants' March 18 letter does nothing to address the Trustee's concerns. *See* Dkt. 242 (Ltr.). Instead, Defendants merely confirm that a *concurso* has been filed and ask the Court to take their word that the *concurso* "does not run afoul of the Court's anti-suit injunction." *Id.* at 2. But Defendants refuse to say whether TV Azteca has sought in the *concurso* to litigate the enforceability or amount of the nearly $600 million owed under the Indenture in violation of this Court's anti-suit injunction. Defendants have also refused to give the Trustee a copy of TV Azteca's *concurso* filings. And Defendants' claim that the Trustee "can and should participate" in the *concurso* (Ltr. at 1) is misleading. The *concurso* is currently in an "examination" phase during which creditors cannot participate or even access court filings.[2]

     As a result, the Trustee does not know whether TV Azteca is complying with the anti-suit injunction. Defendants do not argue that the *concurso* is outside the injunction's scope. Nor could

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] *See* Christian Dorantes & Thomas Heather, *A General Introduction to the Restructuring and Insolvency Legal Framework in Mexico*, Creel García-Cuéllar Aiza y Enriquez SC (July 28, 2023), https://bit.ly/41e3OTz.

Hon. Paul G. Gardephe & Hon. Barbara Moses
March 27, 2026
Page 2

they.  The injunction prohibits TV Azteca from "commencing or prosecuting any action in Mexico concerning the Indenture," regardless of the forum in which that litigation is filed.  Dkt. 97 at 38. Defendants also do not argue that the Court lacks power to enjoin litigation within a *concurso*.  To the contrary, the Second Circuit has rejected the argument that anti-suit injunctions "cannot apply to bankruptcy petitions."  *SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010).[3]  And "if a foreign court is not merely proceeding in parallel but is attempting to carve out exclusive jurisdiction over the action, an injunction may also be necessary to protect the enjoining court's jurisdiction."  *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir. 1987); *see also In re Eletson Holdings Inc.*, No. 25-cv-1312, 2025 WL 2710411, at *19, 22 (S.D.N.Y. Sept. 22, 2025) (affirming order enjoining parties from "instituting foreign lawsuits" to challenge confirmation plan).

To be sure, the Trustee does not contend that filing the *concurso*, by itself, violates the anti-suit injunction.  But the **relief** TV Azteca seeks in the *concurso* would implicate the injunction if it undermines this Court's jurisdiction – for example, if TV Azteca obtains an *ex parte* ruling that Mexican law governs the Indenture or an injunction against proceedings here.  After all, the anti-suit injunction issued because TV Azteca obtained multiple *ex parte* injunctions in Mexico contravening the Indenture and then persisted in violating this Court's injunction until after the Trustee moved to hold it in contempt.  Dkt. 97, 134.[4]  These concerns are not "speculative," as Defendants claim (Ltr. at 1).  They have already happened and may well happen again.

Defendants' refusal to produce the *concurso* filings also raises questions about potential fraudulent transfers.  These questions, too, are not "speculative."  The Indenture strictly limits when TV Azteca can incur additional debt.  Dkt. 80-1 (Indenture) § 3.9(a).  But Mexican media has reported that TV Azteca now holds more than $2 billion in debt – approximately ***$1.5 billion*** more than TV Azteca's reported debt as of 2022.[5]  The Trustee cannot confirm this fact because TV Azteca refuses either to disclose its *concurso* filings or to comply with its duty under the Indenture to disclose financial statements to the Trustee.  *See* Indenture § 3.18(a).

These questions need answers.  TV Azteca is no more permitted to undermine this Court's jurisdiction in a bankruptcy proceeding than it is in any other litigation in Mexico.  Nor should TV Azteca be permitted to use *ex parte* proceedings to hide hundreds of millions of dollars of debt issued in violation of the Indenture.  The Court should hold a conference to discuss these developments.  The Court should also exercise its inherent authority to enforce its orders and direct

---

[3] In some cases, foreign bankruptcy proceedings may raise special comity concerns.  *See Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 247 (2d Cir. 1990) (citation omitted).  But Defendants have not argued that comity warrants dismissing or staying this case.  To the contrary, they agree that this case should "proceed[ ] in the ordinary course."  Dkt. 237 at 3.

[4] Defendants also refused to file joint status updates prior to dismissal of the enjoined actions, despite the Court ordering such updates.  Dkt. 130 at 3; *see also* Dkt. 28.

[5] *Compare* Mexico News Daily, *Facing billions in back taxes in Mexico and the US, TV Azteca announces bankruptcy proceedings*, (Feb. 27, 2026), https://bit.ly/3O2dflM, *with* Fitch Ratings, *Fitch Affirms TV Azteca's IDRs at "RD,"* (Jan. 30, 2023).  https://bit.ly/4bNxbAK.

Hon. Paul G. Gardephe & Hon. Barbara Moses
March 27, 2026
Page 3


TV Azteca to respond to the Trustee's March 13 discovery requests, including at a minimum to produce all filings in the *concurso* until creditors are permitted to appear in that proceeding and to provide the Court with regular updates. *See In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 417 (E.D.N.Y. 2007), *aff'd sub nom. Eli Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010).[6]


Respectfully submitted,

/s/ Justin M. Ellis
Justin M. Ellis


CC:  All counsel of record (via CM/ECF)

---

[6] Such an order would not disturb the stay of discovery entered on March 17, which covers discovery related to the merits of claims and defenses under the Indenture.  Dkt. 241.