**MOLOLAMKEN**

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

June 8, 2026

VIA CM/ECF

Hon. Paul G. Gardephe
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, N.Y.  10007

Hon. Barbara Moses
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, N.Y.  10007

> Re:    *The Bank of N.Y. Mellon*[1] *v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judges Gardephe and Moses:

We represent the Trustee.  TV Azteca's recently unsealed petition in its Mexican reorganization proceeding (the "*concurso*") reveals that it has systematically breached the Indenture through secret asset transfers and massive secured borrowing designed to frustrate repayment of the Notes.[2]  To remedy those breaches, we respectfully request leave to file the amended complaint attached to this letter as Exhibit 5.  Further, because TV Azteca's pending *concurso* proceeding requires urgent relief to aid the Mexican courts and avoid irreparable harm to the Trustee, we respectfully request that the Court set these claims for an expedited trial or summary disposition within 45 days.

## I.    Background

As the Trustee previously reported, TV Azteca commenced a "*concurso mercantil*" reorganization proceeding in Mexico on March 10.  Dkts. 230, 239.  The Trustee promptly asked TV Azteca for a copy of the *concurso* petition, but TV Azteca refused.  *See* Dkts. 239, 242, 244.  TV Azteca's secrecy matches its years-long failure to provide the financial statements it promised to provide the Trustee in the Indenture.  Dkt. 244 at 3; *see* Dkt. 80-1 (Indenture) § 3.18.

The reason for TV Azteca's secrecy is now clear.  The Trustee obtained a copy of the *concurso* petition on May 14 in connection with parallel litigation in Mexico.  *See* Ex. 1 (certified translation of petition without exhibits).  That petition reveals that TV Azteca has carried out a

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] Attached as Exhibits 1-2 are certified translations of the *concurso* petition and excerpts from TV Azteca's creditor list submitted with the *concurso* petition.

Hon. Paul G. Gardephe & Hon. Barbara Moses
June 8, 2026
Page 2

concerted scheme to move its most valuable assets out of creditors' reach.  That scheme violates multiple terms of the Indenture designed to protect the Notes.  Specifically:

- TV Azteca promised to cause nearly all of its Subsidiaries to guarantee the Notes.  *See* Indenture § 10.1(b).  At a minimum, TV Azteca must ensure that entities representing at least 85% of its assets and EBITDA will make a guarantee.  *See id.*  But the petition reveals that TV Azteca secretly created and then transferred hundreds of millions of dollars of assets to new subsidiaries.  For instance, TV Azteca created one new subsidiary, TVA III, then vested it with more net assets than all of TV Azteca's other subsidiaries combined.  Those assets include TV Azteca's government-issued broadcasting license, which may be TV Azteca's single-most valuable asset.

- Absent exceptions not relevant here, TV Azteca promised not to incur new debt unless it meets a leverage threshold that it has been unable to meet since at least 2019. Indenture § 3.9.[3]  But the *concurso* petition reveals that TV Azteca secretly doubled its debt load in the year before filing.  Most egregiously, TV Azteca took out a $290 million loan from AlterBank, an entity in St. Lucia tied to criminal activity, just weeks before filing the petition.  In a declaration served with its summary judgment brief, TV Azteca admits that it was "insolvent" when it took out this loan.  Ex. 3 at 8-9.[4]

- TV Azteca also agreed to strict limits on when it could incur liens on its assets. Indenture § 3.15 & p. 10.  Most importantly, TV Azteca promised that neither it nor its subsidiaries[5] would incur new liens to secure new debt unless it also "secure[d] the Notes and all amounts due under this Indenture . . . equally and ratably with such Indebtedness." *Id.* § 3.15(a).  But the petition reveals that TV Azteca secretly granted liens to secure more than $300 million in new debt, including the AlterBank loan, without granting the Notes similar treatment.  Worse, the assets on which TV Azteca granted liens appear to include TV Azteca's valuable broadcasting concession.  And because these new secured loans purportedly subordinate the Notes, TV Azteca proposes a *concurso* plan that massively discounts the value of the Notes.

---

[3] Specifically, TV Azteca's "Consolidated Leverage Ratio" (its ratio of debt to EBITDA) must be less than 3.5x.  Indenture at 10 & § 3.9(a).

[4] On June 2, 2026, the Trustee filed a petition under 28 U.S.C. § 1782 in the Southern District of Florida seeking discovery from AlterBank and certain of its directors and officers for use in pursuing potential fraudulent transfer claims under Mexican law in the *concurso*.  *See In re Bank of N.Y. Mellon*, No. 26 Misc. 23885, Dkt. 1 (S.D. Fla.).  The § 1782 petition concerns different parties and different claims that will be heard in a different court, and the Trustee does not expect significant overlap between that action and any discovery for its amended complaint.  However, the Trustee stands ready to coordinate discovery between this action and the Florida action.

