MOLOLAMKEN

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

June 11, 2026

VIA CM/ECF

Hon. Barbara Moses
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

  Re: *The Bank of N.Y. Mellon*[1] *v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Moses:

  We represent the Trustee.  We respectfully write in response to Defendants' June 8 letter accusing the Trustee of violating the Court's stay of discovery by filing an application in the Southern District of Florida under 28 U.S.C. § 1782.  Dkt. 249 (Ltr.).  Defendants' accusations are baseless.  However, as explained below, the Trustee agrees that a conference is warranted.

  The Trustee filed the § 1782 application because TV Azteca's recently uncovered *concurso* petition revealed that, only weeks before filing for bankruptcy, TV Azteca secretly obtained a $290 million secured loan from AlterBank, an "alternative financial institution" in St. Lucia linked to prior fraudulent transfers and criminal activity.  Dkt. 249-1 at 5-8.  The Trustee filed the § 1782 application to gather evidence from AlterBank and its directors and officers so the Trustee can file Mexican-law fraudulent transfer claims in the *concurso*.  *See* Dkt. 247 (Trustee's letter), Dkt. 249-1 at 8, 13-14 (application).  TV Azteca is not a party or discovery target in the § 1782 proceeding. *See id.* at 23.  After the Florida court granted the Trustee's application on June 3, Dkt. 249-3, the Trustee gave TV Azteca notice under Fed. R. Civ. P. 45(a)(4) before serving the subpoenas and voluntarily disclosed the § 1782 application to this Court in its June 8 letter.  *See* Dkt. 247.

  Defendants' letter does not deny that TV Azteca took out the AlterBank loan, that the loan appears to be a fraudulent transfer, that the basis for this discovery was revealed in the *concurso* petition, or that the Trustee's application complies with § 1782.  Defendants also do not claim that they have standing to challenge the § 1782 subpoenas.  Instead, Defendants assert without explanation that the § 1782 application is "inconsistent" with this Court's discovery stay.  Ltr. at 2. That is not correct.  The Court stayed discovery only "***in this action***."  Dkt. 241 at 23 (emphasis added).[2]  The § 1782 proceeding seeks discovery from different persons to pursue different claims in a different case in a different court.[3]  Nor do Defendants claim that the § 1782 proceeding

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] The Trustee also disclosed the stay to the Florida court in the § 1782 action.  Dkt. 249-1 at 3.

[3] Defendants' letter claims that the § 1782 application seeks discovery overlapping with discovery the Trustee sought before the stay.  Ltr. at 2.  That is false.  The application seeks information

Case 1:22-cv-08164-PGG-BCM    Document 251    Filed 06/11/26    Page 2 of 2

Hon. Barbara Moses
June 11, 2026
Page 2

undermines this Court's jurisdiction, because it does not.  The Court did not issue a worldwide injunction preventing the parties from gathering evidence for the *concurso.*  *See* Dkt. 97 at 11-12 (discussing standards for anti-suit injunctions).[4]

Defendants also complain that the § 1782 discovery "***could*** be later relevant to U.S. proceedings."  Ltr. at 2 (quoting Dkt. 249-1 at 21).  To be sure, the Trustee has sought leave to file an amended complaint raising claims under the Indenture relating to the AlterBank loan.  Dkt. 247.[5]  If the Court grants leave to file that complaint, both parties will be able to take (expedited) discovery on the AlterBank loan.  But the fact that the AlterBank loan could be relevant to litigation in Mexico ***and*** in this Court does not extend the Court's discovery stay beyond this action.  In any event, the § 1782 proceeding only became necessary because TV Azteca secretly entered into the AlterBank loan, filed the *concurso*, then attempted to hide the *concurso* petition from the Trustee.  To defend against TV Azteca's misconduct, the Trustee is entitled to enforce the Notes both in this Court and in the *concurso*, including through U.S. discovery.

Finally, Defendants' argument that the § 1782 application affects the pending summary judgment motion (Ltr. at 2) is wrong.  Defendants do not claim that discovery into the AlterBank loan is relevant to either Defendants' default or their purported defenses to non-payment.  It does not.  The AlterBank loan does not change whether Defendants defaulted on the Notes, whether purported transfer restrictions justifies their default, whether Mexican usury law applies notwithstanding a New York choice-of-law clause, or whether Defendants have an impossibility defense.  *See* Dkt. 223 at 2-5.  And while Defendants claim that the application justifies allowing them to take discovery in this case, Defendants do not even explain what discovery they think is warranted or why.  The Trustee's § 1782 application for evidence to use in Mexico should not delay summary judgment on TV Azteca's default in this case.

The Court should deny Defendants' request to "enforce the stay" or seek discovery.  However, the Trustee welcomes a conference to move this case forward and resolve its claims in the amended complaint.  We are available at the Court's convenience.

Respectfully submitted,

*/s/ Justin M. Ellis*
Justin M. Ellis

CC:  All counsel of record (via CM/ECF)

---

concerning AlterBank, an entity whose role Defendants hid from the Trustee before discovery was stayed.  Dkt. 249-1 at 4-5.

[4] Defendants suggest proceeding *ex parte* was improper.  That is also false.  As the Trustee's application describes, courts routinely grant § 1782 proceedings *ex parte.*  Dkt. 249-1 at 23.

[5] TV Azteca has also suggested that it may seek Chapter 15 bankruptcy protection, Dkt. 242 at 2 n.2, and the Trustee cannot predict whether the AlterBank loan would be at issue in that or other possible future proceedings.