USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  06/29/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE BANK OF NEW YORK MELLON,

Plaintiff,

-against-

TV AZTECA, S.A.B. DE C.V., et al.,

Defendants.

---

TV AZTECA, S.A.B. DE C.V., et al.,

Third-Party Plaintiffs,

-against-

CYRUS CAPITAL PARTNERS, L.P. and
CONTRARIAN CAPITAL MGMT, LLC,

Third-Party Defendants.

---

22-CV-8164 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

This Order addresses the motions and letter-motions at Dkts. 189, 190, 199, 201, 230, 239, and 249, which are all within the scope of my reference.[1]

### Dkts. 189 and 190

The letter-motions at Dkt. 189 and 190 concern the Third-Party Complaint (Dkt. 164) filed on December 17, 2025 by defendants TV Azteca, S.A.B. de C.V. (TV Azteca) and affiliates against Cyrus Capital Partners. L.P. (Cyrus) and Contrarian Capital Mgmt., LLC (Contrarian). On December 30, 2025, plaintiff Bank of New York Mellon, in its capacity as indenture trustee for the TV Azteca 8.25% Senior Notes due 2024 (the Trustee) informed the Court that it had served (but not yet filed) a motion to strike or sever the Third-Party Complaint pursuant to Fed. R. Civ. P. 14(a)(4). *See* Dkt. 173 at 1. In Dkt. 189, filed on January 13, 2026, Cyrus and Contrarian requested leave to file a motion to dismiss the Third-Party Complaint pursuant to Fed. R. Civ. P.

---

[1] *See* Dkts. 133, 250, 254.

12(b)(6) in the event the Court does not grant the Trustee's motion to strike or sever that pleading. In Dkt. 190, also filed on January 13, 2026, defendants requested "a pre-motion conference to file a motion for leave to file a third-party complaint." Defendants noted that the Cyrus/Contrarian motion to strike was based in part on procedural grounds (specifically that the Third-Party Complaint was filed "seven days after the period prescribed by Rule 14(a)(1)) and explained that their request for "permission" to file the Third-Party Complaint (which they had already filed) was designed to "facilitate efficiency." Dkt. 190 at 1.

On January 14, 2026, the district judge advised the parties that he would "consider Cyrus and Contrarian's application to move to dismiss after resolving the [Trustee's] pending motion to strike the third-party complaint," Dkt. 191 at 6, thereby, in effect, denying the letter-motion at Dkt. 189 without prejudice to renewal. The following day, the district judge issued a briefing schedule for the Trustee's motion to strike the Third-Party Complaint and defendants' motion for leave to file that pleading (Dkt. 193), thereby, in effect, granting defendants' letter-motion at Dkt. 190. Consequently, the letter-motions at Dkts. 189 and 190 will be closed.

### Dkts. 199 and 201

Dkt. 199 is the Trustee's motion to strike the Third-Party Complaint. Dkt. 201 is defendants' motion to file that Third-Party Complaint. Both motions were filed on January 22, 2026, are now fully briefed, and do not require oral argument.

### Dkts. 230 and 239

Dkts. 230 and 239 are letter-motions from the Trustee, dated March 4 and 13, 2026, asking the district judge to schedule a conference to address the Trustee's concerns about the Mexican insolvency proceeding – known as a *concurso mercantil* – that TV Azteca filed on March 10, 2026.

2

No conference has yet been scheduled. However, the March 4 and 13 letter-motions have been mooted by subsequent events. On June 8, 2026, the Trustee requested leave to file an amended complaint, based on information revealed in the *concurso*, alleging new claims against TV Azteca for "carr[ying] out a concerted scheme to move its most valuable assets out of creditors' reach," in violation of its contractual obligations to the Trustee. Dkt. 247 at 1. Additionally, the Trustee seeks an "expedited trial or summary disposition" schedule for its new claims. *Id*. On June 26, 2026, the district judge granted the Trustee's June 8 letter-motion to the extent of setting a schedule for the Trustee to file a formal motion for leave to amend. *See* Dkt. 254. Consequently, the Trustee's earlier letter-motions at Dkts. 230 and 239 will be closed.

### Dkt. 249

Dkt. 249 is a June 8, 2026 letter-motion from defendants, addressed to me, seeking a "pre-motion conference concerning Plaintiff's apparent violation of the Court's order, dated March 17, 2026 [Dkt. 241], staying discovery in this matter." Defendants advise that on June 2, 2026, the Trustee filed an application pursuant to 28 U.S.C. § 1782 in the Southern District of Florida, seeking "broad document and deposition discovery" from a non-party financial institution, AlterBank, which recently loaned some $290 million to TV Azteca. *See* Dkt. 249 at 1, 2. Although the Trustee seeks that discovery for use in the Mexican *concurso*, defendants believe that it plans to use any discovery obtained under § 1782 for "broader purposes," including in this action. *Id*. at 2. Defendants ask this Court to "enforce the stay" or, in the alternative, permit them to "pursue corresponding discovery under 28 U.S.C. § 1782" that "could be relevant to the *concurso* or to U.S. proceedings." *Id*.

On June 11, 2026, the Trustee filed a responding letter-brief, noting that TV Azteca is not a discovery target in the § 1782 proceeding, which seeks "to gather evidence from AlterBank and

its directors and officers so the Trustee can file Mexican-law fraudulent transfer claims in the *concurso*." Dkt. 251 at 1. The Trustee adds that this Court's discovery stay order at Dkt. 241 does not prevent it from "gathering evidence for the *concurso*" in other jurisdictions. *Id*. at 1-2. Finally, the Trustee argues that there is no reason to lift this Court's discovery stay because the Alterbank evidence it seeks in the Southern District of Florida is not relevant to any of the issues underlying its original Complaint or its pending motion for summary judgment. *Id*. at 2.

This Court will hear argument on defendants' letter-motion on **July 6, 2026**, at **10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street, New York, New York 10007. Defendants may submit a reply letter-brief, limited to 1500 words (exclusive of exhibits, which should be kept to a minimum), no later than **July 1, 2026**. In that reply letter, the Court requests that defendants (1) more precisely describe the relief they envision, and (ii) identify the authority that would permit this Court to grant that relief.[2]

The Clerk of Court is respectfully directed to close the motions at Dkts. 189, 190, 230, and 239.

Dated: New York, New York
June 29, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] It is not clear, for example, whether defendants seek what would be in effect a domestic anti-suit injunction prohibiting the Trustee from pursuing its § 1782 petition in the Southern District of Florida. Nor is it clear whether this Court has the authority to issue such an injunction. Likewise, while the court presiding over a § 1782 petition has "the discretion to issue reciprocal discovery," *In re Furstenberg Fin. SAS*, 2018 WL 735670, at *2 (S.D. Fla. Jan. 10, 2018), that is, to "direct the Section 1782 applicant to itself provide discovery to the respondent," *In re Porsche Automobil Holding S.E.*, 2021 WL 2530277, at *3 (S.D.N.Y. June 21, 2021), it is not clear whether or how *this* Court could do so.