**GT** GreenbergTraurig

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

July 6, 2026

<u>**VIA ECF**</u>

The Honorable Barbara Moses
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:    *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.,* 22-cv-8164

Dear Judge Moses:

On behalf of Defendants TV Azteca, S.A.B. de C.V. and the Guarantor Defendants (collectively, "TV Azteca"), we respectfully request leave to file a sur-reply, not to exceed ten pages, on or before July 24, 2026, to respond to new arguments and new evidence that Plaintiff, The Bank of New York Mellon, as Trustee (the "Plaintiff"), raised for the first time in its reply in support of summary judgment (ECF No. 271). A movant may not use its reply to spring new matters on its opponent, and where it does, the opposing party is entitled to respond. Because the Trustee's reply advances new arguments and relies on two new declarations and their exhibits— none of which appeared in the Plaintiff's opening papers—leave to file a short sur-reply is warranted to avoid an impermissible ambush. This is Defendants' first request relating to a sur-reply.

District courts have broad discretion to permit a sur-reply, and leave is appropriate where a reply brief raises new arguments or submits new evidence to which the non-movant has had no opportunity to respond. *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) ("Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief"). As the Second Circuit has recognized, where new evidence is presented in further support of a summary judgment motion, the district court "should permit the nonmoving party to respond to the new matters prior to disposition of the motion." *Bayway Ref. Co.*, 215 F.3d at 227 (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991)). Thus, the proper course for a party confronted with new matter on reply is to seek leave to file a sur-reply. Nothing in the Local Rules "prohibit[s] the filing of a sur-reply." *Pasha v. William M. Mercer Consulting, Inc.*, 2004 WL 188077, at *3 (S.D.N.Y. Feb. 2, 2004).

First, the Plaintiff's reply raises judicial estoppel as an affirmative basis for judgment for the first time. The reply contends that TV Azteca is estopped from disputing the amount due because it acknowledged the Trustee's claim under the Notes in its Mexican *concurso* petition. Plaintiff supports that contention with the new Declaration of Fernando del Castillo, dated July 1, 2026, and its Exhibits 1 and 2 (the *concurso* petition and the Mexican court's order admitting the petition). The Plaintiff's opening papers made no such argument. Indeed, the Plaintiff concedes that it "served its motion on April 17, 2026 before it obtained the *concurso* petition on May 14"—

Hon. Barbara Moses
July 6, 2026
Page 2

necessarily confirming that both the argument and its supporting evidence are brand new. TV Azteca has had no opportunity to address the elements of judicial estoppel or the *concurso* court's treatment of any purported admission, which Plaintiff makes key. That is precisely the circumstance in which a sur-reply is warranted. *Bayway*, 215 F.3d at 227.

Second, the reply relies on the new declaration of Justin M. Ellis, also dated July 1, 2026, which attaches roadshow agendas, underwriter allocation tables, and a legal opinion of TV Azteca's counsel (Exhibits A through I). Notably, these are all materials that Plaintiff had in its possession *before* filing its opening brief but chose not to rely on them at the time, despite being well-aware of the core facts at issue. In reply, Plaintiff uses this material affirmatively—to contend that TV Azteca supposedly marketed the Notes to U.S. persons, and to argue that Mexican law does not govern Defendants' usury defense. New evidence offered in further support of a motion is the paradigm case—particularly at summary judgment, where such evidence may determine the final outcome—for a sur-reply. Defendants are entitled to respond to these newly submitted materials. *See Bayway*, 215 F.3d at 226; *Fersel v. Paramount Med. Servs., P.C.*, 588 F. Supp. 3d 304, 314 (E.D.N.Y. 2022).[1]

Granting leave will neither prejudice the Trustee nor materially delay resolution of the motion. A short sur-reply, filed within the period Defendants propose, imposes no meaningful burden—and the Trustee will still have had the last word on every issue it *actually addressed* in its opening papers. Any concern about timing is, moreover, can be easily dismissed. Plaintiff has represented that its proposed new claims—subject to its pending motion to amend—"should take priority over the [Plaintiff's] summary judgment motion." (ECF No. 247 at 2.) Thus, any delay resulting from the sur-reply is immaterial. In the alternative, Defendants respectfully request that the Court decline to consider, or strike, the new arguments and evidence first raised in the Trustee's reply. *See Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007).

We appreciate the Court's consideration of this critical request.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel
Daniel Pulecio-Boek
John C. Molluzzo Jr.

cc:    Counsel of Record (via ECF)

---

[1] Having only received Plaintiff's reply late on July 1, 2026, Defendants reserve their rights to address additional new issues or arguments raised by Plaintiff for the first time therein.