# ML MOLOLAMKEN

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

July 8, 2026

VIA CM/ECF

Hon. Barbara Moses
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY  10007

   Re: *The Bank of N.Y. Mellon*[1] *v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Moses:

   We represent the Trustee.  We write to oppose Defendants' request for an open-ended, ten-page sur-reply.  *See* Dkt. 279 (Ltr.); Dkt. 271 (Reply).

   Defendants' suggestion that the Trustee improperly raised judicial estoppel in its reply (Ltr. at 1) is incorrect.  The Trustee learned about TV Azteca's admission in the *concurso* that the Notes were due and owing when it obtained TV Azteca's *concurso* petition on May 14, nearly a month after the Trustee's opening brief was served.  Reply at 1 n.1; Dkt. 272 ¶4.  Courts permit new arguments in similar circumstances.  Reply at 1 n.1 (citing *Wellner v. City of New York*, 393 F. Supp. 3d 388, 396 n.4 (S.D.N.Y. 2019) (where basis for argument occurred "in the period between [a party's] filing of their moving brief and their reply brief," the movant "could not have made this argument in [its] moving brief, and the Court may consider the argument.")).

   Defendants are also wrong that the Trustee improperly submitted new facts relating to Defendants' Mexican-law and purported transfer-restrictions arguments.  Ltr. at 2.  The Trustee included that material to refute Defendants' ***ninety-seven*** additional statements of material fact under Rule 56.1.  *See* Dkt. 271-1 ¶¶91-188 (Trustee's Responses to Defendants' Counterstatement of Additional Material Facts).  In particular, after Defendants submitted a self-serving declaration claiming that the Indenture's drafters intended to secretly apply Mexican law and avoid U.S. contacts at all costs, the Trustee submitted documentary evidence showing that Defendants' claims were unequivocally false.  *Id.* ¶¶100, 110, 120 (citing Ellis Decl., Exs. A-G (roadshow agendas and allocations tables) & Ellis Decl., Exs. H-I (purchase agreement attaching Mexican counsel legal opinion and signed legal opinion)).  "Reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Refin. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000).

   In any event, Defendants' request for a ***ten-page*** sur-reply – the same length as the Trustee's reply itself – is an improper attempt to get the last word on the Trustee's motion.  That

---

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

Hon. Barbara Moses
July 8, 2026
Page 2

sur-reply would be particularly wasteful when the Indenture is unambiguous, making TV Azteca's appeals to extrinsic evidence irrelevant.  *See* Dkt. 259 (Mot.) at 1, 5-17; Reply at 3-7.  The Court should therefore deny Defendants' request.  In the alternative, if the Court allows a sur-reply, it should be limited to two pages regarding the Trustee's judicial estoppel argument and should be filed within seven days of the Court's order given the Trustee's reply was served on July 1.

Respectfully submitted,

*/s/ Justin M. Ellis*
Justin M. Ellis

CC:  All counsel of record (via CM/ECF)