**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>Plaintiff,<br><br>v.<br><br>TV AZTECA, S.A.B. DE C.V., ET AL.,<br><br>Defendants. | Case No. 1:22-cv-08164-PGG<br><br>Hon. Paul G. Gardephe |
| TV AZTECA, S.A.B. DE C.V., ET AL.<br><br>Defendants and<br>Third-Party Plaintiffs,<br><br>v.<br><br>CYRUS CAPITAL PARTNERS, L.P. AND CONTRARIAN CAPITAL MANAGEMENT, LLC<br><br>Third-Party Defendants. | |

**DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
Fax: (212) 801-6400

While Plaintiff mangles the principle, judicial estoppel is intended to "safeguard the administration of justice" by preventing litigants from playing "fast and loose" with the courts. *Reciprocal Merch. Servs., Inc. v. All Advert. Assocs., Inc.*, 163 B.R. 689, 696 (S.D.N.Y. 1994). To invoke the doctrine, Plaintiff bears the burden of showing that TV Azteca (1) advanced "clearly inconsistent" positions; (2) previously advanced a position that the *concurso* court adopted; and (3) gained an unfair advantage. *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010). Plaintiff cannot establish any of the factors, let alone all of them. And even if estoppel applied (it does not), it would neither dispose of TV Azteca's defenses nor apply to the Guarantors.

**ARGUMENT**

**I.      TV AZTECA'S POSITIONS ARE NOT CLEARLY INCONSISTENT**

According to Plaintiff's novel theory, judicial estoppel bars TV Azteca from denying that it owes the full amount of principal on the Notes because TV Azteca listed the Notes in its *concurso* petition. ECF 271 at 1. But there are no inconsistent positions. Judicial estoppel requires "a true inconsistency between the statements in the two proceedings"; if the statements can be reconciled, the doctrine does not apply. *Ashmore v. CGI Grp., Inc.*, 923 F.3d 260, 272 (2d Cir. 2019). TV Azteca's positions are readily reconciled. Mexican insolvency law *required* TV Azteca to explain the causes of its default and list creditors' claims and their "characteristics." Barrera Decl. ¶¶ 6-7, Ex. A, LCM art. 20. TV Azteca disclosed the amount Plaintiff *claims*—face value (plus interest)— while separately identifying the pending dispute over the Notes. *Compare* ECF 272-1 at ECF p. 24, *with id.* ¶¶ 59-62. A statutorily compelled disclosure of a claim's amount is the opposite of the volitional gamesmanship judicial estoppel targets; it reflects legal obligation, not manipulation.

Acknowledging a claim's amount while contesting liability is not inconsistent. In *In re Gutierrez*, estoppel was rejected because "[i]dentifying the maximum liability of the claim . . . is not clearly inconsistent with the Debtor's position . . . where the Debtor disputed his personal

1

liability for this debt." 528 B.R. 1, 27 (Bankr. D. Vt. 2014). Likewise, judicial estoppel "applies to inconsistent factual positions, not alternative legal theories of the case." *In re Kwok*, 2025 WL 3240232, at \*4 n.6 (D. Conn. Nov. 20, 2025) (citations omitted). TV Azteca does not deny the Notes' existence. Its defenses concern, among other things, the legal enforceability of the Notes by U.S. Noteholders, Noteholders' usurious returns, and TV Azteca's ability to pay.

Plaintiff's own position confirms the distinction. Plaintiff disputes the interest figure TV Azteca listed in the *concurso*. ECF 271 at 7 n.2. Plaintiff cannot treat that disclosure as a binding admission of the amount owed while simultaneously refusing to be bound by it.

## II.    NO COURT ADOPTED THE POSITION PLAINTIFF ATTRIBUTES TO TV AZTECA

Plaintiff fares no better in establishing judicial adoption. The earlier position must have "been adopted in some way by the court in the earlier proceeding." *DeRosa*, 595 F.3d at 103. In insolvency proceedings, that requirement "is usually fulfilled . . . when the bankruptcy court confirms a plan" and "creditors release their claims against the debtor," not when a matter merely proceeds. *Adelphia Recovery Tr. v. Goldman, Sachs & Co.*, 748 F.3d 110, 118 (2d Cir. 2014). An order short of "some judgment on the merits following an adversarial proceeding" is not adoption. *Jalee Consulting Grp., Inc. v. XenoOne, Inc.*, 908 F. Supp. 2d 387, 400 (S.D.N.Y. 2012).

Here, the *concurso* court merely allowed proceedings to commence and stayed certain enforcement actions. Castillo Decl. ¶¶ 6-7 & Ex. 2. The *concurso* court addresses insolvency and treatment of creditors, whereas this Court must determine whether Defendants' defenses apply, including TV Azteca's impossibility to pay, the Noteholders' violations of the Indenture's transfer restrictions, and the Indenture's bar on usurious returns. Plaintiff identifies no *concurso* ruling premised on the proposition that all Noteholders may enforce the Notes notwithstanding TV Azteca's defenses.

Plaintiff's lead authority confirms this. In *Rapture Shipping, Ltd. v. Allround Fuel Trading B.V.*, a foreign court adopted the party's representation "as an underlying premise of its decision." 350 F. Supp. 2d 369, 374 (S.D.N.Y. 2004). Even so, estoppel was a "close call" supported by the presumption favoring international comity. *Id.* at 375. Here, no *concurso* ruling rests on the premise that TV Azteca "owes the full amount of principal on the Notes." ECF 271 at ECF p. 7.

## III.    THERE IS NO UNFAIR ADVANTAGE OR THREAT TO JUDICIAL INTEGRITY

There is no risk of inconsistent results because the proceedings decide different questions: the *concurso* court addressed insolvency and creditor treatment; this Court must decide application of Defendants' defenses. Nor did TV Azteca obtain an unfair advantage by listing the debt as Mexican law required. This is not "playing fast and loose with the courts." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). And Plaintiff, having disputed the figure it now insists is a binding admission, cannot claim TV Azteca benefited from numbers Plaintiff refuses to accept.

## IV.    ESTOPPEL WOULD NOT DISPOSE OF THE DEFENSES AND CANNOT BIND THE GUARANTORS

Even if TV Azteca were estopped, its defenses would survive. Whether holders who violated the transfer restrictions or seek usurious returns may enforce the Notes, or whether TV Azteca's ability to pay has been rendered impossible, are legal questions that an acknowledgment of claimed or potential indebtedness does not answer. *See In re Kwok*, 2025 WL 3240232, at *4 n.6. Estoppel, therefore, does not support summary judgment.

Finally, Plaintiff's theory rests entirely on TV Azteca's *concurso* statements. The Guarantors made no such statements and cannot be estopped by them. Plaintiff cites no authority for applying judicial estoppel to the Guarantors based solely on TV Azteca's statements.

## CONCLUSION

Accordingly, Plaintiff's judicial estoppel argument fails to support summary judgment.

3

Dated: New York, New York
      July 20, 2026

**GREENBERG TRAURIG, LLP**

By:

*/s/ Hal S. Shaftel*
Hal S. Shaftel
Daniel Pulecio-Boek
John C. Molluzzo Jr.
One Vanderbilt Avenue
New York, New York 10017
(212) 801-9200
shaftelh@gtlaw.com
pulecioboekd@gtlaw.com
molluzzoj@gtlaw.com

*Counsel for Defendants/Third-Party Plaintiffs TV Azteca, S.A.B. de C.V., et al.*
