**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>Plaintiff,<br><br>v.<br><br>TV AZTECA, S.A.B. DE C.V., et al.,<br><br>Defendants. | No. 22 Civ. 8164<br><br>Hon. Paul G. Gardephe<br><br>Hon. Barbara Moses |

**TRUSTEE'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Through its "Notice of Supplemental Authority" filed with the Court, Defendants again attempt to distract from the main issue in this case – Defendants' nonpayment of $400 million of matured Note obligations, plus hundreds of millions of dollars of interest and other amounts due and unpaid.

The Indenture in this case makes clear that "Holder" means the Person in whose name a Note is registered in the Note Register. Indenture at 15. The Indenture's book-entry provisions confirm that the Notes were issued in Global Note form and registered in the name of the Common Depositary as registered "Holder," which may be treated as the owner for all purposes, and that beneficial owners exercise any rights only through the Clearing Agencies. Indenture §§ 2.1(c)-(d), 2.3(a), 2.3(e), 2.6(b)-(c). Nothing in *UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, No. 24-2865, 2026 WL 2339538, at *4 (2d Cir. Aug. 13, 2026), says otherwise. Although the definition of "Holder" in that case was similar, the similarities end there.

*UMB* involved a dispute over whether beneficial owners of certain securities had validly appointed a trustee. The district court held that they had not. Appointing a trustee required an act of the "Majority Holders." *UMB*, 2026 WL 2339538, at *4. Because the *UMB* contract defined "Holder" as "registered" holder, the district court concluded that the ***beneficial*** owners' act fell short. *Id.*

The Second Circuit reversed – on other grounds. As Defendants concede, the court of appeals did "***not*** address" whether the district court correctly read the contract because "***even if***" the appointment "did not comport with the strict terms of the" *UMB* contract, the issuer had waived any challenge to its validity. 2026 WL 2339538, at *9 (emphasis added).

Contrary to TVA's assertion, the Second Circuit also did not suggest that distinctions between registered holders and beneficial owners are mere "contractual formalities." *Cf.* Dkt. 303 at 2. Rather, the court emphasized that enforcing the ***waiver*** of the registered-holder requirement was consistent with the *UMB* contract's purpose because, even if the appointment violated "contractual formalities," it "d[id] ***not*** undermine the interests of the beneficial owners." 2026 WL 2339538, at *13 (emphasis added).

That reasoning supports the ***Trustee***. For one thing, there is no argument in this case that the Trustee waived adherence to the Indenture's terms – "formalities" or otherwise. For another, the whole point of Defendants' effort to evade those terms is to "undermine the interests of the beneficial owners." *UMB* does not endorse that gambit. Nor does *UMB* affect TV Azteca's undisputed payment default or the Trustee's right to pursue the $400 million in matured principal, plus interest and other amounts, due and unpaid under the Indenture (§§ 6.1(a), 6.8).

Dated: August 24, 2026
New York, New York

Respectfully submitted,

*/s/ Justin M. Ellis*

Justin M. Ellis
Zachary R. Ingber
Mason E. Reynolds
Eric J. Rolston
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8160
jellis@mololamken.com

*Counsel for the Bank of New York Mellon, as Trustee*