MOLOLAMKEN

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8159
F: 212.607.8161
jellis@mololamken.com

August 26, 2026

VIA CM/ECF

Hon. Paul G. Gardephe
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *The Bank of N.Y. Mellon*[1] *v. TV Azteca, S.A.B. de C.V.*, No. 22 Civ. 8164

Dear Judge Gardephe:

We represent the Trustee. We write to respectfully provide a further status update about TV Azteca's *concurso* proceeding in Mexico and the Trustee's need for urgent relief with respect to its proposed amended complaint and pending motion for summary judgment. *See, e.g.*, Dkts. 286, 288, 300.

On August 10, the *concurso* was published. Under the *concurso* law, creditors have until August 31 to appear and file a proof of claim. The conciliator then has 5 business days to publish a list of creditors and submit the list to the *concurso* court.[2] The *concurso* court then allows 5 days for any creditor to file an objection to another creditor's claim and their ranking in the creditor list. We expect that deadline to be around **September 22, 2026**.[3] After that deadline, the creditor list will be finalized, and the Trustee would not be able to submit further evidence to support its claim or challenge other claims in the proof of claim process.[4]

[1] Per the full caption, "The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024."

[2] Foreign creditors have 45 days from the date of publication to file a proof of claim, but even foreign creditors must file a proof of claim by August 31 for that claim to be reflected in the list of creditors.

[3] TV Azteca has misleadingly represented on multiple occasions that the *concurso* process will last at least 185 days. That is the outer limit of the entire *concurso* process, after which – absent a discretionary extension – the company faces mandatory liquidation. It has nothing to do with the deadline for filing proofs of claim.

[4] In some circumstances, a discretionary appeal may be taken from rulings on objections to proofs of claim. But because such appeals would not stay the *concurso*, a plan could be confirmed in that proceeding regardless of any appeal. In addition, the Trustee has asserted its position concerning the Trustee's challenge to the AlterBank transaction as a fraudulent transfer. In the *concurso*, the Trustee sought additional time to submit evidence supporting that claim, including evidence obtained in its Section 1782 proceeding. *See* Dkt. 251 (reviewing the Section 1782 proceeding).

Given this deadline, the Trustee respectfully requests urgent resolution of the additional claims in its amended complaint to vindicate its rights in the *concurso*. Each claim has significant ramifications for the *concurso* process and voting related to any restructuring plan.

- **Count II: *Specific performance and declaratory judgment of guarantor provisions.*** TV Azteca violated Sections 10.1 and 10.6 of the Indenture by creating additional subsidiaries but failing to cause those subsidiaries to guarantee the Notes. For example, TV Azteca created a subsidiary known as "TVA III" that now holds TV Azteca's most valuable assets. If TV Azteca does not cause TVA III to guarantee the Notes pursuant to the Indenture, the Trustee will not be able to enforce the Notes against those assets. Dkt. 288-1 ¶¶ 80-96, 134-52.
- **Count III: *Declaratory judgment related to restrictions on additional indebtedness.*** TV Azteca violated Section 3.9 of the Indenture by taking on massive amounts of additional debt, including $562 million since December 31, 2024. Most notably, TV Azteca purportedly obtained $290 million in "secured" debt from AlterBank just weeks before it filed its *concurso* petition. If these loans stand, TV Azteca will have diluted the percentage of outstanding debt owned by the Trustee by impermissibly obtaining additional debt. *Id.* ¶¶ 97-103, 153-59.
- **Count IV: *Declaratory judgment related to restrictions on liens.*** TV Azteca violated Section 3.15 of the Indenture by extending more than $340 million in secured debt – including the AlterBank loan – after the Indenture was executed. TV Azteca's own proposed creditor plan acknowledges that secured creditors are likely to recover significantly more in the *concurso*, yet most of these secured creditors should not exist in the first place. If these liens stand, the Trustee will not be able to recover against TV Azteca's most valuable assets and is unlikely to recover anything meaningful on the Notes. *Id.* ¶¶ 104-11, 160-67.
- **Count V: *Declaratory judgement on intercompany debt voting provision.*** TV Azteca has refused to confirm that its significant amount of intercompany debt will vote with the Trustee on any restructuring plan, as the Indenture requires. TV Azteca's own proposed creditor plan requires intercompany votes in the *concurso*. *Id.* ¶¶ 112-15, 168-75.

While all of these claims would benefit from expedited resolution, for the reasons given in the Trustee's motion, Dkt. 288 at 21-24, expediting the Trustee's claims for declaratory judgment on Counts III and IV would be particularly appropriate given those claims directly affect the *concurso*'s proof of claim process, including the Notes' ranking and objections to other creditors' claims, including AlterBank's. The Court also has ample authority to expedite those claims. *See* Fed. R. Civ. P. 42(b), 57; *Chevron v. Donziger*, 800 F. Supp. 2d 484, 491 (S.D.N.Y. 2011); Dkt. 288 at 23-24.

In addition, resolving the Trustee's pending summary judgment motion would assist the proof of claim process because, in its *concurso* filings, TV Azteca disputes the amount it owes under the Indenture – including interest on overdue principal and interest of more than $100

million. Dkt. 271 at 2 n.2; Dkt. 247 at 3 n.6; *see* Dkt. 260-13 (Trustee's principal and interest calculations); Indenture § 3.1(b) ("The Company agrees to pay interest on overdue principal and Defaulted Interest at the rate per annum specified on the face of the Notes.").

To be sure, the *concurso* court will ultimately decide whether creditors' claims are admitted in that court. But this Court must decide whether TV Azteca breached the Indenture. Dkt. 97. The *concurso* court also lacks jurisdiction over the Indenture's non-payment terms. Dkt. 288 at 22. Absent urgent relief, TV Azteca will have rigged the *concurso* by flouting its promises in the Indenture.

The Trustee respectfully requests that the Court consider the pending deadlines in the *concurso* when reviewing the Trustee's pending summary judgment motion and setting the Trustee's new claims for disposition as soon as possible. We request that the Court direct TV Azteca to answer or otherwise respond to the complaint within 7 days, and that any dispositive motions be taken up at trial. *See* Fed. R. Civ. P. 15(a)(3), 16(c)(1). We are available for an in-person scheduling conference at the Court's earliest convenience.

Respectfully submitted,

*/s/ Justin M. Ellis*
Justin M. Ellis

CC: All counsel of record (via CM/ECF)