GT GreenbergTraurig

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

August 27, 2026

**VIA ECF**

Hon. Paul G. Gardephe
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V., et al.*, 22-cv-8164

Dear Judge Gardephe:

On behalf of Defendants, we write in response to Plaintiff's latest letter, dated August 26, 2026 (ECF No. 305), which again mischaracterizes the status of the Mexican *concurso mercantil* proceeding to suggest urgency when none exists. While Plaintiff should stop its *unauthorized* letter campaign (this being Plaintiff's third letter this month, *see* ECF Nos. 300, 301), Defendants are compelled to respond to yet another salvo given that Plaintiff, again, seeks to deprive Defendants of fair process by compressing this litigation into an unreasonable—and unnecessary—timeframe. For a multitude of reasons (some previously explained), the Court should decline to expedite the four proposed claims that Plaintiff has not yet even been authorized to plead.[1]

*First*, belying its rhetoric, the very deadline Plaintiff invokes to claim urgency has now shifted. Two weeks ago, Plaintiff advised the Court that the *concurso* is governed by a 185-day period following publication, subject to two additional 90-day extensions. ECF Nos. 300, 301. Seeking to walk back this representation, Plaintiff now argues that Defendants' reference to that same period is "misleading[]," without acknowledging that the representation was Plaintiff's own. *See* ECF No. 305 at 1 n.3. Speculation about a possible deadline that, according to Plaintiff's own commentary, has shifted by months cannot justify squeezing this litigation into four weeks.

*Second*, Plaintiff obscures the extent of its participation in the *concurso*. Its letter addresses that participation only in a single vaguely worded footnote, stating in part "[Plaintiff] has asserted its position concerning [its] challenge to the AlterBank transaction as a fraudulent transfer." ECF No. 305 at 1 n.4. In fact, Plaintiff submitted to the *concurso* court a 33-page claim (known as an *incidente*), which includes multiple exhibits and two expert reports, alleging that the loan AlterBank extended to TV Azteca to pay the tax liability was a fraudulent transfer. A copy of that claim is attached as Exhibit A. Plaintiff does not dispute in its claim that TV Azteca used the AlterBank loan to pay the tax liability, as the Indenture required. Nor does Plaintiff acknowledge that timely payment avoided tens of millions of dollars in additional interest and penalties, preserving substantial enterprise value for all stakeholders. Indeed, Plaintiff's claims are extraordinary: Plaintiff does not identify any Mexican precedent recognizing a fraudulent transfer

[1] Briefing on Plaintiff's motion for leave to amend was completed on July 15, 2026.

claim where a debtor obtained a loan to satisfy a contractually required tax obligation. In any event, the *concurso* court will adjudicate that claim.

Equally important, despite its lengthy submission, *nowhere* did Plaintiff assert to the *concurso* court that U.S. adjudication was first required, nor did it even advise the *concurso* court that it was seeking to amend its New York lawsuit to obtain rulings that would supposedly aid the *concurso* proceeding. If there were an ounce of truth to Plaintiff's assertions before this Court that its expedited rulings are needed to aid the *concurso* court, then Plaintiff would have at a minimum informed the *concurso* court of the advisory rulings it is seeking here.

*Third*, Plaintiff's own letter establishes that it has recourse in the *concurso.* Plaintiff acknowledges that objections to proofs of claim are litigated and adjudicated in the *concurso*. *Id*. at 1 n.4. It confirms that it has already "sought *additional* time to submit evidence supporting that claim." *Id*. (emphasis added). And it concedes that "the *concurso* court will ultimately decide whether creditors' claims are admitted in that court." *Id*. at 3. If Plaintiff believes the proof-of-claim schedule affords it insufficient time, the remedy lies in the *concurso*. No justification exists to irresponsibly rush this case.

Indeed, Plaintiff's own account of the proof-of-claim schedule is not merely incomplete—it is affirmatively misleading. Plaintiff represents that "creditors have until August 31 to appear and file a proof of claim," ECF No. 305 at 1, and that after the objection period expires around September 22, "the Trustee would not be able to submit further evidence to support its claim or challenge other claims in the proof of claim process." *Id*. That is incorrect. Article 122 of the Ley de Concursos Mercantiles affords creditors a third opportunity to seek recognition of their claims—within the period for filing an appeal from the judgment recognizing, ranking, and prioritizing claims (the sentencia de reconocimiento, graduación y prelación de créditos)—a period that, on the schedule Plaintiff itself describes, would not run until at least November or probably even December of this year. Creditors may invoke this third avenue to seek recognition, and to offer supporting evidence, even where they did nothing during the two earlier stages Plaintiff describes.

*Fourth*, the schedule Plaintiff proposes would deny Defendants a meaningful opportunity to respond. Plaintiff asks the Court to compel Defendants, within seven days (not even allowing them to move to dismiss), to answer an amended complaint Plaintiff is not even authorized to file, and to defer all dispositive motions to trial, so that four never-before-pleaded (and meritless) claims may be resolved in less than a month. Those claims turn on contested factual matters (all of which were either publicly disclosed or long known to Plaintiff). They include the formation and asset holdings of subsidiaries, among them the entity Plaintiff calls "TVA III"; the terms and timing of TV Azteca's purported indebtedness; the AlterBank facility and the liens said to secure it; and the existence and treatment of intercompany obligations. None of these issues has been addressed in an answer or been subjected to discovery, document production, a deposition, or expert disclosure. Plaintiff does not explain how any of that could occur on the schedule it

proposes. Nor does any authority Plaintiff cites support trying unpleaded claims on a timetable that displaces Rules 12, 15(a)(3) (affording 14 days to respond to an amended complaint), and 26.[2]

*Fifth*, the *concurso* supplies no reason to accelerate the pending summary judgment motion.[3] That motion is fully briefed and should be resolved on the existing record, on the merits, in the ordinary course. Plaintiff's letter confirms as much, acknowledging a live dispute over the amounts allegedly owed, including more than $100 million in claimed interest on overdue principal and interest. ECF No. 305 at 2–3.

Defendants also respectfully submit that Plaintiff should again be directed to cease its unauthorized letter-writing, and that the Court should decline to expedite Plaintiff's proposed new claims. We are at the Court's disposal should any further information be required.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel

cc: Counsel of Record (via ECF)

[2] For avoidance of doubt, TV Azteca rejects Plaintiff's meritless accusations that merely repeat the unfounded allegations from its proposed amended complaint. ECF No. 305 at 2. That these allegatiosn are nothing more than conjecture is evident from the letter itself. *Id*. at 2 ("***If*** TV Azteca does not cause…***If*** these loans stand . . . ***If*** these liens stand . . .).

[3] Summary judgment briefing was completed on July 20, 2026.