**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>Plaintiff,<br><br>v.<br><br>TV AZTECA, S.A.B. DE C.V., et al.,<br><br>Defendants. | No. 22 Civ. 8164<br><br>Hon. Paul G. Gardephe<br><br>Hon. Barbara Moses |

# THE TRUSTEE'S MOTION FOR EXPEDITED CONSIDERATION OR TO REFER CASE TO THE BANKRUPTCY COURT

Justin M. Ellis
Zachary R. Ingber
Mason E. Reynolds
Eric J. Rolston
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Tel.: (212) 607-8160
jellis@mololamken.com

*Counsel for The Bank of New York Mellon, as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes due 2024*

# TABLE OF CONTENTS

Page

INTRODUCTION ........ 1

BACKGROUND ........ 2

I. TV Azteca's Default and the Pending Summary Judgment Motion........ 2

II. The *Concurso*, TV Azteca's Secret Breaches of the Indenture, and the Proposed Amended Complaint ........ 3

III. TV Azteca's Chapter 15 Proceeding........ 5

ARGUMENT ........ 6

I. Expedited Consideration of the Trustee's Motion Is Necessary To Avoid Irreparable Harm ........ 6

II. In the Alternative, the Court Should Refer This Matter to the Bankruptcy Court........ 8

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

Page(s)

## CASES

*All. Commc'ns Grp. v. N. Telecom, Inc.*,
65 B.R. 581 (S.D.N.Y. 1986)....................9

*Delcon Constr. Corp. v. Bd. of Educ. of City of Yonkers*,
299 B.R. 60 (S.D.N.Y. 2003)....................9

*Diligent Enter. Mgmt., LLC v. AML Glob. Eclipse, LLC*,
No. 24-CV-2228, 2025 WL 1502032 (S.D.N.Y. May 27, 2025)....................10

*Gocke v. Potter*,
No. 07-CV-163, 2008 WL 111068 (S.D. Ind. Jan. 7, 2008)....................6

*Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co.*,
62 B.R. 723 (S.D.N.Y. 1986)....................11

*Kephart v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
No. CV 06 97, 2007 WL 1991539 (D. Mont. July 3, 2007)....................6

*Kowalchuck v. Metro. Transp. Auth.*,
94 F.4th 210 (2d Cir. 2024)....................6

*Nisselson v. Salim*,
No. 12 CIV. 92, 2013 WL 1245548 (S.D.N.Y. Mar. 25, 2013)....................9

*Pan Am. World Airways, Inc. v. Evergreen Int'l Airlines, Inc.*,
132 B.R. 4 (S.D.N.Y. 1991)....................9

*Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*,
639 F.3d 572 (2d Cir. 2011)....................9, 10

*Picard v. HSBC Bank PLC*,
450 B.R. 406 (S.D.N.Y. 2011)....................9

*In re Purdue Pharma*,
666 B.R. 461 (Bankr. S.D.N.Y. 2024)....................9, 10

*Ricks v. New Chrysler*,
No. 10-CV-9674, 2011 WL 3163323 (S.D.N.Y. July 22, 2011)....................9

*SEC v. Barton*,
No. 3:22-CV-2118, 2026 WL 2856280 (N.D. Tex. June 9, 2026)....................6

*In re White*,
478 B.R. 177 (Bankr. S.D.N.Y. 2012) ........................................................ 11

**STATUTES AND OTHER AUTHORITIES**

11 U.S.C. § 1504 ........................................................ 9

11 U.S.C. § 1517 ........................................................ 1

11 U.S.C. § 1519 ........................................................ 5

11 U.S.C. § 1520 ........................................................ 1

28 U.S.C. § 157(a) ........................................................ 1, 8, 9

28 U.S.C. § 157(c)(2) ........................................................ 10

28 U.S.C. § 157(d) ........................................................ 9

Amended Standing Order of Reference, No. 12 Misc. 32 (S.D.N.Y. Jan. 31, 2012) .................... 8

