**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,<br><br>Plaintiff,<br><br>v.<br><br>TV AZTECA, S.A.B. DE C.V., et al.,<br><br>Defendants. | No. 22 Civ. 8164<br><br>Hon. Paul G. Gardephe<br><br>Hon. Barbara Moses |

**<u>TRUSTEE'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants' "Notice of Supplemental Authority" appears to be yet another attempt to distract from their failure to pay the over $640 million they owe, Dkt. 259, and to put off a ruling from this Court, despite the irreparable harm the Trustee faces from such delay, *see* Dkt. 311. The Trustee's motion for summary judgment has been fully briefed since July 20 of this year. *See* Dkts. 259, 298. As requested in the Trustee's October 7 motion, the Court should resolve the Trustee's summary judgment motion on an expedited basis. *See* Dkt. 311.

The ICSID arbitral award Defendants rely on is irrelevant. It is undisputed that Cyrus and Contrarian are U.S. persons for purposes of the Indenture. Dkt. 271-1 ¶133. And contrary to Defendants' suggestion, the award simply did not "h[old] that the Indenture precludes U.S. ownership of the Notes." Dkt. 314 at 2-3. In fact, the arbitral award did not require or even concern an interpretation of the Indenture. The reason is obvious: Neither the Trustee nor any Defendant in this case was a party to the arbitration, and the arbitration claims were premised on Mexico's alleged violations of due process obligations under NAFTA and its successor, the USMCA, not on any claim arising under the Indenture. *Id.*, Ex. A ¶¶2-3, 239. In addition, the

tribunal dismissed the arbitration for lack of jurisdiction, holding that claimants were not "investors" under NAFTA and did not hold a "legacy investment" under the USMCA. *Id.*, Ex. A ¶¶ 163, 239, 264. It never even reached the merits of claimants' treaty claims, much less Defendants' contractual obligations to the Trustee.

Nor does either Defendants' notice or the arbitral award grapple with what the Indenture actually says. Under the Indenture, "Holder" means the Person in whose name a Note is registered in the Note Register. Dkt. 80-1 (Indenture) at 15. The Indenture's book-entry provisions confirm that the Notes were issued in Global Note form and registered in the name of the Common Depositary as registered "Holder," which may be treated as the owner for all purposes. Indenture §§ 2.1(c)-(d), 2.3(a), 2.3(e), 2.6(b)-(c); Dkt. 80-2 (Global Note) at 1 ("any global note issued is registered in the name of . . . the Common Depositary"). The Indenture also provides that the Trustee may "recover judgment in its own name and as trustee of an express trust against [TV Azteca] and each [Guarantor Defendant] for the whole amount then due and owing." Indenture § 6.8. Neither the arbitral award nor Defendants' letter addresses those provisions.

Instead, Defendants misleadingly quote a single out-of-context statement in the tribunal's 76-page award and claim that the tribunal somehow resolved this case. Dkt. 314 at 1-2. The statement that "Noteholders could not be United States companies" appeared in the context of the tribunal's discussion of whether the claimants, two U.S.-based investment managers, could qualify as "investors" under NAFTA based on their control of Cayman Islands investment vehicles. *Id.*, Ex. A ¶¶ 177, 181, 223. The tribunal did not purport to decide the distinction between beneficial owners and the "Holders" of the Global Note, the text of the Global Note, Regulation S, or the multiple reasons the Trustee gave why a transfer of beneficial ownership of the Notes to U.S. persons could not possibly be a defense to TV Azteca's admitted default. *See* Dkt. 259 at 7-12.

In any event, the ICSID arbitral award has no binding effect on this case. The authorities Defendants cite (at 3) merely state that an ICSID damages award "shall be ***enforced*** . . . as if the award were a final judgment" of a U.S. state court between the parties to the arbitration. 22 U.S.C. §1650a(a) (emphasis added); ICSID Convention art. 54; *see also Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 119-22 (2d Cir. 2017) (reviewing 22 U.S.C. §1650a). There is nothing to enforce here, because the Trustee was not a party to the ICSID arbitration. And Defendants correctly do not argue that the award has issue-preclusive effect. Nor could they, since neither the Trustee nor any Defendant was a party to the ICSID arbitration, and the purported transfer restrictions at issue in this case were not litigated there. *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77-78 (2d Cir. 2017) (issue preclusion, including preclusion based on an arbitral award, requires both identity of parties to the two proceedings and that the issues in the second action be actually and necessarily decided by the first). The Court should disregard Defendants' notice and grant summary judgment to the Trustee.

Dated: October 19, 2026
New York, New York

Respectfully submitted,

*/s/ Justin M. Ellis*

Justin M. Ellis
Zachary R. Ingber
Mason E. Reynolds
Eric J. Rolston
MoloLamken LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8160
jellis@mololamken.com

*Counsel for the Bank of New York Mellon, as Trustee*