[5] While the limitation on new liens applies only to "Restricted Subsidiaries," TV Azteca has not met and cannot meet the requirements to designate its subsidiaries as anything but "Restricted." *See* Indenture § 3.13(a) (providing, among other things, that no subsidiary may be named "Unrestricted" when, as now, TV Azteca is in default on the Notes).

Hon. Paul G. Gardephe & Hon. Barbara Moses
June 8, 2026
Page 3

- TV Azteca promised that neither it nor its subsidiaries would take out new intercompany debt unless TV Azteca agreed to vote such Indebtedness in any *concurso* proceeding consistent with the vote of holders of the Notes. Indenture § 3.9(b)(6)(z). But the petition reveals that TV Azteca secretly incurred several hundred million dollars of intercompany Indebtedness without giving notice to the Trustee, let alone agreeing to comply with TV Azteca's voting obligations under the Indenture. The Trustee asked TV Azteca and its *concurso* counsel to confirm its compliance with those obligations, but they have not responded.

These breaches show that TV Azteca has systematically attempted to prevent the Notes from being repaid. By transferring valuable assets to new, non-guarantor subsidiaries, TV Azteca is deliberately limiting the pot available for recovery. By securing additional debt senior to the Notes, it is trying to prevent the Trustee from recovering any piece of what is left. And because any reorganization plan in the *concurso* requires approval by a majority of creditors, TV Azteca's massive new intercompany debt is designed to swamp the Notes' claims with new, insider-controlled votes. This scheme matches the public statements of TV Azteca's management company – that despite the *concurso* there is "no risk of a sale or a change of control." Ex. 4.

Moreover, TV Azteca's statements in the petition contradict its statements in this Court. TV Azteca served a summary judgment opposition brief on June 1 denying the Notes are "due and owing" to the "Holders," and made the same argument in its December 7, 2025 letter. Dkt. 157 at 1-2. But TV Azteca's petition admits that it owes the Notes' principal and pre-maturity interest payments to the Trustee and "Holders" of Notes issued under the Indenture. Ex. 1 (*concurso* petition) at PDF 35-36.[6] These statements are formal judicial admissions that are conclusive on TV Azteca. *Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) ("Facts admitted" in "any pleading" are "judicial admissions that bind the defendant").[7]

## II.    <u>**Relief Requested**</u>

The Trustee respectfully seeks leave to amend its complaint to assert four new claims addressing TV Azteca's newly uncovered breaches of the Indenture. Ex. 5. Proposed Count II seeks declaratory judgment and specific performance of Section 10.6 of the Indenture, which requires TV Azteca to cause qualifying subsidiaries to guarantee the Notes.[8]  *Id.* ¶¶ 134-152.

---

[6] TV Azteca's petition, however, ignores its obligation to pay more than $100 million of interest accrued on overdue principal and interest. Any attempt by TV Azteca to relitigate the Indenture in Mexico would violate the anti-suit injunction dictating that TV Azteca may not "commenc[e] or prosecut[e] any action in Mexico concerning the Indenture." Dkt. 97 at 38; *see also* Dkt. 244 at 2. The Trustee reserves the right to move for contempt if TV Azteca violates the injunction.

[7] Further, if the *concurso* is "declared" (*i.e.*, accepted) by the Mexican court based on TV Azteca's claim to be insolvent based on the Notes, TV Azteca will be judicially estopped from denying the debt owed on the Notes in this Court. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

[8] Based on the *concurso* filings, the Trustee can identify certain subsidiaries subject to Section 10.6, but the order should apply to any subsidiaries satisfying Section 10.6's criteria.

Hon. Paul G. Gardephe & Hon. Barbara Moses
June 8, 2026
Page 4

Proposed Count III seeks a declaratory judgment that TV Azteca has breached Section 3.9 of the Indenture by impermissibly incurring additional debt, including the AlterBank loan. *Id.* ¶¶ 153-159. Proposed Count IV seeks a declaratory judgment that TV Azteca has breached Section 3.10 by granting new liens without giving an equal and ratable lien to the Notes. *Id.* ¶¶ 160-167. And Proposed Count V seeks a declaratory judgment that, under Section 3.9, TV Azteca must vote, and cause its subsidiaries to vote, any intercompany debt consistent with the votes of the Notes. *Id.* ¶¶ 168-175.

The Trustee easily satisfies the standards for amendment. Leave should be "liberally granted" except in cases of undue delay, bad faith, dilatory motive, undue prejudice, or futility. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Nothing of the kind exists here. The Trustee promptly sought leave to amend after obtaining the petition, and its amended complaint states claims for breach of contract. Nor is there any prejudice to TV Azteca. Under Rule 15, "prejudice" may exist if the amendment would require "significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). But minimal discovery is needed here because the Trustee's claims can be proven largely based on TV Azteca's admissions in the *concurso* petition, TV Azteca's own contracts and financial statements, and other basic corporate documents. Because the Trustee seeks an expedited trial, there will be no delay. And TV Azteca cannot be unduly prejudiced by having these claims heard in the forum it agreed to in the Indenture.