## INTRODUCTION

TV Azteca has done everything it can to avoid repaying the $400 million (plus interest) it borrowed almost ten years ago. It obtained *ex parte* injunctions in Mexico against paying the Notes in violation of the Indenture's forum-selection clause. It bogged down this litigation with wasteful, scorched-earth discovery designed to avoid a resolution in this Court. When this case moved forward despite its efforts, TV Azteca secretly obtained $290 million in fraudulent secured loans to try to subordinate the Notes. It attempted to move the company's most valuable assets to subsidiaries out of the Trustee's reach. And it has now filed a chapter 15 petition seeking an indefinite stay of this suit. *See* Dkt. 309-1 (Ch. 15 Petition); 11 U.S.C. §§ 1517, 1520. That stay would come in the face of looming deadlines in the *concurso* for the Trustee to submit any rulings from this Court. At the same time, TV Azteca has also refused to let the New York bankruptcy court decide the Trustee's rights under the Indenture. And TV Azteca has taken contrary positions in the New York bankruptcy court compared to what it has said in this Court and the *concurso*. TV Azteca's transparent strategy is to play the courts hearing this dispute off each other to avoid a ruling on the Trustee's rights from any court with jurisdiction to do so.

The Court should not permit TV Azteca's gamesmanship. Because no stay of litigation is currently in place in the chapter 15 proceeding, the Trustee requests expedited consideration of its motion for summary judgment and motion to amend, both of which are fully briefed and pending. Dkts. 254, 258, 259. In the alternative, if the bankruptcy court recognizes the *concurso* in the chapter 15, the Court should refer this case to the bankruptcy court under 28 U.S.C. § 157(a), either under the Court's standing order of reference or in its own discretion. Although the Trustee intends to oppose recognition, it also intends to move in the bankruptcy court to lift any automatic stay if the chapter 15 petition is recognized. Either this Court or the bankruptcy court should resolve the Trustee's claims, and a resolution must occur in short order to be of use in the *concurso*.

## BACKGROUND[1]

### I. TV AZTECA'S DEFAULT AND THE PENDING SUMMARY JUDGMENT MOTION

In 2017, TV Azteca issued $400 million of Notes under an Indenture and Global Note, with various TV Azteca subsidiaries as guarantors, and The Bank of New York Mellon as Trustee. Dkt. 259 at 1. In the Indenture, TV Azteca agreed to repay the Notes upon maturity in 2024 and to pay semi-annual interest, including interest on missed interest payments. *Id.* at 23; Indenture §§ 2.1, 3.1(b). Further, TV Azteca made numerous promises designed to ensure the Notes would be repaid, including that it would not incur additional debt, transact with affiliates, transfer assets, or incur new liens. *See, e.g.*, Indenture §§ 3.9, 3.10, 3.11, 3.12, 3.15. TV Azteca also agreed that New York law would govern the Indenture and that New York's state and federal courts would be the exclusive forum for any disputes. *Id.* § 11.7. And TV Azteca also promised that, if it entered Mexican bankruptcy proceedings, it would cause any intercompany debt to vote together with the Notes in those proceedings. *Id.* § 3.9(b)(6)(z).

In 2021, TV Azteca unilaterally defaulted on the Notes and now owes over $600 million. Dkt. 259 at 4; Dkt. 260 ¶ 29. In 2022, the Trustee brought suit in New York state court, and TV Azteca removed the case to this Court. Dkt. 1. TV Azteca does not deny that the Notes are valid and in default. Dkt. 259 at 5. Instead, it has raised various affirmative defenses to nonpayment, many of which are based on Mexican law, despite the Indenture's New York choice-of-law clause. Dkt. 263. The Trustee moved for summary judgment against both TV Azteca and the Guarantor Defendants; that motion was fully briefed as of July 20, 2026, and is pending. Dkts. 258, 259, 271, 289, 294.

[1] The motion assumes familiarity with the case. For additional information, please refer to Dkts. 258, 259 (Trustee's summary judgment papers) and Dkts. 286, 288 (Trustee's amended complaint moving papers).

## II. THE *CONCURSO*, TV AZTECA'S SECRET BREACHES OF THE INDENTURE, AND THE PROPOSED AMENDED COMPLAINT

On February 26, 2026, TV Azteca announced that its shareholders had approved filing a "*concurso*" insolvency proceeding in Mexico. Dkt. 230. The Trustee immediately asked Defendants for additional information and raised the *concurso* announcement with this Court. *Id.* Even after several additional requests, Defendants refused to provide the *concurso* filings or any meaningful information about them. Dkt. 234. The Trustee raised the possibility of "fraudulent conveyances," Dkt. 239 at 2, but Defendants dismissed those concerns as "hypothetical," "speculative," and "unfounded," Dkt. 242 at 2.