In addition, the Trustee's proposed amendment does not affect its pending summary judgment motion. When an amended complaint is filed while a dispositive motion is pending, courts have discretion regarding how to proceed in the interests of judicial economy. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020). Where an amendment "does not materially alter any portion of the Complaint related to the basis for [a] summary judgment motion," courts do not find that the amendment moots the summary judgment motion. *Covington Specialty Ins. Co. v. Potter*, No. 20 Civ. 613, 2021 WL 4288446, at *10 (N.D.N.Y. Sept. 21, 2021), *aff'd sub nom. Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748 (2d Cir. 2023). Here, the Trustee's new claims for breaches of the Indenture's non-payment terms have little if any overlap with its pending summary judgment motion based on TV Azteca's payment default. Judicial economy favors allowing the two sets of claims to proceed on parallel tracks. Moreover, the only reason parallel litigation is necessary here is because TV Azteca actively concealed its breaches of the Indenture's non-payment terms from the Trustee.

Likewise, the proposed amended complaint does not interfere with the pending *concurso*. TV Azteca agreed that disputes arising under or relating to the Indenture should be heard in this Court. Indenture § 11.7.[9] Nor would there be any conflict with the *concurso* court's jurisdiction. That court lacks jurisdiction to enforce non-payment obligations under the Indenture. Del Castillo Decl. ¶ 10. In fact, the *concurso* court would welcome clarity from this Court about how to

---

[9] By comparison, the Trustee's contemplated fraudulent transfer claims about the AlterBank loan arise under Mexican law, not the Indenture. *See* Indenture § 11.7; *Ramiro Aviles v. S & P Glob., Inc.*, 380 F. Supp. 3d 221, 271 (S.D.N.Y. 2019).

Hon. Paul G. Gardephe & Hon. Barbara Moses
June 8, 2026
Page 5

interpret these provisions governed by New York law. *Id.* ¶¶8-9. The Court should follow the practice in this Circuit of resolving New York law issues where doing so would aid a foreign bankruptcy. *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 426 (2d Cir. 2005) (property-rights questions "precede distribution" of assets and "are best resolved under local law" even "while a foreign bankruptcy proceeding is ongoing"); *Funicular Funds, LP v. Pioneer Merger Corp.*, 700 F. Supp. 3d 49, 59 (E.D.N.Y. 2023) (resolving contract claims under New York law overlapping with foreign insolvency because "efficient resolution of the contract claims will only benefit the [foreign wind-up] proceedings").

In addition, the *concurso* warrants resolving the Trustee's new claims on an expedited basis. The *concurso* will likely be "declared" and announced shortly, which will trigger a 45-day period for the Trustee to file a proof of claim related to the Notes. The *concurso* declaration also triggers a 185-day deadline for TV Azteca to confirm a plan with creditor support. Del Castillo Decl. ¶5. Because the *concurso* court would welcome a ruling from this Court clarifying the Indenture, comity warrants an expedited resolution, including a trial if necessary.

Moreover, the Trustee faces irreparable harm if the *concurso* concludes without a prompt ruling from this Court.[10] Without specific performance of TV Azteca's obligations to name TVA III and other subsidiaries as guarantors, TV Azteca may take actions – such as selling those subsidiaries' equity or assets in the *concurso* – that the Trustee will have little or no recourse to stop. Del Castillo Decl. ¶¶11-12. Likewise, without declaratory relief as to TV Azteca's obligations regarding new debt, lien treatment, or intercompany votes, TV Azteca may well be able to approve a collusive plan based on insider votes that undermines the Trustee's rights. And because the *concurso* court lacks jurisdiction to enforce non-payment terms, the Trustee will be unable to raise these claims in that forum. Urgent relief is needed in this Court to prevent TV Azteca from stripping the Notes of their bargained-for protections.

Accordingly, the Trustee respectfully requests that the Court set the Trustee's new claims for trial or summary disposition within 45 days. Those claims should take priority over the Trustee's summary judgment motion. We request that the Court direct TV Azteca to answer or otherwise respond to the complaint within 14 days, and that any dispositive motions be taken up at trial. *See* Fed. R. Civ. P. 15(a)(3), 16(c)(1). We also request that the Court order any discovery limited to the new claims to be completed within 21 days. We are available for an in-person scheduling conference at the Court's earliest convenience.

Respectfully submitted,

*/s/ Justin M. Ellis*
Justin M. Ellis

CC: All counsel of record (via CM/ECF)

---

[10] The Trustee also reserves the right to move for a preliminary injunction should the harm from TV Azteca's breaches become imminent.