On May 14, the Trustee obtained a copy of the *concurso* petition in connection with parallel Mexican litigation. The petition confirmed that the allegations TV Azteca called "speculative" and "unfounded" were anything but. As the petition revealed, TV Azteca has moved its most valuable assets out of the Guarantor Defendants and sought to dilute the Trustee's claim by obtaining massive amounts of new secured debt—including a $290 million "secured" loan from AlterBank executed after TV Azteca publicly announced it was insolvent. That scheme violates multiple Indenture terms designed to prevent this exact conduct. Dkt. 288 (Trustee's Motion for Leave to Amend). TV Azteca's petition also revealed that it incurred hundreds of millions of dollars of intercompany debt, which it may try to use to control voting in the *concurso* to secure approval of a collusive restructuring plan. *See id.* at 7. TV Azteca has refused to honor its obligation to vote those claims with the Notes in the *concurso*. *Id.*; Indenture § 3.9(b)(6)(z). Instead, TV Azteca has proposed a plan that would impose a ***90%*** haircut on the Notes, while paying the fraudulent AlterBank loan in full. Dkt. 248-1 at PDF 3-4 (proposed creditor plan).

To redress TV Azteca's misconduct, the Trustee filed a pre-motion letter on June 8 seeking to amend its complaint to add four counts related to TV Azteca's secret violations of the Indenture.

Dkt. 247. The Trustee also sought an expedited trial or summary disposition given the risk of irreparable harm in the *concurso*. *Id.* Over Defendants' objection, the Court granted the Trustee leave to move to amend. Dkts. 252, 254. The motion to amend was fully briefed as of July 15, 2026, and is pending.

Meanwhile, the *concurso* proceedings have moved forward. The Trustee filed a protective proof of claim in the *concurso* on August 28, 2026.[2] However, both TV Azteca and the court-appointed "conciliator" administering the *concurso* have challenged the amount the Trustee is owed in that case. In its *concurso* filings, TV Azteca omitted over $100 million of approximately $650 million it owes the Trustee from its list of debts. Dkt. 247-1 at 36 (*concurso* petition). And in a provisional list of allowed claims, the conciliator invalidated the Trustee's protective proof of claim in full, claiming that the Trustee is entitled to receive nothing in its own capacity (in violation of the Indenture). Declaration of Fernando del Castillo, Ex. 2 (provisional list); *cf.* Indenture § 6.8 (stating that the Trustee may recover judgment on the Notes in its own name). Further, the conciliator asserted that the Trustee's claim for more than $50 million in interest on defaulted interest TV Azteca owes—a sum which TV Azteca ***has not disputed in this proceeding***, *see* Global Note at A-3—should be disallowed because "[t]he calculation and award of interest are matters within the scope of case No. 1:22-cv-08164-PGG, which the Trustee elected to pursue in the Southern District of New York," Castillo Decl., Ex. 2 at 25. Absent a prompt resolution of the Trustee's claims in this case, the conciliator seeks to disallow a significant amount of what the Trustee is owed.

---

[2] The protective proof of claim explicitly advised the Mexican *concurso* court of the Indenture's jurisdictional provisions, the litigation between the Trustee and TV Azteca in this Court, and the anti-suit injunction.

Objections to proofs of claim were due on October 1, 2026. Castillo Decl. ¶ 5. The conciliator is required to submit a final list by October 16, with a final order from the *concurso* court expected a week later. *Id.* Without a ruling on the Trustee's claims in this case, the conciliator may seek a ruling in Mexico erasing those claims in violation of the Trustee's right to litigate here. *Id.*

## III. TV Azteca's Chapter 15 Proceeding

On September 16, TV Azteca filed a chapter 15 petition to recognize the *concurso* proceeding in the United States Bankruptcy Court for the Southern District of New York. *See* Dkt. 309-1 (Ch. 15 Petition); *see* 11 U.S.C. § 1501 *et seq.* TV Azteca's petition seeks to apply the Bankruptcy Code's automatic stay of this suit upon recognition and to "grant[ ] comity and full force and effect" to various precautionary measures the *concurso* court extended to TV Azteca in Mexico. *Id.* at 5-6. TV Azteca neither sought nor obtained a provisional stay pending recognition under Section 1519(a) of the Bankruptcy Code. Dkts. 309, 310.

On September 23, the Trustee asked TV Azteca for consent to have this case referred to the bankruptcy court. On September 30, TV Azteca declined.

On October 5, TV Azteca and the Trustee appeared before the bankruptcy court for an initial conference. Judge Beckerman called the prospect that the Trustee may be excluded from the *concurso* "very concerning" and added, "I actually understand how it can be an emergency under the circumstances." Ingber Decl., Ex. 1 at 9:5-17 (Oct. 5, 2026 Hr'g Tr.). Judge Beckerman also acknowledged that "there's some amount that everybody knows for sure is due." *Id.* at 17:9-10. In response, TV Azteca stated that "[n]o one is saying that monies are not due and owing. The question is which court and which forum is going to be the one to deal with it." *Id.* at 18:3-5.

## ARGUMENT

### I. Expedited Consideration Of The Trustee's Motion Is Necessary To Avoid Irreparable Harm

The Trustee respectfully requests that this Court decide the Trustee's pending motion for summary judgment (Dkts. 258, 259) and motion to amend and expedite trial (Dkt. 254) on an expedited basis. This Court has the " 'inherent authority to manage [its] docket[ ]' to promote 'the efficient and expedient resolution of cases.' " *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 214 (2d Cir. 2024). District courts across the country agree that "[s]ubsumed in this authority is the ability to render expedited rulings." *Gocke v. Potter*, No. 07-CV-163, 2008 WL 111068, at *2 (S.D. Ind. Jan. 7, 2008); *see SEC v. Barton*, No. 3:22-CV-2118, 2026 WL 2856280, at *1 (N.D. Tex. June 9, 2026); *Kephart v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. CV 06 97, 2007 WL 1991539, at *1 (D. Mont. July 3, 2007).

The Court can and should exercise its authority here to prevent TV Azteca from depriving the Trustee of its right to resolve its claims in this Court. TV Azteca has done everything in its power to prevent a final judgment regarding its default. After the Trustee filed suit in this Court, TV Azteca first violated the Indenture's New York forum-selection clause by obtaining *ex parte* injunctions in Mexico purporting to invalidate its debt and prevent collection of the Notes. Dkt. 97. In this Court, it then sought abusive, scorched-earth discovery on irrelevant topics, requiring Magistrate Judge Moses to step in and issue a stay. Dkt. 241. And now, it seeks to improperly wield its Mexican bankruptcy proceedings to forever avoid resolution of the Trustee's claims in the forum where it promised that those claims could be heard.

Expedited resolution of the Trustee's motion is critical to avoid irreparable harm to the Trustee. TV Azteca has openly sought in its *concurso* filings to omit over $100 million of approximately $650 million it owes the Trustee in a blatant attempt to reduce the percentage of

outstanding debt the Trustee controls. Dkt. 247-1 at 36 (*concurso* petition). And the conciliator has also sought to disallow over $50 million of the Notes claim because of the litigation in this Court. Without a ruling on its claims in this Court, the Trustee may have no other means to redress TV Azteca's other breaches of the Indenture, including the fraudulent AlterBank loan and the improper intercompany-claim voting.

Resolving the Trustee's claims now would also stop TV Azteca from taking contrary positions in different forums to evade judgment. In this Court, TV Azteca insists that "nothing is 'due and owing' to the Noteholders." Dkt. 268 at 22 (Opposition to Trustee's Motion for Summary Judgment). Yet in its *concurso* petition, TV Azteca admitted that it owes the Trustee approximately $532 million, and it relied on that admission to obtain bankruptcy protection in Mexico. Dkt. 271 at 2 (Trustee's reply). Now, seeking to stay this case through the chapter 15, TV Azteca concedes that "[n]o one is saying that monies are not due and owing. The question is which court and which forum is going to be the one to deal with it." Ingber Decl., Ex. 1 at 18:3-5 (Oct. 5, 2026 Hr'g Tr.). Of course, the Indenture answers that question in a New York forum-selection clause that TV Azteca has repeatedly defied. Indenture § 11.7. TV Azteca's shifting positions lay bare its strategy—playing this Court, the bankruptcy court, and the *concurso* court off each other to delay judgment until it can confirm a collusive plan in the *concurso.*

TV Azteca's latest filing in the *concurso* follows the same pattern. In its objections to the Trustee's proof of claim, TV Azteca asserted that the claim "lacks a contractual basis and is the subject of pending litigation in the forum chosen by [The Bank of New York Mellon] itself" and "shall not be recognized" because the litigation is ongoing. Castillo Decl., Ex. 3 at 8. Yet TV

Azteca has done everything possible to forestall the New York litigation, including serving abusive discovery in this Court and seeking a stay of all U.S. litigation through its chapter 15 petition.[3]

Time is of the essence. After the conciliator submits a revised list of allowed claims by October 16, the *concurso* court will issue a final judgment on the creditor list and claims. Castillo Decl. ¶5. Absent a ruling from this Court by the time of the *concurso* court's final judgment, TV Azteca's blatant violations of the Indenture—and gamesmanship—will go unchecked. The Trustee thus respectfully requests that the Court expedite a ruling to provide clarity on the Trustee's rights now.

## II. In The Alternative, The Court Should Refer This Matter To The Bankruptcy Court

In the alternative, if the bankruptcy court recognizes the *concurso* as a foreign main proceeding in the chapter 15 over the Trustee's intended objection, the Court should refer this matter to the bankruptcy court. Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases" that are "related to a case under title 11 shall be referred to the bankruptcy judges for the district." The Southern District of New York has a standing order implementing Section 157(a), which provides that "all cases" that are "related to a case under title 11 are referred to the bankruptcy judges for this district." *See* Amended Standing Order of Reference, No. 12 Misc. 32 (S.D.N.Y. Jan. 31, 2012). Outside of the standing order, whether to refer a case within

[3] TV Azteca's objections also include attempts to dispute the amounts owed under the Indenture, which raise serious concerns under the Court's anti-suit injunction. Aside from claiming that the Trustee's claim "lacks a contractual basis," TV Azteca asserts that the Notes should be valued only at the recent "market price"—roughly $0.35 on the dollar—rather than the amount due under the Indenture. Castillo Decl., Ex. 3 at 8, 10-11. TV Azteca further contends that no interest on the defaulted Notes should be recognized because the market price already captures it. *Id.* at 11. The Trustee reserves all rights to seek appropriate relief under the anti-suit injunction.

the bankruptcy court's jurisdiction is in the district court's discretion. *Ricks v. New Chrysler*, No. 10-CV-9674, 2011 WL 3163323, at *1 (S.D.N.Y. July 22, 2011); *see* 28 U.S.C. § 157(a).

As this Court has recognized, the standing order "automatically refers" cases that qualify under the standing order. *Nisselson v. Salim*, No. 12 CIV. 92, 2013 WL 1245548, at *2 (S.D.N.Y. Mar. 25, 2013) (Gardephe, J.). And courts in this District have found that referral is required even if the action was commenced prior to the bankruptcy filing "if the pending case falls within the terms of the [standing order] and if the bankruptcy court has jurisdiction over the matter." *Delcon Constr. Corp. v. Bd. of Educ. of City of Yonkers*, 299 B.R. 60, 61 (S.D.N.Y. 2003); *see Pan Am. World Airways, Inc. v. Evergreen Int'l Airlines, Inc.*, 132 B.R. 4, 8 (S.D.N.Y. 1991); *All. Commc'ns Grp. v. N. Telecom, Inc.*, 65 B.R. 581, 585 (S.D.N.Y. 1986).[4]

The Standing Order applies here because this case is "related to" TV Azteca's pending chapter 15 case. The chapter 15 proceeding, which seeks recognition of the *concurso* in the United States, is a "case under title 11." 11 U.S.C. § 1504 (A "case" under chapter 15 "is commenced by the filing of a petition for recognition of a foreign proceeding under section 1515."). A case "is 'related to'" a case under title 11 if the "outcome might have ***any 'conceivable effect'*** on the bankrupt estate" in Mexico. *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (emphasis added). Courts have held that claims that "alter the debtor's . . . liabilities" or "impact[ ] . . . the handling and the administration of the bankruptcy estate" fall within related-to jurisdiction. *In re Purdue Pharma*, 666 B.R. 461, 468 (Bankr. S.D.N.Y. 2024). Here, the

[4] This request is consistent with the motion the Trustee intends to file in the bankruptcy court to lift the automatic stay, if one becomes applicable, and its request that this Court issue an expedited decision. *See* pp. 5-7, *supra*. A district court "may withdraw, in whole or in part, any case or proceeding referred under [§ 157(a)], on its own motion . . . for cause shown." 28 U.S.C. § 157(d). "Cause" includes that "judicial efficiency can better be achieved by removing the case to the District Court." *Picard v. HSBC Bank PLC*, 450 B.R. 406, 409 (S.D.N.Y. 2011). The Court is best positioned to know the most efficient course, which may involve withdrawal of the reference.

outcome of the Trustee's case would undoubtedly affect TV Azteca's bankruptcy estate.[5] A decision on the Trustee's summary judgment motion would alter TV Azteca's liabilities by liquidating the amount that TV Azteca owes on the Notes. And the Trustee's case would also affect the administration of TV Azteca's estate by clarifying its obligations under the Indenture as to intercompany voting and other matters. *Id.*[6]

The standing order of reference thus automatically provides for reference to the bankruptcy court. But the Court's discretion also supports reference in any event. The bankruptcy court is well positioned to resolve the Trustee's claims. The Trustee's summary judgment motion concerns the single largest claim on TV Azteca's estate. And the Trustee's proposed additional claims all relate to assets TV Azteca has hidden from the Trustee or violations of the Indenture designed to manipulate the voting process in Mexico. Indeed, even though TV Azteca opposes referral to the bankruptcy court, a spokesman for Grupo Salinas (which controls TV Azteca) stated that it filed

[5] The Second Circuit has also held that, even in the context of ancillary foreign recognition proceedings, a bankruptcy court has jurisdiction over a state-law action as "related to" a case under Title 11 if the state-law action has any conceivable effect on the foreign estate. *Parmalat*, 639 F.3d at 579. As the Court explained, "So long as the estate at issue in [the foreign recognition] proceeding, wherever located, may conceivably be affected by the state law actions, those state law actions are 'related to' the [foreign recognition] case." *Id*.

[6] To be sure, with some exceptions, "disputes over pre-petition contracts generally give rise to non-core proceedings." *Diligent Enter. Mgmt., LLC v. AML Glob. Eclipse, LLC*, No. 24-CV-2228, 2025 WL 1502032, at *6 (S.D.N.Y. May 27, 2025). And although the bankruptcy court's decisions on non-core proceedings are subject to the district court's entry of final judgment, *see* 28 U.S.C. § 157(c)(2), that does not affect referral of the matter to the bankruptcy court under § 157(a).

the chapter 15 petition to "reorganiz[e]" and "consolidat[e] our proceedings."[7] If the Court does not decide the Trustee's motions, it should refer them to the bankruptcy court.[8]

## CONCLUSION

To avoid disallowance of all or a portion of the Trustee's claim on the Notes, the Trustee respectfully requests that the Court issue expedited rulings on the Trustee's pending motion for summary judgment and motion to amend its complaint. In the alternative, the Court should refer this case to the bankruptcy court as "related to" TV Azteca's chapter 15 proceedings.

Dated: October 7, 2026
New York, New York

Respectfully submitted,

*/s/ Justin M. Ellis*

Justin M. Ellis
Zachary R. Ingber
Mason E. Reynolds
Eric J. Rolston
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Tel.: (212) 607-8160
jellis@mololamken.com

*Counsel for The Bank of New York Mellon, as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes due 2024*

---

[7] Alex Wittenberg, *TV Azteca Files Ch. 15 Seeking Recognition of Mexican Reorg*, Law360 (Sept. 17, 2026), https://www.law360.com/articles/2526741/tv-azteca-files-ch-15-seeking-recognition-of-mexican-reorg.

[8] Regardless of whether the Court refers the case, or whether TV Azteca's chapter 15 proceeding is recognized, the Court retains jurisdiction to enforce its anti-suit injunction. Dkt. 97; *see In re White*, 478 B.R. 177, 183-84 (Bankr. S.D.N.Y. 2012) (proceedings for civil contempt do not implicate the automatic stay where, as here, such proceedings would "vindicate the dignity of the court rather than collect a pre-petition claim or obtain property of the estate"); *Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co.*, 62 B.R. 723, 729 (S.D.N.Y. 1986) (same).